## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY<br>ASTANA<br>DUBAI<br>FRANKFURT<br>HOUSTON<br>ISTANBUL | LONDON<br>MEXICO CITY<br>MILAN<br>MUSCAT<br>PARIS<br>WASHINGTON, D.C. | ATTORNEYS AND COUNSELLORS AT LAW<br><br>101 PARK AVENUE<br>NEW YORK, NEW YORK 10178-0061 | TELEPHONE 212-696-6000<br>FACSIMILE 212-697-1559<br>WWW.CURTIS.COM |

WRITER'S DIRECT:
TEL.: 212-696-6121
E-MAIL: TSMITH@CURTIS.COM
FACSIMILE: 917-368-8821

May 21, 2013

***VIA FEDERAL EXPRESS***

Honorable Robert N. Chatigny
United States District Judge
District of Connecticut
United States Courthouse
Room 135 Annex
450 Main Street
Hartford, Connecticut 06103

      Re:    *Bruce Kirby, Inc. and Bruce Kirby v. LaserPerformance (Europe) Limited, et al.*, 3:13-cv-00297-RNC

Dear Judge Chatigny:

      We represent defendants Karaya (Jersey) Limited ("Karaya"), Velum Limited ("Velum")[*], and Farzad Rastegar. We write pursuant to this Court's March 4, 2013 Order on Pretrial Deadlines, and this Court's Individual Rules, to request a pre-filing conference before making dispositive motions under Fed. R. Civ. P. 12(b). The grounds for the motions to dismiss the Amended Complaint are: (1) lack of personal jurisdiction over defendants Karaya and Velum; (2) failure to state a claim as to defendants Karaya and Velum; and (3) failure to state a claim as to defendant Farzad Rastegar.

**1.    Background**

      Plaintiffs Bruce Kirby and Bruce Kirby, Inc. filed an initial Complaint on March 4, 2013 against Karaya, Velum, Mr. Rastegar, LaserPerformance (Europe) Limited ("LaserPerformance"), Quarter Moon, Incorporated ("Quarter Moon"), the International Sailing Federation Limited ("ISAF"), and the International Laser Class Association ("ILCA"). On April 30, 2013, plaintiffs filed the Amended Complaint, adding Velum as a defendant.

---

[*]    The correct name of Velum is "Velum Limited" without the suffixes added by plaintiffs.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Honorable Robert N. Chatigny
May 21, 2013
Page 2 of 4

As alleged in the Amended Complaint, Bruce Kirby is the original designer of a 13 foot, 10.5-inch sailboat he calls the "Kirby Sailboat." (Cplt. p.2). Kirby's alter-ego company, Bruce Kirby, Inc. is the owner of the registered U.S. Trademark BRUCE KIRBY® for use in connection with "Boats." (*Id.* at ¶ 15).

In 1983 and 1989, respectively, plaintiffs entered into two license agreements (the "Builder Agreements") with the predecessors of defendants LaserPerformance and Quarter Moon, Inc. authorizing them to use Kirby's design to manufacture the "Kirby Sailboat" in Europe and North America. (Cplt. ¶¶ 23-25 34-37). The Builder Agreements do not purport to license the trademark BRUCE KIRBY. The "Kirby Sailboat" is defined in the agreements as "a sailboat or sailboat hull manufactured in accordance with the Licensed Design which has been commonly sold in association with the trade mark LASER" (*e.g.*, Cplt. Exh. 4, ¶ 1.1(b)).

Kirby has no rights to the LASER trademark. Defendant Karaya is the registered owner of the LASER mark in the United States (*id.* at ¶ 45) and defendant Velum is the registered owner of the LASER mark in the United Kingdom and Europe. (*Id.* at ¶¶ 47-48). Defendants Karaya and Velum license the LASER trademarks to defendants Quarter Moon and LaserPerformance, respectively, for the manufacture and sale of different families of sailboats known as Laser-branded boats, as well as parts and accessories, including the boats referenced in the Amended Complaint.

The Amended Complaint alleges that defendant Farzad Rastegar "owns and/or controls" defendants LaserPerformance, Quarter Moon, Karaya and Velum. (Cplt. ¶¶ 10, 39, 49).

2.   **The Claims Against Karaya, Velum And Mr. Rastegar**

The essence of Kirby's Amended Complaint is that he has terminated the Builder Agreements and that defendants LaserPerformance and Quarter Moon have continued to build "Kirby Sailboats" that they sell in violation of terms of the agreements that survive termination. (Cplt. ¶¶ 22-44, 51-69). He alleges that the boats are being sold without his authorization, but bearing plaques issued by defendants ISAF and ILCA that contain his name. (Cplt. ¶¶ 70-79). Exhibit 16 to the Amended Complaint is an example of such a plaque. It identifies the boat as a "Laser International Class Sailboat" with a unique sail number and states that it is "authorized by" ISAF, ILCA, Bruce Kirby, Inc. and [LASER] Trade Mark owner. The Amended Complaint also states that ISAF and ILCA have removed Kirby's name from plaques they issue currently. (Cplt. ¶ 78).

