# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>        vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>LIMITED,<br>INTERNATIONAL LASER CLASS<br>ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>        Defendants. | Civil Action No.<br>3:13-cv-00297-RNC<br><br><br><br><br><br><br><br><br><br>June 19, 2013 |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR PREJUDGMENT REMEDY AGAINST ISAF AND ILCA

Pursuant to Rule 64 of the Federal Rules of Civil Procedure, and Connecticut General Statutes § 52-278a *et seq.*, Plaintiffs BRUCE KIRBY, INC. and BRUCE KIRBY (hereinafter "Plaintiffs" or "Kirby") seek a prejudgment remedy:

1) enjoining the manufacture, sale and issuance of ISAF Plaques and New ISAF Plaques (as referred to and described herein and in the First Amended Complaint);

2) ordering the destruction of all ISAF Plaques and New ISAF Plaques not yet placed on sailboat hulls; and

3) enjoining the sale and issuance of and Sail and/or Hull Numbers (as referred to

and described herein and in the First Amended Complaint)

by Defendants INTERNATIONAL SAILING FEDERATION LIMITED ("ISAF") and

INTERNATIONAL LASER CLASS ASSOCIATION ("ILCA").  Kirby seeks this remedy to

reduce damages, maintain the status quo among the parties, and prevent irreparable harm to

Kirby's design rights in the Kirby Sailboat (as referred to and described herein and in the First

Amended Complaint).

## BACKGROUND

This action was filed on March 4, 2013, and a First Amended Complaint was filed on

April 30, 2013.  Kirby seeks recovery of damages and equitable relief from ISAF and ILCA for:

(1) trademark counterfeiting, arising under the Lanham Act, 15 U.S.C. §1114 (2) trademark

infringement, unfair competition, and false designation of origin arising under the Lanham Act,

15 U.S.C. §1114 (3) unfair trade practices under the Connecticut Unfair Trade Practices Act

(CUTPA), (4) misappropriation of Bruce Kirby's publicity rights, and (5) inducement to default

the 1983 and 1989 Builder Agreements.

## INTRODUCTION

This case concerns the production, sale, and racing of sailboats designed and sold by

Bruce Kirby since about 1970 (hereinafter "Kirby Sailboat").

In order to establish the Kirby Sailboat design as a standard class for international racing,

Kirby reached agreements with the various sailboat builders who held rights to the Laser name as

well as the international governing bodies that regulate competitive sailing.  Under the terms of

these agreements, the builders paid a royalty to Kirby and received the right to manufacture boats

according to the Kirby sailboat design and uniform Construction Manual and to affix a plaque on the hull of each boat featuring Bruce Kirby's name and trademark, and a unique hull/sail number.

The plaque confirms that the boat was built according to the Kirby sailboat design and is authorized by Bruce Kirby.  Only those boats manufactured under the various builder agreements and bearing the appropriate plaque were entitled to race in events sanctioned by the international governing bodies.

This system worked to the mutual benefit of the builders, the governing bodies, Kirby, and sailors worldwide for over 20 years until certain builders decided to breach their agreements by, among other things, ceasing royalty payments and transferring their rights without notice or consent of Kirby.  Notwithstanding their breach, these builders continue using both the Kirby sailboat design and the Bruce Kirby name and trademark.

The governing bodies compound this breach by continuing, for a fee, to issue hull plaques featuring the Bruce Kirby name and trademark, as well as a unique hull/sail number even though the boats were no longer made under Kirby's authorization.  As a result, boats currently distributed in interstate commerce and in Connecticut are counterfeit and/or are not authorized by Kirby.

