UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>        Plaintiffs,<br><br>        vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>        Defendants. | Civil Action No.<br>3:13-cv-00297-RNC |

**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS LASERPERFORMANCE AND
QUARTER MOON INCORPORATED'S COUNTERCLAIMS**

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. (collectively referred to as "Plaintiffs"), by their counsel, hereby submit its Answer to Defendant LaserPerformance (Europe) Limited and Quarter Moon Incorporated's (collectively "LP-QMI") Answer and Counterclaims ("Answer") dated June 12, 2013, and states as follows:

**Parties**

1. Based on LP-QMI's Answer and Counterclaims, Plaintiffs admit the allegations in Paragraph 1.

2. Based on LP-QMI's Answer and Counterclaims, Plaintiffs admit the allegations in Paragraph 2.

3. Admitted.

4. Admitted.

5. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in allegations in Paragraph 6.

## Jurisdiction and Venue

7. Admitted.

8. Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs but denies the remaining allegations in Paragraph 8.

9. Admitted.

10. Admitted.

## Foreign Law

11. The allegations in Paragraph 11 purport to state conclusions of law to which no response is required.

## Factual Background

### The 1983 Builder Agreement

12. Refer to the 1983 Builder Agreement for its contents.

13. Admitted

14. Admitted

15. Refer to the referenced August 30, 1995 Agreement for its contents.

### The 1989 Builder Agreement

16. Refer to the 1989 Builder Agreement for its contents.

17. Admitted

**The LASER Trademark Owners**

18. The allegations in Paragraph 18 purport to state conclusions of law to which no response is required.

19. Plaintiffs admit that "Laser" is the common and generic name for the "Kirby Sailboat" in the sailing world and on information and belief admit the remaining allegations in Paragraph 19.

**The 1983 ISAF Agreement**

20. Refer to the ISAF Agreement for its contents.

21. Admitted.

**ISAF Plaques**

22. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

**Global Sailing and PSA**

24. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

**Kirby, BKI, Global Sailing And PSA's
Scheme To Destroy LaserPerformance
And Quarter Moon**

26. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Refer to the referenced June 25, 2008 agreement for its contents.

28. Refer to the referenced June 25, 2008 agreement for its contents.

29. Refer to the referenced June 25, 2008 agreement for its contents.

30. The allegations in Paragraph 30 purport to state conclusions of law to which no response is required.

31. Refer to the referenced January 19, 2009 document for its contents.

32. The allegations in Paragraph 32 purport to state conclusions of law to which no response is required.

33. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33; further certain allegations in Paragraph 33 purport to state conclusions of law to which no response is required.

34. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34; further certain allegations in Paragraph 34 purport to state conclusions of law to which no response is required.

35. Refer to the referenced May 10, 2010 notice for its contents.

36. Refer to the referenced February 2011 document for its contents.

37. Plaintiffs knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37; further certain allegations in Paragraph 37 purport to state conclusions of law to which no response is required.

38. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38; further the allegations in Paragraph 38 purport to state conclusions of law to which no response is required.

39. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39; further the allegations in Paragraph 39 purport to state conclusions of law to which no response is required.

40. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40; further the allegations in Paragraph 40 purport to state conclusions of law to which no response is required.

41. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41; further the allegations in Paragraph 41 purport to state conclusions of law to which no response is required.

42. Plaintiffs admit that Kirby sent notices of termination to LaserPerformance and Quartermoon in 2012; the remaining allegations in Paragraph 42 purport to state conclusions of law to which no response is required.

43. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43; further the allegations in Paragraph 43 purport to state conclusions of law to which no response is required.

44. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44; further the allegations in Paragraph 44 purport to state conclusions of law to which no response is required.

45. Plaintiffs admit filing an application to register the LASER trademark on March 14, 2013; the remaining allegations in Paragraph 45 purport to state conclusions of law to which no response is required.

46. Plaintiffs admit filing this lawsuit in April 2013; Plaintiffs deny that Mr. Whitmyer acts for Global Sailing; Plaintiffs refer to the First Amended Complaint for its contents; the

remaining allegations in Paragraph 46 purport to state conclusions of law to which no response is required.

### The End Game: "The Kirby Torch"

47. Plaintiffs admit that a new class of sailboat called the "Kirby Torch" exists; Plaintiffs deny the remaining allegations in Paragraph 47.

48. Plaintiffs deny the allegations in Paragraph 48 because they have conducted no advertising for the Kirby Torch; Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 that relate to other entities.

49. The allegations in Paragraph 49 purport to state conclusions of law to which no response is required.

50. Plaintiffs admit to making public complaints made by consumers regarding boats sold under the Laser designation by LaserPerformance and Quartermoon; Plaintiffs deny the remaining allegations in Paragraph 50.

