UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY, | : Civil Action No.: 3:13-cv-00297 (RNC) |
| Plaintiffs, | |
| – against – | |
| LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>  BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>  LIMITED,<br>INTERNATIONAL LASER CLASS<br>  ASSOCIATION, and<br>FARZAD RASTEGARD, | |
| Defendants. | |
| LASERPERFORMANCE (EUROPE) LIMITED, and<br>QUARTER MOON, INCORPORATED, | |
| Defendants- Counterclaim Plaintiffs, | |
| – against – | |
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY, | |
| Plaintiffs-Counterclaim Defendants, | |
| – and – | |
| GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD., | |
| Additional Counterclaim Defendants. | |

**DEFENDANT INTERNATIONAL SAILING FEDERATION LIMITED'S
MOTION TO DISMISS**

7252877.1

Pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), defendant International Sailing Federation Limited ("ISAF") respectfully moves to dismiss the amended complaint dated April 30, 2013 of plaintiffs Bruce Kirby, Inc. and Bruce Kirby (collectively "Kirby") because this Court lacks personal jurisdiction over ISAF and because the complaint fails to state a claim upon which relief can be granted. In further support of its motion, ISAF files a Memorandum of Law and Declaration of Jason Edward Thomas Smithwick.

ISAF is an Isle of Man company. Connecticut's applicable long-arm statute requires that a plaintiff's claim arise out of: (1) a contract made or performed in the state of Connecticut; (2) a defendant's solicitation of business in the state of Connecticut; (3) a defendant's production, manufacture or distribution of goods with the reasonable expectation that they would be used in the state of Connecticut; or (4) a defendant's tortious activity in the state of Connecticut. *See* Conn. Gen. Stat. § 33-929(f). This Court lacks jurisdiction over ISAF because the claims against it do not arise out of any of the enumerated grounds in the Connecticut long-arm statute. Additionally, this Court lacks jurisdiction over ISAF because the suit does not arise out of ISAF's contacts with Connecticut and ISAF's contacts with Connecticut are not so continuous and systematic as to confer general jurisdiction over ISAF. *See* Helicopteros Nacionales de Colombia, SA v. Hall, 466 U.S. 408, 415-16 (1984).

The complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Kirby does not allege that ISAF has breached any contract between the parties, and he has failed to adequately show that he is entitled to relief for counterfeiting, trademark infringement, unfair competition, misappropriation of publicity rights, or inducement to default the builder agreements.

WHEREFORE, for all the foregoing reasons and for all the reasons set forth more fully in the attached Memorandum of Law and Declaration, ISAF respectfully requests that this Court dismiss the complaint.

Dated: July 25, 2013
       New York, New York

CARTER LEDYARD & MILBURN LLP

By _____
Judith A. Lockhart
Two Wall Street
New York, NY 10005
Telephone: 212-732-3200
Facsimile: 212-732-3232
Lockhart@clm.com
Attorneys for Defendant
International Sailing Federation Limited

7252877.1