## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------------------X
BRUCE KIRBY, INC., and                                   :
BRUCE KIRBY,                                             :   Civil Action No. 3:13-cv-00297 (RNC)
                                                         :
                           Plaintiffs,                   :
                                                         :
                        - against -                      :
                                                         :
LASERPERFORMANCE (EUROPE) LIMITED,                       :
QUARTER MOON, INCORPORATED,                              :
KARAYA (JERSEY) LIMITED,                                 :
VELUM LIMITED ITM SA (ANTIGUA AND                        :
    BARBUDA),                                            :
INTERNATIONAL SAILING FEDERATION                         :
    LIMITED                                              :
INTERNATIONAL LASER CLASS                                :
    ASSOCIATION, and                                     :
FARZAD RASTEGAR,                                         :
                                                         :
                           Defendants.                   :
-------------------------------------------------------------------------X
LASERPERFORMANCE (EUROPE) LIMITED, and                   :
QUARTER MOON, INCORPORATED,                              :
                                                         :
              Defendants-Counterclaim Plaintiffs,        :
                                                         :
                        - against -                      :
                                                         :
BRUCE KIRBY, INC., and                                   :
BRUCE KIRBY,                                             :
                                                         :
              Plaintiffs-Counterclaim Defendants,        :
                                                         :
                           and                           :
                                                         :
GLOBAL SAILING LIMITED, and                              :
PERFORMANCE SAILCRAFT PTY. LTD.,                         :
                                                         :
              Additional Counterclaim Defendants.        :
-------------------------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
KARAYA (JERSEY) LIMITED AND VELUM LIMITED
IN FURTHER SUPPORT OF THEIR JOINT MOTION TO
DISMISS THE AMENDED COMPLAINT FOR LACK OF
<u>PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM</u>**

**Table of Contents**

**Page #**

Preliminary Statement .................................................................................................................... 1

POINT I

    THE COURT LACKS PERSONAL JURISDICTION
    OVER KARAYA AND VELUM ............................................................................................ 2

    A.    This Court Does Not Have Jurisdiction Under The Long-Arm Statute .......................... 2

        1.    The claims do not arise out of a Connecticut agreement ......................... 3

        2.    The claims do not arise out of the production, manufacture or
           distribution of goods in the State by Karaya or Velum .......................... 3

        3.    The claims do not arise out of any tortious conduct by defendants in the State ...... 4

    B.    This Court Does Not Have Jurisdiction Over Karaya Or Velum
        Under Constitutional Due Process Principles .................................................................. 5

POINT II

    CLAIMS I THROUGH IV AND CLAIM VII
    DO NOT STATE ANY CLAIM AGAINST KARAYA AND VELUM ............................... 7

Conclusion ..................................................................................................................................... 9

## Table of Authorities

**Page #**

**CASES**

*Donner v. knoa Corp.*,
  No. 3:01-CV-2171, 2002 U.S. Dist. LEXIS 17618, (D. Conn. July 29, 2002) .......................... 3

*Edberg v. Neogen Corp.*,
  17 F. Supp. 2d 104 (D. Conn. 1998) ................................................................................ 6, 7

*Halo Tech Holdings, Inc. v. Cooper*,
  No. 3:07-CV-489, 2008 U.S. Dist. LEXIS 24831 (D. Conn. Mar. 27, 2008) .......................... 2

*In re Helicopter Crash*,
  485 F. Supp. 2d 47 (D. Conn. 2007) ...................................................................................... 5

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
  456 U.S. 844 (1982) ................................................................................................................ 8

*Kaufhold v. Cyclopian Music, Inc.*,
  No. 10 Civ. 4588, 2010 U.S. Dist. LEXIS 132252 (S.D.N.Y. Dec. 14, 2010) .......................... 6

*Kelly-Brown v. Winfrey*,
  No. 12-1207, 2013 U.S. App. LEXIS 10972 (2d Cir. May 31, 2013) ...................................... 8

*LucidRisk, LLC v. Ogden*,
  615 F. Supp. 2d 1 (D. Conn. 2009) ........................................................................................ 5

*Mednet, MPC Corp. v. United Healthcare, Inc.*,
  No. 95-2723, 1996 U.S. Dist. LEXIS 22338 (D. Conn. Aug. 15, 1996) .................................. 6

*Nomination Di Antonia E Paolo Gensini SN.C. v. H.E.R. Accessories Ltd.*,
  No. 07 civ. 6959, 2010 U.S. Dist. LEXIS 130681 (S.D.N.Y. Dec. 6, 2010) ............................ 8

