# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>       vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>LIMITED,<br>INTERNATIONAL LASER CLASS<br>ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>    Defendants. | Civil Action No. 3:13-cv-00297-RNC |
| LASERPERFORMANCE (EUROPE)<br>    LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>       vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>       and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. |  |

## PLAINTIFFS' OPPOSITION TO DEFENDANT
## <u>INTERNATIONAL SAILING FEDERATION LIMITED'S MOTION TO DISMISS</u>

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ....................................................................................................2

III.    THE COURT HAS PERSONAL JURISDICTION OVER ISAF...........................3

        A.      Legal Standard  ..........................................................................................3

        B.      Connecticut's Long Arm Statute Confers Jurisdiction Over ISAF ..............4

                1.      Jurisdiction is Proper Under Conn. Gen. Stat. § 52-59b...................4

                2.      Jurisdiction is Proper Under Conn. Gen. Stat. § 33-929..................9

                3.      Jurisdiction over ISAF Does Not Violate Due Process ...................10

        C.      The Court Should Permit Limited Jurisdictional Discovery
                to the Extent It has Questions In Regards to ISAF's Contacts. ....................11

IV.     KIRBY HAS ASSERTED CLAIMSAGAINST ISAF UPON
        WHICH THIS COURT CAN GRANT RELIEF ......................................................12

        A.      Legal Standard  ........................................................................................12

        B.      The Court Should Sustain Claims I-IV, VII Against ISAF
                Because ISAF Issued the Infringing Plaques.................................................12

                1.      Claims I and II State Claims for Trademark Counterfeiting
                        and Infringement...............................................................................12

                2.      Claim III States a CUTPA Claim Against ISAF ..............................13

                3.      Claim IV States a Misappropriation of Rights of
                        Publicity Claim Against ISAF ..........................................................15

                4.      Claim VII States a Tortious Interference Claim Against ISAF ........16

V.      KIRBY'S CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE. ..........17

VI.     CONCLUSION......................................................................................................17

# TABLE OF AUTHORITIES

<u>Cases</u>

*AEP Energy Services Gas Holding Co. v. Bank of Am.*
    626 F. 3d 699 (2d. Cir. 2010)........................................................................17

*Amerbelle Corp. v. Hommel*
    272 F. Supp. 2d 189 (D. Conn. 2003)..........................................................3

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*
    480 U.S. 102 (1987)......................................................................................11

*Austen v. Catterton Partners*
    729 F. Supp. 2d 548 (D. Conn. 2010)..........................................................4

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)......................................................................................12

*Blake v. Levy*
    191 Conn. 257 (1983)...................................................................................16

*Brass v. American Film Technologies, Inc.*
    987 F. 2d 142 (2d Cir. 1993).......................................................................12

*Conn. Cmty. Bank v. Bank of Greenwich*
    2007 WL 1306547 (D. Conn. May 3, 2007)................................................15

*Dial Corp. v. Manghnani Investment Corp.*
    659 F. Supp. 1230 (D. Conn. 1987)..............................................................15

*Distefano v. Carozzi N. Am., Inc.*
    286 F.3d 81 (2d Cir. 2001)...........................................................................3

*Ensign-Bickford Co. v. ICI Explosives USA Inc.*
    817 F. Supp. 1018 (D. Conn. 1993)..............................................................11

*Foman v. Davis*
    371 U.S. 178 (1962).....................................................................................17

*Forschner Group, Inc. v. New Trends, Vrolixs J.-C.,*
    No. B–89–531(JAC), 1994 WL 708129 (D. Conn. August 10, 1994) ....................9

*Gurary v. Winehouse*
    235 F. 3d 792 (2d Cir. 2000).......................................................................17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
  466 U.S. 408 (1984) ...................................................................................11

*Indiaweekly.com, LLC. v. Nehaflix.com*
  No. 3:07–cv–194 (VLB), 2008 WL 687268 (D. Conn. Mar. 10, 2008) ...................8

*Int'l Shoe Co. v. Washington*
  326 U.S. 310 (1945) ...................................................................................11

*Inset Sys., Inc. v. Instruction Set Inc.*
  937 F. Supp. 161 (D. Conn. 1996) ...............................................................8

*Knauss v. Ultimate Nutrition, Inc.*
  514 F. Supp.2d 241 (D. Conn. 2007) ..........................................................11

*Lis v. Delvecchio*
  No. 3:11CV1507(AWT), 2012 WL 3309384 (D. Conn. Aug.13, 2012) .................4,8

*In re Magnetic Audiotape Antitrust Litigation*
  334 F.3d 204 (2d Cir. 2003) ......................................................................11

*Marine Midland Bank, N.A., v. Miller*
  664 F.2d 899 (2d Cir. 1981) .......................................................................3

