UNITED STATES DISTRCUT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and <br> BRUCE KIRBY, <br>     Plaintiffs <br> v. <br> LASERPERFORMANCE (EUROPE) LIMITED, <br> QUARTER MOON, INCORPORATED, <br> KARAYA (JERSEY) LIMITED, <br> VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA), <br> INTERNATIONAL SAILING FEDERATION LIMITED, <br> INTERNATIONAL LASER CLASS ASSOCIATION, and <br> FARZAD RASTEGAR, <br>     Defendants. | Civil Action No. 3:13-cv-00297 (RNC) <br><br> **ANSWER TO COUNTERCLAIMS OF DEFENDANTS LASERPERFORMANCE (EUROPE) LIMITED AND QUARTER MOON, INCORPORATED.** |
| LASERPERFORMANCE (EUROPE) LIMITED, <br> QUARTER MOON, INCORPORATED, <br>  Defendants-Counterclaim Plaintiffs, <br> v. <br> BRUCE KIRBY, INC., and <br> BRUCE KIRBY, <br>  Plaintiffs-Counterclaim Defendants, <br> and <br> GLOBAL SAILING LIMITED, and <br> PERFORMANCE SAILCRAFT PTY, LTD., <br>  Additional Counterclaim Defendants | |

1

Counterclaim Defendant, Global Sailing Limited ("Global Sailing") as and for its answer to the Counterclaims propounded by the Defendants and Counterclaim Plaintiffs LaserPerformance (Europe) Limited ("LaserPerformance") and Quarter Moon, Incorporated ("Quarter Moon"), states as follows:

## ANSWER

Counterclaim Defendant, Global Sailing denies the allegations in the counterclaims and responds as follows to Counterclaim Plaintiffs' numbered paragraphs:

## As To "Parties"

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the counterclaims.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the counterclaims.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the counterclaims.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the counterclaims.

5. Admitted.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the counterclaims.

## As To "Jurisdiction and Venue"

7. The allegations contained in paragraph 7 of the complaint purport to state conclusions of law, as to which no which no response is required.

8. Deny the allegations contain in paragraph 8 except to admit that Counterclaim Plaintiffs purport to assert jurisdiction under 28 U.S.C. §§ 2201 and 2202.

9. Deny the allegations contain in paragraph 9 except to admit that Counterclaim Plaintiffs purport to assert jurisdiction under Conn. Gen. Stat. § 33-929.

10. The allegations contained in paragraph 10 of the complaint purport to state conclusions of law, as to which no which no response is required.

## As To "Foreign Law"

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the counterclaims.

## As To "Factual Background"

12. Refer to the July 11, 1983 license agreement between Kirby, BKI and Brook Shaw Motor Services Ltd. (the "1983 Builder Agreement") for its contents.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the counterclaims.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the counterclaims.

15. Refer to the August 30, 1995 Agreement Amending License between BKI and Performance Sailcraft Europe Limited for its contents.

### As To "The 1989 Builder Agreement"

16. Refer to the March 31, 1989 license agreement between Kirby, BKI and PY Small Boat, Inc. (the "1989 Builder Agreement") for its contents

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the counterclaims.

### As To "The LASER Trademark Owners"

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the counterclaims.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the counterclaims.

### As To "The 1983 ISAF Agreement"

20. Refer to the November 1983 Agreement among Kirby, BKI, the International Yacht Racing Union, the International Laser Class Association, IYRU Holdings Limited and Laser International Holdings (1983) Limited (the "ISAF Agreement") for its Contents.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the counterclaims.

### As To "ISAF Plaques"

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the counterclaims.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the counterclaims.

### As To "Global Sailing and PSA"

24.     Admitted that Global Sailing is a New Zealand incorporated and domiciled limited liability company, but Global Sailing otherwise denies the allegations in paragraph 24.

25.     Global Sailing denies the allegations in paragraph 25 of the counterclaims.

### As To "Kirby, BKI, Global Sailing and PSA's Scheme To Destroy LaserPerformance And Quarter Moon

26.     Global Sailing denies the allegations in paragraph 26 of the counterclaims.

27.     Global Sailing admits that it entered into an Intellectual Property Purchase and License Agreement with BKI and Kirby effective June 1, 2008, (the "IP Agreement"). Under the IP Agreement, Kirby and BKI agreed to sell and transfer to Global Sailing certain assets owned by Kirby and/or BKI. Otherwise denied.

