# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY (RNC)<br><br>      Plaintiffs,<br><br>vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>      Defendants. | Civil Action No.<br> 3:13-cv-00297<br><br><br><br><br><br><br>**OPPOSITION TO**<br>**MOTION FOR**<br>**DEFAULT**<br>**JUDGMENT** |
| LASERPERFORMANCE (EUROPE) LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>      Defendants-Counterclaim Plaintiffs,<br><br>vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>      Plaintiffs-Counterclaim Defendants,<br><br>and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>      Additional Counterclaim Defendants. | |

1

**Opposition To Motion For Default Judgment**

Counterclaim Defendant Performance Sailcraft Pty. Ltd., ("PSA"), by and through its undersigned counsel, opposes Counterclaim Plaintiffs LaserPerformance (Europe) Limited/Quarter Moon, Inc.'s Motion for Default Judgment (Doc. 86) filed against PSA.  As discussed below, good cause exists for the denying the Motion as default judgment has not yet been entered, Counterclaim Plaintiffs will not be prejudiced, PSA's delay in responding was not willful, and PSA has a meritorious defense – lack of personal jurisdiction.  PSA has filed its Motion to Dismiss under Rule 12(b)(2) together herewith.

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown."   More specifically, the Second Circuit has set forth three criteria that must be assessed in order to decide whether to relieve a party from the entry of default: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'"  *Altamirano v. Copiague Financial Corp.*, 2007 U.S. Dist. LEXIS 30310 (D. Conn., April 25, 2007) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)*.*

Notably, courts have determined that the aforementioned standard "is more relaxed where, as here, a default judgment has not been entered." *Id.*  Moreover, default judgments are "generally disfavored and reserved for rare occasions."  *See Altamirano* at 2 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d. Cir. 2001)).

Here, PSA's delay in responding to the Motion has not been willful. Courts have defined willfulness in this context as "requiring bad faith" and where a defendant's conduct is "egregious." *See Altamirano* at 4 (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). PSA's delay in responding was largely due to fact gathering for its Motion to Dismiss and logistical difficulties given its location in Australia.

The Counterclaim Plaintiffs will not be prejudiced by setting aside a default. Mere delay standing alone does not establish prejudice. *See id* (citing *Enron Oil Corp.*, 10 F.3d at 98). In order for a party to be prejudiced there must be "loss of evidence, the unavailability of witnesses or roadblocks to discovery" *Id* at 6. There is no such potential injury here, as, among other reasons, fact discovery is ongoing and not set to close until September 22, 2014.

Moreover, as set forth in its Motion to Dismiss, PSA has a meritorious defense -- this Court lacks personal jurisdiction over PSA. In particular, this Court lacks personal jurisdiction as:

- None of the tortious conduct alleged in the Counterclaims occurred in Connecticut as required by Section 33-929 of the Connecticut General Statutes, the long-arm statute that applies to foreign corporations; and

- Even if a Connecticut long-arm statute would permit this Court to exercise jurisdiction over PSA, the exercise of such jurisdiction would not comport with "traditional notions of fair play and substantial justice," because PSA does not have "minimum contacts" with Connecticut, and because submitting PSA to the jurisdiction of Connecticut courts would be unreasonable under the facts of this case.

WHEREFORE, for the foregoing reasons, and for those reasons more

particularly set forth in PSA's Motion to Dismiss under 12(b)(2) and accompanying Memorandum of Law, PSA respectfully requests that Counterclaim Plaintiffs' Motion for Default Judgment (Doc. 86) be denied and that PSA's Motion to Dismiss be granted.

                              COUNTERCLAIM DEFENDANT
                              PERFORMANCE SAILCRAFT PTY. LTD.,

Dated:  January 23, 2014          By:  /s/John C. Linderman
                                            John C. Linderman
                                                (CT Bar No. CT04291)
                                            J. Kevin Grogan
                                                (CT Bar No. CT00331)
                                            Richard J. Twilley
                                                (CT Bar No. CT26736)
                                            McCormick, Paulding & Huber, LLP
                                            185 Asylum Street, Cityplace II
                                            Hartford, CT 06103
                                            Tel. (860) 549-5290
                                            Facsimile: (413) 733-4543

## CERTIFICATE OF SERVICE

I certify that on January 23, 2014, a copy of the foregoing

**Opposition To Motion For Default Judgment**

was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            /s/John C. Linderman
                                            John C. Linderman