UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. AND<br>BRUCE KIRBY<br>　　　　Plaintiffs,<br><br>v.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION,<br>AND FARZAD RASTEGAR<br>　　　　Defendants. | :<br>: Civil No. 3:13-cv-00297 (RNC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: FEBRUARY 6, 2014 |

**DEFENDANTS-COUNTERCLAIM PLAINTIFFS REPLY TO
COUNTERCLAIM DEFENDANT PERFORMANCE SAILCRAFT
PTY. LTD.'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

　　The Defendants-Counterclaim Plaintiffs, LaserPerformance (Europe) Limited ("LaserPerformance") and Quarter Moon, Incorporated ("Quarter Moon"), submit this Memorandum in Reply to the Counterclaim Defendant, Performance Sailcraft Pty. Ltd.'s ("PSA"), "Opposition to Motion for Default Judgment."[1]  For the reasons set forth below, the Counterclaim Plaintiffs' Motion should be granted and the Counterclaim Defendant's Opposition denied and/or disregarded.

---

[1] PSA labels its objection an "Opposition to *a Motion for Default Judgment*." The entry of default and default judgment are two distinct concepts.  The Counterclaim Plaintiffs have not moved for a default judgment.

## STATEMENT OF RELEVANT PROCEDURAL FACTS

On April 30, 2013, plaintiffs Bruce Kirby and Bruce Kirby, Inc. (collectively, "Kirby") filed their First Amended Complaint against defendants LaserPerformance, Quarter Moon, Karaya (Jersey) Limited, Velum Limited, the International Sailing Federation Limited, the International Laser Class Association and Farzad Rastegar.  On June 12, 2013, Laser Performance and Quarter Moon filed their Answer and Counterclaims (the "Counterclaims") against plaintiff Kirby and additional counterclaim defendants PSA and Global Sailing Limited ("GSL").  PSA was required to file an answer or other response to the Counterclaims within 21 days of the date of service, or by October 10, 2013.[2]  PSA failed to do so.  Instead, PSA responded on January 23, 2014 when it filed its Opposition to Motion for Default Judgment and its Motion to Dismiss.

## ARGUMENT

I.      **PSA'S Opposition is Erroneous and/or Premature**

An entry of default does not involve discretion.  Federal Rule of Civil Procedure 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, *the clerk shall enter the party's default*.

(Emphasis added).  The language of Rule 55(a) is clear.  The court clerk is *required* to enter a defendant's default when the fact of default is established by affidavit or otherwise.  See Elektra Entertainment Group, Inc. v. Crawford, 226 F.R.D. 338, 391 (C.D. Cal. 2005).  Counsel for the

---

[2] As outlined in their motion for entry of default, LaserPerformance and Quarter Moon complied with all applicable provisions of the Federal Rules regarding service of PSA. **See Doc. 86.**  More specifically, on June 13, 2013 LaserPerformance and Quarter Moon sent PSA a request for waiver of service of the Counterclaims from PSA in accordance with Fed. R. Civ. P. 4(d).  PSA did not respond.  Thereafter, on August 16, 2013, the Clerk of the Court issued the Summons.  On September 19, 2013, PSA was served with the Complaint, Counterclaims and Summons in accordance with Fed. R. Civ. P. 4(f) and (h).

Counterclaim Plaintiffs' filed a declaration with their Motion for Entry of Default that definitively established that PSA was in fact in default.  **See** Doc. 86-1.  A "default" is merely a recognition by the clerk that a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Cox v. District of Columbia, 1990 U.S. Dist. LEXIS 16731, 1 (D.D.C.).  "This technical document cannot be opposed." Id.

PSA's "Opposition to Motion for Default Judgment" based on Rule 55(c) is premature.  The Counterclaim Plaintiff's did not file a Motion for Default Judgment.  PSA has erroneously submitted opposition to a motion (for an entry of default) that cannot be submitted.  Accordingly, the Counterclaim Plaintiffs' Motion for Entry of Default should be granted.

**II.     Assuming an Entry of Default is Entered it Should Not be Set Aside**

Even if PSA's Motion is considered proper, the entry of default should still enter and not subsequently be set aside.  PSA is unable to show "good cause" as to why an entry of default should not enter or if it is to enter, why it should be set aside.[3]

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause shown.  The Second Circuit has set forth three criteria that must be assessed in order to decide whether to relieve a party from the entry of default:  "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Altamirano v. Copiague Funding Corp., 2007 U.S. Dist. LEXIS 30310, 1-2 (D. Conn. Apr. 25, 2007).

