UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>　　　　　Defendants.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>　　　　　Defendants-Counterclaim Plaintiffs,<br><br>　vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>　　　　　Plaintiffs-Counterclaim Defendants,<br><br>　and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>　　　　　Additional Counterclaim Defendants. | Civil No. 3:13-cv-00297 (JAM)<br><br><br><br><br><br><br><br><br><br>**PERFORMANCE SAILCRAFT**<br>**PTY. LTD.'S REPLY TO**<br>**COUNTERCLAIM-**<br>**PLAINTIFFS' OBJECTION**<br>**TO MOTION TO STRIKE**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>May 27, 2014 |

1

<u>PERFORMANCE SAILCRAFT PTY. LTD.'S REPLY TO COUNTERCLAIM
PLAINTIFFS' OBJECTION TO ITS MOTION TO STRIKE</u>

I. **INTRODUCTION AND PROCEDURAL BACKGROUND**

On April 17, 2014, Counterclaim Defendant Performance Sailcraft Pty. Ltd., ("PSA") filed a Motion to Strike (Doc. No. 133) paragraph 4 of the Hardy Declaration (Doc. No. 127, "Hardy Decl.") and paragraphs 2, 3, 4, 5, 9, 14, and 16 of the Crane Declaration (Doc. No. 128, "Crane Decl.") that were propounded by Defendants and Counterclaim Plaintiffs LaserPerformance Europe, Ltd. and Quarter Moon Incorporated ("Counterclaim Plaintiffs"). On May 8, 2014, Counterclaim Plaintiffs filed their Objection to the Motion (Doc. No. 134, "Obj."), along with Mr. Crane's Supplemental Declaration ("Crane Supp."). In their Objection, Counterclaim Plaintiffs raised, *inter alia*, Fed. R. Evid. 701 as a rationale for admitting those portions of the Declarations that PSA sought to strike.

PSA incorporates and re-alleges the facts and arguments in its Motion to Strike and accompanying Memorandum as if they were set forth herein, and further incorporates and re-alleges the facts and arguments stated in its Reply (Doc. No. 132 and Exhibits) to Counterclaim Plaintiffs Opposition to its Motion to Dismiss. With respect to Counterclaim Plaintiffs' Objection, PSA submits that Counterclaim Plaintiffs now have confirmed a complete absence of relevance, personal knowledge, or rational basis for the speculations and unfounded conclusions that Counterclaim Plaintiffs seek

2

to promote as facts. Notwithstanding Counterclaim Plaintiffs' Objection, this Court should strike those portions of the Declarations cited in PSA's Motion.

## II. APPLICABLE RULES

Fed. R. Evid. 602 prohibits admission of testimony that lacks foundation in the declarant's personal knowledge. *See e.g., Major League Baseball Props, Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d.Cir. 2008). In view of this prohibition, the Counterclaim Plaintiffs have attempted to exempt the challenged portions of the Declarations from Rule 602 by characterizing them as lay opinions, hence, admissible under Fed. R. Evid. 701.

Consistent with Rule 602, however, Rule 701 also requires that a lay opinion must have at least a rational basis in the layperson's personal knowledge. *See Bank of China, New York Branch v. NBM LLC*, 359 F. 3d 171, 181 (2d Cir. 2004) (holding that the District Court abused its discretion in admitting testimony based on Declarant Huang's "experience and specialized knowledge in international banking" instead of his personal knowledge and investigation); *Saye v. Old Hill Partners, Inc.*, 478 F. Supp. 2d 248, 272 (D. Conn. 2007) (adopting *Bank of China* rule that lay opinion is inadmissible if it is "rooted exclusively in [witness] expertise in [a given industry].")

## III. ARGUMENT

### A. Counterclaim Plaintiffs Have Not Established Proper Foundation for Any Potentially Relevant Portions of the Submitted Declarations.

Counterclaim Plaintiffs claim that "PSA conveniently ignores the portions of the declarations that lays [sic] the foundation for this testimony." (Obj. at 2). This is

3

inaccurate. PSA has, in fact, diligently inspected and considered the entirety of the submitted Declarations. As a result of this review, PSA respectfully submits that the few fragments of actual knowledge scattered throughout the Declarations do not and cannot support the speculative bridges that Counterclaim Plaintiffs seek to build in their attempt to demonstrate that this Court has personal jurisdiction over PSA.

