UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., BRUCE KIRBY,<br>    Plaintiffs,<br><br>    v.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, QUARTER MOON, INCORPORATED, INTERNATIONAL LASER CLASS ASSOCIATION,<br>    Defendants. | |
| LASERPERFORMANCE (EUROPE) LIMITED, QUARTER MOON, INCORPORATED,<br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>BRUCE KIRBY, INC., BRUCE KIRBY, PERFORMANCE SAILCRAFT PTY. LTD., GLOBAL SAILING LIMITED,<br>    Counterclaim Defendants. | No. 3:13-cv-00297 (JAM) |

**CONFERENCE MEMORANDUM AND ORDER**

On September 3, 2014, I held a conference in my chambers with Andy I. Corea and Walter B. Welsh, attorneys for plaintiffs/counterclaim defendants Bruce Kirby, Inc. and Bruce Kirby, and Simon I. Allentuch, attorney for defendants/counterclaim plaintiffs LaserPerformance (Europe) Limited and Quarter Moon, Incorporated.[1] The purpose of the conference was to

---

[1] For the sake of simplicity, I hereafter refer to plaintiffs/counterclaim defendants as "plaintiffs" and to defendants/counterclaim plaintiffs as "defendants." I note that counsel for the other remaining parties in the case – International Laser Class Association, Performance Sailcraft Pty. Ltd., and Global Sailing Limited – did not attend this conference.

1

address certain disputes that have arisen between the parties during the course of ongoing discovery. After reviewing the parties' letter briefs (Docs. # 159, 161) and considering the arguments made by counsel during the conference, I hereby ORDER as follows:

1. Defendants shall produce the following information (either by producing redacted invoices or generating a report) for each Laser sailboat sold since March 2009: (1) the plaque number of the boat; (2) the sale price: and (3) either the identity of the buyer (in the case of buyers who are dealers), or the city, state/province, and country of the location of the buyer (in the case of individual buyers).

2. As to plaintiffs' request for the disclosure of information regarding defendants' profit for each boat sold, I order that defendants produce documentation – to the extent such information is available – regarding the materials and manufacturing costs per boat since March 2009. Other information that is relevant to determining defendants' profits, such as the overhead costs allocable to the production of each Laser sailboat, may be subject to deposition or expert testimony.

3. Plaintiffs seek an order compelling defendants to respond to Request No. 9, which seeks all documents relating to the transfer of rights in the term "LASER." Because I do not see how documents regarding any rights to that term are relevant to plaintiffs' claims, I sustain defendants' objection to the request.

4. Plaintiffs seek an order compelling defendants to respond to Request No. 12, which seeks "[a]ll documents that relate to any study, projection or other evaluation or analysis of past, current or future sales revenues or markets for the sale of the Kirby Sailboat." Defendants have already agreed to produce all past projections. Understanding then that the only dispute concerns the production of projections of future sales and revenue, I

sustain defendants' objection on the basis that the request is not reasonably calculated to lead to admissible evidence concerning damages or any other relevant issue.

5. Defendants shall complete document production within **28 days** (i.e., by **October 1, 2014**) of the conference. Defendants shall produce a privilege log no later than **7 days** after the completion of that period (i.e., by **October 8, 2014**).

6. In view of defendants' concerns regarding the role of Attorney Wesley W. Whitmyer, Jr., in this case, plaintiffs have agreed that Attorney Whitmyer will not view documents designated as "attorneys' eyes only" in advance of my ruling on a motion regarding this issue that defendants plan to file after the document production deadline. I note that, in order to prevail on a motion that would restrict Attorney Whitmyer's role in this case, defendants will need to make a much stronger showing that such an order is warranted based on the facts and applicable law.

It is so ordered.

Dated at Bridgeport this 4th day of September 2014.

                                                /s/ Jeffrey Alker Meyer
                                                        Jeffrey Alker Meyer
                                                        United States District Judge