UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. AND BRUCE KIRBY, | Civil No. 3:13-cv-00297 (JAM) |
| Plaintiffs, | |
| v. | |
| LASERPERFORMANCE (EUROPE) LIMITED, QUARTER MOON, INCORPORATED, KARAYA (JERSEY) LIMITED, VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA), INTERNATIONAL SAILING FEDERATION LIMITED, INTERNATIONAL LASER CLASS ASSOCIATION, AND FARZAD RASTEGAR, | December 17, 2014 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO FILE AN AMENDED ANSWER, IN PART, ON CONSENT**

Defendants Laserperformance (Europe) Limited ("LaserPerformance") and Quarter Moon, Inc. ("QMI") (collectively, the "Defendants"), respectfully submit this Memorandum of Law in Support of their Motion for Leave to File an Amended Answer to Plaintiffs' First Amended Complaint dated April 30, 2013 (the "Complaint").

**ARGUMENT**

Defendants seek to make two amendments to their answer. First, Defendants seek to add an affirmative defense. Plaintiffs have consented to this amendment on multiple occasions. Second, Defendants seek to change a response to an allegation regarding the nature of QMI's business because it is now clear that that the admission is incorrect. The undersigned was not counsel when the existing answer was filed and a letter sent to plaintiffs' counsel before the litigation reveals that on this point, the response to an allegation in the Answer is incorrect. Although Plaintiffs have not consented to the second proposed change, under the circumstances

an amendment is appropriate as it will not unduly prejudice Plaintiffs and is not motivated by bad faith or a dilatory purpose.

Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended, at any time, with leave of the court. It also explains that "[t]he court should freely give leave when justice so requires." The rationale behind this lenient amendment rule has been made clear by the United States Supreme Court and endorsed by the Second Circuit:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178 (1962) (internal citations omitted); see also United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Foman and remanding with instructions to grant leave to amend answer).

In their Complaint, Plaintiffs alleged the following:

> Defendant Quarter Moon, Incorporated, on information and belief, is a Rhode Island Corporation having a place of business at 200 Highpoint Avenue, Portsmouth, Rhode Island 02781. On information and belief, Quarter Moon has regularly conducted business in Connecticut by selling boats and parts throughout the state, and paying royalties to Kirby.

See Complaint, ¶ 7. In their first amended answer, Defendants admitted this allegation. It has come to counsel's attention, however, that the response to part of that particular allegation was a pleading error or oversight by prior counsel. In the twelve other paragraphs in the operative complaint where plaintiffs make similar or related allegations, QMI properly denied the allegations.

In August, 2014, while reviewing and producing documents in an attempt to respond to Plaintiffs' discovery requests, counsel reviewed a 2010 letter from attorney Alice Gould to Plaintiffs' current counsel explaining the nature of QMI's business.  More specifically, the letter explained that QMI is merely a holding company.  In fact, a subsidiary of QMI does the final boat assembly and then sells the boats at issue.  Defense counsel immediately notified Plaintiffs' counsel of this error and had multiple discussions with plaintiffs' counsel about the issue.  However, plaintiffs' counsel refused to consent to the change to the answer despite the fact that they were the addressee and recipient of attorney Gould's 2010 letter.  Thus, Plaintiffs' counsel has long been aware of this minor pleading error, yet refuses to permit Defendants to make the appropriate amendment.

Furthermore, defense counsel is duty bound by Fed. R. Civ. P. 11 to attempt to fix this pleading error.  See In re Austl. & N.Z. Banking Group Ltd. Secs. Litig., 712 F. Supp. 2d 255, 263-264, 2010 U.S. Dist. LEXIS 45890, 17, Fed. Sec. L. Rep. (CCH) P95,741 (S.D.N.Y. 2010)("An erroneous statement of fact within a pleading 'can give rise to the imposition of sanctions only when the 'particular allegation is utterly lacking in support.'' Kiobel, 592 F.3d at 81  (quoting Storey, 347 F.3d at 388).").  Rule 11 specifically contemplates a situation where an attorney is notified of a  fact that he has pled that is  false or incorrect.  Under the Rule, the attorney can enter Rule 11's safe harbor and correct that fact or refuse and risk sanctions.  See Fed. R. Civ. P. 11(c)(1).

QMI is merely a holding a company.  QMI does not manufacture or sell boats.  One of the thirteen paragraphs which describes QMI's operations contains a false or incorrect response.  One of the thirteen paragraphs in the operative Complaint that makes an allegation that QMI manufacturers or sells boats contains a mistaken admission.  Defendants' request to amend its

counterclaims is not motivated by bad-faith or a dilatory purpose. Rather, as set forth above, the proposed amendment is simply an effort to account for a typographical or pleading error made by prior counsel that has only recently come to the attention of current counsel.

Finally, Plaintiffs cannot claim any prejudice by the reason of filing of an amended answer. The original pleading still exists and paragraph 7 still has whatever evidentiary weight is legally appropriate give then twelve denials in other paragraphs. In addition, plaintiffs received Ms. Gould's letter in 2010 and they were formally alerted to Defendants' minor pleading error in August, 2014. Plaintiffs were alerted months before they took any depositions and before Defendants' document production was completed. Discovery is still not closed. Therefore, to the extent that the amendment might even theoretically require discovery by Plaintiffs, they will have had and sill have the opportunity to do so.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion for leave to file an amended Answer to Plaintiffs' Complaint should be granted. In the alternative Defendants should be allowed to add the proposed affirmative defense as all parties have consented.

DEFENDANTS,
LASERPERFORMANCE (EUROPE) LIMITED,
QUARTER MOON, INCORPORATED,

/s/ Simon I. Allentuch
Simon I. Allentuch, Esq. (ct21094)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510
Tel: (203) 821-2000
Fax:  (203)821-2009
Sallentuch@npmlaw.com

## **CERTIFICATION**

I hereby certify that on this 17th day of December, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/Simon I. Allentuch
Simon I. Allentuch