# EXHIBIT A

# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF CONNECTICUT


- - - - - - - - - - - - - - - - - x
                                   :
BRUCE KIRBY, INC., ET AL,          :   No. 3:13CV297(RNC)
                                   :
               Plaintiffs,         :
                                   :
       vs                          :
                                   :
LASERPERFORMANCE (EUROPE)          :
  LIMITED, ET AL,                  :
                                   :   HARTFORD, CONNECTICUT
               Defendants.         :   FEBRUARY 27, 2014
                                   :
- - - - - - - - - - - - - - - - - x




                         TELEPHONE CONFERENCE




       BEFORE:

              HON. ROBERT N. CHATIGNY, U.S.D.J.







                                   Darlene A. Warner, RDR-CRR
                                   Official Court Reporter
```

```
APPEARANCES:

    FOR THE PLAINTIFFS:

        ST. ONGE, STEWARD, JOHNSTON & REENS
            986 Bedford Street
            Stamford, Connecticut 06905
        BY: ANDY I. COREA, ESQ.
            BRIAN L. REPPER, ESQ.

    FOR KARAYA (JERSEY) LIMITED, LASERPERFORMANCE
        (EUROPE) LIMITED, QUARTER MOON, INC., VELUM
        LIMITED, ITM SA (ANTIGUA and BARBUDA) and FARZAD
        RASTEGAR:

        NEUBERT, PEPE & MONTEITH, P.C.
            195 Church Street, 13th Floor
            New Haven, Connecticut 06510-2026
        BY: SIMON I. ALLENTUCH, ESQ.

    FOR INTERNATIONAL SAILING FEDERATION LIMITED:

        CARTER, LEDYARD & MILBURN
            2 Wall Street
            New York, New York 10005
        BY: JEFFREY S. BOXER, ESQ.

    FOR INTERNATIONAL LASER CLASS ASSOCIATION:

        ZIZIK, POWERS, O'CONNELL, SPAULDING &
        LAMONTAGNE, P.C.
            690 Canton Street, Suite 306
            Westwood, Massachusetts 02090
        BY: KEVIN C. CAIN, ESQ.

    FOR GLOBAL SAILING LIMITED and PERFORMANCE SAILCRAFT
    PTY. LTD.:

        MCCORMICK, PAULDING & HUBER
            1350 Main Street, Floor 5
            Springfield, Massachusetts 01103
        BY: KEVIN VANDERLEEDEN, ESQ.
```

Case 3:13-cv-00297-JAM Document 174-2 Filed 12/30/14 Page 4 of 17
Case 3:13-cv-00297-JAM Document 121 Filed 03/21/14 Page 3 of 16

Page 3

```
 1                      10:00 A.M.
 2
 3          THE COURT:  Good morning.
 4          MR. COREA:  Good morning, Your Honor.
 5          THE COURT:  Let me begin by asking you to please
 6   identify yourselves for the record.
 7          MR. COREA:  This is Andy Corea, C-O-R-E-A, for
 8   Bruce Kirby and Bruce Kirby, Incorporated.  With me on the
 9   call, but not speaking, will be Brian Repper and Walter
10   Welsh.
11          THE COURT:  Thank you.
12          MR. ALLENTUCH:  Good morning, Your Honor, Simon
13   Allentuch, Neubert, Pepe and Monteith for all the
14   defendants except for the International Sailing Federation
15   and International Laser Class.  We also represent the
16   counterclaim plaintiffs.
17          THE COURT:  Okay, thank you.
18          MR. BOXER:  Good morning, it's Jeffrey Boxer
19   from Carter, Ledyard & Milburn for the International
20   Sailing Federation.
21          MR. VANDERLEEDEN:  Good morning, Your Honor,
22   this is Kevin Vanderleeden from McCormick, Paulding &
23   Huber for Global Sailing Limited and Performance
24   Sailcraft.
25          THE COURT:  Thank you.  Is that everybody?
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 5 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 4 of 16

