UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>        vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>    Defendants.<br>LASERPERFORMANCE (EUROPE)<br>   LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>        vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>        and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**MEMORANDUM IN SUPPORT OF MOTION TO
<u>QUASH DEFENDANTS' SUBPOENA FOR TESTIMONY OF MARGO KIRBY</u>**

1

Third party Margo Kirby submits this memorandum in support of her Motion to Quash Defendants' Laserperformance (Europe) Ltd. and Quarter Moon, Inc. ("Defendants") Subpoena for Testimony of Margo Kirby.

## I.  INTRODUCTION

The Court should quash the subpoena because it is intended only to harass Ms. Kirby, the wife of Plaintiff Bruce Kirby. Any information in her possession can be obtained through less burdensome means. In June of 2014, plaintiff Bruce Kirby testified in his deposition that his wife, Margo Kirby, had acted as the bookkeeper for his company Bruce Kirby, Inc. Despite having this information for over six months, Defendants waited until the evening of December 17, 2014—two days before the close of discovery—to subpoena Ms. Kirby. Information in Ms. Kirby's possession can easily be obtained through less expensive and less burdensome means. For example, Ms. Kirby has offered to answer written interrogatories and/or authenticate documents in lieu of a deposition. Not only have Defendants failed to respond to these offers, they have refused to inform Ms. Kirby why such mechanisms are insufficient or what information they seek from Ms. Kirby. It is clear that the subpoena is unduly burdensome and intended to harass, especially given Ms. Kirby's age. Accordingly, the Court should quash the subpoena.

## II.  FACTUAL BACKGROUND

In this case, Plaintiffs Bruce Kirby and Bruce Kirby, Inc. have asserted claims against Defendants for breach of contract, tortious interference with business relations, unfair competition, and trademark infringement, among other claims. Under contracts breached by Defendants, Mr. Kirby received periodic royalty payments from Defendants for the sale of certain boats. The facts underlying these claims are fully set forth in the Plaintiffs' pleadings.

Margo Kirby has been married to Plaintiff Bruce Kirby for more than 55 years.  She currently resides with her husband in Rowayton, Connecticut.  For a period of time, Ms. Kirby served as a bookkeeper for her husband's business.  During his deposition in June of 2014, Mr. Kirby testified regarding Ms. Kirby's limited role in his company:

```
15    Q   Does Bruce Kirby have any employees?
16    A   My wife does the books.
17        Apart from that, it's just me.
```

(Ex. A, p. 63.)

```
17    Q   Okay.  Does your wife do any work for
18  Bruce Kirby, Inc., other than bookkeeping?
19    A   No.
20    Q   And is she the person who keeps track of
21  the royalties due from entities that sell boats you
22  designed?
23    A   Yes, she does.
```

(Ex. A, p. 64.)

Despite the fact that Defendants were aware of Ms. Kirby's limited role since at least June 2014, Defendants waited until after the close of business on December 17, 2014 to subpoena Ms. Kirby.  (Ex. B.)   Discovery closed on December 19, 2014.  Counsel agreed to accept service of the subpoena on Ms. Kirby's behalf and intended that Ms. Kirby would move to quash the subpoena.  Notably, Defendants failed to provide the required mileage fee and witness fee and sought a deposition merely thirty-six hours after service.

Ms. Kirby has offered to authenticate documents and provide verified answers to interrogatories in an attempt to provide Defendants with the discovery they seek without unduly burdening Ms. Kirby.  However, Ms. Kirby's attempts to satisfy Defendants' discovery requirements in this manner have been ignored without explanation.  Defendant's have continued to insist on an in-person deposition without explaining why such a deposition is necessary or relevant in view of Ms. Kirby's limited role.  Defendants' insistence confirms their improper

3

intention to harass an elderly witness with virtually no knowledge of the case—a witness who happens to be the plaintiff's wife.

## III. LEGAL STANDARD

Under Rule 45, a court must quash a subpoena if it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  Likewise, Rule 26 requires a court to limit discovery where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C).  Indeed, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and failure to do so may result in sanctions, including attorney's fees.  Fed. R. Civ. P. 45(d)(1).  Finally, a court can issue an order to protect a witness from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

## IV. DEFENDANTS' SUBPOENA IS UNDULY BURDENSOME AND INTENDED TO HARASS.

The Court should quash the subpoena because it is intended only to harass Ms. Kirby.  The subpoena places an undue burden on an elderly witness that has only a minimal connection the claims and defenses asserted in this case.  This undue burden outweighs any benefit Ms. Kirby's testimony might provide.  Moreover, in lieu of a deposition, Ms. Kirby has offered to answer written interrogatories and/or authenticate documents.  The Defendants have failed to explain why this offer is insufficient, confirming that the Defendants' request is intended to annoy and harass Ms. Kirby.

A court has a duty to protect a witness—especially a non-party witness—from oppressive and harassing discovery and from unduly burdensome discovery requests.  *See* Fed. R. Civ. P.

4

26(b-c), 45(d).  "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).  A court can "prohibit a party from deposing [a witness] where 'the party has not established that the [witness] has some unique knowledge pertinent to the issues in the case' or where the party seeking the deposition can obtain the desired information through less intrusive means." *Brockway v. VA Conn. Healthcare Sys.*, 2011 WL 1459592, *2 (D.Conn. Apr. 15, 2011) (quoting *Rodriquez v. SLM Corp.*, 2010 WL 1286989, *2 (D. Conn. Mar. 26, 2010)).  "[S]ince depositions are inherently 'time-consuming and inefficient,' they ought to 'be productive and not simply an excuse to seek information that is already known,'" and a court can refuse a deposition if "the notice seeks information which could more easily be obtained from another source." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D.Conn. 2010) (quoting *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) and citing *Gossar v. Soo Line R.R. Co.*, 2009 WL 3570335, *3 (S.D.Ind. Oct. 27, 2009)).

