UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. and<br>BRUCE KIRBY,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND BARBUDA),<br>INTERNATIONAL SAILING FEDERATION LIMITED,<br>INTERNATIONAL LASER CLASS ASSOCIATION, and<br>FARZAD RASTEGAR,<br><br>    Defendants.<br>LASERPERFORMANCE (EUROPE) LIMITED and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>    vs.<br><br>BRUCE KIRBY, INC. and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>    and<br><br>GLOBAL SAILING LIMITED and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. | Civil Action No. 3:13-cv-00297-RNC |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Plaintiffs Bruce Kirby, Inc. and Bruce Kirby (collectively "Kirby" or "Plaintiffs") submit this Opposition to Defendants' Motion for Leave to File an Amended Answer (Dkt. 173).

## I. INTRODUCTION

The Court should deny Quarter Moon's motion to amend its pleading because Quarter Moon has failed to demonstrate good cause for such an amendment. Quarter Moon asserts that its motion is governed under the more liberal Rule 15 standard. It is not. Pursuant to the Court's scheduling order and the law of this Circuit, the deadline to file amendments to pleadings was in August of 2013, and "[a]ny motion filed after th[at] date [is] governed by the good cause standard of Fed. R. Civ. P. 16(b)." Quarter Moon cannot demonstrate good cause. It waited more than one and a half years after filing its answer—and until the very end of discovery—to ask the Court for leave to change an admission in its pleading regarding its corporate structure.

Moreover, Kirby was entitled to rely on the admissions in the Answer and Counterclaims in framing its approach to the case. Such an amendment will prejudice Kirby because discovery is now closed and Kirby is precluded from amending its own pleadings. Throughout this litigation, the Defendants have refused to produce documents indentifying their opaque international web of shell companies, and Kirby has relied on Quarter Moon's admission that it built and sold boats under the 1989 Builder Agreement. Finally, the evidence of record, including Quarter Moon's own admissions and counterclaims and the asserted contract, confirm that Quarter Moon is the party that built and sold boats. Accordingly, the Court should deny Quarter Moon's motion for leave to amend.

## II. FACTS

Kirby has asserted the following claims against Quarter Moon based on its unauthorized sale and manufacture of Kirby sailboats: (1) trademark counterfeiting, arising under the Lanham Act, 15 U.S.C. §1114; (2) trademark infringement, unfair competition, and false designation of

2

origin arising under the Lanham Act, 15 U.S.C. §1114; (3) unfair trade practices under the Connecticut Unfair Trade Practices Act (CUTPA); (4) misappropriation of Bruce Kirby's publicity rights; (5) default of 1989 Builder Agreement.

At all times prior to its motion, defendant Quarter Moon has maintained that it manufactured and sold Kirby sailboats under authorization from Kirby through the 1989 Builder Agreement.  This fact is fundamental to this case and the relations between the parties over at least the past ten years. Accordingly, in its Answer, Quarter Moon admitted that "[it] has regularly conducted business in Connecticut by selling boats and parts throughout the state, and paying royalties to Kirby." Doc. No. 23, ¶ 7, Compl.; Doc. No. 40, ¶ 7, Ans.

The averments in Quarter Moon's Answer and Counterclaim fully support its admission. For example, Quarter Moon has alleged:

- "LaserPerformance, Quarter Moon and their predecessors have been building and selling Lasers since the 1980s." Doc. No. 40 at 2, Introduction.

- "The Laser class has thrived as a result of the years of investment by LaserPerformance and Quarter Moon in promoting regattas and participation in the class, including funding events throughout the world to make the class truly international." *Id*. at 3.

- "There is an actual controversy between LaserPerformance and Quarter Moon on the one hand and Kirby, BKI and Global Sailing on the other hand regarding the ownership of the rights and obligations of the Builder Agreements and the BRUCE KIRBY name and trademark." Doc. No. 40, ¶ 9, Counterclaim.

- "Quarter Moon is a successor to the rights and obligations of PY Small Boats under the 1989 Builder Agreement." "The 1989 Builder Agreement authorized PY Small Boats to

3

manufacture and market the 'Kirby Sailboat' (defined as above) in North America and certain countries in Central and South America." Doc. No. 40, ¶¶ 16-17, Counterclaim.

- "Global Sailing and PSA wrongfully conspired with Kirby and BKI to interfere with the business of LaserPerformance and Quarter Moon <u>and prevent them from selling Lasers in those markets</u>." Doc. No. 40, ¶ 26, Counterclaim.

- "LaserPerformance and Quarter Moon have extensive business relationships with thousands of customers to which they sell Lasers." Doc. No. 40, ¶ 84, Counterclaim.

Contrary to Quarter Moon's last minute unsupported assertion that it is merely a holding company, Quarter Moon has asserted a counterclaim against Kirby alleging that Kirby tortiously interfered with the relationship between Quarter Moon and its customers." Doc. No. 40, ¶¶ 83-92, Counterclaim; see also *Id*. at ¶¶ 96-101 CUTPA claim by Quarter Moon, Inc. against Kirby.

