## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>        vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>LIMITED,<br>INTERNATIONAL LASER CLASS<br>ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>    Defendants. | Civil Action No. 3:13-cv-00297-JAM |
| LASERPERFORMANCE (EUROPE)<br>    LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>        vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>        and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................2

III.  LEGAL STANDARD ON SUMMARY JUDGMENT.............................................7

IV.   THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY
      JUDGMENT ON COUNTERCLAIMS III - IX.......................................................7

      A.   The Court Should Dismiss Defendant's Counterclaims III – IX
           Because the Defendant Is Precluded Proving Damages At Trial,
           A Required Element of Each Claim..............................................................8

           1.   Rule 26 requires disclosure of a computation of each category
                of damages claimed and supporting documents ................................8

           2.   A party that fails to provide damages disclosures
                is precluded from pursuing such damages at trial.............................9

           3.   Summary judgment on a claim is proper if the claimant is
                precluded from provide a required element of that claim at trial ......10

           4.   Defendant's failure to provide any damages disclosures is
                not justified and is not harmless........................................................12

           5.   Defendant's late "disclosure" fails to comply Rule 26.....................12

      B.   To the Extent the Court Does Not Grant Summary Judgment, It Should
           Preclude Defendant From Offering Evidence On Damages at Trial .............15

IV.   CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

<u>Cases</u>

*24/7 Records, Inc. v Sony Music Entertainment, Inc.*
    566 F. Supp. 2d 305 (S.D.N.Y. 2008)......................................................................9

*American Pan Co. v. Lockwood Mfg., Inc.Eyeglasses*
    Civ. No. C-3-06-197, 2008 WL 471685 (S. D. Ohio Feb. 15, 2008) .......................3

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)................................................................................................6

*Bouchard v. Sundberg*
    834 A.2d 744 (Conn. App. Ct. 2003).....................................................................3,4

*City & County of San Francisco v. Tutor-Saliba Corp.*
    218 F.R.D. 219 (N.D. Cal. 2003)............................................................................8

*Design Strategy, Inc. v. Davis*
    469 F.3d 284 (2d Cir. 2006)...........................................................................passim

*Ebewo v. Martinez*
    309 F. Supp. 2d 600 (S.D.N.Y. 2004)....................................................................8

*Gould Paper Corp. v. Madison Corp.*
    614 F. Supp. 2d 485 (S.D.N.Y. 2009)................................................................8,10

*Haas v. Delaware & Hudson Ry. Co.*
    282 F. App'x 84 (2d Cir. 2008) .............................................................................8,9

*Haber v. ASN 50th Street, LLC*
    272 F.R.D. 377 (S.D.N.Y. 2011) ............................................................................7

*Innis Arden Golf Club v. Pitney Bowes, Inc.*
    No. 3:06-CV-1352 (JBA), 2009 WL 5873112 (D. Conn. Feb. 23, 2009) ...............8

*Law v. Camp*
    116 F. Supp. 2d 295 (D. Conn. 2000)....................................................................6

*Lore v. City of Syracuse*
    No. 5:00-CV-1833, 2005 WL 3095506 (N.D.N.Y. Nov. 17, 2005).........................8

*Mashak v. Marshak*
    628 A.2d 964 (Conn. 1993) ...................................................................................2

*Rioux v. Barry*
      927 A.2d 304 (Conn. 2007) ...................................................................2

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*
      280 F.R.D. 147 (S.D.N.Y. 2012) ............................................................7

*Vertex, Inc. v. City of Waterbury*
      898 A.2d 178 (Conn. 2006) ....................................................................4

<u>Statutes and Rules</u>

Fed. R. Civ. P. 16........................................................................................8

Fed. R. Civ. P. 26...................................................................................*passim*

Fed. R. Civ. P. 37...................................................................................*passim*

Fed. R. Civ. P. 56........................................................................................6

<u>Treatises</u>

6 Moore's Federal Practice, §26.22[4][c][i] .......................................................7,8

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. (individually and collectively "Plaintiff" or "Kirby") submit this memorandum in support of their motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing Defendant Quarter Moon, Inc.'s and Defendant Laser Performance (Europe) Ltd.'s (collectively and individually "Defendant" or "Laser Performance")[1] third, fourth, fifth, sixth, seventh, eighth, and, ninth counterclaims.

