UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>    vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>LIMITED,<br>INTERNATIONAL LASER CLASS<br>ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>    Defendants.<br>LASERPERFORMANCE (EUROPE)<br>   LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>    vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>    and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**PLAINTIFF'S LOCAL RULE 56(a)(1) STATEMENT
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. ("Plaintiff" or "Kirby"), pursuant to Rule 56 of the Local Civil Rule for the District of Connecticut, submit Local Rule 56(a)(1) Statement of Material Facts in support of their motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing Defendant Quarter Moon, Inc.'s and Defendant Laser Performance (Europe) Ltd.'s (collectively and individually "Defendant" or "Laser Performance")[1] third, fourth, fifth, sixth, seventh, eighth, and, ninth counterclaims.

1. Defendant filed an Answer and Counterclaims on June 12, 2013. Doc. No. 40.

**Defendant's Third Counterclaim**

2. Defendant's Third Counterclaim against Plaintiff is for tortious interference with business relations. *See id.*, ¶¶ 84-92.

3. Defendant's Third Counterclaim seeks damages in excess of $10 million. *See id.*, ¶ 92.

4. To prevail on its Third Counterclaim, Defendant is required to prove that it has suffered damages as a result of the alleged tortious interference. *See Rioux v. Barry*, 927 A.2d 304, 311-312 (Conn. 2007) (identifying elements of tortious interference with business relations).

5. Defendant has failed to produce or identify any documents, let alone a calculation or computation, supporting its claim for damages under its Third Counterclaim.

**Defendant's Fourth Counterclaim**

6. Defendant's Fourth Counterclaim against Plaintiff is for conspiracy to tortiously interfere with business relations. *See id.*, ¶¶ 93-95.

---

[1] Quarter Moon and LaserPerformance filed joint answer and counterclaim. *See* Doc. No. 40.

7. Defendant's Fourth Counterclaim seeks damages in excess of $10 million. *See id.*, ¶ 95.

8. To prevail on its Fourth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged conspiracy to tortiously interference. *See Rioux v. Barry*, 927 A.2d 304, 311-312 (Conn. 2007) (identifying the elements of tortious interference with business relations); *see also Marshak v. Marshak*, 628 A.2d 964, 970 (Conn. 1993) (identifying the elements of conspiracy).

9. Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its claim for damages under its Fourth Counterclaim.

**Defendant's Fifth Counterclaim**

10. Defendant's Fifth Counterclaim against Plaintiff is for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). *See id.*, ¶¶ 96-101.

11. Defendant's Fifth Counterclaim seeks damages in excess of $1 million. *See id.*, ¶ 101.

12. To prevail on its claim under CUTPA, Defendant must prove that it has suffered damages as a result of the alleged unfair and deceptive trade practices. *See Ramirez v. Health Net of Northeast, Inc.*, 938 A.2d 576, 589 (Conn. 2008) (describing three prongs of cigarette rule).

13. Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Fifth Counterclaim.

**Defendant's Sixth Counterclaim**

14. Defendant's Sixth Counterclaim against Plaintiff is for breach of the 1983 Builder Agreement. *See id.*, ¶¶ 102-106.

15. Defendant's Sixth Counterclaim seeks damages excess of $1 million. *See id.*, ¶ 106.

16. To prevail on its Sixth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the 1983 Builder Agreement. *Bouchard v. Sundberg,* 834 A.2d 744, 751 (Conn. App. Ct. 2003)). (identifying elements of breach of contract under Connecticut common law); *see also American Pan Co. v. Lockwood Mfg., Inc.Eyeglasses*, Civ. No. C-3-06-197, 2008 WL 471685, at *6 (S. D. Ohio Feb. 15, 2008) (citing two opinions of the Ontario Superior Court of Justice identifying the elements of a breach of contract claim under Ontario law).

17. Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Sixth Counterclaim.

**Defendant's Seventh Counterclaim**

18. Defendant's Seventh Counterclaim against Plaintiff is for breach of the 1989 Builder Agreement. *See id.*, ¶¶ 107-111.

19. Defendant's Seventh Counterclaim seeks damages excess of $1 million. *See id.*, ¶ 111.

20. To prevail on its Seventh Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the 1989 Builder Agreement. *Bouchard v. Sundberg,* 834 A.2d 744, 751 (Conn. App. Ct. 2003)). (identifying elements of breach of contract under Connecticut common law); *see also American Pan Co. v. Lockwood Mfg., Inc.Eyeglasses*, Civ. No. C-3-06-197, 2008 WL 471685, at *6 (S. D. Ohio Feb. 15, 2008) (citing two opinions of the Ontario Superior Court of Justice identifying the elements of a breach of contract claim under Ontario law).

21. Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Seventh Counterclaim.

**Defendant's Eighth Counterclaim**

22. Defendant's Eighth Counterclaim against Plaintiff is for breach of the November 2005 Agreement. *See id.*, ¶¶ 112-118.

23. Defendant's Eighth Counterclaim seeks damages excess of $1 million. *See id.*, ¶ 118.

24. To prevail on its Eighth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged breach of the November 2005 Agreement. *Bouchard v. Sundberg,* 834 A.2d 744, 751 (Conn. App. Ct. 2003)). (identifying elements of breach of contract under Connecticut common law); (cite English law)

25. Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Eighth Counterclaim.

