UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>    Plaintiffs,<br><br>    vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br>KARAYA (JERSEY) LIMITED,<br>VELUM LIMITED ITM SA (ANTIGUA AND<br>BARBUDA),<br>INTERNATIONAL SAILING FEDERATION<br>LIMITED,<br>INTERNATIONAL LASER CLASS<br>ASSOCIATION, and<br>FARZAD RASTEGAR<br><br>    Defendants.<br>LASERPERFORMANCE (EUROPE)<br>   LIMITED, and<br>QUARTER MOON, INCORPORATED,<br><br>    Defendants-Counterclaim Plaintiffs,<br><br>    vs.<br><br>BRUCE KIRBY, INC., and<br>BRUCE KIRBY,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>    and<br><br>GLOBAL SAILING LIMITED, and<br>PERFORMANCE SAILCRAFT PTY. LTD.,<br><br>    Additional Counterclaim Defendants. | Civil Action No. 3:13-cv-00297-RNC |

**PLAINTIFF'S REPLY IN SUPPORT
<u>OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF AUTHROITIES

Cases:

*Bouchard v. Sundberg*,
    834 A.2d 744 (Conn. App. Ct. 2003) ......................................................................... 2

*Design Strategy, Inc. v. Davis*,
    469 F.3d 284 (2d Cir. 2006) ..................................................................................... 3-4

*Haber v. ASN 50th St., LLC*,
    272 F.R.D. 377 (S.D.N.Y. 2011) ................................................................................ 4

*Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*,
    649 A.2d 518 (Conn. 1994) ........................................................................................ 2

*Rosato v. Mascardo*,
    844 A.2d 893 (Conn. App. Ct. 2004) ......................................................................... 1

*Vertex, Inc. v. City of Waterbury*,
    898 A.2d 178 (Conn. 2006) ........................................................................................ 2


Statutes and Rules:

Conn. Gen. Stat. § 42-110g(a) .............................................................................................. 1

Fed. R. Civ. P. 26 ................................................................................................................. 3

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. (individually and collectively "Plaintiff" or "Kirby") submit this reply to Defendant Quarter Moon, Inc.'s and Defendant Laser Performance (Europe) Ltd.'s (collectively and individually "Defendant" or "Laser Performance") opposition to Plaintiff's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on Defendant's fifth, sixth, seventh, eighth, and, ninth counterclaims. LaserPerformance has consented to Summary Judgment in Kirby's favor on counterclaims three and four for tortious interference and conspiracy to commit tortious interference, respectively. Dkt. 231, p. 1, n.1.

## I.     INTRODUCTION.

Kirby initiated this action to redress LaserPerformance's blatant and willful disregard of the longstanding commercial relationship between the parties and to recoup millions of dollars in unpaid royalties from LaserPerformance. In what can only be described as a dilatory and unscrupulous litigation tactic, LaserPerformance asserted seven counterclaims (III – IX) against Kirby seeking to recover tens of millions of dollars in its own damages. In its opposition to the instant motion, knowing it could not sustain its counterclaims, LaserPerformance consented to Summary Judgment in Kirby's favor on counterclaims three and four. Dkt. 231, p. 1, n.1. Counterclaims five through nine remain in dispute, and each claims damages in excess of one million.[1]

It is axiomatic that each of LaserPerformance's remaining counterclaims requires proof of damages as an element of the claim.[2] There is no genuine dispute that LaserPerformance has

---

[1] Counterclaim 9 claims damages in excess of $250,000.

[2] Regarding counterclaim 5 for a violation of CUTPA, see Conn. Gen. Stat. § 42-110g(a) ("Any person who suffers any **ascertainable loss of money or property** . . . may bring an action . . ."). Regarding counterclaims 6-8 for breach of contract, see *Rosato v. Mascardo*, 844 A.2d 893, 902 (Conn. App. Ct. 2004) ("The elements of a breach of contract action are 'the formation of an

failed to support any of its damages claims with evidence or that it is precluded from providing further evidence by the Federal Rules of Civil Procedure.  There is no justification for LaserPerformance's complete failure to comply with its discovery obligations. This case has been pending for nearly two years, and Kirby completed its document production in June of 2014, well before the deadline for expert disclosures and the close of discovery. LaserPerformance has had more than ample opportunity to supplement its initial disclosures, answers interrogatories, and provide a written damages assessment or identify an expert and produce an expert report, yet it chose not to.  As a result, LaserPerformance has failed to comply with the Federal Rules and has failed to provide Kirby notice of the nature of the claims against it or afford it an adequate opportunity to defend itself.  Accordingly, the Court should grant Kirby's Motion for Summary Judgment on counterclaims five through nine as well.

### A. The "Damages Analysis" LaserPerformance Produced Fails to Provide Even the Most Basic Support for LaserPerformance's Damages Claims.

