# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., *et al.*,<br>　　*Plaintiffs*,<br><br>　　v.<br><br>LASERPERFORMANCE (EUROPE)<br>LIMITED, *et al.*,<br>　　*Defendants*. | No. 3:13-cv-00297 (JAM) |

## RULING ON MOTIONS TO AMEND AND FOR CLARIFICATION

Nine months after the Court's summary judgment ruling in this case, counterclaim defendant Global Sailing Limited (GSL) filed a motion to amend its answer to add counterclaims (Doc. #298) corresponding to the contractual causes of action (Counts V to VII of the amended complaint) for which I concluded in my summary judgment ruling that the Kirby plaintiffs had transferred their rights to GSL (Doc. #283). On the same day, plaintiffs Bruce Kirby and Bruce Kirby, Inc. filed a motion for clarification (Doc. #299) of my summary judgment ruling, contending in essence that the Court's prior ruling mistakenly concluded that plaintiffs did not have standing to pursue their trademark-related claims as alleged in Counts I through IV of the amended complaint. The Court heard oral argument on both these motions on June 19, 2017.

*GSL's Motion to Amend*

As to GSL's motion to amend its answer to add counterclaims (Doc. #298), I conclude that the motion is manifestly untimely and that GSL has not shown good cause for its late filing. The "good cause" inquiry turns on whether the moving party displayed some degree of diligence in moving to amend his or her complaint. *See, e.g., Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (noting that "the primary consideration is whether the moving party

1

can demonstrate diligence"). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014).

GSL argues that it did not attempt to bring claims for royalties earlier because, until the Court's summary judgment ruling, "it believed that the Kirby Plaintiffs were the appropriate party to do so." Doc. #298-1 at 3. But defendants asserted the standing defense—arguing that the Kirby plaintiffs had transferred their contract rights to GSL—from the start of this case. Therefore, even if GSL believed that the Kirby plaintiffs were the ones who had standing, GSL was certainly on notice in 2013 of the possibility that the Court might ultimately agree with defendants, and thus GSL could have preserved these claims by asserting them four years ago in 2013.

But even assuming that GSL was justified in waiting until after the Court ruled on whether the Kirby plaintiffs had transferred their rights to GSL, nine months elapsed between my summary judgment ruling and GSL's motion for leave to amend. GSL has not demonstrated good cause for this delay. The fact that the parties were engaged in settlement discussions does not excuse GSL's lack of diligence. *See Gullo v. City of N.Y.*, 540 Fed. App'x 45, 47 (2d Cir. 2013) (affirming district court's denial of motion to amend complaint that was untimely filed three months after plaintiffs learned facts that warranted amendment and notwithstanding plaintiffs' claim that their delay was justified by ongoing settlement discussions and would not prejudice defendants).

Moreover, according to GSL's reply, the parties were attempting to settle the case "until at least late February of this year." Doc. #310 at 8. GSL offers no explanation for the time that elapsed between the end of settlement attempts in late February and the filing of the motion to

amend the complaint almost three months later in May. Moreover, in addition to finding that GSL did not act diligently, I find that the proposed amendment would prejudice defendants in this case, largely for the reasons indicated by defendants in their opposition briefing and at oral argument. Accordingly, I will deny GSL's motion for leave to amend its answer to add counterclaims.

### *Kirby Plaintiffs' Motion for Clarification*

I will next address plaintiffs' motion for clarification (Doc. #299). At the outset, there is no question that this motion is not one for "clarification" but is actually one for substantive reconsideration of my prior ruling that the Kirby plaintiffs did not have standing to maintain their trademark-related claims as alleged in Counts I through IV of the amended complaint.

Notwithstanding that the motion is manifestly untimely, I will grant the motion in the interests of justice, because it is clear to me that the Court was mistaken in its summary judgment ruling with respect to its understanding of the scope of intellectual property rights that were sold (rather than licensed) by the Kirby plaintiffs to GSL. The parties do not dispute that the BRUCE KIRBY® trademark was not sold to GSL.

Despite the fact that plaintiffs waited so long without good cause to file this motion, I think it would be inequitable for the Court not to acknowledge its error. When the Court previously dismissed Counts I through IV, it did so on the basis of the lack of standing, which of course is an issue that a federal court has authority *sua sponte* to raise at any time in litigation. The Court dismissed Counts I through IV despite the fact that defendants themselves did not seek dismissal of these particular counts on standing grounds (likely because defendants knew that the BRUCE KIRBY® trademark had not been sold to GSL). In view that defendants did not seek dismissal of Counts I through IV on standing grounds, I do not think it was incumbent on

plaintiffs to have anticipated the Court's mistake by making a fuller record of precisely what intellectual property rights had been sold rather than licensed to GSL. Because of the Court's own mistaken understanding on this issue, I think it is appropriate to correct the error notwithstanding that plaintiffs delayed without good cause in seeking reconsideration.

## CONCLUSION

For the reasons explained above, GSL's motion for leave to amend its answer to add counterclaims (Doc. #298) is DENIED. Plaintiffs' motion for clarification (Doc. #299) is GRANTED, and therefore I will consider anew those arguments advanced by defendants in their summary judgment briefing as to Counts I through IV. In light of the passage of time, the parties shall submit by July 12, 2017, any supplemental authorities or any supplemental memoranda not to exceed 10 double-spaced pages with respect to the arguments previously made for and against the dismissal of Counts I through IV of the amended complaint. All other scheduling orders and obligations with respect to the filing of a Joint Trial Memorandum and trial are stayed, in contemplation of a renewed trial scheduling order following the Court's issuance of a ruling with respect to defendants' summary judgment motion as to Counts I through IV.

It is so ordered.

Dated at New Haven this 21st day of June 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge