UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC. ET AL | : | |
| | : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| LASERPERFORMANCE (EUROPE) | : | |
| LIMITED, ET AL. | : | |
| | : | |
| Defendants. | : | DECEMBER 15, 2017 |

**REPORT OF PARTIES PLANNING MEETING**
**PURSUANT TO FED. R. CIV. P. 26(f)**

Date Original Complaint Filed: July 12, 2017

Date Complaint Served on Farzad Rastegar: July 21, 2017

Date Complaint Served on Quarter Moon Incorporated ("QMI"): August 21, 2017

Date Complaint Served on LaserPerformance (Europe) Limited ("LPE"): August 15, 2017

Date of Appearance by Farzad Rastegar: October 4, 2017

Date of Appearance by LPE: October 4, 2017

Date of Amended Complaint: November 9, 2017

Date Amended Complaint Served on Farzad Rastegar: November 9, 2017

Date Amended Complaint Served on LPE: November 9, 2017

Date Amended Complaint Served on LaserPerformance, LLC ("LP"): November 16, 2017

Date Amended Complaint Served on Dory Ventures, LLC ("DV"): November 16, 2017

Date of Appearance by LP: November 16, 2017

Date of Appearance by DV: November 16, 2017

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on December 11, 2017. The participants were:

- Jeffrey E. Schiller, of Grogan, Tuccillo & Vanderleeden, LLP for Plaintiff;

- Raymond W. Zenkert, III, of Grogan, Tuccillo & Vanderleeden, LLP for Plaintiff;

- Benjamin N. Luehrs of Whitmyer IP Group, LLC for the Kirby Plaintiffs;

- Douglas S. Skalka, of Neubert, Pepe & Monteith, P.C. for defendants; and

- Anthony C. Famiglietti, of Neubert, Pepe & Monteith, P. C. for Defendants.

## I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with the clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

A. Subject Matter Jurisdiction:

Subject matter jurisdiction is alleged to arise under certain laws of the United States, (see Title 15, U.S.C. Sections 1051 *et seq.*, as amended (hereinafter the "Lanham Act"), 1114 and 1125, as well as state statutory and common law grounds including claims of unfair competition, breach of contract, and tortious inducement to breach. This Court has subject matter jurisdiction

pursuant to 15 U.S.C. Sections 1121, and 28 U.S.C. Sections 1331, 1338, and 1367(a) because this Complaint raises federal questions under the Lanham Act, and pursuant to 28 U.S.C. 1332 (a) with respect to all of the claims because of the parties' diversity of citizenship.

This court also has pendant jurisdiction over the state court claims.

  B. Personal Jurisdiction:

  Plaintiff alleges that Personal jurisdiction over Defendants is vested in the United States District Court for the District of Connecticut pursuant to Conn. Gen. Stat. § 52-59b. Plaintiff further alleges that Defendants conduct business in Connecticut and that their acts within or directed toward Connecticut have caused injury to Plaintiff in Connecticut. In particular, Plaintiff alleges that Defendants actively promote and sell their products and services in Connecticut, have advertised in Connecticut, have intentionally acted in a manner to cause injury in Connecticut, and/or have had direct business dealings with Plaintiff in Connecticut.

  Defendants do not contest personal jurisdiction.

III. **Brief Description of the Case**

  The amended complaint filed on November 9, 2017 amends the original complaint filed in the case Global Sailing Limited V. LaserPerformance (Europe) Limited et. al., Case no. 3:17-CV-01158 (JAM) ("the '158 action"). The '158 action was a related case under Local Rule 40 to a lead case already before this court: Bruce Kirby, et. al. v. LaserPerformance ("Europe") Limited, et. al., Case no. 3:13-cv-00297 JAM ("the '297 action"). On October 6th, 2017, the court ordered the consolidation of the '158 action and '297 action.

 A. Claims of Plaintiff Global Sailing Limited

  Certain claims in this action are essentially identical to certain claims asserted in the original complaint of the '297 action, albeit with a different Plaintiff; others arise out of the

same set of operative facts as are present in the '297 action.  Additional claims against new defendants are added in light of newly uncovered facts.

The dispute concerns the production, sale, and racing of sailboats designed by Bruce Kirby ("Kirby") and his company, Bruce Kirby, Inc. ("BKI") (collectively, the "Kirby Plaintiffs"). In order to establish the Kirby sailboat design as a standard class for international racing, the Kirby Plaintiffs reached agreements with the various sailboat Builders (hereinafter "Builders Agreements") who held rights to the Laser name as well as the international governing bodies that regulate competitive sailing. Under the terms of these agreements, the Builders paid a royalty to the Kirby Plaintiffs and received the right to manufacture boats according to the Kirby sailboat design and a uniform Construction Manual and to affix a plaque on the hull of each boat featuring Kirby's name and trademark, and a unique hull/sail number.

