UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL<br><br>      Plaintiff,<br><br>V.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET AL.<br><br>      Defendants | Civil Action No. 3:13-CV-00297 (JAM)<br><br><br><br><br><br><br><br>January 12, 2018 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

J. Kevin Grogan, Esq.  (CT00331)
Grogan, Tuccillo & Vanderleeden, LLP
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543
Email: SailLit@gtv-ip.com

*Counsel for Plaintiff, Global Sailing Limited*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................1
   A. THE PARTIES ...................................................................................................................1
   B. BACKGROUND .................................................................................................................2

II. ARGUMENT ..............................................................................................................................3
   A. LEGAL STANDARDS ........................................................................................................4
      i. *Motion to Dismiss* ....................................................................................................4
      ii. *The Lanham Act* .....................................................................................................5
      iii. *Connecticut Unfair Trade Practice Act* ................................................................7
   B. PLAINTIFF HAS PROPERLY PLEAD CLAIMS UNDER BOTH THE LANHAM ACT AND CUTPA AGAINST LP, LPE, QMI, RASTEGAR, AND DV. ...................................................................8
      (I) THE PLEADING (CLAIM III) FOR UNFAIR COMPETITION UNDER THE LANHAM ACT AGAINST LP, LPE, AND QMI IS SUFFICIENT. ...................................................................8
      (II) THE PLEADING (CLAIM IV) FOR UNFAIR COMPETITION UNDER THE LANHAM ACT AGAINST RASTEGAR IS SUFFICIENT. ....................................................................................10
      (III) THE PLEADING (CLAIM V) FOR UNFAIR COMPETITION UNDER THE LANHAM ACT AGAINST DV IS SUFFICIENT. ....................................................................................................10
      (IV) THE PLEADING (CLAIM VI) FOR VIOLATION OF CUTPA AGAINST LP, LPE, AND QMI IS SUFFICIENT. 11
      (V) THE PLEADING (CLAIM VII) FOR VIOLATION OF CUTPA AGAINST RASTEGAR IS SUFFICIENT. .........13
      (VI) THE PLEADING (CLAIM VIII) FOR VIOLATION OF CUTPA AGAINST DV IS SUFFICIENT. ...................13
   C. DEFENDANTS' CHARACTERIZATION OF PLAINTIFF'S LANHAM ACT AND CUTPA CLAIMS AS BREACH OF CONTRACT CLAIMS IS AN ATTEMPT TO CONFUSE THE COURT. ...........................................14
      i. *Neither the Lanham Act nor CUTPA Require a Plaintiff to Assert a Registered Trademark.* ......14
   D. THE CUTPA CLAIMS STAND INDEPENDENT OF THE LANHAM ACT AND BREACH OF CONTRACT CLAIMS. ...................................................................................................................15

III. CONCLUSION ........................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Aschroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)................................................ 4, 9, 12, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007).................................................. 4

*Boulevard Assocs. V. Sovereign Hotels*, 72 F.3d 1029 (2d Cir. 1995)………….………………… 14

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, Gmbh*, 843 F.3d 48, 65, 2016 U.S. App. LEXIS 23612 (2d Cir. 2016).................................................................................... 6, 8

*Langan v. Johnson & Johnson Consumer Cos.*, 95 F. Supp. 3d 284, 2015 U.S. Dist. LEXIS 43044, 2015 WL 1476400 (D. Conn 2015)...................................................................... 7

*Larsen Chesley Realty Co. v. Larsen*, 232 Conn. 480 (1995)............................................................ 7

*Laura Laaman & Assocs., LLC v. Davis*, 2017 U.S. Dist. Lexis 194175, 2017 WL 571193 (D. Conn Nov. 27, 2017)............................................................................................... 6

*Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014)............................... 5, 6

*Montanez v. D&D Auto, LLC*, 2016 U.S. Dist. LEXIS 40911 (D. Conn. 2016) ……………… 14

*Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214....................................................... 7, 11

