UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC. ET AL | : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiff, | : | |
| V. | : | |
| LASERPERFORMANCE (EUROPE) LIMITED, ET AL. | : | |
| Defendants. | : | JANUARY 26, 2018 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Fed R. Civ. P. 12(b)(6) and L. Civ. R. 7(d), the Defendants respectfully submit this Reply Memorandum of Law in Support of Motion to Dismiss Amended Complaint in response to the Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition") submitted by the Plaintiff, Global Sailing Limited. Doc. 346.

**INTRODUCTION**

The Defendants moved to dismiss the counts in the Plaintiff's Amended Complaint for false designation of origin under the Lanham Act and for violations of CUTPA. Doc. 341 and supporting Memorandum of Law, Doc. 341-1 (the "Motion"). The Opposition fails to address the Defendants' arguments raised in the Motion regarding the Lanham Act false designation of origin claims. Rather, the Plaintiff now attempts to plead new causes of action not raised in the Amended Complaint. In its Opposition, the Plaintiff asserts a claim for false advertising under the Lanham Act, a distinct cause of action not alleged in the Amended Complaint. It also asserts rights to the Kirby Sailboat design copyright that it did not allege in the Amended Complaint. The fact that the Plaintiff has attempted to assert new causes of action in its Opposition adds

more confusion to the question of what cause of action is being alleged under the Lanham Act. A memorandum in opposition to a motion to dismiss is not the proper way to assert causes of action not alleged in the operative complaint. See, e.g., Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("[A] a party is not entitled to amend [its] pleading through statements in [its] brief."). Procedural impropriety aside, the Plaintiff has failed to state a claim for false advertising. The Plaintiff has failed to allege necessary elements to support such a claim, namely that it has suffered a competitive injury resulting from the alleged false advertising. The only alleged damages are contractual damages for royalty payments allegedly due under the Builders Agreements.

The CUTPA claims fail because they are premised on the Plaintiff's Lanham Act claims. Without the Lanham Act claims, the only causes of actions remaining are the breach of contract claims. The Plaintiff asserts that alleged misrepresentations made to third party consumers is an "aggravating circumstance" to support its CUTPA claim, but fails to offer a plausible theory that such alleged conduct caused it to suffer harm. The Plaintiff's only viable claims are its breach of contract claims. Despite having ample opportunity to craft its complaint, including having the opportunity to see a prior version of the Defendant's motion to dismiss before it amended its complaint, the Plaintiff is unable to assert viable claims beyond its breach of contract claims.

## ARGUMENT

### I. The Plaintiff Has Failed to State a False Association Claim Under the Lanham Act and Has Not Addressed the Arguments Raised in the Defendants' Motion to Dismiss.

### a. The Plaintiff Has Not Stated a Cause of Action for False Designation of Origin Under the Lanham Act.

The Plaintiff quoted from 15 U.S.C. § 1125(a)(1)(A) in its Amended Complaint and alleged that LP, LPE, and QMI "are making *false designation of origin* and/or descriptions of

fact which are 'likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association . . . or as to the origin, sponsorship, or approval of . . . goods, services or commercial activities . . .'". (Emphasis Added.) Amended Complaint, ¶ 43. The Defendants set forth at length in its initial Memorandum of Law why the false designation of origin claims must be dismissed. See Doc. 341-1, p. 6-14. The Plaintiff's Opposition does not respond to the Defendants' arguments about why the Plaintiff's false designation claims are insufficiently pleaded. It apparently concedes that argument.[1]

**b. The Amended Complaint Does Not State a Cause of Action for False Advertising**

The Plaintiff asserts in its Opposition that it has set forth a claim of false advertising despite *never having alleged that cause of action*. A Lanham Act false advertising claim is a distinct cause of action from a false designation of origin claim. See, e.g. Garden Catering-

---

[1]As the Defendants have argued, the Plaintiff cannot state a Lanham Act claim for false designation of origin because, among other reasons, it does not allege that it produces any products. "The phrase 'origin of goods' in the Lanham Act 'refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.'" Mike Vaughn Custom Sports, Inc. v. Piku, 15 F. Supp. 3d 735, 751 (E.D. Mich. 2014), quoting Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37 (2003). "*If a defendant produced the plaintiff's goods and sold them as its own, the plaintiff cannot prevail on a false designation of origin claim*." 15 F. Supp. 3d at 751.

