UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC. ET AL | : | |
| | : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| LASERPERFORMANCE (EUROPE) | : | |
| LIMITED, ET AL. | : | |
| | : | |
| Defendants. | : | OCTOBER 26, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

The defendants, LaserPerformance (Europe) Limited ("LPE") and Quarter Moon, Inc. ("QMI") (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of their Motion for Leave to File an Amended Answer and Affirmative Defenses to the plaintiff's, Global Sailing Limited's ("GSL"), Amended Complaint dated November 9, 2017.

**ARGUMENT**

Defendants seek to make two changes to their Answer by adding two affirmative defenses: statute of limitations/laches and unclean hands. Although GSL has not consented to these changes, under the circumstances, an amendment is appropriate as it will not unduly prejudice GSL and is not motivated by bad faith or a dilatory purpose.

Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended, at any time, with leave of the court. It also explains that "[t]he court should freely give leave when justice so requires." The rationale behind this lenient amendment rule has been made clear by the United States Supreme Court and endorsed by the Second Circuit:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

> opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178 (1962) (internal citations omitted); see also United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Foman and remanding with instructions to grant leave to amend answer).

As this Court is no doubt aware, the present action was commenced by GSL against Defendants in July of 2017 ("GSL action"), as a result of the Court's denying GSL's Motion for Leave to Amend its Answer to Add Counterclaims (Doc. No. 312) in the original action brought by plaintiffs Bruce Kirby and Bruce Kirby, Inc. ("Kirby action"). In the Kirby action, GSL was, and remains, a counterclaim defendant. On October 6, 2017, the GSL action was consolidated with the Kirby action as a related case under L. Civ. R. 40 with lead case number 3:13-cv-0297 (JAM). (Doc. No. 321.)

Quite some time ago, on June 12, 2013, Defendants filed their Answer, Affirmative Defenses, and Counterclaims against Kirby, Bruce Kirby, Inc., and GSL in the Kirby action. (Doc. No. 40.) Among their affirmative defenses, Defendants asserted that the claims were barred by the applicable statutes of limitations and laches, and that Bruce Kirby and Bruce Kirby, Inc. were barred from relief under the doctrine of unclean hands. (Doc. No. 40.)

In contrast, Defendants filed their Answer to GSL's Amended Complaint in the GSL action less than two months ago, on August 27, 2018. (Doc. No. 374.) The Answer filed does not currently specify the affirmative defenses that Defendants seek to include. However, the claims brought by GSL are either similar or identical to the original claims brought in the Kirby action,

2

in which GSL is a party. Therefore, GSL has had notice of the two affirmative defenses which Defendants seek to add—statute of limitations/laches and unclean hands—by virtue of the fact that they were raised much earlier on in the Kirby action. Moreover, it should be noted that GSL issued written discovery in this action months ago, prior to Defendants' Answer being filed on August 27, 2018, but while Defendants' Answer, Affirmative Defenses, and Counterclaims in the Kirby action were on the record. Defendants, in turn, have supplied written answers to lengthy interrogatories and turned over thousands of pages of discovery. Therefore, GSL would not be prejudiced by this amendment.

Furthermore, no additional written discovery has been served on the parties since Defendants filed the Answer they are now seeking to amend on August 27, 2018. In addition, this Motion for Leave to Amend is being filed before the completion of any depositions in the GSL action, as the depositions began taking place on October 25, 2018, and are expected to continue through the discovery deadline of November 30, 2018. Therefore, to the extent that the amendment might require discovery by Plaintiff, it still has the opportunity to do so.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion for Leave to file an Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint be granted.

        DEFENDANTS,
        LASERPERFORMANCE (EUROPE) LIMITED
        and QUARTER MOON, INC.


        /s/ Emily McDonough Souza
        Douglas S. Skalka (ct00616)
        Peter T. Fay (ct08122)
        Emily McDonough Souza (ct30499)
        NEUBERT, PEPE & MONTEITH, P.C.
        195 Church Street, 13th Floor
        New Haven, Connecticut 06510
        Tel: (203) 821-2000
        Fax: (203) 821-2009
        dskalka@npmlaw.com
        pfay@npmlaw.com
        esouza@npmlaw.com

## **CERTIFICATION**

      I hereby certify that on October 26, 2018, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

      /s/ Emily McDonough Souza
      Emily McDonough Souza (ct30499)
      NEUBERT, PEPE & MONTEITH, P.C.