UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC., ET AL | : | |
| | : | CASE NO. 3:13~7-CV-00297 (JAM) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| LASERPERFORMANCE (EUROPE) | : | |
| LIMITED, ET AL. | : | |
| | : | |
| Defendants. | : | OCTOBER 26AUGUST 27, 2018 |

## FIRST AMENDED ANSWER TO AMENDED COMPLAINT

The defendants, LaserPerformance (Europe) Limited (hereinafter "LPE") and Quarter Moon, Inc. (hereinafter "QMI") (collectively, "Defendants"), hereby answer the Amended Complaint filed by the plaintiff, Global Sailing Limited, on November 9, 2017, as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 and so leave plaintiff to its proof.

2.      Defendants deny the allegations in paragraph 2 to the extent they assert that Defendants acted to cause injury in Connecticut.  With regard to the remainder of the allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth and so leave plaintiff to its proof.

3-4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 3-4 and so leave plaintiff to its proof.

5.      Defendants admit the allegations in paragraph 5 to the extent they allege LPE's place of incorporation and place of business.  With regard to the remainder of the allegations in

this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth and so leave plaintiff to its proof.

      6.     Defendants admit the allegation in paragraph 6 that QMI is a Rhode Island Corporation.  Defendants deny the allegation that QMI is listed in the Rhode Island state records as having a place of business at 200 Highpoint Avenue, Portsmouth, Rhode Island.  With regard to the remainder of the allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth and so leave plaintiff to its proof.

      7-9.    Defendants decline to respond to the allegations in paragraphs 7-9 on the ground that they are inapplicable in light of the Court's July 27, 2018 order granting Defendants' Motion to Dismiss.

      10.    Defendants deny the allegations asserted in paragraph 10.

      11-23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 11-23 and so leave plaintiff to its proof.

      24.    Defendants deny the allegations asserted in paragraph 24.

      25-26.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 25-26 and so leave plaintiff to its proof.

      27.    Defendants deny the allegations asserted in paragraph 27.

      28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 and so leave plaintiff to its proof.

      29-30.  Defendants deny the allegations asserted in paragraphs 29-30.

      31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 and so leave plaintiff to its proof.

      32-33.  Defendants deny the allegations asserted in paragraphs 32-33.

2

## CLAIM I

34.     Defendants adopt the responses to the allegations previously set forth in paragraphs 1-33, above.

35-36.  Defendants deny the allegations asserted in paragraphs 35-36.

## CLAIM II

37.     Defendants adopt the responses to the allegations previously set forth in paragraphs 1-36, above.

38-39.  Defendants deny the allegations asserted in paragraphs 38-39.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

40.     Plaintiff's claims are barred by the applicable statutes of limitations and laches.

### Second Affirmative Defense

41.     Plaintiffs are barred from relief under the doctrine of unclean hands.

**Formatted:** Indent: First line:  0.56", Tab stops:  0.5", Left

3

DEFENDANTS,
LASERPERFORMANCE (EUROPE) LIMITED
and QUARTER MOON, INC.

/s/ Emily McDonough Souza
Douglas S. Skalka (ct00616)
Peter T. Fay (ct08122)
Emily McDonough Souza (ct30499)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Tel: (203) 821-2000
Fax: (203) 821-2009
dskalka@npmlaw.com
pfay@npmlaw.com
esouza@npmlaw.com

4

**CERTIFICATION**

I hereby certify that on October 26August 27, 2018, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

/s/  Emily McDonough Souza
Emily McDonough Souza (ct30499)
NEUBERT, PEPE & MONTEITH, P.C.

5