The Amended Complaint alleges that defendants LaserPerformance and Quarter Moon have breached the Builder Agreements and that Mr. Rastegar "directs and controls" the defaults. (Cplt. ¶¶ 120-135) (Claims V and VI are labeled "default" of the respective agreements). In addition, the Amended Complaint asserts four claims against defendants Karaya and Velum and Mr. Rastegar: Claim I alleges counterfeiting under 15 U.S.C. § 1114; Claim II alleges infringement of the BRUCE KIRBY trademark, unfair competition, and false designation

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Honorable Robert N. Chatigny
May 21, 2013
Page 3 of 4

of origin under 15 U.S.C. § 1114; Claim III alleges unfair competition under the Connecticut Unfair Trade Practices Act; Claim IV alleges misappropriation of Bruce Kirby's publicity rights. Finally, Claim VII alleges something called "inducement to default" the Builder Agreements against Karaya and Velum.

### 3. Grounds For Defendants Karaya's and Velum's Joint Motion to Dismiss

#### a. Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over non-resident defendants Karaya and Velum under the Connecticut long-arm statute because neither defendant transacted business in the state, committed tortious activity in the state, or committed a tortious activity outside the state causing injury to plaintiffs in the state. *See* CONN. GEN. STAT. § 52-59b (2010). The Court likewise does not have jurisdiction over Karaya and Velum under due process principles. Karaya and Velum have no contacts with Connecticut. Neither entity: (1) is licensed to do business in Connecticut, (2) owns property in Connecticut; (3) has a mailing address, telephone number, or bank account in Connecticut; (4) employs any persons or agents in Connecticut; (5) solicits business in Connecticut; (6) travels regularly to Connecticut; or (7) pays income tax in Connecticut. Therefore, the Court does not have personal jurisdiction over Karaya or Velum.

#### b. Failure to State a Claim

The Amended Complaint fails to state a claim as to defendants Karaya and Velum. Beyond identifying them as the owners of the LASER trademark, the Amended Complaint alleges only that, together with the other defendants, they manufactured or sold the "Kirby Sailboat," or that they encouraged, cooperated, or permitted others to commit torts. (Cplt. ¶¶ 87, 96, 106, 116, 137). These conclusory allegations are not sufficient to state a claim for counterfeiting, trademark infringement, unfair competition, misappropriation of publicity rights or "inducement to default" an agreement.

### 4. Basis For Defendant Rastegar's Motion to Dismiss: Failure To State A Claim

The Amended Complaint does not allege that Mr. Rastegar breached any contract or violated any statute. It asserts only that he "owns and/or controls" defendants LaserPerformance, Quarter Moon, Karaya, and Velum (Cplt. ¶¶ 10, 39, 49), and that he "caused", "directed", "control[led]" or "encouraged" the alleged defaults and/or infringements to occur. (Cplt. ¶¶ 32, 44, 53, 60, 63, 69, 79, 85, 94, 103, 117, 126, 134).

Mr. Rastegar does not own or control the other defendants. For purposes of a motion to dismiss, however, none of those bare conclusory allegations (even if accepted as true for the motion) are sufficient to plead claims of counterfeiting, trademark infringement, unfair competition, misappropriation of publicity rights, or "default" of an agreement.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Honorable Robert N. Chatigny
May 21, 2013
Page 4 of 4

### 5. Conference Among Counsel

On May 17, 2013, Andy I. Corea, counsel for plaintiffs, and I conferred in an attempt to clarify the issues in the proposed motion to dismiss, eliminate or reduce the area of controversy, or arrive at a mutually satisfactory resolution. Our conference did not result in a resolution of the proposed motions or a narrowing of the issues presented. Plaintiffs maintain their position that this Court has personal jurisdiction over Karaya and Velum, and that the Amended Complaint properly states a claim as to Karaya, Velum, and Mr. Rastegar.

Accordingly, defendants Karaya, Velum and Farzad Rastegar respectfully request a pre-filing conference on the proposed motions to dismiss or, in the alternative, permission to proceed directly to filing the motions on the grounds set forth above.

Respectfully,

Turner P. Smith

cc: Wesley W. Whitmyer, Jr., Esq. (via E-mail)
Andy I. Corea, Esq. (via E-mail)
Brian L. Repper, Esq, (via E-mail)