**DISCUSSION**

A prejudgment remedy is necessary in this case to protect Kirby from irreparable harm, mitigate damages, and preserve the status quo among the parties.  Kirby's allegations and supporting evidence meet the probable cause standard for granting such a remedy.  ISAF and ILCA have issued ISAF Plaques and continue to issue New ISAF Plaques (collectively

"Plaques") without Kirby's authorization.  The Plaques include Sail and/or Hull Numbers (collectively "Sail Numbers")[1] that builders use to uniquely identify Kirby Sailboats.  According to contracts between Kirby and builders, the terms of which ISAF and ILCA are fully aware, only Kirby has a right to issue Sail Numbers for Kirby Sailboats.  ILCA and ISAF have issued Plaques as Kirby's agent.  Despite explicit and repeated demands by Kirby to stop issuance of Plaques and Sail Numbers to builders who have not paid their design license fee, ILCA and ISAF have continued to issue Sail Numbers and Plaques.

In particular, ISAF and ILCA have continued to sell Plaques and Sail Numbers to terminated builders Quarter Moon, Incorporated ("Quarter Moon") and LaserPerformance (Europe) Limited ("LP Europe"; collectively "Laser Performance").  The Sail Numbers and Plaques provided by ISAF and ILCA have been used by Laser Performance to build and sell counterfeit Kirby Sailboats, and continue to be used by Laser Performance to build Kirby Sailboats not authorized by Kirby.  By facilitating the manufacture and sale of counterfeit and unauthorized Kirby Sailboats, ISAF and ILCA have interfered with the ability of Kirby's duly licensed builders to market and sell authorized Kirby Sailboats, prejudicing Kirby's rights in the Kirby Sailboat design.  A prejudgment remedy is essential in this case because the continued manufacture of unauthorized and counterfeit Kirby Sailboats are exacerbating the damages suffered by Kirby and irreparably prejudicing his design rights to the Kirby Sailboat and his licensees' ability to lawfully capitalize on the exclusive use of the Kirby Sailboat design rights in their respective territories.  A prejudgment remedy is also necessary because ISAF and ILCA

---

[1] Hull Numbers are defined to include Sail Numbers plus a definite letter code identifying the Builder of the hull, and may also include any other indicia desired by an individual Builder.

have represented that they will not cease issuance of Plaques and Serial Numbers to unauthorized builders absent a "Court Order".

## I.    Probable Cause Supporting a Prejudgment Remedy is Present in this Case

Kirby's claims against ISAF and ILCA are chronicled in detail in the First Amended Complaint in this case and the numerous documents attached as exhibits thereto.  A prejudgment remedy is warranted where a moving party shows probable cause for the success of the legal claims brought.  In the detailed complaint in this case,  Kirby has provided enough evidence to support the issuance of a prejudgment remedy.

### A.  *Summary of Claims for which Prejudgment Remedy is Sought*

By supplying unauthorized builders with ISAF Plaques, ILCA and ISAF have contributed to the manufacture and sale of counterfeit Kirby Sailboats with ISAF Plaques bearing the federally registered BRUCE KIRBY trademark in Connecticut and in interstate commerce, constituting counterfeit of the BRUCE KIRBY trademark under the Lanham Act as well as trademark infringement and unfair competition under the Lanham Act and the Connecticut Unfair Trade Practices Act ("CUTPA").  (First Am. Compl. ¶¶ 87, 88, 96, 97, 105.)  Because the mark in question includes Bruce Kirby's name, these acts also violate Bruce Kirby's right of publicity.  (First Am. Compl. ¶¶ 116, 118.)

The sailboats sold by Laser Performance are identical to the Kirby Sailboat and the ISAF Plaques bear the identical mark "BRUCE KIRBY" that is registered to Kirby.  Using an identical trademark on identical goods exactly meets all the proof requirements for a claim of counterfeiting under the Lanham act.  *See* 15 U.S.C. § 1116; *Babbit Electronics, Inc. v. Dynascan Corp.,* 38 F.3d 1161, 1180 (11th Cir.1994).