51. The allegations in Paragraph 51 purport to state conclusions of law to which no response is required.

### Kirby Revealed The Construction Manual To The Public In Violation Of His Agreement To Keep It Confidential

52. Plaintiffs admit that Bruce Kirby, as the owner of the Kirby Sailboat design, as well as other parties developed the Construction Manual; the remaining allegations of Paragraph 52 purport to state conclusions of law to which no response is required.

53. Refer to the referenced November 2005 Agreement for its contents and signatories.

54. Refer to the referenced November 2005 Agreement for its contents and signatories; The remaining allegations of Paragraph 54 purport to state conclusions of law to which no response is required.

55. Refer to the referenced November 2005 Agreement for its contents.

56. Plaintiffs admit that a copyright application for the Construction Manual and deposit copy were filed on June 21, 2007 with the United States Copyright Office; Plaintiffs deny the remaining allegations in Paragraph 56, except those that purport to state conclusions of law, to which no response is required.

57. Plaintiffs deny the allegations in Paragraph 57 except those that purport to state conclusions of law, to which no response is required; Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 that refer to unidentified third parties.

**LaserPerformance And Quarter Moon
Overpaid Royalties To Kirby,
BKI And Global Sailing**

58. Refer to the 1983 Builder Agreement and the 1989 Builder Agreement for their contents.

59. Denied, except those allegations that purport to state conclusions of law, to which no response is required.

**Kirby, BKI And Global Sailing's Efforts To
Intimidate ISAF, ILCA, LaserPerformance
And Quarter Moon**

60. Plaintiffs deny the allegations in Paragraph 60.

61. Plaintiffs deny the allegations in Paragraph 61.

62. Plaintiffs admit that ISAF was notified of the sale and assignment to GSL and subsequently denied approval of the transfer; Plaintiffs deny knowledge or information

7

sufficient to form a belief as to the truth of the allegations in Paragraph 62 that refer to ISAF's motivations.

63. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. Plaintiffs admit a new class of sailboat called the "Kirby Torch" exists; Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

66. Refer to the First Amended Complaint for its contents and parties to this lawsuit; Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

**Kirby, BKI And Global Sailing
Have Refused To Resolve
The Issues Affecting The Laser Class**

67. Plaintiffs deny the allegations in Paragraph 67.

68. Plaintiffs admit that a suggestion of mediation was made in January 2013 but deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68.

69. Plaintiffs deny the allegations in Paragraph 69

70. Plaintiffs admit that ILCA and ISAF are compelled to answer for their actions as set forth in the First Amended Complaint; Plaintiffs deny the remaining allegations in Paragraph 70, except those that purport to state conclusions of law, to which no response is required.

## FIRST COUNTERCLAIM
### Declaratory Judgment That Kirby And BKI
### Have No Rights Under The Builder Agreements
### (against Kirby And BKI)

71. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 70 of this answer to counterclaims.

72. Refer to the referenced June 2008 agreement for its contents.

73. Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73.

74. Plaintiffs deny the allegations in Paragraph 74.

75. Paragraph 75 purports to state conclusions of law to which no response is required.

76. Plaintiffs deny that defendants-counterclaim plaintiffs are entitled to the relief requested.

## SECOND COUNTERCLAIM
### Declaratory Judgment That Kirby And BKI
### Have No Rights In The "Bruce Kirby" Name Or Trademark
### (against Kirby And BKI)

77. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 76 of this answer to counterclaims.

78. Refer to the referenced June 2008 agreement for its contents.

79. Plaintiffs deny the allegations in Paragraph 79.

80. Refer to the First Amendment Complaint for its contents and claims; Plaintiffs deny the remaining allegations in Paragraph 80.

81. Paragraph 81 purports to state conclusions of law to which no response is required.

82. Plaintiffs deny that defendants-counterclaim plaintiffs are entitled to the relief requested.

## THIRD COUNTERCLAIM
### Tortious Interference With Business Relations
### (Against Kirby, BKI, Global Sailing And PSA)

83. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 82 of this answer to counterclaims.

84. Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84.

85. Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85.

86. Plaintiffs deny the allegations in Paragraph 86.

87. Plaintiffs deny the allegations in Paragraph 87.

88. Plaintiffs deny the allegations in Paragraph 88.

89. Plaintiffs deny the allegations in Paragraph 89.

90. Plaintiffs deny the allegations in Paragraph 90.

91. Plaintiffs deny the allegations in Paragraph 91.

92. Plaintiffs deny that defendants-counterclaim plaintiffs are entitled to the relief requested.

## FOURTH COUNTERCLAIM
### Conspiracy To Tortiously Interfere With Business Relations
### (Against Kirby, BKI, Global Sailing And PSA)

93. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 92 of this answer to counterclaims.