*Preferred Display, Inc. v. Vincent Longo, Inc.*,
  642 F. Supp. 2d 98 (D. Conn. 2009) ...................................................................................... 4

*Rioux v. Barry*,
  283 Conn. 338, 927 A.2d 304 (Conn. 2007) .......................................................................... 9

*Waste Conversation Techs., Inc v. Recovery*, LLC,
  No. AANCV044000948, 2008 Conn. Super. LEXIS 3130 (Super. Ct. Conn. Dec. 3, 2008) .... 9

*Weber v. FujiFilm Med. Sys. U.S.A.*,
  No. 3:10cv401, 2011 U.S. Dist. LEXIS 10927 (D. Conn. Feb. 4, 2011) ................................. 3

*WorldCare Ltd. Cor. v. World Ins. Co.*,
  767 F. Supp. 2d 341 (D. Conn. 2011) .................................................................................... 6

## STATUTES

15 U.S.C. § 1057(c) ................................................................................................................ 7

CONN. GEN. STAT. § 33-929(f)(1) ....................................................................................... 3

CONN. GEN. STAT. § 33-929(f)(3) .................................................................................... 3, 4

CONN. GEN. STAT. § 33-929(f)(4) ....................................................................................... 5

Fed R. Civ. P. 12 (b)(6) .......................................................................................................... 1

Fed. R. Civ. P. 12(b)(2) ...................................................................................................... 1, 2

## OTHER AUTHORITIES

Connecticut Unfair Trade Practices Act ................................................................................ 7

Defendants Karaya (Jersey) Limited ("Karaya") and Velum Limited ("Velum") respectfully submit this reply memorandum of law in further support of their joint motion to dismiss plaintiffs' Amended Complaint ("complaint") pursuant to Fed. R. Civ. P. 12(b)(2) and Fed R. Civ. P. 12(b)(6).

**Preliminary Statement**

In opposing Karaya and Velum's motion to dismiss, Kirby has presented no facts that can support the exercise of personal jurisdiction over these defendants, and no basis to conclude that the complaint states a viable claim against them.

The complaint alleges, correctly, that defendants Karaya and Velum are foreign corporations that do no more than hold and license the trademark LASER. Kirby asserts in his Opposition, however, that the mere act of licensing a trademark to out-of-state distributors who may sell sailboats in Connecticut subjects the licensors to personal jurisdiction in this State. Kirby's argument fails as a matter of law and must be rejected. These foreign defendants are not subject to personal jurisdiction under the Connecticut long arm statute and constitutional due process principles. The claims do not arise out of any activity by Karaya or Velum in Connecticut. And Karaya and Velum do not have sufficient contacts with the State to subject them to jurisdiction.

Even if jurisdiction could be sustained, the claims against Karaya and Velum must be dismissed under Rule 12(b)(6). In his Opposition, Kirby ignores the applicable law and the necessary elements of the very claims he asserts in the complaint. Kirby now says that Karaya and Velum committed "contributory" trademark infringement instead of the three "intellectual property" claims he purports to allege in Counts I, II and IV. And his Opposition does not address his failure to plead elements of tortious interference as to Counts III and VII.

None of those counts states a viable claim against Karaya or Velum. They should all be dismissed, with prejudice.

## POINT I

### THE COURT LACKS PERSONAL JURISDICTION OVER KARAYA AND VELUM

As Kirby acknowledges, Karaya and Velum only own and license the LASER marks. (Pltfs' Opp. at 1-14). That fact alone cannot subject them to personal jurisdiction, but Kirby provides no facts either within or outside the complaint that can support jurisdiction here. Moreover, Kirby does not dispute any of the facts contained in the sworn declarations of Thomas Von Urbisch (Karaya) and Rainer Buchecker (Velum) that demonstrate conclusively that Karaya and Velum are not subject to jurisdiction under either the long-arm statute or constitutional principles. Kirby has failed to meet his burden to establish that this Court has jurisdiction over Karaya and Velum. *See Halo Tech Holdings, Inc. v. Cooper*, No. 3:07-CV-489, 2008 U.S. Dist. LEXIS 24831, at *18-19 (D. Conn. Mar. 27, 2008) ("Where a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the nonresident defendant.").