*Marlin Firearms Co. v. Wild West Guns, LLC*
  No. 3:09-CV-921, 2013 WL 2405510 (D. Conn. May 21, 2013) ...........................4

*Mashantucket Pequot Tribe v. Redican*
  309 F. Supp. 2d 309 (D. Conn. 2004) ...........................................................8

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*
  84 F.3d 560 (2d Cir. 1996) .........................................................................3

*Nabisco Brands, Inc. v. Kaye*
  760 F. Supp. 25 (D. Conn. 1991) ................................................................15

*National Football League v. Miller*
  2000 WL 335566 (S.D.N.Y. Mar. 30, 2000) ..................................................8

*New York v. Green*
  420 F.3d 99 (2d Cir. 2005) ........................................................................17

*Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*
  102 F. 3d 660, 662 (2d Cir.1996) ...............................................................12

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC*
    595 F. 3d 86 (2d Cir. 2010)...............................................................................12

*Pangburn v. Culbertson*
    200 F. 3d 65 (2d Cir. 1999)...............................................................................17

*Robinson v. Overseas Military Sales Corp.*
    21 F.3d 502 (2d Cir. 1994).................................................................................3

*Sportsmen's Boating Corporation v. Hensley*
    192 Conn. 747 (1984).......................................................................................13

*Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman*
    2006 WL 387289 (D. Conn. Feb. 15, 2006).....................................................15

*Timex Corp. v. Stoller*
    961 F. Supp. 374 (D. Conn. 1997)....................................................................15

*Tucker v. American Intern. Group, Inc.*
    745 F. Supp. 2d 53 (D. Conn. 2010).................................................................12

*Unique Extrusions, Inc. v. Koehler–Bright Star, LLC*
    No. CV106003582, 2010 WL 3786533 (Conn. Super. Ct. Aug. 27, 2010).............4

*Whelen Engineering v. Tomar Electronics*
    672 F. Supp. 659 (D. Conn. 1987))....................................................................9

*Whitaker v. American Telecasting, Inc.*
    261 F.3d 196 (2d Cir. 2001)...............................................................................3

*Williams v. Citigroup Inc.*
    659 F. 3d 208 (2d Cir. 2011).............................................................................17

<u>Statutes & Rules</u>

15 U.S.C. §1114....................................................................................................2

Conn. Gen. Stat. § 33-929....................................................................................4,9

Conn. Gen. Stat. § 52-59b.....................................................................................4

Fed. R. Civ. P. 15(a)(2).........................................................................................17

Plaintiffs Bruce Kirby, Inc. and Bruce Kirby (collectively "Kirby" or "plaintiff") submit this Opposition to Defendant International Sailing Federation Limited's ("ISAF" or "defendant") Motion to Dismiss. (Dkt. 63.)

## I.     INTRODUCTION.

ISAF is the world governing body for sailing. It is responsible for promulgating and enforcing criteria establishing different classes of boats, including the Kirby Sailboat. In the 1980's, Kirby reached an agreement with ISAF to establish the Kirby Sailboat as a standard sailboat class. ISAF issues a plaque for each Kirby Sailboat that satisfies certain requirements established by Kirby and ISAF. The ISAF Plaque is affixed to the hull of each authorized Kirby Sailboat and serves to inform the purchasing public, competitors, and the relevant governing bodies that the boat was approved by Kirby, built by a licensed builder, authorized by ISAF, and that all appropriate royalties have been paid, thereby entitling it to race in class events.

The Court has personal jurisdiction over ISAF because it issues ISAF Plaques to Kirby Sailboats that are sold through licensed dealers in Connecticut and used in Connecticut's waters. ISAF also issues New ISAF Plaques to Kirby sailboats that are manufactured in Europe, imported into Connecticut, sold through licensed dealers in Connecticut, and used in Connecticut's waters. ISAF receives a royalty for each ISAF plaqued Kirby Sailboat sold in Connecticut. Each ISAF Plaque expressly identifies the issuer as "International Sailing Federation," i.e. ISAF, and prominently states that the boat is "authorised by the International Sailing Federation." The Court can assert specific jurisdiction because ISAF's issuance of the ISAF Plaques to the terminated builders is the basis for each of Kirby's claims against ISAF. ISAF's tortious actions in Connecticut also satisfy the Connecticut long arm statute. In addition to the plaques, which alone provide a proper basis for asserting personal jurisdiction, ISAF

organizes and sponsors class event in Connecticut, and ISAF maintains an interactive website accessible by Connecticut residents that provides biographies of Connecticut sailors and provides information regarding ISAF sponsored events in Connecticut that require an ISAF plaque as a prerequisite to entry.  As a result, the Court should deny ISAF's motion to dismiss for lack of personal jurisdiction.