28.     Global Sailing admits that the IP Agreement purported to transfer certain rights between Kirby and third parties, otherwise denied.

29.     Global Sailing admits that it paid $2.6 million for the assets and rights purported to be transferred pursuant to the IP Agreement and otherwise denies the allegations in paragraph 29.

30.     Global Sailing denies the allegations in paragraph 30 of the counterclaims.

31. Global Sailing repeats its answer to paragraph 28 above and otherwise denies the allegations in paragraph 31.

32. Admitted that the IP Agreement purported to transfer certain rights from BKI and Kirby to Global Sailing, otherwise denied.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the counterclaims.

34. Global Sailing denies the allegations in paragraph 34 of the counterclaims.

35. Global Sailing repeats its answer to paragraph 28 above and otherwise denies the allegations in paragraph 35.

36. Global Sailing repeats its answer to paragraph 28 above and otherwise denies the allegations in paragraph 36.

37. Global Sailing denies the allegations in paragraph 37 of the counterclaims.

38. Global Sailing denies the allegations in paragraph 38 of the counterclaims.

39. Global Sailing denies the allegations in paragraph 39 of the counterclaims.

40. Global Sailing denies the allegations in paragraph 40 of the counterclaims.

41. Global Sailing denies the allegations in paragraph 41 of the counterclaims.

42. Global Sailing denies the allegations in paragraph 42 of the counterclaims.

43. Global Sailing denies the allegations in paragraph 43 of the counterclaims.

44. Global Sailing denies the allegations in paragraph 44 of the counterclaims.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the counterclaims.

46. Admitted that Kirby and BKI commenced the present lawsuit in April 2013 with Mr. Whitmeyer as their attorney and that the complaint asserts claims of trademark infringement and breach of the Builder Agreements, otherwise denied.

### As To "The End Game: "The Kirby Torch""

47. Global Sailing denies the allegations in paragraph 47 of the counterclaims.

48. Global Sailing denies the allegations in paragraph 48 of the counterclaims.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the counterclaims.

50. Global Sailing denies the allegations in paragraph 50 of the counterclaims.

51. Global Sailing denies the allegations in paragraph 51 of the counterclaims.

### As To "Kirby Revealed The Construction Manual To The Public In Violation Of His Agreement To Keep It Confidential

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the counterclaims.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the counterclaims.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the counterclaims.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the counterclaims.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the counterclaims.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the counterclaims.

### As To "LaserPerformance And Quarter Moon Overpaid Royalties To Kirby, BKI and Global Sailing"

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the counterclaims.

59. Global Sailing denies the allegations in paragraph 59 of the counterclaims.

### As To "Kirby BKI And Global Sailing's Efforts To Intimidate ISAF, ILCA, LaserPerformance And Quarter Moon"

60. Global Sailing denies the allegations in paragraph 60 of the counterclaims.
61. Global Sailing denies the allegations in paragraph 61 of the counterclaims.
62. Global Sailing denies the allegations in paragraph 62 of the counterclaims.
63. Global Sailing denies the allegations in paragraph 63 of the counterclaims.
64. Global Sailing denies the allegations in paragraph 64 of the counterclaims.
65. Global Sailing denies the allegations in paragraph 65 of the counterclaims.
66. Global Sailing denies the allegations in paragraph 66 of the counterclaims.

### As To "Kirby, BKI and Global Sailing Have Refused To Resolve The Issues Affecting The Laser Class"

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the counterclaims.

68. Global Sailing denies the allegations in paragraph 68 of the counterclaims.
69. Global Sailing denies the allegations in paragraph 69 of the counterclaims.

70. Global Sailing denies the allegations in paragraph 70 of the counterclaims.

### ANSWERS TO FIRST COUNTERCLAIM

71. Repeat each response to paragraphs 1 – 70 set forth above.

72. Admitted that the IP Agreement purported to transfer certain rights from BKI and Kirby to Global Sailing, otherwise denied.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the counterclaims.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the counterclaims.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the counterclaims.

76. Global Sailing denies the allegations in paragraph 76 of the counterclaims.

### ANSWERS TO SECOND COUNTERCLAIM

77. Repeat each response to paragraphs 1 – 76 set forth above.

78. Global Sailing repeats paragraph 27 above and, except as expressly admitted in that paragraph, Global Sailing denies the allegations in paragraph 78.

79. Global Sailing repeats paragraph 27 above and, except as expressly admitted in that paragraph, Global Sailing denies the allegations in paragraph 79.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the counterclaims.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the counterclaims.