PSA's failure to respond to the Counterclaim Plaintiffs' Complaint was intentional in that it timely received the Counterclaim and simply ignored it.  That conduct does not constitute good

---

[3] The Counterclaim Plaintiffs still maintain that PSA cannot "object" to the entry of default as the entry is by way of a technical mechanism of the Court.  The purpose of this section of the brief, however, is to demonstrate that assuming that the default entered, PSA is unable to demonstrate the necessary "good cause" for setting aside an entry of default.

faith. Furthermore, its Motion to Dismiss was untimely and thus its defense of lack of personal jurisdiction should not be considered in evaluating whether there is a meritorious defense for purposes of preventing the default from entering. Counsel will brief this issue further in its response to the pending Motion to Dismiss. Accordingly, entry of default should enter against PSA.

### A. PSA's Failure to Follow a Rule of Procedure Was not Done in Good Faith

The Second Circuit has interpreted "willfulness," in the context of a default, to refer to conduct that is "more than merely negligent or careless." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Here, PSA has not suggested that it made a mistake. It simply ignored the Counterclaim. Furthermore, in considering whether a default should be set aside a Court should consider "whether the failure to follow a rule of procedure was a mistake made in good faith." See Altamirano v. Copiague Funding Corp., 2007 U.S. Dist. LEXIS 30310 (D. Conn. Apr. 25, 2007).

PSA contends that its delay in responding to the Counterclaim Plaintiffs "was largely due to fact gathering for its Motion to Dismiss and logistical difficulties given its location in Australia." **See Opposition to Motion for Default Judgment, p. 3.** That does not address the fact that PSA was originally notified of this action on June 13, 2013, over seven months ago, when LaserPerformance and Quarter Moon sent PSA a request for waiver of service under Fed. R. Civ. P. 4(d). PSA failed to respond and so LaserPerformance and Quarter Moon served a Summons and Complaint upon PSA on September 19, 2013, over four months ago. PSA had more than ample time for "fact gathering" even in spite of the alleged "logistical difficulties." More importantly though, if PSA did, in fact, need more time to respond to the Counterclaims then it should have requested more time through the Court. PSA instead ignored the request for

waiver of service, Complaint and Summons and operated under its own timeline.  Such behavior is not appropriate and demonstrates a lack of good faith.  The Motion to Dismiss is also relatively brief and the factual support for the motion was readily available.  In other words, PSA's representation to the Court is not even accurate.  Certainly, that is not evidence of good faith.

B.  **PSA's Motion to Dismiss is Untimely and Therefore Personal Jurisdiction Should not be Considered as a Potentially Meritorious Defense in Support of Opposing the Entry of Default**

On September 19, 2013, PSA was served with the Complaint, Counterclaims and Summons in accordance with Fed. R. Civ. P. 4(f) and (h).  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), PSA was required to file an answer or other response within 21 days, or by October 10, 2013.  PSA filed its Motion to Dismiss on January 23, 2014; over three months later.  PSA's Motion was untimely and therefore should not be considered.

Personal jurisdiction can be and has been waived.  "Unlike subject matter jurisdiction, personal jurisdiction is for a defendant's protection. Therefore, it can be waived expressly by consenting to jurisdiction or impliedly by failing to timely object.  FRCP 12(h)(1)."  Sealacota Trust v. Harrison, 1999 U.S. Dist. LEXIS 4304 (D. Or. Jan. 15, 1999) (Parties motion to dismiss was untimely and therefore could be deemed a waiver of any lack of personal jurisdiction).  PSA had its opportunity to raise personal jurisdiction.  It missed that opportunity.  See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. N.Y. 1999) ("personal jurisdiction defense may be lost by failure to assert it seasonably"); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) ("[A personal jurisdiction] defense may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct").  Accordingly, since personal jurisdiction was the

5

only "meritorious defense" raised in its Opposition, PSA has failed to show the requisite "good cause" in order to prevent the entry of default.

## CONCLUSION

For the reasons set forth above, Counterclaim Plaintiffs, LaserPerformance and Quarter Moon request that a default be entered against Counterclaim Defendant Performance Sailcraft Pty. Ltd., pursuant to Fed. R. Civ. P. 55(a).

        COUNTERCLAIM PLAINTIFFS,
        LASERPERFORMANCE (EUROPE) LIMITED,
        QUARTER MOON, INCORPORATED,


           /s/ Simon I. Allentuch
        Simon I. Allentuch, Esq. (ct21094)
        NEUBERT, PEPE & MONTEITH, P.C.
        195 Church Street, 13th Floor
        New Haven, CT  06510
        Tel: (203) 821-2000
        Fax: (203) 821-2009
        Sallentuch@npmlaw.com

## CERTIFICATION

I hereby certify that on February 6, 2014, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

      /s/Simon I. Allentuch
Simon I. Allentuch
NEUBERT, PEPE & MONTEITH, P.C.