### i. The Hardy Declaration.

PSA seeks to strike paragraph 4 of the Hardy Declaration, which on its face states a legal conclusion, or "lay opinion" as Counterclaim Plaintiffs would have it, regarding an alleged legal relationship between PSA and a man called "Kevlar," without any foundation in Mr. Hardy's own personal knowledge. More specifically, in the Hardy Declaration, the only item relevant to the issue of personal jurisdiction is Hardy's unfounded conclusion "that Kevlar was an intermediary" for PSA acting on its behalf to sell blade sets in Connecticut. (Obj. at 3). There is no personal knowledge set forth in the Hardy Declaration to support this conclusion.

In addition to not providing evidence of personal knowledge, Counterclaim Plaintiffs also posit that Mr. Hardy's statements regarding PSA's sales are based on his "observations from his experience in the industry." (Obj. at 4). Under the standard set forth in *Bank of China*, this is also an insufficient basis to establish proper foundation.[1] *See also Lewis v. Town of Waterford*, No. 3:04-cv-1194, 2006 U.S. Dist. LEXIS 53472 at \*60

---

[1] Similar to Mr. Huang's "experience and specialized knowledge," in *Bank of China*.

4

(D. Conn. 2006) (holding that a court may strike portions of an affidavit that are not based on the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements").

Furthermore, the portions of the Declaration that Counterclaim Plaintiffs identify as containing facts to which Mr. Hardy has "clearly" affirmed his personal knowledge do not support his conclusion regarding PSA and "Kevlar." The Counterclaim Plaintiffs identify the following facts:

- Mr. Hardy is the owner of a boat dealership in Connecticut ("The Boat Locker");
- Mr. Hardy knows general facts about boat coatings like their names;
- Mr. Hardy purchased some "Australian Blade Sets" from a man called "Kevlar"; and
- Mr. Hardy recently learned (from Mr. Crane) some (erroneous) estimates regarding PSA's sales of blade sets and of Laser sailboats.

As will be appreciated, none of the above "personal knowledge," to the extent it is not inadmissible hearsay, provides a rational basis for Mr. Hardy to express an admissible opinion regarding the existence of a relationship between PSA and "Kevlar" or any other entity.

In particular, Mr. Hardy personally knows nothing regarding PSA's sales of any of its products, and admits he has no personal knowledge for whom "Kevlar" worked, <u>nor even who Kevlar was</u>. Accordingly, under *Bank of China* and *Old Hill Partners*, paragraph 4 of Mr. Hardy's declaration is neither admissible nor appropriate. Instead, it is exactly the sort of "opinion" that the Second Circuit has deemed inadmissible

under Fed. R. Evid. 701. Therefore, this Court should strike paragraph 4 of Hardy's Declaration.

### ii. The Crane Declaration.

With respect to the Crane Declaration, PSA seeks to strike the portions of the Declaration that propound conclusory statements of opinion that are not rationally based in personal knowledge, i.e., paragraphs 2, 3, 4, 5, 9, 14 and 16.

Regarding ¶¶ 2 and 5 of the Crane Declaration, Counterclaim Plaintiffs assert "Mr. Crane has personal knowledge of [the] number of Lasers sold by PSA." (Obj. at 5). By contrast, Crane merely stated, "I have personal knowledge of the number of Lasers manufactured throughout the world each year in connection with my position on ILCA's World Council." (Crane Supp. ¶ 3). Counterclaim Plaintiffs expand this statement to allege that Mr. Crane "knows how many boats ... are manufactured and have ISAF Plaques applied by PSA." (Obj. at 5).

There is no evidence of record, however, that links the Counterclaim Plaintiffs' unsubstantiated allegation that Mr. Crane personally knows how many ISAF plaques were applied by PSA, to Mr. Crane's estimate of how many boats PSA specifically manufactures, and, from that, to Mr. Crane's further estimate of how many blade sets PSA manufactures. This is particularly problematic as Mr. Crane's extrapolated blade set estimate predicates all of his attempts to blame PSA for Mr. Hardy's acquisition of thirty "Australian Blade Sets" from "Kevlar." Even in his "Supplemental" Declaration,

Mr. Crane fails to meet the Rule 701 requirement that he should adduce some rational basis to link his accusations and estimates ("opinions") back to his personal perceptions.