Page 4

```
 1            MR. CAIN:  Kevin Cain here for the International
 2   Laser Class Association.
 3            THE COURT:  Okay.  Is that everybody?
 4            MR. COREA:  That is, Your Honor.
 5            THE COURT:  All right, thank you.  I appreciate
 6   your being available this morning for this conference
 7   call.
 8            The purpose of the call is to follow up on the
 9   pending motions, and beyond that to talk generally about
10   where we are and how we should proceed from here.
11            Let me begin then by addressing the motions.
12   What I propose to do is give you a ruling with a brief
13   explanation.
14            Starting with -- can you hear me all right?
15            MR. COREA:  Yes.  This is Andy.  Yes, I can,
16   Your Honor.
17            MR. ALLENTUCH:  Yes, Your Honor.
18            THE COURT:  Is there anyone who's having
19   difficulty hearing?
20            All right, fine.  If you should have difficulty,
21   just let us know.
22            Also when you speak during the conference, I
23   would ask you to please state your name so our reporter
24   can make an accurate record.
25            Starting with the motion to dismiss filed by
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 6 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 5 of 16

Page 5

1    Karaya and Velum, the laser trademark licensors, document
2    number 38 on the docket, I conclude that the motion should
3    be granted substantially for the reasons stated by these
4    defendants with regard to Connecticut's long-arm statute.
5         The plaintiff has the burden of establishing
6    personal jurisdiction over these foreign corporations
7    under one or more prongs of the long-arm statute,
8    Section 33-929(f).
9         Looking at each of the subsections, I agree with
10   the defendants that none is satisfied.
11        With regard to subsection (f)(1), the record
12   does not support a finding that the defendants entered
13   into contracts made or to be performed in Connecticut.
14   There is no allegation that the plaintiffs had a contract
15   with these defendants.  There is no allegation of a
16   contract made by them or to be performed by them in this
17   state.  I don't think that the defendants' license
18   agreements with the builders, Quarter Moon and
19   LaserPerformance, subjects them to personal jurisdiction
20   in Connecticut, although I understand that they have
21   reason to believe that some of the boats might well be
22   sold or used here.
23        With regard to the next subpart, subpart (2), I
24   don't see the plaintiffs making an argument that this
25   subpart is satisfied.  There is no allegation that the

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 7 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 6 of 16

Page 6

1   defendants solicited business here nor any allegation that
2   the claims against the defendants arise out of that
3   solicitation, so that subpart does not apply.
4          With regard to the next one, the plaintiffs do
5   urge that this subpart is satisfied.  As I understand the
6   argument, the plaintiffs urge that licensing the laser
7   trademark for use on sailboats produced, manufactured and
8   distributed by others, here the builder defendants,
9   provides a sufficient basis to establish jurisdiction over
10  them under this prong because some of the boats are sold
11  or used in Connecticut.
12         Significantly, in my opinion, no case law is
13  cited in support of this argument, nor have we been able
14  to find any.  In the absence of case law supporting the
15  argument, I am not persuaded that it's an argument that
16  should be adopted on the record here.
17         Finally, with regard to subpart (4), again the
18  plaintiffs rely on this subpart urging that these
19  defendants tortiously interfered with the plaintiffs'
20  agreements with the builders in Connecticut by permitting
21  the builders to use the laser mark on boats allegedly in
22  breach of the builders' agreements with the plaintiffs.
23         I don't think that the defendants' conduct in
24  permitting the builders to use the mark constitutes
25  tortious interferes with the agreements in Connecticut

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 8 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 7 of 16

Page 7

```
 1    providing a basis for personal jurisdiction under subpart
 2    (4).  Accordingly, the plaintiffs have not sustained their
 3    burden of demonstrating the existence of personal
 4    jurisdiction over these defendants under the long-arm
 5    statute, in my opinion.  Because the long-arm statute is
 6    not satisfied, it's unnecessary to address the defendants'
 7    other arguments in support of the motion to dismiss.
 8            Let me turn from there to the next motion on the
 9    docket, number 39.  This is the motion filed by
10    Mr. Rastegar.  This motion is also granted.
11            I agree with the defendant that the allegations
12    against him are insufficient to state a claim on which
13    relief can be granted under the Twombly/Iqbal pleading
14    standard.  The defendant urges that the allegations are
15    conclusory in nature and do not include well-pleaded
16    allegations of fact that would support a cause of action.
17    I think that's right.
18            As I look at the allegations, I think that they
19    are insufficient to support a plausible claim of personal
20    involvement in tortious conduct.  I also think that
21    they're insufficient to establish a basis for piercing the
22    corporate veil.
23            The plaintiffs urge that they should be given an
24    opportunity to engage in discovery in support of the
25    claims against Mr. Rastegar, and I think that in fairness
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 9 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 8 of 16
Page 8

1    they should not be precluded from asserting claims against
2    him if discovery discloses a sufficient factual basis for
3    claims based on his personal involvement in tortious
4    conduct or under a veil piercing theory.  So the motion is
5    granted but the claims against Mr. Rastegar are dismissed
6    without prejudice.
7         With regard to the next motion on the list,
8    number 63, the motion to dismiss filed by the
9    International Sailing Federation, this motion will also be
10   granted on the ground that personal jurisdiction under the
11   long-arm statute has not been shown.
12        First, I find that the long-arm statute
13   applicable to foreign corporations 33-929(f) is
14   appropriately applied to this defendant rather than
15   section 52-59(b) as suggested by the plaintiffs.  ISAF is
16   a corporation formed under the Isle of Man Companies Act
17   and I don't think it would be appropriate for the Court to
18   overlook its corporate structure.
19        Looking at the record with regard to this
20   defendant, I don't see any of the subsections of the
21   long-arm statute satisfied.  The plaintiffs do not argue
22   that the Court has jurisdiction under subparts (1) or (2),
23   and I agree that neither applies.  The plaintiffs urge
24   that subpart (3) applies arguing that issuance of plaques
25   for Kirby sailboats sold in Connecticut satisfies prong