Ms. Kirby merely served as a bookkeeper for her husband's company.  Outside of her knowledge relating to her minimal role, Ms. Kirby has no substantive knowledge about the substantive issues in this case.  Accordingly, whatever information Defendants seek from Ms. Kirby's deposition has minimal probative value.  Furthermore, any information can easily be obtained through less expensive and less burdensome means.  For example, Ms. Kirby has offered to provide verified answers to written interrogatories and/or authenticate documents to provide Defendants with the discovery they seek.  Not only have Defendants failed to respond to these offers, they have refused to explain why such measures are insufficient and they have failed to inform Plaintiffs what information they seek from Ms. Kirby.  It is thus clear that the deposition is unduly burdensome—especially given Ms. Kirby's age—and that the burden

outweighs the likely benefit of the discovery sought. *See Schiavone v. Northeast Utils. Serv. Co.*, 2010 WL 382537, *2-*3 & n.2 (D.Conn. Jan. 27, 2010) (granting motion to quash subpoena to testify at deposition where witness was 84 years old and in poor mental health and counsel "agreed to obtain responsive documents from [the witness's] family . . . and disclose relevant non-privileged documents to the plaintiffs").

Indeed, Defendants' refusal to work with Ms. Kirby to avoid an unnecessary and expensive deposition reveals their true intention: to harass the elderly wife of plaintiff Bruce Kirby. The Court's duty to protect non-party witnesses from oppressive, unduly burdensome, and harassing discovery requires that it quash Defendants' subpoena of Margo Kirby. There is no legitimate justification for forcing an elderly witness, who merely kept the books of the plaintiff, to travel to and testify at a deposition when the same information can be had through written interrogatories and/or authenticated documents. Defendants' insistence on taking Ms. Kirby's deposition exposes their improper objective, and the Court should therefore quash the subpoena.

**V.     DEFENDANTS' SUBPOENA FOR TESTIMONY IS UNTIMELY.**

The Court should also quash Defendants' Subpoena of Margo Kirby because they waited until two days before the close of fact discovery to serve the subpoena despite learning of Ms. Kirby's limited role in plaintiff Bruce Kirby, Inc. more than six months beforehand. It is well settled that a court has the discretion to quash an untimely subpoena. *See, e.g.*, *Brown v. N.Y.C. Dept. of Educ.*, 513 Fed. Appx. 89, 92 (2d Cir. 2013). Defendants took Bruce Kirby's deposition on June 13, 2014. (Ex. A.) During that deposition, the witness informed Defendants that his wife, Ms. Kirby, acted as a bookkeeper for his business. (Ex. A.) Defendants then waited more than six months to serve their subpoena upon Ms. Kirby on December 17, 2014, two days before

6

the close of fact discovery. (Ex. B.) The subpoena further requested that Ms. Kirby be made available to testify on December 19th, only two days later.

Two days is clearly an unreasonable amount of time to comply with the requested subpoena. *Brockway v. Veterans Admin. Healthcare Sys.*, 2011 WL 1459592, *4 (D. Conn. Apr. 15, 2011) (quashing subpoenas that attempted to schedule depositions four business days after service); *see also* Fed. R. Civ. P. 45(d)(3)(A) (requiring a court quash or modify a subpoena that fails to allow a reasonable time to comply). Moreover, Defendants had six months to request Ms. Kirby's testimony since discovering her limited role and failed to do so. Defendants' last minute request was clearly untimely, and the Court should quash the subpoena accordingly.

## VI. DEFENDANTS SERVED THEIR SUBPOENA WITHOUT THE APPROPRIATE WITNESS FEE AND MILEAGE.

Finally, the Court should quash Defendants' subpoena of Margo Kirby because it fails to comply with the federal rules of civil procedure requiring Defendants to tender fees for one day's attendance and mileage. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also Brown v. Hendler*, 2011 WL 321139, *2 (S.D.N.Y. Jan. 31, 2011) ("The plain meaning of Rule 45 requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.") (citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)).

No such fee was delivered in conjunction with the subpoena, accepted on Ms. Kirby's behalf by the law offices of St. Onge Steward Johnston & Reens LLC. Therefore, the subpoena is defective.

7

**VII. CONCLUSION**

For the foregoing reasons, Ms. Kirby respectfully requests entry of an order quashing Defendants' subpoena and granting such further relief as the Court finds just and appropriate.

                                            Respectfully submitted,

January 6, 2015                    */s/ Andy I. Corea*
                                            Wesley W. Whitmyer, Jr., ct03509
                                            Andy I. Corea, ct25925
                                            Walter B. Welsh, ct01220
                                            ST. ONGE STEWARD JOHNSTON & REENS LLC
                                            986 Bedford Street
                                            Stamford, Connecticut  06905-5619
                                            Telephone: (203) 324-6155
                                            Facsimile: (203) 327-1096
                                            Email: acorea@ssjr.com; litigation@ssjr.com

                                            ATTORNEYS FOR THIRD PARTY
                                            MARGO KIRBY

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2015, a copy of the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH DEFENDANT'S SUBPOENA FOR TESTIMONY OF MARGO KIRBY was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


January 6, 2015                             */s/ Joan M. Burnett*_____
Date                                                Joan M. Burnett