Quarter Moon's motion alleges that a 2010 letter sent by its counsel to Kirby explains the nature of Quarter Moon's business, namely that Quarter Moon, Inc. is a holding company. Kirby is not aware of any such letter nor has Quarter Moon attempted to identify any such letter. In 2010, Quarter Moon's counsel informed Kirby that it did business under the name Vanguard Sailboats. Quarter Moon's counterclaim confirms this, stating that Vanguard Sailboats is the d/b/a name of Quarter Moon. Doc. No. 40, ¶ 53, Counterclaim. Even if Quarter Moon did send a letter in 2010 describing itself as merely a holding company, which it did not, Kirby is entitled to rely on Quarter Moon's subsequent sworn admission and averments to the contrary.

### III. ARGUMENT

#### A. Legal Standard.

Quarter Moon incorrectly seeks leave to amend under Rule 15. Even if this was the correct standard, however, the Court should deny the motion based on Quarter Moon's undue

4

delay, its failure to support its material amendment, the prejudice an amendment will cause to Kirby, and the futility of the amendment.

Quarter Moon's motion to amend is correctly governed by the good cause standard of Rule 16(b). *See* Doc. No. 64, Scheduling Order (explaining that any motion filed after August 15, 2013, the deadline to amend pleadings, will be governed by the good cause standard of Fed. R. Civ. P. 16(b)). Rule 16(b) limits the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); Fed. R. Civ. P. 16(b). Under the Rule 16(b) standard, a party may obtain a modification of the scheduling order only "upon a showing of good cause." *Id.* By limiting the time for amendments, Rule 16 is designed to offer a measure of certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings will be fixed." *See Parker v. Columbia Pictures Indus.*, 204 F. 3d 326, 339-40 (2d. Cir. 2000) (J. Sotomayor citing Fed. R. Civ. P. 16 advisory committee's note).

      **B.**    **Quarter Moon Cannot Establish Good Cause Because It Unnecessarily Delayed In Requesting the Amendment.**

Quarter Moon cannot establish good cause to amend its Answer because it was dilatory in filing its request. A determination of good cause requires diligence by the moving party. *Parker*, 204 F.3d at 40 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate); also citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir.1992) (refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties).

Quarter Moon waited more than a year and a half, until the end of discovery, to ask for permission to change its admission. Quarter Moon had actual knowledge of its alleged corporate structure in 2010 when its counsel sent the purported letter to Kirby.  Quarter Moon had actual knowledge of its alleged corporate structure and business when it prepared and filed its Answer and asserted numerous counterclaims against Kirby. Finally, Quarter Moon had actual knowledge of its corporate structure when it reviewed the 2010 letter, written by its own counsel, in August 2014.  Nevertheless, Quarter Moon waited until two days before the close of discovery to file its request. When Quarter Moon raised this issue with Plaintiffs' counsel during a discussion in August, counsel asked Quarter Moon to put its request in writing and provide support for its request.  Quarter Moon failed to do this.  Quarter Moon first raised the issue in writing in December, but failed to provide any support for its contention. Quarter Moon's last minute request is clearly dilatory and fails to satisfy the good cause standard.

      **C.**      **Quarter Moon Undue Delay Will Prejudice Kirby.**

Quarter Moon's failure to demonstrate good cause on its own is sufficient to support denial of its motion. In addition, Quarter Moon's undue delay will prejudice Kirby.  Throughout discovery, Defendants have resisted disclosing their network of shell companies and businesses. Quarter Moon is purportedly held by another holding company, which is purportedly held by another holding company. Quarter Moon allegedly holds an unknown number of subsidiary companies. Despite the fact that Kirby has repeatedly sought discovery on this opaque network of companies, the Defendants have refused to provide it.  In part, Kirby has not further pursued this area of discovery because it could rely on Quarter Moons admission and its numerous counterclaims. Discovery is now closed, and Kirby is precluded from taking further discovery regarding Defendants' opaque web of corporations and holding companies.  Moreover, even if

6

Kirby was able to obtain this discovery it would be precluded from amending its own pleadings. As a result, Kirby will be unduly prejudiced if Quarter Moon is permitted to amend its pleading.

### D. Quarter Moon's Proposed Amendment is Futile and Nonsensical.

Finally, Quarter Moon's proposed amendment is futile and nonsensical because it conflicts substantially with Quarter Moon's counterclaims. Essentially all of Quarter Moon's counterclaims are premised on Kirby's purported interference with the relationship between Quarter Moon and its customers. Quarter Moon does not seek to withdraw these counterclaims or further address the issue, rendering its pleading nonsensical.

### IV. CONCLUSION

For the foregoing reasons, Kirby respectfully requests that the Court deny Defendants' Motion for Leave to File an Amended Answer.

Respectfully submitted,

January 7, 2015

/s/ Andy I. Corea
Wesley W. Whitmyer, Jr., ct03509
Andy I. Corea, ct25925
Walter B. Welsh, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: acorea@ssjr.com; litigation@ssjr.com

ATTORNEYS FOR PLAINTIFFS
BRUCE KIRBY and BRUCE KIRBY, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 7, 2015, a copy of foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<u>January 7, 2015</u>                      <u>*/s/ Jessica L. White*</u>
Date                                      Jessica L. White