## I.    INTRODUCTION.

The Court should dismiss Defendant's counterclaims III – IX by reason of Defendant's continued and complete failure to provide any discovery of its alleged counterclaims seeking tens of millions of dollars. Plaintiff initiated this action to redress Defendant's blatant and willful disregard of the longstanding commercial relationship between the parties and to recoup millions of dollars in unpaid royalties from Defendant. In what can only be described as a dilatory and unscrupulous litigation tactic, Defendant asserted seven counterclaims (III – IX) against Plaintiff seeking to recover tens of millions of dollars in its own damages.

Despite that each counterclaim requires Defendant to prove damages, the Defendant has failed to provide even the most rudimentary analysis of its damages. The Defendant failed to provide a damages calculation for each counterclaim and failed to identify supporting documents as required by Rule 26(a)(1)(A)(iii). The Defendant has not identified an expert witness nor has it produced an expert report. The Defendant failed to provide a written damages assessment as required by Rule 26 and the Court's scheduling order. The Defendant even failed to answer specific interrogatories on its excessive damages claims.[2]

---

[1] Quarter Moon and LaserPerformance filed joint answer and counterclaim and asserted identical counterclaims. *See* Doc. No. 40.

[2] Defendant failed to answer any contention interrogatory or otherwise provide discovery regarding its counterclaims, and Plaintiff reserves the right to request further preclusions of evidence a trial.

There is no justification for Defendant's complete failure to comply with its discovery obligations. This case has been pending for nearly two years, and Plaintiff completed its document production in June of 2014, well before the deadline for expert disclosures and the close of discovery. The Defendant has had more than ample opportunity to supplement its initial disclosures, answers interrogatories, and provide a written damages assessment or identify an expert and produce an expert report, yet it chose not to.  As a result of this complete failure, Defendant is precluded from offering any evidence on damages at trial pursuant to Rule 37. The Court should therefore grant summary judgment in favor of Plaintiff because Defendant is precluded from proving damages—a required element of each of counterclaims III - IX.

## II.        BACKGROUND.

Defendant filed an Answer and Counterclaims on June 12, 2013. Pl.'s L.R. 56(a)(1) Statement ("SMF"), ¶ 1. Defendant's first and second counterclaims seek declaratory relief and are not addressed in this motion.

### Defendant's Third Counterclaim – Tortious Interference

Defendant's Third Counterclaim against Plaintiff is for tortious interference with business relations. SMF, ¶ 2. It seeks damages in excess of $10 million. SMF, ¶ 3. To prevail on its Third Counterclaim, Defendant is required to prove that it has suffered damages as a result of the alleged tortious interference. *See Rioux v. Barry*, 927 A.2d 304, 311-312 (Conn. 2007) (identifying elements of tortious interference). Defendant has failed to produce or identify any documents, let alone a calculation or computation, supporting its claim for damages under its Third Counterclaim. SMF, ¶ 5.

### Defendant's Fourth Counterclaim – Conspiracy to Tortiously Interfere

Defendant's Fourth Counterclaim against Plaintiff is for conspiracy to tortiously interfere

with business relations. SMF, ¶ 6. It seeks damages in excess of $10 million. SMF, ¶ 7. To prevail on its Fourth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged conspiracy to tortiously interference.[3] *See Rioux v. Barry*, 927 A.2d 304, 311-312 (Conn. 2007) (identifying the elements of tortious interference with business relations); *see also Marshak v. Marshak*, 628 A.2d 964, 970 (Conn. 1993) (identifying the elements of conspiracy). Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its claim for damages under its Fourth Counterclaim. SMF, ¶ 9.