**Defendant's Ninth Counterclaim**

26. Defendant's Ninth Counterclaim against Plaintiff is for unjust enrichment. *See id.*, ¶¶ 119-121.

27. Defendant's Ninth Counterclaim seeks damages excess of $250,000. *See id.*, ¶ 121.

28. To prevail on its Ninth Counterclaim, Defendant must prove that it has suffered damages as a result of the alleged unjust enrichment. *Vertex, Inc. v. City of Waterbury*, 898 A.2d 178, 190 (Conn. 2006) (identifying elements of unjust enrichment under Connecticut law.

29.     Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its allegation for damages under its Ninth Counterclaim.

**<u>Defendant Has Failed to Disclose Any Support for Its Damages Claims</u>**

30.     Defendant has failed to disclose any support for its damages claims.

31.     Defendant has failed to produce or identify any documents, let alone a computation or calculation, supporting its claims for damages.

32.     Defendant's Initial Disclosures dated July 15, 2015 failed to provide a computation of each category of damages. *See* Welsh Decl. Supp. Pl. Mot. Summ. J. ("Welsh Decl."), ¶ 4, Ex. A.)

33.     Pursuant to Rule 26(a)(1)(iii), Defendant stated that "[a]s of the date of this Rule 26 disclosure, discovery has not commenced and LaserPerformance is not in a position to provide a computation of each category of damages claimed by LaserPerformance in the Counterclaims. *Id*.

34.     Pursuant to Rule 26(a)(1)(iii), Defendant stated that "[a]s of the date of this Rule 26 disclosure, discovery has not commenced and Quarter (sic) is not in a position to provide a computation of each category of damages claimed by LaserPerformance (sic) in the Counterclaims." *Id*.

35.     Defendant did not supplement or update its initial disclosures. Welsh Decl., ¶ 5.

36.     Plaintiff's interrogatory no. 11 asked Defendant to:

Describe in detail all factual and legal bases for each of the counterclaims asserted in your Counterclaim, including a description in detail of all facts that support or contradict each such counterclaim, and an identification of all documents, communications and/or things that you are relying on to support each such counterclaim and an identification of the individuals most knowledgeable about each such counterclaim.

37.     Defendant objected to interrogatory no. 11 as follows:

6

> Counterclaim Plaintiff objects to this interrogatory as it asks for complete factual and legal basis and therefore it is overly broad, unduly burdensome. Like the prior interrogatory, answering this request would require lengthy interviews and document review leading to a report which could amount to hundreds of pages. It is therefore incredibly burdensome. The interrogatory essentially asks for all information and legal analysis regarding the Counterclaims. In essence, the request is akin to asking Counterclaim Plaintiff to submit a summary judgment brief. Counsel is willing to consider a narrower, more focused, interrogatory on these issues.

Welsh Decl., ¶¶ 6, 8, Exs. B-C.

38. Defendant did not provide a supplemental response to interrogatory no. 11.

Welsh Decl., ¶¶ 7, 9.

39. Defendant did not identify an expert witness. Welsh Decl., ¶ 10.

40. Defendant did not produce an expert report. Welsh Decl., ¶ 11.

41. Defendant did not identify or produce documents from which Plaintiff could calculate, or even understand, Defendant's damages claims. Welsh Decl., ¶ 12.

42. Defendant did not produce or identify a damages analysis in this matter. Welsh Decl., ¶ 13.

43. All discovery closed on December 19, 2014. *See* Doc. No. 171.

44. The Defendant produced a purported damages analysis on December 24, 2014. Welsh Decl., ¶ 14, Ex. D.

45. The Defendant also asserted Counterclaims III – IX against Global Sailing Limited ("Global Sailing").

46. Global Sailing's interrogatory no. 11 asked Defendant to:

> Identify all facts supporting or negating your contentions that Counterclaim Plaintiffs have been monetarily damaged by Global Sailing's alleged tortious interference with business relations, its alleged violation of Connecticut Unfair Trade Practices Act, its alleged breach of the 1983 Builder Agreement, its alleged breach of the 1989 Builder Agreement, and the alleged overpayment of royalties, including, but not limited to, a computation of each category of such damages and the basis and methodology therefore, as well as unit sales, revenues (net and gross), costs of selling, profits or earnings,

allocated expenses, sales trends, wholesale and retail pricing and customers, for any product of Counterclaim Plaintiffs that relates to Counterclaim Plaintiffs'

47. Defendant objected to interrogatory no. 8:

Counterclaim Plaintiffs object to interrogatory 8 as it asks for "all facts" concerning every claim and focusing on damages. It is overly broad and unduly burdensome. This would require the Counterclaim Plaintiffs to provide a narrative account of the entire case as it pertains to this claim. Subject to these objections will provide a calculation of the damages related to the royalty claim. Counterclaim plaintiff will supplement its responses to the other damages claims shortly after expert disclosure.

Welsh Decl., ¶ 15, Ex. E.

48. Defendant did not supplement its response to interrogatory no. 8. Welsh Decl., ¶ 8.

Respectfully submitted,

January 20, 2015                     */s/ Andy I. Corea*
                                                   Wesley W. Whitmyer, Jr., ct03509
                                                 Andy I. Corea, ct25925
Walter B. Welsh, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: acorea@ssjr.com; litigation@ssjr.com

ATTORNEYS FOR PLAINTIFFS
BRUCE KIRBY and BRUCE KIRBY, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2015, a copy of foregoing PLAINTIFF'S LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

January 20, 2015                                  */s/ Joan M. Burnett*
Date                                                              Joan M. Burnett