On December 24, 2014, LaserPerformance provided a five page "damages analysis." Kirby SMF ¶ 44.  The document consists of two paragraphs, the first summarily asserting "monetary damages in the amount of $10 million dollars" for Kirby's alleged violations cited in counterclaims three through eight[3] and an additional approximately $310,000 for Kirby's failure to refund "overpaid royalties."  Kirby SMF ¶ 44.  To support these claims, LaserPerformance

---

agreement, performance by one party, breach of the agreement by the other party **and damages**.'") (quoting *Bouchard v. Sundberg*, 834 A.2d 744, 751 (Conn. App. Ct. 2003)). Regarding counterclaim 9 for unjust enrichment, see *Vertex, Inc. v. City of Waterbury*, 898 A.2d 178, 190 (Conn. 2006) ("Plaintiffs seeking recovery for unjust enrichment must prove (1) **that the defendants were benefitted**, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment.") (quoting *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 649 A.2d 518, 522 (Conn. 1994)).

[3] Again, LaserPerformance has abandoned counterclaims three and four, consenting to summary judgment thereon.  Dkt. 231, p. 1, n.1.

relies entirely on two pages of its production entitled Summary of Adjustments to Royalty Calculations (hereinafter, "Adjustment Summary").  *Id.*

The Adjustment Summary is inadequate to support the aforementioned claims.  It appears to relate solely to LaserPerformance's assertion that it overpaid royalties.  In its opposition, LaserPerformance effectively admits as much.  Dkt. 231, p. 55 ("Counts five through nine of Defendants' counterclaims relate to Defendants' overpayment of royalties and Plaintiffs' breach of the various agreements by way of their refusal to return that money.").  Thus, it appears LaserPerformance has consented to limiting its counterclaim damages to the approximately $310,000 it claims in "overpaid royalties."  However, LaserPerformance has failed to sufficiently support its claims even for this amount.

The Adjustment Summary summarily displays asserted "adjustments" for "packaging," "royalties, fees, and shipping," and "boat vs. hull."  Dkt. 232-5.  There is no detail justifying the amounts claimed whatsoever, and the Adjustment Summary's calculations don't add up.  ■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Furthermore, Kirby cannot discern how LaserPerformance derives the numbers it claims.  The Federal Rules of Civil Procedure require LaserPerformance to identify and "make available for inspection . . . the documents or other evidentiary material . . . on which each computation is based."  Fed. R. Civ. P. 26(a)(1)(A)(iii); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d

---

[4] It is unclear whether these figures are in US dollars or GB pounds.

Cir. 2006); *see also Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 380 (S.D.N.Y. 2011) (holding that Rule 26 entitled defendants to "discovery regarding Plaintiff's claim for $6 million in damages and his calculation of this amount").  The Adjustment Summary does not provide any basis for its computations.  LaserPerformance appears to provide fabricated numbers without any substantive basis and use them to argue it has sufficiently supported its counterclaims—all but one of which assert damages "in excess of $1 million."  *See* Dkt. 40.  When counterclaim defendant Global Sailing Ltd. ("GSL") sought deposition testimony regarding the Adjustment Summary, LaserPerformance's corporate designee was unable to answer several questions and referred counsel to Maria Iorio, who was similarly unable to answer and testified that she had seen the Adjustment Summary "today for the first time."  Dkt. 232-2, at 15:2-8.

There is no genuine dispute that the "damages analysis" and Adjustment Summary are insufficient to substantiate LaserPerformance's counterclaim damages, and the Court should therefore grant Kirby summary judgment on counterclaims five through nine, as detailed below.

> 1. <u>The "Damages Analysis" Fails to Support LaserPerformance's Claims for Damages "In Excess of $1 Million" for Kirby's Alleged Breach of the Agreements Cited in Counterclaims Six Through Eight.</u>

Counterclaim six through eight each claims damages "in excess of $1 million" for Kirby's alleged breach of the 1983 Builder Agreement, the 1989 Builder Agreement, and the 2005 LCM Agreement, respectively.  Dkt. 40.

Regarding counterclaims six and seven, as discussed above, the "damages analysis" and Adjustment Summary fail to provide any basis for their calculations or provide figures that even make sense.  Accordingly, they cannot be used to justify LaserPerformance's claimed damages "in excess of $1 million" for Kirby's alleged breach of the 1983 and 1989 Builder Agreements.

Regarding counterclaim eight, nothing in the 2005 LCM Agreement entitles or obligates LaserPerformance or Kirby to pay or receive any royalties whatsoever.  Kirby cannot

4

comprehend how its failure to repay the asserted "overpaid royalties" breaches the 2005 LCM Agreement. Accordingly, the Court should grant summary judgment on counterclaims six through eight for LaserPerformance's failure to show damages.