The plaque confirms that the boat was built according to the Kirby sailboat design and is authorized by Kirby.  Only those boats manufactured under the various Builders agreements and bearing the appropriate plaques were entitled to race in events sanctioned by the international governing bodies.

The rights to manufacture, sell and affix the plaque to Kirby Sailboats were assigned and sold by and to various entities over the years. As of 2008, those rights were owned by Defendants QMI and LPE under the respective Builders Agreements. On information and belief, both QMI and LPE were, and are, controlled by defendant Rastegar and/or DV of which Rastegar has served as an executive director.

 In 2008, the Kirby Plaintiffs decided to sell their rights in the Laser boat design. They entered into a sales contract with GSL to receive a fixed sum for certain of the interest in the Kirby Sailboat including, inter alia, all royalty rights under the Builders Agreements for the sale of Kirby Sailboats. In January 2009, GSL informed LPE and QMI that the rights had been

4

assigned and to send all royalty payments to GSL. However, LPE and QMI continued to send royalties to the Kirby Plaintiffs. When the Kirby Plaintiffs refused to accept the payments, LPE and QMI first made the payments in escrow and then stopped paying altogether. Both LPE and QMI also refused, on orders from Rastegar and/or DV, to allow representatives of GSL to review and inspect the books and records pertaining to the sale of Kirby Sailboats as required by the Builders Agreements. This refusal continued after the first refusal, and continues unabated to the present.

In 2011, the Kirby Plaintiffs and GSL entered another agreement that purported to revise the parties' relationship in light of the lack of consent by the Builders to the transfer of rights to GSL. Following entry into that agreement, the Kirby Plaintiffs then terminated the Builders Agreements with LPE and QMI in 2012.

The Plaintiff asserts that LPE and QMI are in default of the Builders Agreements. Specifically, Defendants denied representatives of GSL and/or the Kirby Plaintiffs access to their books and records, which GSL is authorized to have pursuant to the Builder Agreements; and that since at least 2008, Defendants have not made royalty payments, as they are required to do under the Builder Agreements. In particular, when the Kirby Plaintiffs advised Defendants that GSL should be paid, Defendants refused. Since at least 2011, Defendants have not even attempted to make royalty payments to any party. As a result of these defaults, GSL sent notices to the Defendants in 2012, terminating the Builders Agreements.

Despite the termination of the Builder Agreements, LPE, QMI, and LP continue to build and sell Kirby Sailboats. Specifically, upon information and belief, LPE builds the Kirby Sailboats in the United Kingdom and has, and continues to, ship some of these Kirby Sailboats to the LP in the United States. Upon information and belief, LP thereafter sells the Kirby Sailboats in the United States.

5

Lacking authority and proper license for building the Kirby Sailboats since the notices of termination of the Builders Agreement, LPE and/or LP nevertheless, have, and continue to, misrepresent to buyers and distributors of these boats that the boats they have purchased from LPE and/or LP are properly licensed Kirby Sailboats. Thus, LP, LPE, and QMI are making false designation of origin and/or descriptions of fact which are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association...or as to the origin, sponsorship, or approval of...goods, services or commercial activities..."

Moreover, LPE has continued to use the production tooling, molds and plugs following the notices of termination of the 1983 Builders Agreement, with LP assisting LPE in selling Kirby Sailboats in the United States, which is outside the territories originally authorized in the Builders Agreement. As LP was neither a party to the Builders Agreements, nor was a successor in interest to any party, LP was never authorized to sell Kirby Sailboats anywhere in the world at any time. Thus, LPE has never been authorized to sell Kirby Sailboats in the United States.

Further, QMI is currently building and selling Kirby Sailboats, and continues to use the Construction Manual, production tooling, molds, plugs and designs following the notices of termination of the 1989 Builders Agreement.

Plaintiff further asserts that Mr. Rastegar and/or DV commonly controls LPE, LP, and QMI, and has caused and directed the actions of LPE and LP, as alleged herein.

B. Claims of Kirby Plaintiffs

The Kirby Plaintiffs have asserted trademark related claims (Count I-IV) against the Defendants QMI and LPE.  The Court is currently considering QMI and LPE's motion for summary judgment on these claims.