*Richard v. Direct Energy Servs. LLC*, 120 F. Supp. 3d 148 (D. Conn. 2015)
……………………………………………………………………… 5, 6, 7, 10, 11, 13, 14

*Rivera v. JetBlue Airways Corp.*, 2018 U.S. Dist. LEXIS 187 …………………………….....1

*Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d. 836 (S.D.N.Y 2000)............................................ 1, 5

*Walker v. Deutche Bank Nat'l Truct Co.*, 2017 U.S. Dist. LEXIS 43044, 2017 WL 1115201 (D. Conn. Mar. 24, 2017)..............................................................................................7

*Willow Springs Condominium Ass'n, Inc. v. Seventh BRT Dev. Corp.*, 245 Conn. 1, 42, 717 A. 2d 77 (1998)...................................................................................................................6

**Statutes and Rules**

Fed. R. Civ. P. 8(a)(2).................................................................................................................. 4

15 U.S.C. § 1125(a)...................................................................................................................... 5

Conn. Gen. Stat. § 42-110b(a)......................................................................................................6

## I. INTRODUCTION

Plaintiff Global Sailing Limited ("GSL") submits this Memorandum in opposition to Defendants' Motion to Dismiss and supporting Memorandum (collectively "the Defendants' Motion"). Dkt. # 341. The Court should deny the Defendants' Motion as the statements within the Amended Complaint are: 1) sufficient to give the Defendants "fair notice of the claims" so that they may "answer and prepare for trial"; and 2) sufficient for this Court to recognize that "legal theories exist [under the Lanham Act and the Connecticut Unfair Trade Practices Act ("CUTPA")] upon which relief could be accorded [to Plaintiff]." *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d. 836, *841, (S.D.N.Y. 2000) (*quoting Shalahudin v. Cuomo*, 861 F. 2d 40, 42 (2d Cir. 1988) and *Moore's Federal Practice* § 12.34[1][b] at 12-60 (3d ed.)). Simply put, the Amended Complaint contains "enough facts to state...plausible [claims]" for false advertising and unfair trade practices via the manufacture and sale of unlicensed boats to the public under the false premise that such boats are indeed licensed "Kirby Sailboats". See *Rivera v. JetBlue Airways Corp.*, 2018 U.S. Dist. LEXIS 187 at *4 (D. Conn. Jan. 2, 2018 (JAM)).

### A. The Parties

Plaintiff Global Sailing Limited ("GSL") is a limited liability company having a place of business at level 8, 57 Symonds Street, Auckland, New Zealand 1010.

Defendant LaserPerformance (Europe) Limited ("LPE"), on information and belief, is incorporated in England and Wales, having a place of business at StationWorks, Long Buckby, Northampton, NN6 7PF, England, United Kingdom.

Defendant Quarter Moon, Incorporated ("QMI"), on information and belief, is a Rhode Island Corporation, listed in the Rhode Island state records as having a place of business at 200 Highpoint Avenue, Portsmouth, Rhode Island 02871.

Defendant Farzad Rastegar ("Rastegar") is an individual having a residence at 30 Broad Street, Weston, Connecticut.  Upon information and belief, Rastegar has places of business in Connecticut at 25 Van Zant Street, Norwalk, Connecticut 06855; 125 Main Street, Westport, CT 06880; and 4 Testa Place, Norwalk, CT 06854.

Defendant LaserPerformance LLC ("LP") is a Connecticut business having a place of business at 25 Van Zant Street, Norwalk, Connecticut 06855 and at 30 Railroad Ave., West Haven, Connecticut 06516.

Defendant Dory Ventures, LLC ("DV") is a Connecticut business having a place of business at 10 Marshal St, Norwalk, Connecticut 06854 and at 25 Van Zant Street, Norwalk, Connecticut 06855.