Furthermore, the Plaintiff mischaracterizes the Defendants' argument when it states "Defendants however, are unable to cite to any case law supporting a requirement that a Plaintiff must own a registered Trademark in order to bring either a Lanham Act or CUTPA claim." Opposition, p. 14. The Defendants never argued that a plaintiff must own a registered trademark to allege a false designation of origin claim. There is, however, substantial case law which states that a plaintiff must allege rights in some protectable mark, registered or unregistered, to allege a false designation of origin claim under the Lanham Act. As one district court recently stated:

> "[I]t is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114)." Twentieth Century Fox Film Corp. v. Marvel Enter., Inc., 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) (citing Lois Sportswear U.S.A., Inc. v. Levi Strauss & Co., 799 F.2d 867, 871 (2d Cir. 1986)). A plaintiff must establish that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale ... or advertising of goods or services, (5) without the plaintiff's consent." 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 407 (2d Cir. 2005) (internal quotation marks and citations omitted)."

Innovation Ventures, LLC v. Ultimate One Distrib. Corp., No. 12CV5354KAMRLM, 2016 WL 1317524, at *6 (E.D.N.Y. Mar. 31, 2016). (Emphasis added.)

The Plaintiff has failed to allege what mark it is asserts ownership of as the basis for its false designation of origin claim.

Hamilton Ave., LLC v. Wally's Chicken Coop, LLC, 30 F. Supp. 3d 117, 128 (D. Conn. 2014) (stating Section 43(a) of the Lanham Act "provides for two distinct causes of action: false designation of origin or source, known as 'product infringement,' and false description or representation, known as 'false advertising.'"); see also Innovation Ventures, LLC v. Ultimate One Distrib. Corp., No. 12CV5354KAMRLM, 2016 WL 1317524, at *5 (E.D.N.Y. Mar. 31, 2016) ("[Defendant] seeks summary judgment on two causes of action arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a): false designation of origin pursuant to § 1125(a)(1)(A), and false advertising pursuant to § 1125(a)(1)(B)."). The proper way to raise this distinct cause of action would have been to assert it in the Amended Complaint, rather than raising it for the first time in a response to a motion to dismiss. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir.1998) (declining to address merits of claim that "does not appear anywhere in the amended complaint and did not enter the case until [the plaintiff] mentioned it for the first time in her opposition memoranda to the motion to dismiss"). Regardless, as with the false designation claim, the Plaintiff has failed to state a claim for relief on its false advertising claim under the Lanham Act. See, e.g., Presby Envtl., Inc. v. Advanced Drainage Sys., Inc., No. 13-CV-355-LM, 2014 WL 4955666, at *6 (D.N.H. Sept. 30, 2014) (stating that although it was unclear whether plaintiff was asserting a claim for false designation or false origin, the plaintiff had failed to state a plausible claim under either count).

Even assuming the cause of action had been pleaded in the Amended Complaint, the allegations do not support a cause of action for false advertising. See Motion, Doc. 341-1, n.5. "To establish a false advertising claim under Section 43(a) of the Lanham Act, a plaintiff must prove the following elements: (1) the defendant has made a false or misleading statement; (2) the false or misleading statement has actually deceived or has the capacity to deceive a substantial

portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." Merck Eprova AG v. Brookstone Pharm., LLC, 920 F. Supp. 2d 404, 416 (S.D.N.Y. 2013), citing S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 238 (2d Cir.2001). That is, a plaintiff suing under 15 U.S.C. § 1125(a) "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff.' " Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1391 (2014). "That showing is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff." Id.