The sailboats sold by Laser Performance are identical to the Kirby Sailboat and the New ISAF Plaques include Sail Numbers that only Kirby is authorized to issue.  The New ISAF Plaques also state "FEE PAID" which is misleading and deceives buyers of the sailboat to believe they are purchasing an authorized, design-royalty-fee-paid Kirby Sailboat.  Deceiving purchasers about the authenticity of the sailboat they are purchasing exactly meets all of the proof requirements for a claim of trademark infringement under the Lanham act (*See Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004)) and for a claim of unfair competition under CUTPA (*Connecticut Cmty. Bank v. The Bank of Greenwich*, 578 F. Supp. 2d 405, 412 (D. Conn. 2008)).

By supplying unauthorized builders (builders who no longer have in-force builder agreements) with ISAF Plaques, New ISAF Plaques and Sail Numbers, ISAF and ILCA have tortiously interfered with Kirby's builder agreements (inducing their default by the terminated builders), and have tortiously interfered with Kirby design rights to his Kirby Sailboat by irreparably prejudicing licensed builders of the Kirby Sailboat in respective territories from being able to sell any boats.  (First Am. Compl. Claim VII; ¶106.)

ISAF and ILCA have also deceived the buying public into believing that the unauthorized and counterfeit Kirby sailboats are officially sanctioned and authentic by including the ISAF logo on the boat indicating they are authorized for international competition, and by approving ILCA's class rule change to no longer require that Kirby Sailboat builders have a license from Kirby.  (First Am. Compl. ¶¶80-85, 107.)  These activities have tortiously interfered with Kirby's rights under the Builder Agreements in violation of CUTPA and induced Laser Performance's default, and irreparably harmed Kirby's actual licensed builders because they have enabled Laser

Performance to continue to manufacture and sell unauthorized Kirby Sailboats without meeting their contractual obligations to Kirby.  (First Am. Compl. ¶¶107,140.)

### B.  Issuance of a Prejudgment Remedy Requires a Mere Showing of Probable Cause

The facts summarized above and pled in more detail in the First Amended Complaint support issuance of a Prejudgment Remedy.  In assessing a party's entitlement to a prejudgment remedy, the Court must determine only that the moving party has demonstrated that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in the matter in favor of the plaintiff."  Conn. Gen. Stat. § 52-278c(a)(2.)  "Probable cause" is "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it."  *Delgado v. Cragganmore Associates, Ltd. Partnership*, No. 3:01CV1633(JCH), 2001 WL 1913745, at *1 (D. Conn. Oct. 31, 2001) (*citing Three S Development Co. v. Santore*, 193 Conn. 174, 175 (1984)).  A full scale trial on the merits of the plaintiff's claim is not required.  Rather, the plaintiff must only demonstrate that there is probable cause "to sustain the validity of the claim."  *Id.* (citation and internal quotation marks omitted).

## II.   <u>Immediate Relief is Needed to Preserve the Status Quo and Protect Kirby's Interests</u>

ISAF and ILCA have represented to Kirby that they will not cease issuing ISAF Plaques, New ISAF Plaques, Sail Numbers to Laser Performance until they are so ordered by a court. (First Am. Compl. ¶77.)  ISAF and ILCA have also purported to change ILCA's rules to no

longer require Kirby Sailboat builders to have a license from Kirby.  (First Am. Compl. ¶¶80-85,

107, 140.)  These activities demonstrate ISAF and ILCA's intention to continue to enable the

unlawful manufacture of unauthorized Kirby Sailboats for the foreseeable future, unless this

Court takes action.  (Kirby Aff ¶6.)

     Kirby is irreparably harmed by these activities because actual authorized builders of the

Kirby Sailboat cannot sell authorized Kirby Sailboats into the market against the sale of

unauthorized boats falsely labeled as authorized.  (See Kirby Aff ¶7.)  Kirby is also irreparably

harmed because his Kirby Sailboat may lose Olympic Status[2] due to ISAF and ILCA's attempt to

sanction counterfeit and unauthorized boats for competition as if they were authorized Kirby

Sailboats made according to the Construction Manual.  (Kirby Aff ¶8.)