94. Plaintiffs deny the allegations in Paragraph 94 except those allegations that purport to state conclusions of law to which no response is required.

95. Plaintiffs deny the allegations in Paragraph 95.

## FIFTH COUNTERCLAIM
### Violation of the Connecticut Unfair Trade Practices Act
### (By Quarter Moon Against Kirby, BKI, Global Sailing And PSA)

96. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 95 of this answer to counterclaims.

97. Plaintiffs deny the allegations in Paragraph 97, (a) – (c).

98. Plaintiffs deny the allegations in Paragraph 98 except those allegations that purport to state conclusions of law, to which no response is required.

99. Plaintiffs deny the allegations in Paragraph 99 except those allegations that purport to state conclusions of law, to which no response is required.

100. Plaintiffs deny the allegations in Paragraph 100 except those allegations that purport to state conclusions of law, to which no response is required.

101. Plaintiffs deny the allegations in Paragraph 101.

## SIXTH COUNTERCLAIM
### Breach Of The 1983 Builder Agreement
### (By LaserPerformance Against Kirby, BKI And Global Sailing)

102. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 101 of this answer to counterclaims.

103. Refer to the 1983 Builder Agreement for its contents.

104. Plaintiffs admit that LaserPerformance paid royalties for a period of time, after which it ceased payment, giving rise to this lawsuit.

105. The allegations of Paragraph 105 purport to state legal conclusions to which no response is required.

106. Plaintiffs deny the allegations in Paragraph 106

## SEVENTH COUNTERCLAIM
### Breach Of The 1989 Builder Agreement
### (By Quarter Moon Against Kirby, BKI And Global Sailing)

107. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 106 of this answer to counterclaims.

108. Refer to the 1989 Builder Agreement for its contents.

109. Plaintiffs admit that Quartermoon paid royalties for a period of time, after which it ceased payment, giving rise to this lawsuit.

110. Paragraph 110 purports to state conclusions of law to which no response is required.

111. Plaintiffs deny the allegations in Paragraph 111.

## EIGHTH COUNTERCLAIM
### Breach Of The November 2005 Agreement
### (Against Kirby And BKI)

112. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 111 of this answer to counterclaims.

113. Refer to the November 2005 Agreement for its contents and signatories.

114. Refer to the November 2005 Agreement for its contents.

115. Plaintiffs deny knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116. Plaintiffs deny the allegations in Paragraph 116 except those allegations that purport to state conclusions of law, to which no response is required.

117. Plaintiffs deny the allegations in Paragraph 117.

118. Plaintiffs deny the allegations in Paragraph 118.

## NINTH COUNTERCLAIM
### Unjust Enrichment
### (Against Kirby, BKI And Global Sailing)

119. Plaintiffs incorporate by reference the responses to Paragraphs 1 through 118 of this answer to counterclaims.

120. Plaintiffs deny the allegations in Paragraph 120.

121. Plaintiffs deny the allegations in Paragraph 121.

### General Denial

122. Plaintiffs deny all allegations not specifically admitted.

123. Plaintiffs deny that that defendants-counterclaim plaintiffs are entitled to any relief identified in the Prayer for Relief (a) – (k).

### Affirmative Defense to Counterclaims

Plaintiffs set forth the following affirmative defense and do not intend to limit their ability to allege any and all additional defenses not presently known that may be revealed during the conduct of discovery in this case.

#### First Affirmative Defense

One or more of Defendant counter-plaintiffs' claims fail to state a claim upon which relief may be granted.

#### Second Affirmative Defense

One or more of Defendant counter-plaintiffs' claims are barred by the doctrines of laches, acquiescence, or estoppel.

#### Third Affirmative Defense

One or more of Defendant counter-plaintiffs' claims are barred by the doctrine of unclean hands.

**Fourth Affirmative Defense**

Defendant counter plaintiffs have failed to mitigate any damages they claim to have incurred.

Respectfully submitted,

July 15, 2013

*/s/ Wesley W. Whitmyer, Jr.*
Wesley W. Whitmyer, Jr., ct03509
Andy I. Corea, ct25925
Brian L. Repper, ct28225
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: litigation@ssjr.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      This is to certify that on this 15th day of July, 2013, a true and correct copy of the foregoing **PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS LASERPERFORMANCE AND QUARTER MOON INCORPORATED'S COUNTERCLAIMS** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


<u>July 15, 2013</u>                                                                     <u>*/s/ Joan M. Burnett*</u>
Date                                                                                      Joan M. Burnett