### A.     This Court Does Not Have Jurisdiction Under The Long-Arm Statute

Kirby has not established, as he must, that his claims *arise out of* (1) an agreement made or performed in Connecticut by Karaya or Velum; (2) production, manufacture or distribution of goods in Connecticut by Karaya or Velum; or (3) tortious conduct in Connecticut by Karaya or Velum. Nor has Kirby cited even one case to support his long-arm jurisdiction argument. (Pltfs' Opp. at. 4-8). Accordingly, the complaint should be dismissed because Kirby has not met the requirements of the long-arm statute. *See Halo Tech Holdings, Inc.*, 2008 U.S. Dist. LEXIS 24831, at *20-22, n.6.

### 1.     The claims do not arise out of a Connecticut agreement

Kirby has not identified any agreement that would subject Karaya or Velum to jurisdiction under CONN. GEN. STAT. § 33-929(f)(1). Instead, he argues that because Karaya and Velum presumably[1] have license agreements with out-of-state defendants Quarter Moon and LaserPerformance, respectively, activity in Connecticut by those licensees subjects Karaya and Velum to jurisdiction in the State. Thus, he claims, because Karaya and Velum own and license the LASER marks, which may ultimately be used on boats sold or raced in Connecticut, there is long-arm jurisdiction over Karaya and Velum. (Pltfs' Opp. at 7-8).

Kirby fundamentally misunderstands the scope of Section 33-929(f)(1). In order to be subject to long-arm jurisdiction pursuant to this statute, the agreement must be between the parties to the litigation. *See Weber v. FujiFilm Med. Sys. U.S.A.*, No. 3:10cv401, 2011 U.S. Dist. LEXIS 10927, at *21 (D. Conn. Feb. 4, 2011) (plaintiff must allege he entered into a contract with the defendant, either in Connecticut or to be performed in Connecticut, to make a prima facie showing of jurisdiction under § 33-929(f)(1)); *Donner v. knoa Corp.*, No. 3:01-CV-2171, 2002 U.S. Dist. LEXIS 17618, at *11 (D. Conn. July 29, 2002) (same). Here, plaintiff does not allege any agreement between Kirby and Karaya or Velum that was made or performed in Connecticut, and there are no such agreements. There is therefore no long-arm jurisdiction over Karaya and Velum pursuant to Section 33-929(f)(1).

### 2.     The claims do not arise out of the production, manufacture or distribution of goods in the State by Karaya or Velum

To be subject to long-arm jurisdiction pursuant to CONN. GEN. STAT. § 33-929(f)(3), the defendant "must have produced, manufactured, or distributed the relevant

---

[1]     Kirby claims that the Buchecker and Urbisch Declarations state that Karaya and Velum entered into license agreements with the Builders. (Pltfs' Opp. at 7). The Declarations do not make these statements; these Declarations state simply that Karaya and Velum are the owners and licensors of the LASER marks. (Buchecker Decl., ¶ 15; Von Urbisch Decl., ¶ 15-16).

-3-

goods in Connecticut." *See Preferred Display, Inc. v. Vincent Longo, Inc.*, 642 F. Supp. 2d 98, 104 (D. Conn. 2009). Karaya and Velum do not and did not produce, manufacture or distribute sailboats in Connecticut, nor do they control any such activities. (Von Urbisch Decl.,¶ ¶ 17-19; Buchecker Decl., ¶¶ 16-18).

Kirby argues, nonetheless, that the use of the licensed mark LASER on sailboats sold by others and sailed by consumers in Connecticut somehow subjects the licensors to personal jurisdiction arising out of third parties' distribution of sailboats. (Pltfs' Opp. at 5). Not surprisingly, Kirby cites no authority for this proposition, which is utterly without any legal support. Accordingly, there is no basis to extend long arm jurisdiction over Karaya and Velum pursuant to Section 33-929(f)(3).

### 3. The claims do not arise out of any tortious conduct by defendants in the State

The complaint does not allege, nor has Kirby established, that the claims arise out of any tortious activity by the defendants in Connecticut. Instead, without any basis in law or in fact, Kirby claims that Karaya and Velum somehow tortiously interfered with the "Builder Agreements" in Connecticut by continuing to license the LASER mark to the Builders (Quarter Moon and LaserPerformance who are located in Rhode Island and England, respectively).[2] The mere act of licensing, Kirby alleges, "caused" the Builders to not perform under the Builder Agreements. (Pltfs' Opp. at 6). Kirby struggles, in his Opposition, to recast this theory as a form of tort. But the touchstone, repeated throughout the Opposition, is that a tort arises by some kind of "enabling" – "By continuing to license the LASER trademarks to the Builders . . . Karaya and Velum interfered with [the Builder Agreements] and enabled the Builders to continue to

---

[2] The "Builder Agreements" are defined in the complaint as the agreements between Kirby and Quarter Moon and LaserPerformance pursuant to which Kirby licensed his trade name ("KIRBY," not "LASER") to them as "Builders" to use his name in connection with the manufacture and distribution of sailboats. (Cplt. ¶¶ 23-27; 34-37; Exs. 4-10).