The Court should likewise deny ISAF's motion to dismiss for failure to state a claim because Kirby has asserted actionable claims against ISAF for trademark infringement, unfair competition, misappropriation of rights of publicity, and tortious interference with contractual relations. ISAF improperly attempts to transform Kirby's initial pleadings burden to a substantive determination of the claims.  In the determination of both 12(b)(2) and 12(b)(6) motions, the court construes the pleadings and affidavits in the light most favorable Kirby and resolves all doubts in Kirby's favor. ISAF's attempt to deflect liability onto the International Laser Class Association ("ILCA") is misleading. ISAF retains the authority to issue ISAF Plaques and collect a royalty for each issued Plaque. The fact that ISAF may have appointed ILCA as its agent does not shield ISAF from liability. ISAF's control is illustrated by its specific demand to ILCA to stop issuing plaques, which was ignored, and its approval of ILCA's illegal rule change. Accordingly, the Court should deny ISAF's motion to dismiss, and defer substantive determination of its defenses to summary judgment or trial.

## II.    BACKGROUND.

Kirby seeks to hold ISAF liable for: (1) trademark counterfeiting, arising under the Lanham Act, 15 U.S.C. §1114; (2) trademark infringement, unfair competition, and false designation of origin arising under the Lanham Act, 15 U.S.C. §1114; (3) unfair trade practices under the Connecticut Unfair Trade Practices Act (CUTPA); (4) misappropriation of Bruce

2

Kirby's publicity rights; and (5) inducement to default the 1983 and 1989 Builder Agreements. Kirby's claims against ISAF and the facts supporting these claims are set forth in detail in Kirby's First Amended Complaint (FA Compl., Dkt. 23), Kirby's opposition to Rastegar's motion to dismiss (Dkt. 58), and Kirby's opposition to Karaya/Velum's motion to dismiss (Dkt. 59). Specific facts particularly relevant to this opposition are referenced below.

## III.    THE COURT HAS PERSONAL JURISDICTION OVER ISAF.

### A.    Legal Standard.

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. *See Amerbelle Corp. v. Hommel*, 272 F. Supp. 2d 189, 192 (D. Conn. 2003). When considering a motion to dismiss, the court construes the pleadings and affidavits in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (the court "construes jurisdictional allegations liberally and takes as true uncontroverted factual allegations.") (internal citations omitted). A plaintiff can make this showing through his "own affidavits and supporting materials" (*Marine Midland Bank, N.A., v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981), containing "an averment of facts that, if credited ... would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). When a motion to dismiss is based on pleadings and affidavits, dismissal is appropriate only if the submissions, when viewed in the light most favorable to the plaintiff, fail to make a *prima facie* showing of personal jurisdiction over the defendant. *See Distefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). ISAF's motion should be denied in view of these governing principles.

**B.     Connecticut's Long Arm Statute Confers Jurisdiction Over ISAF.**

Connecticut has two long arm statutes: Conn. Gen. Stat. § 52-59b, conferring jurisdiction over individuals, partnerships, and voluntary associations, and Conn. Gen. Stat. § 33-929, conferring jurisdiction over foreign corporations. Conn. Gen. Stat. § 52-59b applies because ISAF is similar to a limited liability company and Connecticut courts routinely apply § 52-59b to LLCs. ISAF urges the Court to determine personal jurisdiction using Conn. Gen. Stat. § 33-929 because "ISAF is a company formed under the Isle of Man Companies Act," and not an individual, partnership, and voluntary association. (*See* Smithwick Decl. ¶ 2.) ISAF's argument ignores settled case law and obscures ISAF's legal structure as a limited by guarantee company in which members' liability is limited to the amount they have agreed to contribute to the company's assets. (Ex. A, ISAF corporate record.) Connecticut trial courts routinely apply § 52-59b to foreign limited liability companies. *Marlin Firearms Co. v. Wild West Guns, LLC*, No. 3:09-CV-921, 2013 WL 2405510, at *2 (D. Conn. May 21, 2013) (J. Chatigny) (*citing Austen v. Catterton Partners*, 729 F. Supp. 2d 548, 559 (D. Conn. 2010); *see also Lis v. Delvecchio*, No. 3:11CV1507(AWT), 2012 WL 3309384, at *2 (D. Conn. Aug.13, 2012) (adopting the reasoning in *Austen*); *see also Unique Extrusions, Inc. v. Koehler–Bright Star, LLC*, No. CV106003582, 2010 WL 3786533, at *4 (Conn. Super. Ct. Aug. 27, 2010) (Shorthall, J.) (concluding that § 52–59b applies to limited liability companies).