82. Global Sailing denies the allegations in paragraph 82 of the counterclaims.

## ANSWERS TO THIRD COUNTERCLAIM

83. Repeat each response to paragraphs 1 – 82 set forth above.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the counterclaims.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the counterclaims.

86. Global Sailing denies the allegations of paragraph 86.

87. Global Sailing denies the allegations of paragraph 87.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the counterclaims.

89. Global Sailing denies the allegations of paragraph 89.

90. Global Sailing denies the allegations of paragraph 90.

91. Global Sailing denies the allegations of paragraph 91.

92. Global Sailing denies the allegations of paragraph 92.

## ANSWERS TO FOUTH COUNTERCLAIM

93. Repeat each response to paragraphs 1 – 92 set forth above.

94. Global Sailing denies the allegations of paragraph 94.

95. Global Sailing denies the allegations of paragraph 95.

## ANSWERS TO FIFTH COUNTERCLAIM

96. Repeat each response to paragraphs 1 – 95 set forth above.

97. Global Sailing denies the allegations of paragraph 97.

   (a) Denied.

   (b) Denied.

      (c)    Denied.

98. Global Sailing denies the allegations of paragraph 98.

99. Global Sailing denies the allegations of paragraph 99.

100. Global Sailing denies the allegations of paragraph 100.

101. Global Sailing denies the allegations of paragraph 101.

### ANSWERS TO SIXTH COUNTERCLAIM

102. Repeat each response to paragraphs 1 – 101 set forth above.

103. Refer to the July 11, 1983 license agreement between Kirby, BKI and Brook Shaw Motor Services Ltd. (the "1983 Builder Agreement") for its contents, otherwise denied.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the counterclaims

105. Global Sailing denies the allegations in paragraph 105 of the counterclaims.

106. Global Sailing denies the allegations in paragraph 106 of the counterclaims.

### ANSWERS TO SEVENTH COUNTERCLAIM

107. Repeat each response to paragraphs 1 – 106 set forth above.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the counterclaims.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the counterclaims.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the counterclaims.

111. Global Sailing denies the allegations in paragraph 111 of the counterclaims.

### ANSWERS TO EIGHTH COUNTERCLAIM

112. Repeat each response to paragraphs 1 – 111 set forth above.

113. Global Sailing admits to the existence of a November 2005 agreement relating to Kirby and/or BKI, otherwise denied.

114. Global Sailing admits to the existence of a November 2005 agreement relating to Kirby and/or BKI, otherwise denied.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the counterclaims.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the counterclaims.

117. Global Sailing denies the allegations in paragraph 117 of the counterclaims.

118. Global Sailing denies the allegations in paragraph 118 of the counterclaims.

### ANSWERS TO NINTH COUNTERCLAIM

119. Repeat each response to paragraphs 1 – 118 set forth above.

120. Global Sailing denies the allegations in paragraph 120 of the counterclaims.

121. Global Sailing denies the allegations in paragraph 121 of the counterclaims.

### As To "Prayer for Relief"

Global Sailing denies that Counterclaim Plaintiffs are entitled to the relief sought in paragraphs (a) – (k) and request that such relief be denied by the Court.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

122. The counterclaim complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

123. Counterclaim Plaintiffs have no standing to bring this lawsuit.

#### Third Affirmative Defense

124. Counterclaim Plaintiffs' claims are barred by the applicable statutes of limitations and laches.

#### Fourth Affirmative Defense

125. Counterclaim Plaintiffs are barred from relief under the doctrine of unclean hands.

## **Fifth Affirmative Defense**

126.    The Court lacks personal jurisdiction over Global Sailing.


Respectfully Submitted,


Dated:  November 4, 2013				By:/s/John C. Linderman
						John C. Linderman, Esq.
						    (CT Bar No. CT04291)
						J. Kevin Grogan, Esq.
						    (CT Bar No. CT00331)
						Richard J. Twilley, Esq.
						    (CT Bar No. CT26736)
						McCormick, Paulding & Huber, LLP
						185 Asylum Street, Cityplace II
						Hartford, CT 06103
						Tel. (860) 549-5290
						Facsimile: (413) 733-4543

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2013, a copy of the ANSWER TO COUNTERCLAIMS OF DEFENDANTS LASERPERFORMANCE (EUROPE) LIMITED AND QUARTER MOON, INCORPORATED was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                /s/John C. Linderman
                                                John C. Linderman, Esq.