Counterclaim Plaintiffs attempt to patch Mr. Crane's leaky testimony by contending that the "conclusions" Crane drew from his estimate of PSA's blade set sales "provides [sic] a basis why Mr. Crane concluded" that PSA "knew and approved of Kevlar's actions." (Obj. at 5). This conclusion does not follow, however. Indeed, in attempting to link these conclusions, the Counterclaim Plaintiffs have built at least three bridges too far. To wit, they have jumped from: 1) from a lack of personal knowledge to a guess at PSA's proprietary sales data; and 2) from that wild guess to a conclusion that thirty blade sets *might* be "a substantial portion (perhaps even 100% of typical sales)" for PSA; and 3) from that unsupported conclusion to Mr. Crane's assumption that PSA "knew and *tacitly* approved"[2] of actions taken by a third party, "Kevlar." (Crane Decl. ¶ 5).

At best, Mr. Crane proffers guesses and innuendoes based on professed expertise. Again, such "evidence" is the sort of "expert" opinion that the Second Circuit forbade masquerading as lay opinion or probative fact. *See Bank of China* at 181.

Similarly, in support of Crane's contentions in Crane Decl. ¶¶ 3 and 4 (regarding allegations that PSA solicited or made unauthorized sales of Lasers and Laser parts); ¶ 9

---

[2] "Tacitly" perhaps concedes a *fourth* leap of speculation. Note, also, that from the Declaration to the Objection, Counterclaim Plaintiffs have removed Mr. Crane's original use of "tacitly" so as to make the statement more emphatic than what the witness declared.

("[t]he Kirby Torch is simply a front for Performance Sailcraft"); ¶ 14 (" [a]ll of the Kirby Torch boats shown on the Kirby Torch website were *undoubtedly* built by Performance Sailcraft"); and ¶ 16 ("I have *concluded* that the entire operation for the Kirby Torch, including manufacturing, *must be* run by Performance Sailcraft and that any email orders go to Performance Sailcraft. I *believe* Kirby Torch, LLC is simply a front for Performance Sailcraft. I can only *assume* ... Kirby Torch, LLC *appears* to be simply a conduit for Performance Sailcraft."), Counterclaim Plaintiffs fail to elucidate any rational basis in Mr. Crane's personal knowledge for his assumptions, speculations, conclusions, or opinions regarding Performance Sailcraft or the Kirby Torch. (Obj. at 4-7).

At best, Counterclaim Plaintiffs rely on Mr. Crane's experience (e.g., Crane Supp. ¶ 2; Crane Decl. ¶ 13: "I have also worked in this industry *for years* ...") and admitted *lack of knowledge* as foundation for his incorrect opinions (e.g., Crane Decl. ¶ 13: "... and am *unaware* of either of these supposed boat builders."; Crane Decl. ¶ 13: " I *suspect* that is because neither one exists."; Crane Decl. ¶ 16: "I can only *assume* that ... Kirby Torch, LLC *appears to be* simply a conduit for Performance Sailcraft.")

Counterclaim Plaintiff's reliance on experience and specialized knowledge, not to mentioned lack of knowledge, as the primary foundation for a layperson's opinion or conclusory statement, runs strongly against the Second Circuit's firm ruling in *Bank of*

8

*China*.  As such, this Court should strike paragraphs 2, 3, 4, 5, 9, 14, and 16 of Mr. Crane's Declaration.

Dated: May 27, 2014         By:<u>/s /J. Kevin Grogan          </u>
                                                        J. Kevin Grogan, Esq.
                                                            (CT Bar No. CT00331)
                                                       Kevin H. Vanderleeden
                                                            *(pro hac vice)*
                                                       John C. Linderman, Esq.
                                                            (CT Bar No. CT04291)
                                                       McCormick, Paulding & Huber, LLP
                                                       185 Asylum Street, CityPlace II
                                                       Hartford, CT 06103
                                                       Tel. (860) 549-5290
                                                       Facsimile: (413) 733-4543

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2014, a copy of the NAME OF PERFORMANCE SAILCRAFT PTY. LTD.'S REPLY TO COUNTERCLAIM PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        /s/J. Kevin Grogan
                                        J. Kevin Grogan, Esq.