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 10 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 9 of 16
Page 9

1   three because the ISAF plaque is an essential element of
2   the Kirby sailboat and therefore the distribution of the
3   Kirby sailboats in Connecticut is attributable, at least
4   in part, to ISAF.
5           Here again, I don't see any support for this
6   argument in the case law.  We haven't found a case that
7   suggests this theory is a valid one under Connecticut law.
8   It doesn't appear to me that issuing a plaque constitutes
9   the production, manufacture or distribution of goods by
10  ISAF.
11          With regard to prong four, the plaintiffs urge
12  that ISAF engaged in tortious conduct in Connecticut,
13  pointing out that it receives a royalty for each plaque
14  affixed to a Kirby sailboat.  On that basis, the
15  plaintiffs urge that issuing the plaques constitutes
16  tortious conduct including trademark counterfeiting,
17  trademark infringement, misappropriation of publicity
18  rights and tortious interference with contract rights.
19          Under this prong, jurisdiction is available only
20  if the tortious conduct occurred in Connecticut.  As I
21  understand the allegations, the plaintiffs are not
22  alleging that ISAF has continued to affix plaques with the
23  Kirby name knowing that the plaintiffs have not authorized
24  the use of the name.  It appears that there may be some
25  daylight in the timeline between the moment when ISAF knew

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 11 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 10 of 16
Page 10

```
 1   about Kirby's falling out with the builders and the moment
 2   when the Kirby name was deleted from the plaque, but I
 3   don't think that this is sufficient to provide personal
 4   jurisdiction with regard to ISAF as to any of these causes
 5   of action.
 6            I think that if the plaintiffs could allege in
 7   good faith that ISAF was willfully contributing to
 8   trademark infringement by continuing to issue plaques with
 9   the Kirby name knowing the circumstances of Kirby's
10   relationship with the builders, then perhaps that would be
11   sufficient under this prong of the long-arm statute, but I
12   don't think that's what we're dealing with here.  So I
13   find that personal jurisdiction has not been shown to
14   exist under the long-arm statute with regard to ISAF and
15   grant the motion to dismiss on that basis without reaching
16   other questions.
17            Going on to the next motion, we have in docket
18   number 86 a motion for entry of default as to Performance
19   Sailcraft, a counterclaim defendant.  It appears to me
20   that the counterclaim defendants have now appeared and
21   indeed have filed a motion, and on that basis, the motion
22   for entry of a default is denied.
23            Next on the list of pending motions is document
24   number 94 which is a motion to withdraw by Mr. Linderman.
25   I understand Mr. Linderman is not with us today, but
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 12 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 11 of 16

Page 11

```
 1    Mr. Vanderleeden, it's my understanding that Mr. Linderman
 2    was going to withdraw this motion?
 3             MR. VANDERLEEDEN:  That's correct, Your Honor.
 4             THE COURT:  Should I deem it withdrawn?  Would
 5    it make sense for me to simply deem the motion withdrawn
 6    at this point?
 7             MR. VANDERLEEDEN:  Sure.
 8             THE COURT:  Okay, then that's what we'll do.  So
 9    for the benefit of the clerk, motion number 94 is deemed
10    withdrawn.
11             I think that that covers the pending motions
12    with the exception of the counterclaim defendant's motion
13    to dismiss, which isn't ripe.  The opposition to that
14    motion is due March 15.
15             MR. ALLENTUCH:  Yes, Your Honor.  This is Simon
16    Allentuch.  Yes, Your Honor.
17             THE COURT:  All right.  Beyond that, I've
18    reviewed your recent status report which indicates that a
19    number of the parties are interested in at least
20    attempting mediation, and given what you tell me in your
21    status report, I take it that you don't have an agreement
22    with regard to whether it would be best to refer the
23    matter to a magistrate judge, a special master or a
24    private mediator, but I'm happy to discuss that with you
25    at this time if you'd like to do so.
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 13 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 12 of 16
Page 12