**Defendant's Fifth Counterclaim – Unfair Trade Practice**

Defendant's Fifth Counterclaim against Plaintiff is for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). SMF, ¶ 10. It seeks damages in excess of $1 million. SMF, ¶ 11. To prevail on its claim under CUTPA, Defendant must prove that it has suffered damages as a result of the alleged unfair and deceptive trade practices. *See Ramirez v. Health Net of Northeast, Inc.*, 938 A.2d 576, 589 (Conn. 2008) (describing three prongs of cigarette rule). Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Fifth Counterclaim. SMF, ¶ 15.

**Defendant's Sixth Counterclaim - Breach of the 1983 Builder Agreement**

Defendant's Sixth Counterclaim against Plaintiff is for breach of the 1983 Builder Agreement. SMF, ¶ 14. It seeks damages in excess of $1 million. SMF, ¶ 15. To prevail on its Sixth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the 1983 Builder Agreement. *Bouchard v. Sundberg*, 834 A.2d 744, 751 (Conn. App. Ct. 2003) (identifying elements of breach of contract under Connecticut law); *see also American Pan Co. v. Lockwood Mfg., Inc.Eyeglasses*, Civ. No. C-3-06-197, 2008 WL 471685, at *6 (S. D. Ohio Feb. 15, 2008) (citing two opinions of the Ontario Superior Court of Justice identifying the

---

3

elements of a breach of contract claim under Ontario law). Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Sixth Counterclaim. SMF, ¶ 17.

**Defendant's Seventh Counterclaim - Breach of the 1989 Builder Agreement**

Defendant's Seventh Counterclaim against Plaintiff is for breach of the 1989 Builder Agreement. SMF, ¶ 18. It seeks damages in excess of $1 million. SMF, ¶ 19. To prevail on its Seventh Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the 1989 Builder Agreement. *Bouchard,* 834 A.2d at 751 (identifying elements of breach of contract under Connecticut common law); *see also American Pan Co.*, 2008 WL at *6 (citing two opinions of the Ontario Superior Court of Justice identifying the elements of a breach of contract claim under Ontario law). Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Seventh Counterclaim. SMF, ¶ 21.

**Defendant's Eighth Counterclaim – Breach of the November 2005 Agreement**

Defendant's Eighth Counterclaim against Plaintiff is for breach of the November 2005 Agreement. SMF, ¶ 22. It seeks damages in excess of $1 million. SMF, ¶ 23. To prevail on its Eighth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the November 2005 Agreement. *Bouchard,* 834 A.2d at 751 (identifying elements of breach of contract under Connecticut common law). Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Eighth Counterclaim. SMF, ¶ 25.

**Defendant's Ninth Counterclaim**

Defendant's Ninth Counterclaim against Plaintiff is for unjust enrichment. SMF, ¶ 26. It

seeks damages excess of $250,000. SMF, ¶ 27. To prevail on its Ninth Counterclaim, Defendant

must prove that it has suffered damages as a result of the alleged unjust enrichment. *Vertex, Inc.*

*v. City of Waterbury*, 898 A.2d 178, 190 (Conn. 2006) (identifying elements of unjust

enrichment under Connecticut law). Defendant has failed to produce or identify any documents,

let alone a computation or calculation, supporting its allegation for damages under its Ninth

Counterclaim. SMF, ¶ 29.

### Defendant Has Failed to Disclose Any Support for Its Damages Claims

As explained above, Defendant has failed to disclose any support for its damages claims.

SMF, ¶ 30. Defendant has failed to produce or identify any documents, let alone a computation

or calculation, supporting its claims for damages. SMF, ¶ 31. Defendant's Initial Disclosures

dated July 15, 2015 failed to provide a computation of each category of damages. SMF, ¶ 32.