> 2. <u>The "Damages Analysis" Fails to Support LaserPerformance's Claims for Damages "In Excess of $1 Million" for Kirby's Alleged Violation of CUTPA Counterclaims Six Through Eight.</u>

Counterclaim five also claims damages "in excess of $1 million" for Kirby's alleged violation of CUTPA. *See* Dkt 40. LaserPerformance fails to identify Kirby's actions it alleges violate CUTPA or how those actions damaged LaserPerformance. Instead, LaserPerformance lumps its CUTPA claim in with its breach of contract claims and unjust enrichment claim, asserting that it, too, "relate[s] to Defendants' overpayment of royalties and Plaintiffs' breach of the various agreements by way of their refusal to return that money." Dkt. 231 at 55. For all the same reasons discussed above, the "damages analysis" cannot satisfy LaserPerformance's burden of showing damages on its CUTPA claim. Accordingly, the Court should grant summary judgment on counterclaim five.

> 3. <u>The "Damages Analysis" Fails to Support LaserPerformance's Claims for Damages "In Excess of $250,000" for Kirby's Alleged Unjust Enrichment.</u>

Counterclaim nine seeks damages "in excess of $250,000" for Kirby's alleged unjust enrichment as a result of LaserPerformance's overpayment of royalties. Dkt. 40, p. 40. It appears that the Adjustment Summary actually relates only to this counterclaim. However, it is insufficient to support counterclaim nine as well because LaserPerformance cannot provide any substantive basis for the figures asserted in the documents. As noted, neither corporate designee William Crane nor financial controller Maria Iorio could substantiate the calculations reflected. It appears no one at LaserPerformance understands how these figures were derived, so it is certainly impossible for Kirby to understand them. This inability to provide supporting

5

documentation fails to comply with Rule 26.  Accordingly, the Adjustment Summary is insufficient to support LaserPerformance's damages claims under the Federal Rules, and Kirby is entitled to summary judgment on counterclaim nine as well.

## II. LASERPERFORMANCE'S DISCOVERY DELAYS CANNOT BE USED TO JUSTIFY ITS FAILURE TO ADEQUATELY SUPPORT ITS DAMAGES CLAIMS.

LaserPerformance goes to great lengths in its attempts to justify its failure to submit its "damages analysis" prior to the close of discovery.  Indeed, LaserPerformance knows that it has failed to sustain its counterclaim damages requests.  Thus, it vehemently disputes Kirby's assertion that the "damages analysis" was untimely and should not, therefore, be considered.  In fact, LaserPerformance's "damages analysis" is inadequate anyway.  The fact that Plaintiff was taking depositions at the and after the discovery deadline is a direct result of Defendant's failure to produce documents for nearly a year.  Kirby completed its document production in June and was deposed in June.  There is no excuse for Defendant's failure to provide its purported damages analysis after the close of discovery, especially when Kirby provided its own analysis well before the close of discovery and in accordance with the Court's schedule.  Moreover, Defendant completed its "damage analysis" in July of 2014, yet waited until after the close of discovery to first identify it.

## III. CONCLUSION

For the foregoing reasons, as well as those stated in Kirby's Memorandum in Support of Its Motion for Summary Judgment and accompanying Local Rule 56(a)(1) Statement, Kirby respectfully requests that the Court dismiss counterclaims five through nine because LaserPerformance has failed to provide any basis for its damages claims.  Kirby further requests the Court grant summary judgment dismissing counterclaims three and four, as LaserPerformance has consented to this request.

Respectfully submitted,

April 7, 2015

*/s/ Walter B. Welsh*
Wesley W. Whitmyer, Jr., ct03509
Andy I. Corea, ct25925
Walter B. Welsh, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: acorea@ssjr.com; litigation@ssjr.com

ATTORNEYS FOR PLAINTIFFS
BRUCE KIRBY and BRUCE KIRBY, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of April, 2015, a true and correct copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

This is to further certify that a true copy of the confidential, unredacted document that is the subject of a Motion to Seal is being served via electronic means and first class mail, postage prepaid, to the following:

| | |
|---|---|
| Simon I. Allentuch<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, CT 06510<br>Sallentuch@npmlaw.com | Kevin H. Vanderleeden<br>John C. Linderman<br>J. Kevin Grogan<br>McCormick, Paulding & Huber, LLP<br>185 Asylum Street, Cityplace II<br>Hartford, CT 06103<br>vanderleeden@ip-lawyers.com<br>lind@ip-lawyers.com<br>grogan@ip-lawyers.com |
| Kevin C. Cain<br>ZIZIK, POWERS, O'CONNELL,<br>SPAULDING & LAMONTAGNE, P.C.<br>690 Canton Street, Suite 306<br>Westwood, MA 02090<br>kcain@zizikpowers.com | |

<u>April 7, 2015</u>                                            <u>/s/ Joan M. Burnett                        </u>
Date                                                                        Joan M. Burnett