6

On August 16, 2017, BKI filed another lawsuit against QMI, LP, DV, and Farzad Rastegar concerning these defendants' marketing and offering for sale a "Kirby" fishing boat. *Bruce Kirby, Inc. v. Quarter Moon, Inc.*, *et al.* Case no. 3:17-cv-01389 (D. Conn.) ("the '389 action"). Interests of equity and judicial economy support consolidation of the '389 action and the '297 action, and the case schedule of the '389 action should be the same as the schedule stated herein. Moreover, the '389 action and the '297 action should be tried together as these actions involve common parties and common questions of law and fact.

C.   Claims and Defenses of Defendants

The Defendants will file a motion to dismiss the Lanham Act and CUTPA claims (DE 327, Claims III - VIII) for failure to state a claim by December 18, 2017.  As to the breach of contract claims, Defendants are reviewing the applicable facts and information and plan to assert affirmative defenses, including statute of limitations defenses.

Defendants QMI and LPE will continue to pursue their counterclaim against GSL that they overpaid royalties that improperly included charges for packaging.  See DE 283, p. 13. LPE and QMI also have pending counterclaims (Counterclaims V-IX) against the Kirby Plaintiffs that remain after the Court's summary judgment decision.  See DE 283, pp. 11-12. The counterclaims state causes of action for violation of CUTPA, breach of the 1983 Builder Agreement, breach of the 1989 Builder Agreement, breach of the November 2005 Agreement, and unjust enrichment.  See DE 40.

The Defendants oppose the Kirby Plaintiffs' request that the '389 action be consolidated and tried together with this case.  There are parties to this action, including the Plaintiff, Global Sailing, that are not parties to the '389 action.  The facts alleged in the new action are separate and apart from the facts alleged in this action.

**IV.   Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

a)        On or about November 30, 1983, Kirby, the International Yacht Racing Union ("IYRU"), ILCA, IYRU Holdings Limited, and Laser International Holdings (1983) Limited entered into an agreement.

b)        On or about July 11, 1983, Kirby entered into a License Agreement ("1983 Builder Agreement") with Brook Shaw Motor Services Ltd. ("Brook Shaw").

c)        On or about August 30, 1995, Performance Sailcraft Europe Limited ("PSE") succeeded to all of Brook Shaw's rights and obligations under the 1983 Builder Agreement pursuant to a written amendment between PSE and Kirby. On or about May 3, 2005, Kirby and PSE entered an Amendment to the 1983 Builder Agreement. On or about June 16, 2005 Bruce Kirby and PSE entered into an Amendment to the 1983 Builder Agreement.

d)        On or about March 31, 1989, Kirby entered into a License Agreement ("1989 Builder Agreement") with PY Small Boat, Inc. ("PYSBI"). In or about 1991, Sunfish/Laser, Inc. succeeded to all of PYSBI's rights and obligations under the 1989 Builder Agreement. On or about March 25, 1997, Kirby and Sunfish/Laser, Inc. entered into an Amendment by which Quarter Moon, Inc. d/b/a Vanguard Racing Sailboats ("QM Vanguard") succeeded to all Sunfish/Laser, Inc.'s rights and obligations in and to the 1989 Builder Agreement.

e)        The records of the United States Patent and Trademark Office ("USPTO") indicate that BKI is the owner of U.S. Trademark Registration No. 3532451 for the mark BRUCE KIRBY® for use in connection with "Boats."

f)        The records of the USPTO indicate that the current owner of the LASER

8

trademark in the United States is Karaya (Jersey) Limited, with an address of 14 Conway Street, St. Helier, Jersey, Channel Islands.

g)    The records of the United Kingdom Intellectual Property Office ("UKIPO")

indicate that the current owner of the LASER trademark in the United Kingdom is Velum

Limited ITM SA (Antigua and Barbuda), with an office at 17 rue du Cendrier, PO Box 1699 CH-1211 Geneva 1, Switzerland.

h)    The records of the Office for Harmonization in the Internal Market ("OHIM")

indicate that the current owner of the LASER community trademark in Europe is Velum Limited

ITM SA (Antigua and Barbuda), with an office at 17 rue du Cendrier, PO Box 1699 CH-1211

Geneva 1, Switzerland.

**V.    Case Management Plan**

    A.  Standing Order on Scheduling in Civil Cases

    The parties **request** modification of the deadlines in the Standing Order on Scheduling in

Civil Cases as follows:

- Discovery due: July 20, 2018

- Plaintiff's Expert Disclosures: March 30, 2018

- Plaintiff's Expert Depositions: May 15, 2018

- Defendants' Expert Disclosures: May 30, 2018

- Defendants' Expert Depositions: July 20, 2018

- Damages analysis due: August 17, 2018

- Dispositive motions due: September 17, 2018


    B.  Scheduling Conference with the Court

The parties **do not** request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference **by Telephone**.

C. Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice; but **do not** believe settlement can be achieved. **Settlement may be enhanced by use of the following procedure: a settlement conference with a master or magistrate.**

2.      The parties **do not request** an early settlement conference.

3.      The parties prefer a settlement conference with **a magistrate judge.**

4.      The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. Joinder of Parties and Amendment of Pleadings

1.      Plaintiff should be allowed until January 8, 2018 to file motions to join additional parties and until January 8, 2018 to file motions to amend the pleadings.

2.      Defendants should be allowed until January 8, 2018 to file motions to join additional parties and until January 8, 2018 to file motions to amend the pleadings.

E. Discovery

a.      The parties anticipate that discovery will include, but not be limited to, the following subjects:

- **default of contract;**

- **liability, including but not limited to statute of limitations defenses;**

- **ownership and contractual obligations among corporate and individual defendants;**

- **Likelihood of confusion;**

- **Damages; and**

- **Validity.**

b.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commended immediately and completed by July 20, 2018.

c.      Discovery **will not** be conducted in phases.

d.      Fact discovery will be completed by July 20, 2018.

e.      The parties anticipate that Plaintiff will require a total of 10-12 depositions of fact witnesses and that Defendants will require a total of 10-12 depositions of fact witnesses. The depositions will commence immediately and be completed by July 20, 2018.

f.      The parties **will not** request permission to serve more than 25 interrogatories.

g.      Plaintiff **intends** to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 30, 2018. Depositions of any such experts will be completed by May 15, 2018.

h.      Defendants **intend** to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) by May 30, 2018. Depositions of any such experts will be completed by July 20, 2018.

i.      A damages analysis will be provided by August 17, 2018 by any party who has a claim or counter claim for damages.

j.      The undersigned have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall

11

be produced, search terms are to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information or the parties:

- All electronic documents, including all email, documents, archives, and webpages, of either party relating to the parties' businesses and activities in issue in the action shall be retained.

Undersigned counsels have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production.

a. The party claiming privilege shall give written notice of the privilege;

b. the party who has received the documents shall return or delete all copies of the document within ten (10) days ;

c. If the party who received the documents believes the claim of privilege is improper, it shall promptly institute a telephonic discovery conference with chambers and can adjourn return and deletion of the document until after a telephonic discovery conference is held.

F.  Dispositive Motions:

Dispositive Motions will be filed on or before September 17, 2018.

G. Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 1, 2018, unless there is a pending motion for summary judgment, in which case the Joint Trial Memorandum will be due sixty (60) days after an Order is entered with respect to such pending motion for summary judgment.

VI.   TRIAL READINESS

The case will be ready for trial by November 9, 2018. As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this section.

VII.   MISCELLANEOUS

The Kirby Plaintiffs seek to consolidate the '389 action with the '297 action and apply the schedule herein to that case.  The Defendants do not agree that the cases should be consolidated and tried together.

Date: December 15, 2017                Respectfully submitted,


/s/J. Kevin Grogan
J. Kevin Grogan (ct00331)
Grogan, Tuccillo & Vanderleeden, LLP
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543
Email: grogan@gtv-ip.com
*Attorney for Plaintiff, Global Sailing Limited*


/s/Walter B. Welsh
Wesley W. Whitmyer, Jr., ct03509
Walter B. Welsh, ct01220
Benjamin N. Luehrs (*pro hac vice pending*)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT  06901
Tel. 203 703-0800
Fax 203-703-0801
Email: litigation@whipgroup.com
      wwelsh@whipgroup.com
      bluehrs@whipgroup.com
*Attorneys for Plaintiffs, Bruce Kirby and Bruce Kirby Inc.*


/s/ Anthony C. Famiglietti
Anthony C. Famiglietti (ct30221)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510
Tel: (203) 821-2000
Fax: (203)821-2009
Email: afamiglietti@npmlaw.com
*Attorneys for Defendants, Farzad Rastegar, LaserPerformance (Europe) Ltd., Quarter Moon, Inc., LaserPerformance, LLC, and Dory Ventures, LLC*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, a true copy of the foregoing REPORT OF

PARTIES' PLANNING MEETING PURSUANT TO FED. R. CIV. P. 26(f) was filed

electronically and served by mail on anyone unable to accept electronic filing. Notice of this

filing will be sent by e-mail to all parties by operation of the court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing. Parties may access this filing through the court's CM/EFC System.

/s/J. Kevin Grogan
J. Kevin Grogan