Bruce Kirby, Inc., *et al.* ("the Kirby Plaintiffs") is a Plaintiff in the 3:13-cv-0297 ("the '297 action") and includes Bruce Kirby and Bruce Kirby Incorporated ("BKI").  Bruce Kirby is an individual having a primary residence located at 213 Rowayton Ave., Rowayton, Connecticut, 06853, and BKI is a Connecticut corporation having a place of business at 213 Rowayton Ave., Rowayton, Connecticut, 06853.

### B. Background

As the Court is aware, this case concerns the manufacture and sale of LASER sailboats, also known as "Kirby Sailboats", which were originally designed and licensed by Bruce Kirby beginning in the 1970's. *See* Order Regarding Cross-Motions For Summary Judgment On Claims and Counterclaims ("the Summary Judgment Order"), Dkt. # 293, p. 1.  The present Amended Complaint stems from original docket number 3:17-cv-1158 (JAM) ("the '1158 action"), which was consolidated with the '297 action on October 6, 2017.  *See* Notice to Counsel, Dkt. # 321.  Plaintiff filed the original Complaint in the '1158 action as a result of this

Court's determination that Plaintiff, as opposed to the Kirby Plaintiffs, is the owner of the intellectual property rights, i.e., "the Kirby Sail Boat Rights", which control the manufacture and sale of Kirby Sail Boats.[1] *See* the Summary Judgment Order, Dkt. # 293, p. 8.

## II. ARGUMENT

The Court should deny the Defendants' Motion with respect to claims III-VIII, as the pleadings of the Amended Complaint are sufficient to place the Defendants on notice such that they may answer the Amended Complaint. Specifically, each of the challenged claims sets forth facts, that if true, are sufficient for this Court to find that the Defendants have, and continue to, engage in activates that constitute false advertising and unfair trade practices under the Lanham Act and the Connecticut Unfair Trade Practices Act ("CUTPA").

Moreover, the Defendants' attempt to mischaracterize the Lanham and CUTPA claims as mere breach of contract claims ignores statements in the Amended Complaint setting forth the nature of the harm caused by the Defendants' actions. Namely, that consumers and distributors have, and continue to be, tricked into purchasing boats under the literal falsity that such boats are indeed licensed Kirby Sailboats and eligible to be entered in sanctioned races.[2]

Further, the Defendants have based a large portion of their pending motion on the false pretense that a Plaintiff must own a trademark in order to bring claims under the Lanham Act

---

[1] Plaintiff acknowledges that the Kirby Plaintiffs are the owners of the BRUCE KIRBY® trademark. *See* Ruling on Motions to Amend and for Clarification, Dtk. # 312, p. 3. However, Plaintiff is the owner of copyright holdings in the Kirby Sailboat. *See e.g.,* U.S. Copyright Registration Nos.: VAu000297336, TXu001362085, and VA0000298296; *see* C.A. Copyright Registration No.: 368623; *see also* 1983 Agreement, Ex. 1, p. 5, ¶¶ 2.5 and 4.2, and the Agreement relating to The International Laser Class Boat, Ex. 2, p. 6, ¶¶ 5.2, (Making clear that the right to build and sell Kirby Sailboats is subject to copyright protections which were transferred to Plaintiff by operation of the 2008 Agreement.).

[2] While the International Sailing Federation "ISAF", since on or about April of 2013, no longer requires certification plaques bearing Bruce Kirby's name in order to be entered into sanctioned races, the Plaintiff maintains that such boats are not licensed Kirby Sailboats. Moreover, boats made between termination of the builder agreements on or about October 2012 and the ISAF plaque requirement change on or about April 2013 remain ineligible for sanctioned racing as they were issued non-authorized plaques.

and/or CUTPA. As will be shown below, however, a trademark right is neither a requirement of the Lanham Act nor of CUTPA.

Further still, the Defendants incorrectly state that the CUTPA claims rise and fall with the Lanham Act claims. By contrast, this Court has held that the Connecticut Legislature intended CUTPA to afford broader protections than the Lanham Act.