The Plaintiff fails to allege in its Amended Complaint what actionable advertisements the Defendants made. The Plaintiff alleges that the Defendants have sold unlicensed sailboats to consumers and asserts in a conclusory manner that the Defendants allegedly made misrepresentations to consumers. However, even assuming that the Plaintiff pleaded that the Defendants made actionable advertisements, the Plaintiff has not alleged that it produces any products or suffered any competitive injury as a result of the alleged false advertisements. The Plaintiff's only alleged damages are a "failure to collect royalties owed[.]" Opposition, p. 12. Those are the damages for their claims regarding the alleged breach of the Builders Agreements. The Plaintiff asserts that the public has been damaged because the Defendants allegedly are "tricking consumers and distributors into purchasing unlicensed boats under the false pretenses that such boats are eligible to be entered into sanctioned races." Opposition, p. 12. The Plaintiff

is trying to allege harm to third party consumers as its own competitive injury. A district court recently granted a motion to dismiss in similar circumstances, concluding that allegations of general consumer confusion alone were insufficient to support a Lanham Act false advertising claim. See Pulse Health LLC v. Akers Biosciences, Inc., No. 3:16-CV-01919-HZ, 2017 WL 1371272, at *6 (D. Or. Apr. 14, 2017). In Pulse Health, the plaintiff alleged that that "[defendant's] advertisement serves to misguide the same market and consumer base that [plaintiff] targets with its technology." Id. The court, however, concluded that this was not sufficient to allege a competitive injury. It noted that merely claiming that a "competitor marketed a product to consumers" is not sufficient to support a false advertising claim; the plaintiff must allege damage to its reputation or that the "misleading advertisements caused it to lose sales." Id. at *6, citing POM Wonderful LLC v. Coca-Cola, Co., 134 S. Ct. 2228, 2235 (2014).

In the present case, the Plaintiff has alleged even less than the deficient pleading in Pulse Health. It has not alleged that it produces any products and competes with the Defendants. Like the plaintiff in Pulse Health, it has merely alleged that the Defendants marketed their product to consumers in a misleading manner. The Plaintiff has not alleged that such action caused it a loss of sales or reputational injury, likely because the Plaintiff has not alleged that it actually sells anything. Id. at *7 (noting that the plaintiff failed to demonstrate that "it is currently marketing or selling its product."). The Plaintiff cannot state a claim of false designation of origin or a claim for false advertising. The Lanham Act claims must be dismissed.

## II. The Plaintiff Has Failed to State a Claim Under CUTPA.

The Plaintiff's CUTPA claims incorporated the Lanham Act claims that incorporated the breach of contract claims. The Lanham Act claims fail. Thus, the only remaining claims supporting the CUTPA claims are the breach of contract claims. The Defendants have not

attempted to "confuse the Court." Opposition, p. 14. Any existing confusion stems from the Plaintiff's evasive pleading and attempt to raise causes of action in its Opposition.

To assert a claim under CUTPA, a plaintiff must prove among other things, that "as a result of the use of the act or practice prohibited by [Conn. Gen. Stat.] § 42–110b (a), the plaintiff suffered an 'ascertainable loss of money or property.'" Di Teresi v. Stamford Health Sys., Inc., 149 Conn. App. 502, 508, 88 A.3d 1280, 1283 (2014). The Plaintiff's only alleged damages, however, are the Defendant's alleged failure to pay royalties. These are the Plaintiff's breach of contract damages. A breach of contract may state a claim under CUTPA if a plaintiff alleges "substantial aggravating circumstances attending to the breach." See Caires v. JP Morgan Chase Bank, N.A., 880 F. Supp. 2d 288, 300 (D. Conn. 2012). The Plaintiff, however, has failed to allege such circumstances.

The Plaintiff asserts as "aggravating circumstances" that the Defendants have made misrepresentations to third party consumers. The Plaintiff, however, does not allege any facts to support a theory that any alleged misrepresentations to third parties were "attending to the breach" of the Builders Agreements for failure to pay royalties. Nor does the Plaintiff allege any factual allegations that any alleged misrepresentations to third party consumers caused them to suffer an "ascertainable loss." The alleged failure to pay royalties is their breach of contract damages. The Plaintiff cannot assert alleged injuries to third party consumers as its own. If consumers have suffered losses as a result of the Defendants' alleged misrepresentations, those consumers, and not the Plaintiff, would be the proper party to assert such claims.[2]

[2] The Plaintiff, citing to Richards v. Direct Energy Services, LLC, 120 F. Supp. 3d 148 (D. Conn. 2015) correctly states that CUTPA is a remedial statute that covers a broader spectrum of harm than the Lanham Act. What the Plaintiff omits, however, is that Richards involved a consumer plaintiff suing a utility company that allegedly made misrepresentations to a class of consumers that plaintiff himself belong to. Id. at 152.