### A. *Absent a Prejudgment Remedy, Unauthorized Builders will continue to Manufacture and Sell Unauthorized and Counterfeit Kirby Sailboats*

     The Plaques and Serial Numbers have no use other than to build Kirby Sailboats; and

when affixed to an unauthorized and/or counterfeit Kirby Sailboat, falsely indicate that the boat

is sanctioned, authentic, and legitimate.  (Kirby Aff. ¶5.)  Laser Performance will use these

Plaques and Serial Numbers to continue to build unauthorized and counterfeit Kirby Sailboats.

(Kirby Aff. ¶5.)   ISAF and ILCA will not cease the issuance of the Plaques and Serial Numbers

absent a court order, such as an issuance of a prejudgment remedy.  (See First Am. Compl. ¶¶77,

80-85, 107, 140.)

     Therefore, in order to prevent the continued and future manufacture of unauthorized and

counterfeit Kirby Sailboats, this Court should immediately enjoin ISAF and ILCA's issuance of

all ISAF Plaques, New ISAF Plaques, Hull Numbers, and Sail Numbers to Laser Performance, or

---

[2] The Kirby Sailboat has been used as equipment for men's singlehanded sailing since 1996 and for women's singlehanded sailing since 2008.

any other entity not authorized by Kirby.  Issuance of an injunction will prevent irreparable harm

Kirby, prevent further violations of Kirby's contractual rights, prevent further infringement of

the Kirby's trademark and publicity rights, and prevent further unfair trade practices by ISAF

and ILCA that deceive the buying public.

### B. *Absent a Prejudgment Remedy ISAF and ILCA will continue to harm Kirby by Obstructing his ability to License his Rights to Authorized Builders*

Kirby has attempted to license the manufacture of authorized Kirby Sailboats by

authorized third-party builders.  (Kirby Aff ¶7.)  However, ISAF and ILCA's continued issuance

of ISAF Plaques, New ISAF Plaques, Sail Numbers, and Hull Numbers to Laser Performance,

along with their purported change to ILCA's rules, has deceived the buying public into believing

that the unauthorized and counterfeit Laser Performance Kirby Sailboats are sanctioned,

authentic, and legitimate.  (First Am. Compl. Claim VII; ¶¶106, 107.)   This has damaged the

marketability of authorized Kirby Sailboats, and interfered with Kirby's ability to lawfully obtain

royalties for his rights.  (Kirby Aff ¶7.)  Therefore, ISAF and ILCA's continued unlawful

issuance of Plaques and Serial Numbers has caused continuing commercial damage to Kirby.

ISAF and ILCA will not cease the issuance of the Plaques and Serial Numbers absent a court

order, such as an issuance of a prejudgment remedy.  (See First Am. Compl. ¶¶77, 80-85, 107,

140.)

The Kirby Sailboat may lose Olympic Status due to ISAF and ILCA's attempt to sanction

counterfeit and unauthorized boats for competition as if they were authorized Kirby Sailboats

made according to the Construction Manual.  (Kirby Aff ¶8.)   If this occurs, Kirby will be

further harmed by a permanent devaluation of his rights in the Kirby Sailboat design.  (Kirby Aff

¶8.)

Therefore, in order to restore Kirby's rights in the design of the Kirby Sailboat and reduce the harm inflicted to Kirby, this Court should immediately enjoin ISAF and ILCA's issuance of all ISAF Plaques, New ISAF Plaques, Hull Numbers, and Sail Numbers to Laser Performance, or any other entity not authorized by Kirby.  Issuance of an injunction will prevent continuing and irreparable harm to Kirby and allow Kirby to obtain fair market value for his design rights to which he is entitled.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that their Motion for Prejudgment Remedy Against ISAF and ILCA be granted.

Respectfully submitted,

June 19, 2013

/s/ Wesley W. Whitmyer, Jr.
Wesley W. Whitmyer, Jr., ct03509
Andy I. Corea, ct25925
Brian L. Repper, ct28225
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email:  litigation@ssjr.com

ATTORNEYS FOR PLAINTIFFS