-4-

violate Kirby's rights." (Pltfs' Opp. at 6) (emphasis added). There is no rule of "enabling" in the law of torts and again, Kirby cites no authority for this proposition. He also fails to address, let alone cite, the elements necessary to make out a claim for tortious interference under CUTPA and common law. (See Point II, below).

The complaint fails to plead *any* elements of this claim and does not plead that Karaya or Velum committed any tortious activity in Connecticut. The only act that the complaint pleads is that Karaya and Velum owned and licensed the LASER marks. (Pltfs' Opp. at 6). This is insufficient to establish jurisdiction pursuant to CONN. GEN. STAT. § 33-929(f)(4), which requires that the claims at issue must arise out of a defendant's tortious activity in the State.

**B.     This Court Does Not Have Jurisdiction Over Karaya Or Velum
        Under Constitutional Due Process Principles**

This Court need not even consider constitutional principles in this case because there is no jurisdiction under the long arm statute. *See LucidRisk, LLC v. Ogden*, 615 F. Supp. 2d 1, 8 (D. Conn. 2009); *In re Helicopter Crash*, 485 F. Supp. 2d 47, 54 (D. Conn. 2007) ("Because this court lacks personal jurisdiction under the Connecticut long-arm statute, there is no need to consider whether an exercise of personal jurisdiction would comport with the Due Process Clause."). In any event, Kirby has not demonstrated that Karaya and Velum have the contacts with Connecticut necessary to sustain specific or general personal jurisdiction over them.

First, Kirby has not established, as he must, that any of his claims arises out of any contact by either Karaya or Velum with Connecticut. Thus, for example, Karaya's and Velum's U.S. trademark registrations do not establish sufficient contacts with Connecticut. (Pltfs' Opp. at 10). There is no case which holds that a U.S. trademark registration is sufficient

to establish contacts with Connecticut. In fact, courts do not even consider this factor in determining whether personal jurisdiction is properly exercised. *See, e.g, Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 110-15 (D. Conn. 1998) (declining to exercise jurisdiction over defendant trademark owner). Nor is specific jurisdiction conferred by appointing a Connecticut company as a trademark domestic representative. *See WorldCare Ltd. Cor. v. World Ins. Co.*, 767 F. Supp. 2d 341, 361-63 (D. Conn. 2011).

Moreover, licensing a mark alone does not confer specific jurisdiction over a party, even if the licensing occurred in Connecticut. *See Kaufhold v. Cyclopian Music, Inc.*, No. 10 Civ. 4588, 2010 U.S. Dist. LEXIS 132252, at *11 (S.D.N.Y. Dec. 14, 2010).

Second, Kirby has not demonstrated the existence of general jurisdiction over Karaya or Velum. In his Opposition to the motion, Kirby ignores the factors that courts examine in determining whether Karaya and Velum have "continuous and systematic general business contacts" with Connecticut sufficient to permit this Court to exercise general jurisdiction over them. *See Mednet, MPC Corp. v. United Healthcare, Inc.*, No. 95-2723, 1996 U.S. Dist. LEXIS 22338, at *10 (D. Conn. Aug. 15, 1996) (declining to exercise general jurisdiction over a foreign corporation). And Kirby ignores as well the unrefuted sworn declarations of Messrs. Buchecker and Von Urbisch that conclusively establish the absence of the requisite contacts with Connecticut. (Von Urbisch Decl., ¶¶ 4-14; Buchecker Decl., ¶¶ 4-14).