1.     Jurisdiction is Proper Under Conn. Gen. Stat. § 52-59b.

Gen. Stat. § 52-59b provides in relevant part that "a court may exercise personal jurisdiction over any nonresident individual [or] foreign partnership ... who in person or through an agent: (1) Transacts any business within the state; [or] (2) commits a tortious act within the state. . .." Conn. Gen. Stat. § 52-59b. ISAF's activity satisfies both of these prongs.

ISAF transacts business in Connecticut by issuing plaques affixed to Kirby Sailboats sold in Connecticut. (FA Compl. ¶ 11.) The ISAF Plaque is an essential element of the Kirby Sailboat because it informs the purchasing public, competitors, and the relevant governing bodies that the boat was approved by Kirby, built by licensed builder, and authorized by ISAF, thereby entitling to race in class events.(FA Compl. ¶ 72; Ex. 16.) An ISAF Plaque from a Kirby Sailboat being offered for sale in Connecticut is shown below:



(*Id.*)

ISAF began issuing New ISAF Plaques in 2013 to be affixed to boats sold in Connecticut. (FA Compl. ¶ 78.) The New ISAF Plaques do not feature the Kirby trademark pursuant to an illegal rule change made by ILCA and approved by ISAF. (FA Compl. ¶¶ 80-85.) As discussed in detail below, ILCA and ISAF's illegal rule change and ISAF's subsequent issuance of New ISAF Plaques is a basis for Kirby's claims that ISAF and ILCA tortiously interfered with Kirby' contractual rights.  ISAF's issuance of New ISAF Plaques and its

continued issuance of ISAF Plaques on boats sold in Connecticut satisfy the first prong of the

long arm statute. The New ISAF Plaque is shown below:



(Ex. B, New ISAF Plaque.)

There are at least three Kirby Sailboat dealers in Connecticut that sell and have sold

Kirby Sailboats having ISAF Plaques. (Ex. C, Laser Performance Dealer Locator). During at

least the past ten years, these, and other dealers, have continuously marketed and sold plaqued

Kirby Sailboats in Connecticut.

ISAF receives a royalty for each plaqued Kirby Sailboat sold in Connecticut. (Dkt. 63-3,

Smithwick Decl.) ISAF's right to collect royalties for plaqued Kirby Sailboats sold in

Connecticut is memorialized in a 1992 Agreement in which it confirms the appointment of ILCA

as its agent for issuance of plaques and the collection of royalties from builders of the plaqued

boats. (*Id*.) ISAF's control over ILCA is illustrated by its March 22, 2013 demand to ILCA that it

cease issuing ISAF plaques.  (Ex. D, March 22, 2013 ISAF Letter)

Plaqued Kirby sailboats are sold and raced in Connecticut. ISAF issues plaques that are affixed to Kirby Sailboats made in Rhode Island and imported to and sold in Connecticut.  ISAF also issues plaques that are affixed to Kirby Sailboats made in Europe and imported to and sold in Connecticut. (FA Compl. ¶ 98.) The royalty agreement requires ISAF to inform ILCA of all builders on which it is required to collect royalties. (Dkt. 63-3.) In addition, ISAF has a long relationship with Bruce Kirby, the inventor of the Kirby Sailboat and a longtime resident of Rowayton, Connecticut. Mr. Kirby designed the sailboat in Connecticut in the 1970s, and it has been sold in Connecticut ever since.

In addition to the issuance of ISAF Plaques and New ISAF Plaques for Kirby Sailboats sold in Connecticut, ISAF transacts business in Connecticut by operating an interactive website publically accessible to Connecticut residents via www.sailing.org and www.isaf.org through which ISAF publishes information regarding its sponsorship of races in Connecticut and biographies of Connecticut residents that are members of ISAF. (Ex. E, images of website.) ISAF's website, for example, markets and reports on ISAF World Cup sailing events that are held in Connecticut at yacht clubs such as the Norton Yacht Club, Indian Harbor Yacht Club, and Riverside Yacht Club. (Ex. E.) ISAF's rules of racing require an ISAF plaque to enter these races. (Ex. F.) ISAF solicits Connecticut residents to become members of ISAF through its website. (*Id*.) ISAF assigns each member an identification number and provides each member a customizable biographic webpage accessible and searchable through ISAF's interactive website. (Ex. E.)  As is evident from its website, many Connecticut residents are ISAF members. (Ex. E.) ISAF's website also markets Connecticut builders of ISAF sanctioned class boats, for example the 2.4 meter keel boat manufactured by Gavia Yachts in Stamford, Connecticut. (Ex. E.)