1              From the plaintiffs' standpoint, what do you
2    think would be best?
3              MR. COREA:  This is Andy Corea, Your Honor.
4              Our thinking has been that an appointed mediator
5    would be best able to deal with the sort of complexity of
6    the -- all the moving parts in the case and the various
7    different parties.  That has been cut significantly.  Some
8    of the complexity of the case has been cut by the
9    decisions announced today.  So our position on that may be
10   changing as well.
11             I think we're amenable to any of the Court's
12   mediation mechanisms at this point.
13             THE COURT:  Okay, thank you.
14             How about from the defendants' standpoint.
15             MR. ALLENTUCH:  Thank you.  This is Simon
16   Allentuch again, I guess for the remaining defendants.
17             So while I mediated in front of Judge Garfinkel
18   many times, I do think this may require a little bit more
19   time and I know how busy he could be.  So I think as we
20   discussed in chambers, Mr. Hawkins often functions as a
21   special master or parajudicial officer would be fine.  And
22   Mr. Corea and I were just talking about someone from JAMS
23   as well.
24             My sense is that the -- although there's a
25   different position on the status report on this, that

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 14 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 13 of 16
Page 13

1   given the timing and how long it might take to set this
2   up, that we're not really -- we're basically in the same
3   position.  I mean, I -- you know, we think it might -- we
4   need a little bit longer, but not very much.  And so I
5   suspect the parties can work together to select a mediator
6   and either contact Mr. Hawkins directly or a JAMS
7   mediator.
8              THE COURT:  All right, very good.
9              MR. ALLENTUCH:  Or someone else.  But that's
10  what we discussed.
11             THE COURT:  All right, thank you.
12             Does anybody else want to comment?
13             Hearing nothing, I think the best next step
14  would be for Mr. Corea and Mr. Allentuch to talk about how
15  they would like to proceed with regard to a mediation and
16  I'm happy to give you a reasonable opportunity to do that.
17             Would it be possible for you to get back to me
18  with a proposal in the next couple of weeks?
19             MR. COREA:  This is Mr. Corea.  Yes, the next
20  couple of weeks.  I don't see a problem with that.
21             MR. ALLENTUCH:  Your Honor, Simon Allentuch.
22  Yes, I don't think it will be a problem.  Often these
23  things are mostly about scheduling rather than anything
24  else and I -- you know, Mr. Corea and I have worked
25  together very well so far so I don't think there will be a

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 15 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 14 of 16
Page 14

```
 1    problem at all.
 2            THE COURT:  Okay, very good.
 3            Is there anything else that anybody would like
 4    to discuss while we're together on the phone?
 5            MR. ALLENTUCH:  Your Honor, Simon Allentuch
 6    again.  We are just waiting for approval from the client,
 7    but we are about to file a very short motion seeking some
 8    very limited jurisdictional discovery regarding the
 9    pending motion to dismiss.  I anticipate having that on
10    file today or tomorrow and the discovery -- as I said the
11    discovery we will be looking for is going to be very
12    limited.
13            I don't know whether -- you know, it might be
14    helpful to get that on file and if it -- if Your Honor
15    thinks it would be helpful to have another brief call
16    following that, or not.
17            THE COURT:  Okay.  Well, I appreciate the heads
18    up and I'll be on the lookout for it.  If it makes sense
19    to get people back on the phone, I'll be happy to do that.
20            MR. ALLENTUCH:  Thank you, Your Honor.
21            THE COURT:  Okay?
22            Anybody else have anything they'd like to raise?
23            Well, I appreciate your cooperation and I'll
24    look forward to hearing from you with regard to your
25    proposal for mediation.
```

Case 3:13-cv-00297-JAM   Document 174-2   Filed 12/30/14   Page 16 of 17
Case 3:13-cv-00297-JAM   Document 121   Filed 03/21/14   Page 15 of 16
Page 15

```
 1              In the meantime, if there's anything else that
 2   you'd like to raise with me, don't hesitate to let us
 3   know.
 4              MR. COREA:  Thank you, Your Honor.
 5              MR. ALLENTUCH:  Thank you, Your Honor.
 6              THE COURT:  Thank you all.
 7                 (Proceedings adjourned at 10:34.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 3:13-cv-00297-JAM Document 174-2 Filed 12/30/14 Page 17 of 17
Case 3:13-cv-00297-JAM Document 121 Filed 03/21/14 Page 16 of 16

Page 16

```
 1                    C E R T I F I C A T E
 2
 3         In Re: KIRBY vs. LASERPERFORMANCE
 4
 5
 6         I, Darlene A. Warner, RDR-CRR, Official Court
 7  Reporter for the United States District Court for the
 8  District of Connecticut, do hereby certify that the
 9  foregoing pages are a true and accurate transcription of
10  my shorthand notes taken in the aforementioned matter to
11  the best of my skill and ability.
12
13
14
15
16              /s/_____
17              DARLENE A. WARNER, RDR-CRR
                  Official Court Reporter
                450 Main Street, Room #223
18              Hartford, Connecticut 06103
                      (860) 547-0580
19
20
21
22
23
24
25
```