Pursuant to Rule 26(a)(1)(iii), Defendant stated that "[a]s of the date of this Rule 26 disclosure,

discovery has not commenced and [Defendant] is not in a position to provide a computation of

each category of damages claimed by [Defendant] in the Counterclaims. SMF, ¶ ¶ 33-34. Thus,

by its own admission, Defendant's initial disclosures failed to satisfy its disclosure obligations.

Defendant did not supplement or update its initial disclosures. SMF, ¶ 35.

Defendant's interrogatory responses are similarly devoid of any substantive contentions

or answers. Plaintiff's interrogatory no. 11 asked Defendant to:

> Describe in detail all factual and legal bases for each of the counterclaims asserted in
> your Counterclaim, including a description in detail of all facts that support or contradict
> each such counterclaim, and an identification of all documents, communications and/or
> things that you are relying on to support each such counterclaim and an identification of
> the individuals most knowledgeable about each such counterclaim.

SMF, ¶ 36.

Defendant objected to interrogatory no. 11, without providing a substantive response, as

follows:

5

Counterclaim Plaintiff objects to this interrogatory as it asks for complete factual and legal basis and therefore it is overly broad, unduly burdensome. Like the prior interrogatory, answering this request would require lengthy interviews and document review leading to a report which could amount to hundreds of pages. It is therefore incredibly burdensome. The interrogatory essentially asks for all information and legal analysis regarding the Counterclaims. In essence, the request is akin to asking Counterclaim Plaintiff to submit a summary judgment brief. Counsel is willing to consider a narrower, more focused, interrogatory on these issues.

SMF, ¶ 37.

Defendant did not provide a supplemental response to interrogatory no. 11. SMF, ¶ 38.

The Defendant also asserted Counterclaims III – VII, and IX against Global Sailing

Limited ("Global Sailing").[4] SMF, ¶ 45.

Global Sailing's interrogatory no. 11 asked Defendant to:

Identify all facts supporting or negating your contentions that Counterclaim Plaintiffs have been monetarily damaged by Global Sailing's alleged tortious interference with business relations, its alleged violation of Connecticut Unfair Trade Practices Act, its alleged breach of the 1983 Builder Agreement, its alleged breach of the 1989 Builder Agreement, and the alleged overpayment of royalties, including, but not limited to, a computation of each category of such damages and the basis and methodology therefore, as well as unit sales, revenues (net and gross), costs of selling, profits or earnings, allocated expenses, sales trends, wholesale and retail pricing and customers, for any product of Counterclaim Plaintiffs that relates to Counterclaim Plaintiffs'

SMF, ¶ 46.

Defendant objected to interrogatory no. 8 as follows:

Counterclaim Plaintiffs object to interrogatory 8 as it asks for "all facts" concerning every claim and focusing on damages. It is overly broad and unduly burdensome. This would require the Counterclaim Plaintiffs to provide a narrative account of the entire case as it pertains to this claim. Subject to these objections will provide a calculation of the damages related to the royalty claim. Counterclaim plaintiff will supplement its responses to the other damages claims shortly after expert disclosure.

SMF, ¶ 47.

Defendant did not supplement its response to interrogatory no. 8. SMF, ¶ 48.

---

[4] Defendant subsequently dismissed its third, fourth, fifth, and eighth counterclaims against Global Sailing without prejudice. Doc No. 172.

Discovery closed on December 19, 2014. SMF, ¶ 43. Defendant did not identify an expert witness (SMF, ¶ 39) nor did Defendant produce an expert report. SMF, ¶ 40. Defendant did not identify or produce documents from which Plaintiff could calculate, or even understand, Defendant's damages claims. SMF, ¶ 41. Defendant did not produce or identify a damages analysis in this matter. SMF, ¶ 42.