### A. Legal Standards

#### i. *Motion to Dismiss*

"A pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *See Aschroft v. Iqbal, ("Iqbal"),* 556 U.S. 662, 677-678, 129 S. Ct. 1937 (2009) (*citing* Fed. R. Civ. P. 8(a)(2)). Fed. R. Civ. P. 8 "does not require 'detailed allegations.'" *Id.* at 678. Rather, a pleading must "[demand] more than an unadorned" acquisition that "the defendant-unlawfully-harmed-me..." *See id.* A pleading survives a motion to dismiss by including facts, that if true, "state a claim to relief [that] is plausible on its face." *See id.* A claim is plausible on its face when the pleaded facts within the complaint, *which a court must assume to be true for the purpose of deciding a motion to dismiss,* "[allow] the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *See id.* The standard for meeting plausibility is not that the alleged facts demonstrate that the defendant "probably" committed an unlawful act, but rather, that the alleged facts show "more than a sheer possibility" that the defendant acted unlawfully. *See id.*

"A well-pleaded complaint may proceed even if it appears 'that a recovery is very remote or unlikely.'" *See Bell Atl. Corp. v. Twombly ("Twombly"),* 550 U.S. 554, 556, 12 S. Ct. 1995 (2007) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). *A complaint must merely state facts that, if true, "raise a reasonable expectation that discovery*

*will reveal evidence supporting the claim.*" *See Richard v. Direct Energy Servs., LLC.*, 120 F. Supp. 3d at *159 (D. Conn. 2015) (*citing Twombly*, 550 U.S. at 556.).

  *ii.*  **The Lanham Act**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), "prohibits, *inter alia*, misrepresentations likely to cause confusion about the source of a product." *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 841 (S.D.N.Y. 2000). In fact, the Lanham Act itself states that its purpose includes "protect[ing] persons engaged in [commerce within the control of Congress] against unfair competition..." *See Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1389 (2014).

Accordingly, the Lanham Act expressly provides that:

> *(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—*
>
>  *(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or*

> *(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,*
>
> ***shall be liable in a civil action by <u>any person</u> who believes that he or she is or is likely to be damaged by such act***. 15 U.S.C. § 1125(a) (emphasis added).

The Courts have held that the Lanham Act provides for two causes of action, namely, false association and false advertising. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1384, 188 L. Ed. 2d 392 (2014).

      a.      *False Advertising*

To prove false advertising under the Lanham Act, a plaintiff must show that: 1) the defendant made a false or impliedly false misrepresentation about a product; 2) the misrepresentation is material; 3) the defendant placed the misrepresentation into interstate commerce; and 4) the plaintiff has been or is likely to be injured as a result of the misrepresentation. *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, Gmbh*, 843 F.3d 48, 65, 2016 U.S. App. LEXIS 23612 at *65 (2d Cir. 2016). Evidence of consumer deception is not required where a misrepresentation is literally false. *See id.* "To come within the zone of interest in a § 1125(a) false-advertising suit, a plaintiff must allege an injury to a commercial interest in reputation or sales." *See Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1382 (2014).

### iii. *Connecticut Unfair Trade Practice Act*

CUTPA expressly states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *See Laura Laaman & Assocs. LLC v. Davis*, 2017 U.S. Dist. LEXIS 194175 at *26, 2017 WL 571193 (D. Conn Nov. 27, 2017) (*citing* Conn. Gen. Stat. § 42-110b(a)). In order to successfully state a claim under CUTPA, a plaintiff must plead that 1) they suffered an ascertainable loss of money or property, 2) that was caused by 3) an unfair method of competition or an unfair or deceptive act in the conduct of any trade or commerce. *See Richards v. Direct Energy Servs. LLC,* 120 F. Supp. 3d 148, 156 (D. Conn. 2015) (denying defendant's motion to dismiss CUTPA claim). "The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce." *See id.*, at *157 (*citing Willow Springs Condominium Ass'n, Inc. v. Seventh BRT Dev. Corp.*, 245 Conn. 1, 42, 717 A.2d 77 (1998).). Accordingly, "CUTPA applies to a broad spectrum of commercial activity...and must be liberally construed in favor of those whom the legislature intended to benefit." *See Larsen Chesley Realty Co. v. Larsen,* 232 Conn. 480, 492, 656 A.2d 1009 (1995); *see also Richard v. Direct Energy Servs.,* 246 F. Supp. 3d 538, 550 (D. Conn. March 31, 2017).