The Lanham Act claims fail and the Plaintiff has not alleged aggravating circumstances attending to the alleged breach of contract. The only remaining viable claims are simple breach of contract claims. Dismissal of the CUTPA claims is required. See Hart v. World Wrestling Entm't, Inc., No. 3:10CV0975 SRU, 2012 WL 1233022, at *11 (D. Conn. Apr. 10, 2012) (dismissing CUTPA claim because "the motion to dismiss [plaintiff's] Lanham Act claim ha[d] been granted. The only remaining claims against the defendants are a claim for breach of contract for the failure to pay royalties, and claim for appropriation of likeness . . . In order to plead a prima facie violation of CUTPA, generally there needs to be more than merely a breach of contract.").

## III. The Unalleged Rights to the Copyright for the Kirby Sailboat Design Do Not Save the Plaintiff's Lanham Act and CUTPA Claims.

In recognition of the fact that it has no trademark rights, the Plaintiff asserts in the Opposition that it owns copyright holdings for the Kirby Sailboat. The Plaintiff did not allege this in the Amended Complaint but instead references it as a footnote in the Opposition. Opposition, p. 3 n.1. The copyrights relate to the design of the Kirby Sailboat. Even assuming that this was alleged in the Amended Complaint, the alleged ownership of the copyrights cannot support the Lanham Act claims. The Lanham Act protects only "the producer of . . . tangible goods that are offered for sale, and not ... the author of any idea, concept, or communication embodied in those goods." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37 (2003). "The right to copy creative works, with or without attribution, is the domain of copyright, not of trademark or unfair competition." Freeplay Music, Inc. v. Cox Radio, Inc., 409 F. Supp. 2d 259, 263 (S.D.N.Y. 2005) (dismissing Lanham Act claims premised on ownership of copyrights in which plaintiff did not allege it was a "producer of tangible goods"); see also Smith v. New Line Cinema, 03 Civ. 5274(DC), 2004 WL 2049232, at *10-*11 (S.D.N.Y. Sept. 13,

2004) (holding that failure to credit author of written work not actionable under the Lanham Act).

The alleged ownership of the copyrights similarly would not save the Plaintiff's CUTPA claims, even if properly alleged in the Amended Complaint. It is unclear what cause of action the Plaintiff is attempting to assert by referencing the copyrights, but any CUTPA claim premised on the copyrights would be preempted. See RBC Nice Bearings, Inc. v. Peer Bearing Co., 676 F. Supp. 2d 9, 34 (D. Conn. 2009), aff'd, 410 F. App'x 362 (2d Cir. 2010) (holding that CUTPA claim was preempted by Copyright Act); see also Leary v. Manstan, 118 F. Supp. 3d 460, 470 (D. Conn. 2015) ("To the extent that the CUTPA claim is based on defendants' alleged copying of plaintiff's manuscript, that claim is preempted by the Copyright Act.").

**CONCLUSION**

For the foregoing reasons and for the reasons stated in the Memorandum of Law in Support of Motion to Dismiss Amended Complaint, the Defendants respectfully request that this Court grant the motion to dismiss Claims III-VIII against Mr. Rastegar, QMI, LPE, LP and Dory Ventures.

DEFENDANTS,
FARZAD RASTEGAR,
LASERPERFORMANCE (EUROPE) LTD,
QUARTER MOON, INC.,
LASERPERFORMANCE LLC and
DORY VENTURES, LLC.

/s/Anthony C. Famiglietti
Nancy B. Kinsella (ct12109)
Anthony C. Famiglietti (ct30221)
NEUBERT, PEPE, & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel: (203) 821-2000
Fax: (203)821-2009
afamiglietti@npmlaw.com

**CERTIFICATION**

I hereby certify that on January 26, 2018 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Anthony C. Famiglietti
Anthony C. Famiglietti