Instead of addressing the evidence and the law that defeats his claim, Kirby argues that there is general jurisdiction over Karaya and Velum because they license the LASER marks. (Pltfs' Opp. at 12). Kirby does not even attempt to distinguish the cases cited by Karaya and Velum holding that licensing a mark is not sufficient to confer general jurisdiction over a party, even if the licensing had occurred in Connecticut, which is not the case. *See Kaufhold*,

2010 U.S. Dist. LEXIS 132252, at *9 (and other cases cited in our moving memorandum at pages 16-17).

Finally, this Court does not have general jurisdiction over Karaya and Velum solely because they are owners of U.S. trademark registrations. Kirby argues that Karaya and Velum have continuous and systemic contacts with Connecticut "by virtue of their status as U.S. Trademark registrations, because their ownership of registrations on the principal register constitutes constructive nationwide use of those trademarks. *See* 15 U.S.C. § 1057(c)." (Pltfs' Opp. at 13). Kirby misconstrues Section 1057(c). The statute provides that the filing of an application to register a mark constitutes constructive use of the mark *for the purposes of conferring a right of priority*, not for the purposes of establishing personal jurisdiction. Indeed, courts do not even consider this factor in determining whether personal jurisdiction is properly exercised. *See, e.g., Edberg*, 17 F. Supp. 2d 110.

Accordingly, under the relevant constitutional standards, Karaya and Velum do not have sufficient contacts with Connecticut to subject them to general jurisdiction.

## POINT II

### CLAIMS I THROUGH IV AND CLAIM VII DO NOT STATE ANY CLAIM AGAINST KARAYA AND VELUM

The complaint does not contain any fact allegations that support Counts I through IV and VII of the complaint, the only counts asserted against Karaya and Velum.

In Counts I through IV, the complaint purports to state claims against Karaya and Velum and others for counterfeiting, trademark infringement, unfair competition under the Connecticut Unfair Trade Practices Act ("CUTPA") and misappropriation of publicity rights. As demonstrated in our moving memorandum of law, the complaint does not allege sufficient facts to sustain these claims as to Karaya and Velum. Likewise, Kirby's Opposition is entirely devoid

of any fact allegations supporting the claims; he does not even address the elements of each cause of action. (Pltfs' Opp. at 14-16).

Instead, Kirby has raised a new theory, not asserted in the complaint: he now argues that because Karaya and Velum *contributorily* infringed the BRUCE KIRBY mark, they should be liable for Counts I, II and IV. (Pltfs' Opp. at 15-16). Kirby has it wrong. "To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Kelly-Brown v. Winfrey*, No. 12-1207, 2013 U.S. App. LEXIS 10972, at *41 (2d Cir. May 31, 2013) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). Kirby has failed to plead either prong of this test. Moreover, to be liable for contributory trademark infringement a licensor must exercise direct control and monitoring of the instrumentality used to infringe the plaintiff's mark. *See Nomination Di Antonia E Paolo Gensini SN.C. v. H.E.R. Accessories Ltd.*, No. 07 civ. 6959, 2010 U.S. Dist. LEXIS 130681, at *9-13 (S.D.N.Y. Dec. 6, 2010). Kirby has made no such factual allegations in the complaint.

Counts III and VII of the complaint purport to allege that Karaya and Velum tortiously interfered with the Builder agreements between Kirby and defendants Quarter Moon and LaserPerformance. As addressed in our moving memorandum, however, Kirby has not pleaded any facts in the complaint that could support such a claim. And in his Opposition to the motion, Kirby ignores the requisite elements. Specifically, he has not pleaded "(1) the existence of a contractual or beneficial relationship; (2) the defendant's knowledge of that relationship; (3) the defendant's intent to interfere with the relationship; (4) that the interference was tortious; and (5) a loss suffered by the plaintiff that was caused by the defendant's tortious conduct." *Waste*

*Conversation Techs., Inc v. Recovery*, *LLC*, No. AANCV044000948, 2008 Conn. Super. LEXIS 3130, at *15 (Super. Ct. Conn. Dec. 3, 2008) (quoting *Rioux v. Barry*, 283 Conn. 338, 351, 927 A.2d 304 (Conn. 2007)).

Counts I through IV and VII should be dismissed as to Karaya and Velum, with prejudice.[3]

## Conclusion

Defendants Karaya and Velum respectfully request that the Court dismiss Claims I through IV and VII as to them, with prejudice.

Dated: July 29, 2013

Respectfully submitted,

By: /s/Turner P. Smith
Turner P. Smith (ct 24359)
T. Barry Kingham (ct 00622)
CURTIS, MALLET-PREVOST,
    COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 696-6121
Fax: (917) 368-8821
Email: tsmith@curtis.com

*Attorneys for Defendants*
*Karaya (Jersey) Limited and Velum Limited*

---

[3] The Court should deny Kirby's request for leave to amend the complaint. (Pltfs' Opp. at 16-17). Kirby has already amended the complaint once, and he has pointed to no new facts that he would allege that could satisfy the legal standards for asserting personal jurisdiction, or that could state a viable claim as alleged in Counts I through IV and VII.