Courts in this District have consistently held that operation of an interactive website, by itself, is sufficient basis to confer personal jurisdiction over a defendant. *See e.g., Lis v. Del Vecchio*, No. 3:11CV01057 (AWT), 2012 WL 3309384, at *2-3 (August 13, 2012 D. Conn.) (holding that operation of a website in Nevada from which Connecticut residents could query hotel availability in Nevada and purchases tickets to a night club in Nevada was sufficient to confer personal jurisdiction in a trademark infringement action), *citing Indiaweekly.com, LLC. v. Nehaflix.com,* Civil Action No. 3:07–cv–194 (VLB), 2008 WL 687268, at *2 (D. Conn. Mar. 10, 2008); *see also Mashantucket Pequot Tribe v. Redican*, 309 F. Supp. 2d 309, 317 (D. Conn. 2004)(quoting *National Football League v. Miller*, 2000 WL 335566 (S.D.N.Y. Mar. 30, 2000)("[O]ne . . . who uses a website to make sales to customers in a distant state can thereby become subject to the jurisdiction of that state's courts.")); *Inset Sys., Inc. v. Instruction Set Inc.*, 937 F. Supp. 161, 163-65 (D. Conn. 1996) (holding advertising via internet web site is solicitation of sufficient repetitive nature to confer personal jurisdiction).

In addition, ISAF transacts business in Connecticut by organizing and sponsoring races in Connecticut. Information regarding many of these races is published on ISAF's website. (*See* Ex. E; 2004 J/24 World Championship, Darien, Connecticut; 2009 Sonar World Championship, Darien, Connecticut; 2003 Etchells World Championship. Greenwich, Connecticut.) According to ISAF, the Racing Rules of Sailing ("RRS"), revised and published every four years by ISAF, "govern the sport on the water." (Ex. F, Rules of Racing.) Rule 89.1 of the RRS titled "Organizing Authority" requires that every sailboat race must be organized by ISAF, a member of ISAF such as ILCA, or with approval of ISAF. (*Id.*) Rule 75.1 of the RRS titled "Entering A Race" requires that any boat entering a race be entered by an entity affiliated with ISAF or a member of ISAF, such as ILCA. (*Id.*)

ISAF's issuance of ISAF Plaques for boats sold in Connecticut also satisfies the second prong of the Connecticut long arm statute because it constitutes tortious conduct in Connecticut. Specifically, Kirby alleges that ISAF's issuance of the plaques constitutes trademark counterfeiting (Count I), trademark infringement and false designation or origin (Count II), unfair trade practices (Count III), misappropriation of rights of publicity (Count IV), and tortious interference with contractual rights (Count VII).[1] These claims have been recognized as constituting a tortious act within the meaning of the Connecticut long arm statute. *Forschner Group, Inc. v. New Trends, Vrolixs J.-C.*, No. B–89–531(JAC), 1994 WL 708129, at *3 (*citing Whelen Engineering v. Tomar Electronics*, 672 F. Supp. 659, 663 (D. Conn. 1987)) ("There is no dispute that the advertisement constitutes trademark infringement in Connecticut, nor that trademark infringement constitutes a tortious act within the meaning of Connecticut's long-arm statute.").

      2.    <u>Jurisdiction is Proper Under Conn. Gen. Stat. § 33-929.</u>

Personal jurisdiction in Connecticut is also proper under Gen. Stat. § 33-929.  In relevant part, that statute provides that:

> [a]foreign corporation shall be subject to suit in this state . . . on any cause of action arising . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

(Conn. Gen. Stat. § 33-929.)

---

[1] Counts V and VI are not asserted against ISAF.

Issuance of plaques for Kirby Sailboats sold in Connecticut satisfies prong three because the ISAF Plaque is an essential element of the Kirby Sailboat[2], and therefore the distribution of the Kirby Sailboats in Connecticut is attributable, at least in part, to ISAF. Moreover, as discussed above, ISAF receives a royalty for each plaque affixed to a Kirby Sailboat being sold in Connecticut. ISAF's activity also satisfies prong four because, and as explained in the section above, ISAF committed tortious conduct in Connecticut by issuing ISAF Plaques for Kirby Sailboats sold in Connecticut. Accordingly, jurisdiction over ISAF is proper under at least Conn. Gen. Stat. § 33- 929(f)(1) or (4).

3.    Jurisdiction over ISAF Does Not Violate Due Process.

Jurisdiction over ISAF does not violate due process because ISAF purposefully availed itself of this jurisdiction by intentionally issuing ISAF Plaques for Kirby Sailboats that it knew would be sold through dealers in Connecticut. The Court can exercise specific jurisdiction because ISAF's actions, namely issuance of the plaques and the subsequent issuance of the fraudulent plaques, form the basis for the tortious acts alleged in Kirby's complaint. In addition to having actual knowledge that Connecticut dealers were selling Kirby Sailboats having ISAF plaques, ISAF retained an element of control over these boats because ISAF controlled the determination of whether plaques were issued for boats entering the state of Connecticut.