## III.   LEGAL STANDARD ON SUMMARY JUDGMENT.

A motion for summary judgment may be granted when the court determines that there are no genuine issues of material fact to be tried and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Law v. Camp*, 116 F. Supp. 2d 295, 299-300 (D. Conn. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

A fact is material if it is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  Therefore, disputes over facts that are irrelevant or unnecessary will not preclude summary judgment. *Id.*  Further, a dispute regarding such a material fact is "genuine" so as to warrant the denial of summary judgment "only if evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 249–50 (internal citations omitted).  "If evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*

## IV.   THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS III - IX.

### A.   The Court Should Dismiss Defendant's Counterclaims III – IX Because the Defendant Is Precluded Proving Damages At Trial, A Required Element of Each Claim.

The Court should dismiss counterclaims III - IX because Defendant has failed to provide any disclosure to support its naked demand for tens of millions of dollars. It is hornbook law that each of Defendant's counterclaims requires proof of damages. *See infra*, II. Background. The

Federal Rules require Defendant to automatically disclose a computation for each category of damages it seeks and to identify supporting documents. These disclosures allow Plaintiff to understand the claims filed against it and to offer a legitimate defense without being ambushed at trial.  The Defendant, however, has failed to provide even the most rudimentary calculation or identification of documents from which Plaintiff could begin to understand, let alone defend itself from, Defendant's claims for tens of millions of dollars.  As a result of this complete failure, Defendant is precluded from offering any evidence on damages at trial pursuant to Rule 37. The Court should therefore grant summary judgment in favor of Plaintiff because Defendant is precluded from proving damages, a required element of each of counterclaims III - IX.

      1.    <u>Rule 26 requires disclosure of a computation of each category of damages claimed and supporting documents.</u>

"A party seeking damages must automatically provide to the other parties . . . a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). The rule does not merely require a claimant to describe its damages in general terms, such as "compensatory," but—as best as the party is able at an early stage in the case—to provide a "computation" of each category of damages and to produce documents on which the computation is based. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (*citing* Fed. R. Civ. P. 26(a)(1)(A)(iii)); *see also Haber v. ASN 50th Street, LLC*, 272 F.R.D. 377, 380 (S.D.N.Y. 2011) (holding that Rule 26(a)(1)(A)(iii) entitled defendants to "discovery regarding Plaintiff's claim for $6 million in damages and his calculation of this amount"). Failure to provide a damage computation document or supporting documents may result in exclusion of

damage calculation evidence or expert testimony regarding damage calculations at trial." 6

Moore's Federal Practice, §26.22[4][c][i]; see *Ritchie Risk-Linked Strategies Trading (Ireland),*

*Ltd.*, 280 F.R.D. at 159-61.

"[T]o fulfill the initial disclosure requirement, a party must provide a computation

supported by documents. Mere production of undifferentiated financial documents without

explanation is not sufficient to fulfill the mandatory initial disclosure requirement." 6 Moore's

Federal Practice, §26.22[4][c][i] (citing *Gould Paper Corp. v. Madison Corp.*, 614 F. Supp. 2d

485, 490 (S.D.N.Y. 2009) (defendants who produced 629 pages of documents without

explanation or "computation of each category of damages claimed" were precluded from

presenting counterclaim for damages in a breach of contract action)). As discovery progresses, a

party is required to provide supplemental disclosures with ever-greater level of detail. *Id.* (citing

*City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003)).

> 2.   <u>A party that fails to provide damage disclosures is precluded from</u>
> <u>pursuing such damages at trial.</u>

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is

not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was

substantially justified or is harmless . . ." *Innis Arden Golf Club v. Pitney Bowes, Inc.*, No. 3:06-

CV-1352 (JBA), 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009) (quoting Fed. R. Civ. P.