In determining whether a practice violates CUTPA, courts are to consider the following criteria: "1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise – in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other

businesspersons]..." *See Richards v. Direct Energy Servs. LLC*, 120 F. Supp. 3d. at *158 (*citing Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 227-28, 990 A.2d 326 (2010).).

"*A practice may violate CUTPA without meeting all three criteria – i.e. a practice 'may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three...*" *Walker v. Deutsche Bank Nat'l Trust Co.*, 2017 U.S. Dist. LEXIS 43044 at *7-8, 2017 WL 1115201 (D. Conn. March 24, 2017). *Whether a practice is unfair and thus violates CUTPA is an issue of fact not readily susceptible to resolution on a motion to dismiss. See Richards v. Direct Energy Servs. LLC*, 120 F. Supp. 3d at *158 (*citing Langan v. Johnson & Johnson Consumer Cos.*, 95 F. Supp. 3d 284, 2015 U.S. Dist. LEXIS 40984, 2015 WL 1476400, at *3 (D. Conn. 2015).). A violation of CUTPA "may be established by showing either an actual deceptive practice...or a practice amounting to a violation of public policy." *See Walker v. Deutsche Bank Nat'l Trust Co.,* 2017 U.S. Dist. LEXIS 43044 at *7-8, 2017 WL 1115201, CV. No. 3:16-cv-697 (AWT) (D. Conn. March 24, 2017).

**B.** **Plaintiff Has Properly Plead Claims Under Both the Lanham Act and CUTPA Against LP, LPE, QMI, Rastegar, and DV.**

*(i)* *The Pleading (Claim III) for Unfair Competition Under the Lanham Act Against LP, LPE, and QMI is Sufficient.*

Plaintiff respectfully submits that claim III against LP, LPE, and QMI is well plead. Specifically, claim III against LP, LPE, and QMI incorporates paragraphs 1-39 of the Amended

Complaint which clearly set forth that LP, LPE, and QMI violated the Lanham Act in that they collectively: 1) made, and continue to make, literally false representations[3] to consumers and distributors that the boats at issue in the present case are/were properly licensed Kirby Sailboats; 2) that the misrepresentations are material, e.g., only licensed boats were/are allowed to compete in sanctioned races; 3) that the misrepresentations and boats at issue were placed into commerce, i.e., shown and sold to consumers and distributors; and 4) that Plaintiff, consumers, and distributors have and continue to be damaged by the misrepresentations, i.e., lack of royalties resulting from the sale of the unlicensed boats, and purchase of boats incapable of being entered into sanctioned races. *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, Gmbh*, 843 F.3d 48, 65, 2016 U.S. App. LEXIS 23612 (2d Cir. 2016); see *also* Amended Complaint, Dkt. # 329, ¶ 45. The Amended Complaint also makes clear that the misrepresentations by LP, LPE, and QMI are literally false, i.e., the boats at issue are/were not properly licensed Kirby Sailboats.

Such assertions clearly constitute more than a mere "...pleading [of] the language of the statute and conclusory assertions..." as they convey the specific actions conducted by LP, LPE, and QMI, the nature of the misrepresentations made, and the specific harm to Plaintiff and the public. *See* The Defendants' Motion, Dkt. # 341-1, pp. 6-7. In other words, the statements within the Amended Complaint convey who, what, where, why, and how the Lanham Act was violated.