Due process requirements are satisfied when a nonresident defendant has minimum contacts with the state such that maintenance of the suit does not offend traditional notions of fair

---

[2] The Fundamental Rule of ILCA requires, as a prerequisite to participation in class events, that a Kirby Boat must be manufactured by an International Sailing Federation (ISAF) and International Laser Class Association (ILCA) approved builder in strict adherence to the Laser design specification (known as the Construction Manual) which is registered with ISAF. Lasers with sail numbers from 148200 shall display a unique ISAF Building Plaque that has been purchased by the builder from the International Laser Class Association. The plaque shall display the sail number of the boat issued by the International Laser Class Association and shall be

play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific

jurisdiction exists where the suit arises from the defendant's contacts with the forum.

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n. 8-9 (1984).

As is evident from the section analyzing both Connecticut's long arm statutes, ISAF has

intentionally directed its activities at the residents of Connecticut. In fact, it is precisely these

activities, the issuance of plaques confirming the certification of Kirby Sailboats sold to residents

of the State of Connecticut, which forms the basis of Kirby's claims. *Ensign-Bickford Co. v. ICI

Explosives USA Inc.*, 817 F. Supp. 1018, 1029 (D. Conn. 1993) (*quoting Asahi Metal Indus. Co.

v. Sup. Ct. of Cal.*, 480 U.S. 102, 117 (1987)) ("as long as a participant in the process is aware

that the final product is being marketed in the forum State, the possibility of a lawsuit there

cannot come as a surprise"). Specific jurisdiction is satisfied.

### C.     The Court Should Permit Limited Jurisdictional Discovery to the Extent It has Questions In Regard To ISAF's Contacts.

While Kirby believes that jurisdiction over ISAF is clear, in the event the Court has

questions regarding the sufficiency of ISAF's contacts with Connecticut, Kirby respectfully

submits that it should be allowed to take limited jurisdictional discovery from ISAF. *See, e.g.*, *In

re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 207-208 (2d Cir. 2003) (finding that

the district court improperly denied the plaintiffs the opportunity to engage in limited

jurisdictional discovery prior to dismissing the defendant); *Knauss v. Ultimate Nutrition, Inc.*,

514 F. Supp.2d 241, 245 (D. Conn. 2007)(allowing limited jurisdictional discovery prior to

ruling on motion). Kirby believes it could complete same through a single deposition, and no

more than 10 document requests and interrogatories.

---

permanently fixed in the rear of the cockpit by the builder. (Ex. G, Laser Class Rules 28 April
2013 at 35 "Fundamental Rule".)

**IV.   KIRBY HAS ASSERTED CLAIMSAGAINST ISAF UPON WHICH THIS COURT CAN GRANT RELIEF.**

**A.   Legal Standard.**

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Tucker v. American Intern. Group, Inc.*, 745 F. Supp. 2d 53, 58 (D. Conn. 2010). In order to survive a motion to dismiss, a complaint must allege a plausible set of facts "sufficient to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC*, 595 F. 3d 86, 91 (2d Cir. 2010).

In ruling on a Rule 12(b)(6) motion, a district court must consider facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Tucker*, 745 F. Supp. 2d at 58 (*citing Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F. 3d 660, 662 (2d Cir.1996)). The court may also consider "matters of which judicial notice may be taken" and documents of which plaintiff "had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F. 2d 142, 150 (2d Cir. 1993).

**B.   The Court Should Sustain Claims I-IV, VII Against ISAF Because ISAF Issued the Infringing Plaques.**

**1.   Claims I and II State Claims for Trademark Counterfeiting and Infringement.**

Kirby adequately alleges a claims for federal trademark counterfeiting and federal trademark infringement upon which this Court can grant relief. (FA Compl. ¶¶ 86-94.) ISAF's argument that Kirby failed to state a claim because ISAF stopped using the Kirby trademark is without merit. ISAF is liable to Kirby for its past infringement regardless of whether ISAF continues to infringe after this suit was initiated. In addition, and contrary to ISAF's argument that Kirby has conceded that ISAF stopped using the trademark, Kirby's complaint alleges that

ISAF continues to issue the infringing ISAF Plaques bearing the Kirby trademark. (FA Comp. ¶ 87.)

ISAF also argues that Kirby failed to state a claim because ISAF merely allows ILCA to issues the ISAF plaques and ISAF does not, itself, sell the plaqued boats. As discussed above, ISAF plays a key role in certifying Kirby Sailboats sold in Connecticut. Although ISAF may have designated ILCA as its agent for the purpose of issuing plaques and collecting royalties on its behalf, ISAF retains the ultimate authority of issuing the ISAF Plaques, which bear its name it expressly state "authorised by the International Sailing Federation."  ISAF's control over ISAF Plaque issuance was illustrated its demand that ILCA cease providing plaques to the terminated builders. (Ex. #).