37(c)(1)). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either

substantial justification or harmlessness." *Id.* (quoting *Lore v. City of Syracuse*, No. 5:00-CV-

1833, 2005 WL 3095506, at *3 (N.D.N.Y. Nov. 17, 2005)). Additionally, the Federal Rules of

Civil Procedure allow a court to impose sanctions if a party "fails to obey a scheduling order or

other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Such sanctions may include "striking pleadings

in whole or in part [. . .]" Fed. R. Civ. P. 37(b)(2)(A)(iii). The purpose of Rule 37(c)(1) is to

"prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp.2d 600, 607 (S.D.N.Y. 2004). A bad-faith violation of Rule 26 is not required in order to exclude evidence pursuant to Rule 37. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

In *Haas v. Delaware & Hudson Ry. Co.*, 282 F.Appx. 84, 85 (2d Cir. 2008), the defendant served interrogatories upon the plaintiff requesting that plaintiff identify witnesses he intended to call to testify as to defendant's notice of an alleged negligent condition, any person who had knowledge of the negligent condition, and other evidence pertaining to notice. *Id.* at 85. Plaintiff responded by referring to his complaint and failed to disclose any person who was a potential witness or who had knowledge of the alleged negligent condition. *Id.* Later, in opposition to defendant's motion for summary judgment, plaintiff relied on an affidavit of a previously undisclosed person with knowledge of the negligent condition. *Id.* The defendant moved to strike the affidavit.  The plaintiff opposed the request to strike, arguing that it failed to appreciate the relevance of the witness until summary judgment and that, in any event, it had mentioned the witness during a deposition. *Id.* The district court precluded the affidavit under Rule 37 and the Second Circuit affirmed, holding that there was no substantial justification for the delay. *Id.* at 86. The Second Circuit explained that Plaintiff's counsel offered "no adequate explanation for this untimely disclosure," and even though the delay was apparently caused by counsel's oversight and neglect rather than bad faith, the court noted that "bad faith is not required." *Id.* at 86.

3.    <u>Summary judgment on a claim is proper if the claimant is precluded from providing a required element of that claim at trial.</u>

The Court can dismiss Defendant's counterclaims on summary judgment if a party is precluded from providing a required element of that claim, such as damages, based on its failure

to comply with Rule 26(a)(1)(A)(iii) or otherwise disclose any damages analysis or expert witness.  In *Design Strategy, Inc. v Davis*, 469 F.3d 284 (2nd Cir. 2006), the plaintiff had commenced an action for breach of fiduciary duty against a former employee arising out of the alleged diversion of a corporate asset. Months after the completion of discovery, plaintiff designated two expert trial witnesses on the issue of "lost profits," a theory of damages that it had not disclosed in its initial disclosures under Rule 26(a). The district court excluded the lost profits evidence and on appeal, the Court of Appeals affirmed.

In *24/7 Records, Inc. v Sony Music Entertainment, Inc.,* 566 F. Supp. 2d 305 (S.D.N.Y. 2008), a breach of contract action, the court granted summary judgment dismissing that portion of the complaint seeking lost profits where the plaintiff failed to make Rule 26 initial disclosures of these damages. Similarly, in *Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.,* 2008 WL 857492 (S.D.N.Y. 2008), the court barred plaintiff from submitting an expert's report in opposition to defendant's motion for summary judgment where plaintiff failed to make the required expert witness disclosures during the discovery phase of the case.

In *Gould Paper Corp. v. Madison Corp.*, 614 F. Supp. 2d 485 (S.D.N.Y. 2009), a party moved for summary judgment on a claim for breach of contract for failure to disclose damages pursuant to Rule 26(a). The claimant opposed the motion on grounds that it produced "at least, seventeen (17) statements as part of [its] initial disclosure in print and on Compact Disc. These documents consisted of approximately six hundred and twenty-nine pages (629) which document and detail the basis for the damage claim." *Id*. The Court held that the documents produced by claimant, however, did not satisfy the Rule 26 requirement that a party provide "a computation of each category of damages claimed."