Therefore, the above facts, which this Court, for the purpose of ruling on the Defendants' Motion, must assume to be true, clearly constitute "...more than a sheer possibility..." that LP,

---

[3] The Plaintiff respectfully submits that the Defendants' are well aware that they have made multiple misrepresentations to the public regarding the status of the unlicensed boats and their relationship to Bruce Kirby. *See* Ex. 3, Waybackmachine.com screen shots depicting Laserperformance.com's advertisements expressly stating that "Every Laser in the world is identical...[and that Lasers are] a singlehanded Olympic class boat...sailed at club, national and internal levels."

LPE, and QMI have, and continue to, commit false advertising under the Lanham Act. *Iqbal*, 556 U.S. at 677-678.

Accordingly, the Plaintiff respectfully submits that Claim III is well plead.

### *(ii) The Pleading (Claim IV) for Unfair Competition Under the Lanham Act Against Rastegar is Sufficient.*

Plaintiff respectfully submits that claim IV against Rastegar is well plead. Specifically, similar to claim III, claim IV incorporates paragraphs 1-45 of the Amended Complaint, which, as shown above, demonstrate that the Amended Complaint sufficiently pleads false advertising against LP, LPE, and QMI. Paragraph 47 of the Amended Complaint asserts that Rastegar "controls and dictates" the actions of LP, LPE, and QMI. In fact, paragraph 27 of the Amended Complaint asserts that Rastegar has previously testified to the same in the '297 action. In other words, paragraphs 1-47 of the Amended Complaint are sufficient to allow this Court to reasonably infer that Rastegar is liable at least for false advertising under the Lanham Act via the actions of LP, LPE, and QMI, which Rastegar is alleged to control.

Accordingly, Plaintiff respectfully submits that should this Court find Claim III to be well plead, this Court should also find Claim IV to be well plead.

### *(iii) The Pleading (Claim V) For Unfair Competition Under the Lanham Act Against DV is Sufficient.*

Plaintiff respectfully submits that claim V against DV is well plead. Claim V incorporates paragraphs 1-48 of the Amended Complaint which, as shown above, asserts that the collective actions of LP, LPE, and QMI constitute at least false advertising under the Lanham

Act.  Paragraph 8 of the Amended Complaint expressly asserts that Rastegar controls the actions of LP, LPE, and QMI through DV.  As with claim IV, paragraphs 1-47 of the Amended Complaint are sufficient to allow this Court to reasonably infer that DV is liable at least for false advertising under the Lanham Act.  Moreover, paragraph 50 expressly asserts that DV, "...through its executive directors Rastegar, controls and dictates the actions of LPE and QMI, but not limited to their actions in building, manufacturing and selling Kirby Sailboats....[and] controls LP and LPE causing them to misrepresent to the public that the boats being sold are properly licensed Kirby Sailboats."

Accordingly, Plaintiff respectfully submits that should this Court find claim III to be well plead, this Court should also find Claim V to be well plead.

> **(iv)    The Pleading (Claim VI) for Violation of CUTPA Against LP, LPE, and QMI is Sufficient.**

Plaintiff respectfully submits that Claim VI against LP, LPE, and QMI is well plead.  Specifically, Claim VI incorporates paragraphs 1-51 of the Amended Complaint which assert that the collective actions of LP, LPE, and QMI have, and continue to, 1) result in the loss of royalties by Plaintiff 2) brought about by acts caused by 3) an unfair method of competition, e.g., manufacturing of unlicensed boats, or an unfair or deceptive act in the conduct of any trade or commerce, e.g., deceiving consumers and distributors into believing they have/are purchasing licensed Kirby Sailboats.  *See Richard v. Direct Energy Servs, LLC.*, 120 F. Supp. 3d 148 at *156.  In other words, the statements of the Amended Complaint make clear that Plaintiff is alleging that LP, LPE, and QMI have, and continue to, collectively manufacture boats in violation of both the Builder Agreements and Plaintiff's Intellectual Property rights in the design

of the Kirby Sailboat, and peddle the same boats to consumers and distributors under the literal false pretense that such boats are fully licensed Kirby Sailboats. *There is simply no mystery as to what actions by LP, LPE, and QMI the Plaintiff is asserting, via the Amended Complaint, constitute a violation of CUTPA.*