2.    Claim III States a CUTPA Claim Against ISAF.

Claim III asserts a state unfair competition claim against ISAF upon which this Court can grant relief. ISAF's continued issuance of ISAF Plaques and New ISAF Plaques to the terminated builders has and continues to tortiously interfere with Kirby's contractual relations with the terminated builders. On numerous occasions, Kirby demanded that ISAF stop issuing plaques to the terminated builders in violation of its post termination contractual rights.  Finally, under the threat of suit, ISAF represented to Kirby that it stopped issuing the plaques. Contrary to this representation, however, ISAF continued to issue ISAF Plaques to the terminated builders and began issuing New ISAF Plaques to the terminated builders, inducing the terminated builders to further violate their post termination covenants. (FA Compl. ¶¶ 136-143.) ISAF's tortious interference with the Kirby's contractual rights under the builder agreements is a violation of CUPTA. (FA Compl. ¶¶ 108-110.) *See Sportsmen's Boating Corporation v. Hensley*,

192 Conn. 747, 757 (1984) ("it is difficult to conceive of a situation where tortious interference would be found but a CUTPA violation would not").

In addition, ISAF interfered with Kirby's contractual rights under the Builder Agreements by approving ILCA's illegal rule change which removed the ILCA rule requirement that builders be authorized by Kirby.  (FA Comp. ¶ 140.) Prior versions of the Laser class rules defined a builder as "a manufacturer that has a building agreement from Bruce Kirby or Bruce Kirby Inc. to build the Laser and has rights to use a Laser trademark and has been approved as a Laser Builder by each of the International Sailing Federation and the International Laser Class Association." (Ex. H at 2, 2008 Laser Class Rules.) In April of 2013, ILCA issued new Laser class rules, approved by ISAF, which removed the requirement that an authorized builder have an agreement with Kirby. (Ex. G at 2 ("A Builder is a manufacturer that has the rights to use a Laser trademark, is manufacturing the hull, equipment, fittings, spars, sails and battens in strict adherence to the Construction Manual, and has been approved as a Laser Builder by each of the International Sailing Federation and the International Laser Class Association.") ISAF and ILCA made this rule change without the authorization of Kirby and in violation of the ISAF agreement.  ISAF's intentional rule change tortiously interfered with Kirby's contractual rights with the Builders and inducted the builders to breach those agreements. (FA Compl. ¶ 140.)

ISAF further tortiously interfered with Kirby's contractual rights with the Builders, and thus violated CUTPA, because ISAF failed to obtain Kirby's authorization for the 2002 Olympic Sailing Agreement. (Ex. I, Olympic Agreement.)  The International Olympic Committee ("IOC") requires ISAF to obtain Olympic Sailing Agreements from the Manufacturer, Design Rights Holder and Trade Name Holder of each class of equipment used in Olympic sailing competition.

Olympic Sailing Agreements have been executed by ISAF and ILCA and Laser Performance for the last several Olympic Games concerning use of the Kirby Sailboat as equipment in both the men's and women's single-handed sailing discipline, however these Agreements have neither been presented to nor executed by the Kirby. (*See e.g.* Ex. I.)  ISAF and/or ILCA and/or LP have repeatedly and purposefully failed to obtain the signature of Kirby or have forged his signature or falsely represented that he has signed Olympic Sailing Agreements concerning the Kirby Sailboat.

In addition to the tortious interference, ISAF's violations of Kirby's rights under the Lanham Act (Claims I and II) are an automatic CUTPA violation. *Conn. Cmty. Bank v. Bank of Greenwich*, 2007 WL 1306547 at *3 (D. Conn. May 3, 2007) (*citing Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman*, 2006 WL 387289 (D. Conn. Feb. 15, 2006); *Timex Corp. v. Stoller*, 961 F. Supp. 374, 381 (D. Conn. 1997); *Nabisco Brands, Inc. v. Kaye*, 760 F. Supp. 25, 29 (D. Conn. 1991); *Dial Corp. v. Manghnani Investment Corp.*, 659 F. Supp. 1230, 1239 (D. Conn. 1987))

       3.     <u>Claim IV States a Misappropriation of Rights of Publicity Claim Against ISAF.</u>

Claim IV asserts a misappropriation of publicity rights claim against ISAF upon which this Court can grant relief based ISAF's unauthorized use of Bruce Kirby's name on the ISAF Plaques. (FA Compl. ¶¶ 112-119.) ISAF does not provide any legal justification to support its argument that the Court should dismiss Kirby's right of publicity claim as being duplicitous of Kirby's trademark infringement claim. The case law relied upon by ISAF is related a claim for misappropriation of an idea and a claim for copyright infringement, and is unrelated to a claim for rights of publicity. ISAF's infringement of Kirby's trademark and their misappropriation of his publicity rights have separately violated Kirby's rights to his trademark and his rights to his

personal name and public image.  These actions properly give rise to two distinct causes of action.  Moreover, similar to claim for trademark infringement, ISAF is liable to Kirby for its past misappropriation regardless of whether ISAF continues its misappropriation after Kirby filed suit. In any event, Kirby's complaint alleges that ISAF continues to issue the infringing ISAF Plaques bearing Kirby's name. (FA Comp. ¶ 87.)