      4.    <u>Defendant's Failure to Provide Any Damages Disclosures Is Not Justified and Is Not Harmless.</u>

The Defendant has failed to provide even the most rudimentary calculation of damages or identification of supporting documents. *See infa*, II. Background. Defendant did not provide initial disclosures on damages, or supplement its initial disclosures. Defendant failed to answer multiple interrogatories regarding its damages claims. Defendant failed to provide a computation of each category of damages and failed to produce or identify any documents supporting such a calculation. Defendant did not identify an expert witness or produce an expert report. Defendant also failed to provide any damages analysis.

The Defendant cannot justify its failure to provide any disclosures to support its claims for tens of millions of dollars. Plaintiff filed this action nearly two years ago and completed its entire production in June 2014, more than six months before the close of discovery. Defendant has had years to makes a damages disclosure, yet it has done nothing.

The Defendant's failure to disclose any damages analysis will obviously harm Plaintiff because it cannot even begin to prepare itself for trial and to rebut the baseless counterclaims seeking tens of millions of dollars. Mr. Kirby has been pursuing his claim against Defendant for nearly five years and at great expense. He is entitled to his day in Court, not endless rounds of discovery and court hearings seeking to compel information. This is especially true considering that Defendant has had more than ample opportunity—nearly two years—to provide its required disclosures.  At a considerable expense, Plaintiff fought for nearly a year for Defendant to provide even the most basic discovery disclosures. Defendant ultimately produced its first documents in this case in response to a court order obtained by Plaintiff as a result of its efforts. Plaintiff should not have to (and cannot because discovery is now closed) expend the same resources to obtain damages disclosures pursuant to Rule 26.

        5.      <u>Defendant's late "disclosure" fails to comply Rule 26.</u>

On December 24, 2014, one week <u>after</u> the close of discovery, Defendant served a

purported damages analysis, consisting of a single page of text reiterating Defendant's bare bones demands for ten of millions of dollars and appending two pages of numbers titled Summary Adjustment to Royalty Calculations. These pages were designated as attorney's eyes only. The Court should preclude Defendant from relying on this disclosure because it was served after the close of discovery and well after the deadline to serve such analysis. Although the two appended pages were included in a document production of more than 40,000 pages at the end of October 2014, they fail to include any indication that they constituted the Defendant's damages analysis or that they relate to Plaintiff's claims on the 1983 and 1989 Builder Agreements. The Defendant did not identify the two pages as constituting its damages analysis until December 24, 2014, after the close of discovery and well after the deadline for such disclosures.

Defendant's untimely disclosure precluded the Plaintiff from investigating its claims, seeking additional discovery regarding the same, and offering a rebuttal analysis or expert report. Furthermore, the attorney's eyes only designation precluding counsel for Plaintiff from even discussing the purported analysis damages claim with the client, Mr. Bruce Kirby. Thus, for at least the reason that the damages analysis was produced after the close of discovery, the Court should preclude Defendant from relying on any portion of the disclosure and should grant summary judgment in favor of Plaintiff on Counterclaims III – IX.

More importantly, even if Defendant is permitted to rely on its untimely damages analysis, the Court should still grant summary judgment in favor of Plaintiff because the Defendant's untimely disclosure fails to come close to satisfying the disclosure requirements of Rule 26(a), let alone provide any substantive explanation of the bases for Defendant's claims seeking tens of millions of dollars. Instead, the disclosure merely regurgitates the Defendant's earlier unsupported recitation of damages, without providing additional detailed analysis.

13

A copy of the deficient damages analysis is included in as Exhibit D to the Welsh Decl.