Plaintiff further submits that the sale of unlicensed boats under the literal false pretense that the alleged boats are indeed licensed Kirby Sailboats violates CUTPA since, as stated by the Amended Complaint, such a practice: 1) offends public policy, i.e., consumers and distributors have been duped into purchasing boats which cannot be entered into a sanctioned race; 2) is immoral, unethical, and/or unscrupulous as LP, LPE, and QMI are essentially lying to the public while simultaneously evading payment of the debt owed to Plaintiff; and 3) is injuring both Plaintiff, e.g., failure to collect royalties owed, and the public, e.g., tricking consumers and distributors into purchasing unlicensed boats under the false pretenses that such boats are eligible to be entered into sanctioned races. *See Richard v. Direct Energy Servs. LLC*, 120 F. Supp. 3d. at *158 (*citing Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 227-28, 990 A.2d 326 (2010).); *see* Amended Complaint, ¶¶ 1-51. In particular, the sale of unlicensed boats is a blatant subversion of Plaintiff's contractual and intellectual property rights in the Kirby Sailboat, as well as an infringement of the Kirby Plaintiffs' trademark rights - public policy favors enforcement of these rights.

Again, such assertions clearly constitute more than a mere "...pleading [of] the language of the statute and conclusory assertions..." as they convey the specific actions conducted by LP, LPE, and QMI, the nature of the misrepresentations made, and the specific harm to Plaintiff and the public. *See* The Defendants' Motion, Dkt. # 341-1, pp. 6-7. In other words, the statements within the Amended Complaint convey who, what, where, why, and how CUTPA was violated.

Therefore, the above facts, which this Court, for the purpose of ruling on the Defendants' Motion, must assume to be true, clearly constitute "...more than a sheer possibility..." that LP, LPE, and QMI have, and continue to, violate CUTPA. *Iqbal*, 556 U.S. at 677-678.

Accordingly, the Plaintiff respectfully submits that Claim V is well plead.

### (v) *The Pleading (Claim VII) for Violation of CUTPA Against Rastegar is Sufficient.*

Plaintiff respectfully submits that claim VII against Rastegar is well plead. Specifically, similar to claim VI, claim VII incorporates paragraphs 1-51 of the Amended Complaint, which, as shown above, demonstrate that the Amended Complaint sufficiently pleads a violation of CUTPA against LP, LPE, and QMI. As shown above, paragraph 47 of the Amended Complaint asserts that Rastegar "controls and dictates" the actions of LP, LPE, and QMI, a fact to which Rastegar himself has testified to. Thus, paragraphs 1-53 of the Amended Complaint are sufficient to allow this Court to reasonably infer that Rastegar is liable at least for violating CUTPA via the actions of LP, LPE, and QMI, of which Rastegar is alleged to control.

Accordingly, Plaintiff respectfully submits that should this Court Find claim VI to be well plead, this Court should also find Claim VII to be well plead.

### (vi) *The Pleading (Claim VIII) for Violation of CUTPA Against DV is Sufficient.*

Plaintiff respectfully submits that claim VIII against DV is well plead. Claim VIII incorporates paragraphs 1-58 of the Amended Complaint which, as shown above, sufficiently plead that the collective actions of LP, LPE, and QMI constitute at least a violation of CUTPA.

Paragraph 8 of the Amended Complaint expressly asserts that Rastegar controls the actions of LP, LPE, and QMI through DV. As with claim VII, paragraphs 1-58 of the Amended Complaint are sufficient to allow this Court to reasonably infer that DV is liable at least for violating CUTPA. Moreover, paragraph 60 expressly asserts that DV, "...through its executive director Rastegar, directs and controls the actions taken by LP, LPE, and QMI."

Accordingly, Plaintiff respectfully submits that should this Court Find claim VI to be well pleaded, this Court should also find Claim VIII to be well pleaded.