4.     Claim VII States a Tortious Interference Claim Against ISAF.

Claim VII asserts a claim for tortious interference against ISAF upon which this Court can grant relief based on ISAF's continued issuance of the ISAF Plaques and New Plaques to the terminated builders. ISAF's issuance of the plaques facilitates the builders continuing breach of the builder agreements.  Without ISAF's actions, the builders could not continue to builder and sell plaqued Kirby Sailboats in violation of the builder agreements. On March 25, 2013, ISAF represented to Kirby that ISAF had notified ILCA that it should cease to issue ISAF Plaques to Laser Performance.  (Ex. J, March 25, 2013 ISAF Letter). Notwithstanding this representation, ISAF continues to issue ISAF Plaques and New Plaques to the terminated builders. ISAF's argument that Kirby has failed to allege that ISAF's action was tortious fails to consider that ISAF had actual knowledge of the contractual rights between Kirby and the builders, that ISAF is inducing the continued breach of the builder agreements, that it misrepresented its actions in this regard to Kirby, and that it approved an illegal rule change by ILCA pertaining to the plaques.  ISAF's activity is unquestionably tortious.  *See Blake v. Levy*, 191 Conn. 257, 261 (1983) ("tortious conduct may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation ... or that the defendant acted maliciously." Additional bases for ISAF's tortious interference is set forth above in regard to the CUTPA claim and is incorporated herein by reference.

ISAF also neglects to recognize that the builder agreements include specific provisions under which the builders agreed to stop manufacturing Kirby Sailboats upon termination of the agreements for any reason. (FA Compl. Ex. 4 ¶ 10.9; Ex. 8 ¶ 10.9.) ISAF's continued issuance of ISAF Plaques and New Plaques enables the builders to continue selling plaqued Kirby Sailboats in continued violation of the agreements.

## V.      KIRBY'S CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE.

Although Kirby contends that it has sufficiently set forth claims against ISAF, Kirby respectfully requests that the Court allow it to amend its complaint if it is determined that Kirby did not sufficiently set forth one or more claims. Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2) (2013). District courts "ha[ve] broad discretion to decide whether to grant leave to amend." *Gurary v. Winehouse*, 235 F. 3d 792, 801 (2d Cir. 2000). *See also AEP Energy Services Gas Holding Co. v. Bank of Am.*, 626 F. 3d 699, 725 (2d. Cir. 2010)(rule in Second Circuit is to grant leave to amend in the absence of showing by nonmovant of prejudice or bad faith). The standard governing motions to amend is informed by a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F. 3d 208, 212–13 (2d Cir. 2011) (*citing New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also Pangburn v. Culbertson*, 200 F. 3d 65, 70 (2d Cir. 1999) (referring to the "relaxed standard" for motion to amend). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178 (1962).

## VI.      CONCLUSION.

For the foregoing reasons, Kirby respectfully requests that the Court deny ISAF's Motion to Dismiss.

August 22, 2013                          /s/ Wesley W. Whitmyer, Jr.
Date                                     Wesley W. Whitmyer, Jr., ct03509
                                         Andy I. Corea, ct25925
                                         Brian L. Repper, ct28225
                                         St. Onge Steward Johnston & Reens LLC
                                         986 Bedford Street
                                         Stamford, Connecticut  06905-5619
                                         Telephone: (203) 324-6155
                                         Facsimile: (203) 327-1096
                                         Email:  litigation@ssjr.com

                                         ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that on this 22[th] day of August, 2013, a true and correct copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT INTERNATIONAL SAILING FEDERATION LIMITED'S MOTION TO DISMISS was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

This is to further certify that true copies of the redacted and unredacted documents that are the subject of the related Motion to Seal have been served via email and via first class mail, postage prepaid to the following:

Kevin C. Cain, Esq.
Zizik Powers O'Connell Spaulding
   & Lamontagne, P.C.
690 Canton Street
Westwood, MA 02090
kcain@zizikpowers.com

Judith Lockhart
Joseph Boxer
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, NY  10005
lockhart@clm.com
boxer@clm.com

Turner P. Smith
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY  10178
tsmith@curtis.com


August 22, 2013
Date

*/s/ Joan M. Burnett*
Joan M. Burnett

19