The document is limited to a single page of text shown below:

**DEFENDANTS LASERPERFORMANCE (EUROPE) LIMITED AND QUARTER MOON, INC.'S DAMAGES ANALYSIS**

Pursuant to Fed. R. Civ. P. 26(a)(2), defendants Laserperformance (Europe) Limited ("LPE") and Quarter Moon, Inc. ("QMI") (collectively the "Defendants"), respectfully seek monetary damages in the amount of $10 million dollars for: damages to Defendants' business as a result of Plaintiffs' tortious interference with business relations, which resulted in lost earning capacity, violation of the Connecticut Unfair Trade Practices Act and breach of the builder agreements. Defendants also seek injunctive relief to prevent the sale of Laser and Torch sail boats by Plaintiffs in unapproved territories. QMI seeks $149,122 in overpaid royalties and LPE seeks $160,074 in overpaid royalties. Defendants submit the following documents in support of this analysis:

Summary of Adjustments to Royalty Calculations in the US and UK (LP 022662-022663 Attorneys Eyes Only).

Defendants
LaserPerformance (Europe) Limited
Quarter Moon, Incorporated

(Welsh Decl., Ex. D.)

The Defendant's damages analysis includes less information than its Counterclaim pleading, and falls far short of the Rule 26(a) disclosure requirements. It is unclear why Defendant has chosen to provide its belated analysis "[p]ursuant to Fed. R. Civ. P. 26(a)(2)," which pertains to disclosure of expert testimony, when the single page document fails to identify an expert witness or otherwise offer an expert report.

The two pages cited in the damages analysis (and included as an exhibit thereto) are equally unsupportive and lacking in detail to support any of Defendant's claims for monetary damages.  *See* Welsh Decl., Ex. D. The two pages (one each for Quarter Moon and Laserperformance) consist of a column of refunds and credits.  The documents provide no indication what the information in the columns is, what it means, or how it was calculated. To the extent Defendant intends these pages to support its claim for unjust enrichment, the pages fail

14

to explain why there was an overpayment of royalties, who the overpayment was made to, what the payment was for, how Defendant identified the overpayment, and what information Defendant relied on in preparing this information.  As best as Plaintiff is aware, Defendant has failed to produce documents or information that it relied on to prepare these documents, let alone identify documents as required under Rule 26(a). Thus, even if Defendant is permitted to rely on its damages analysis served after the close of discovery, the analysis falls far short of the minimum requirements under Rule 26, and Defendant is therefore precluded from proving damages. Accordingly, the Court should grant summary judgment on Counterclaims III – IX in favor of Plaintiff.

**B.    To the Extent the Court Does Not Grant Summary Judgment, It Should Preclude Defendant From Offering Evidence On Damages at Trial.**

To the extent the Court does not grant summary judgment in favor of Plaintiff on counterclaims III – IX, the Court should preclude Defendant from offering any evidence at trial on its damage claims pursuant to Rule 37. *See* Fed. R. Civ. P. 37(c)(1) ("**Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . .); *see also 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y.2008) (precluding party from presenting theory of damages at trial when party "failed to make its mandatory initial disclosure of the income-producing asset theory of damages and its accompanying damages computation, thereby depriving defendants of a meaningful opportunity to conduct discovery as to this damages theory); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (stating that "[b]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents" and holding that claimant is precluded "from

presenting evidence in support of its claim for lost profits, pursuant to Fed. R. Civ. P. 37(b), on the ground that it had not disclosed the computation of those lost profits, as required by Fed. R. Civ. P. 26(a)(1)(c).").

## V.    CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendant's counterclaim III – IX because Defendant failed to provide any disclosure of its damage claims.

Respectfully submitted,

January 20, 2015                    */s/ Andy I. Corea*
                                Wesley W. Whitmyer, Jr., ct03509
                                Andy I. Corea, ct25925
                                Walter B. Welsh, ct01220
                                ST. ONGE STEWARD JOHNSTON & REENS LLC
                                986 Bedford Street
                                Stamford, Connecticut 06905-5619
                                Telephone: (203) 324-6155
                                Facsimile: (203) 327-1096
                                Email: acorea@ssjr.com; litigation@ssjr.com

                                ATTORNEYS FOR PLAINTIFFS
                                BRUCE KIRBY and  BRUCE KIRBY, INC.