### C. Defendants' Characterization of Plaintiff's Lanham Act and CUTPA Claims as Breach of Contract Claims Is an Attempt to Confuse the Court.

#### i. Neither the Lanham Act nor CUTPA Require a Plaintiff to Assert a Registered Trademark.

Defendants, pursuant to the false premise that both the Lanham Act and CUTPA *require* a plaintiff to own a registered trademark, proffer that "[t]he fundamental problem is that this case is a simple breach of contract claim that Plaintiff has tried to turn into statutory violations." *See* the Defendants' Motion, Dkt. # 341-1, pp. 5-6. Notably, Defendants' however, are unable to cite to any case law supporting a requirement that a Plaintiff must own a registered Trademark in order to bring either a Lanham Act or CUTPA claim. By contrast, as shown above in parts A(ii) and A(iii), neither the Lanham Act nor CUTPA *require* a plaintiff to assert a registered trademark as part of a claim for false advertising or an unfair trade practice.

### D. The CUTPA Claims Stand Independent of the Lanham Act and Breach of Contract Claims.

Defendants inaccurately state that the CUTPA claims must fail in the event that the Lanham Act claims do so. *See* Defendants' Motion, Dkt. # 341-1, p. 5. The Applicant respectfully submits that this Court's own opinion in *Richard v. Direct Energy Servs., LLC*, makes clear that the Connecticut Legislature intended CUTPA to protect against "...a broad spectrum of [unfair] commercial activity...[t]he entire act is remedial...and must be liberally construed..." 120 F. Supp. 3d 148 at 157. In other words, CUTPA covers a broader set of acts than the Lanham Act.

The Defendants' also inaccurately state that the facts of the Amended Complaint "merely set forth a breach of contract action..." while simultaneously citing to *Boulevard Assocs. V. Sovereign Hotels*, 72 F.3d 1029, 1039 (2d Cir. 1995) as standing for the premise that a simple breach of contract claim cannot support a CUTPA claim. *See* The Defendants' Motion, Dkt. # 341-1, p. 18. As shown above, however, paragraphs 1-51 of the Amended Complaint clearly allege that the Defendants' actions go beyond a mere failure to pay royalties.[4] Namely, that the Defendants have, and continue to, make and sell unlicensed boats which they falsely represent to the public as being licensed Kirby Sailboats. The Plaintiff submits that such actions, if assumed to be true, are clearly immoral, unethical, unscrupulous, or offensive to public policy. *See Boulevard Assocs. V. Sovereign Hotels*, 72 F.3d at *1039; *see Montanez v. D&D Auto, LLC*,

---

[4] Notably, the CUTPA claim at issue in *Boulevard Assocs. V. Soverign Hotels* merely incorporated by reference a breach of contract claim. 72 F.3d at *1038-1039. By contrast, the CUTPA claims of the present Amended Complaint incorporate statements that, if true, show that Defendants' have, and continue to, engage in activates that include violations of intellectual property rights as well as making misrepresentations to the public. *See* Amended Complaint, Dkt. # 329, ¶¶ 32-33, 41, 43, 47, and 50.

2016 U.S. Dist. LEXIS 40911 at **35-38 (D. Conn. 2016) (Upholding CUTPA claims while dismissing breach of contract claims).

Accordingly, in the event that the Defendants' Motion is granted with respect to the Langham Act pleadings (Claims III-V), Plaintiff respectfully submits that this Court should deny the Defendants' Motion with respect to the CUTPA pleadings (Claims VI-VIII).

### III. CONCLUSION

For the above-stated reasons, the Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss Claims III-VIII against Rastegar, QMI, LPE, LP, and DV.

Respectfully Submitted

By: /s/J. Kevin Grogan
J. Kevin Grogan, Esq. (CT00331)
Grogan, Tuccillo & Vanderleeden, LLP
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543
Email: SailLit@gtv-ip.com

*Attorney for Plaintiff, Global Sailing Limited*

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2018, a true copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/EFC System.

/s/J. Kevin Grogan
J. Kevin Grogan
