# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. and BRUCE KIRBY<br><br>　　　　Plaintiffs,<br><br>　　　　　　vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, et al.,<br><br>　　　　Defendants. | Civil Action No. 3:13-cv-00297-JAM |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. (collectively "BKI") hereby respond to LaserPerformance (Europe) Limited and Quarter Moon, Inc.'s (collectively "Defendants") Motion to Modify Scheduling Order. (Dkt. 407.) BKI does not oppose an extension to complete the depositions of Defendants and Global Sailing Limited. BKI does, however, contest and oppose Defendants' assertion that discovery should be extended for a *second* deposition of Bruce Kirby and a *needless* deposition of his wife, Margo. There is no legitimate basis to take an additional deposition of Mr. Kirby or a deposition of Mrs. Kirby.

BKI's unambiguous correspondence to Defendants makes clear that BKI never agreed to make Mr. Kirby or his wife available for deposition. Defendants are not entitled to these depositions. Discovery closed in BKI's case against Defendants on December 19, 2014. (Dkt. 171.) Defendants already deposed Mr. Kirby over four years ago in June 2014 and could have inquired about any discoverable topic related to the parties' claims and defenses at that time. BKI and Defendants' cases were trial-ready at least by the time the parties filed dispositive motions in

early 2015. No facts or circumstances have changed since then to necessitate re-opening discovery. Indeed, Defendants have failed to provide any credible explanation for why they could not have taken the discovery they currently seek while discovery was still open.

Regarding the deposition of Mrs. Kirby, specifically, this Court ruled at summary judgment that Global Sailing acquired the rights in the Builder Agreements in 2008. The Court's ruling removed BKI's claims for breach of contract from the case and did not alter the bases for either party's claims or defenses. Any claims related to the Builder Agreements therefore concern Global Sailing, not BKI. As a result, Mrs. Kirby does not have any information likely to lead to the discovery of admissible evidence.

BKI has been clear that Mr. Kirby and Mrs. Kirby are not available for deposition for the reasons stated above, which were communicated on at least November 6 and November 14. (*See* Exhibits A and B attached hereto.) Pursuant to BKI's unambiguous correspondence, Defendants could not have reasonably believed that the depositions of Mr. and Mrs. Kirby would go forward. In fact, on November 21, Defendants subpoenaed Mr. and Mrs. Kirby for a deposition ***because of*** BKI's unambiguous correspondence. BKI thereafter agreed to extend the schedule ***to resolve*** the subpoenas directed to Mr. and Mrs. Kirby, including through motions to quash and a subsequent Court order, should the parties fail to reach a settlement.

Defendants subpoenaed Mr. and Mrs. Kirby for deposition on November 29, which was two days after the parties' first settlement conference—which Mr. Kirby could not attend for health reasons—and one day before the parties' second settlement conference on November 30. There was no reason to litigate the subpoenas before November 29 at least because the parties' second settlement conference was to occur on November 30. Thus, on November 28, BKI agreed to extend the schedule, but only to the extent necessary to resolve the subpoenas through a meet

2

and confer and/or motions to quash should settlement discussions prove unsuccessful. To this end, BKI has now made multiple requests to meet and confer with Defendants so that BKI can (again, to the extent necessary) satisfy its pre-filing requirements to raise this discovery issue with the Court and file motions to quash Defendants' subpoenas. However, ***Defendants' counsel have not provided a date and time to meet and confer***. Thus, BKI has been unable to seek relief related to the subpoenas, but will do so to the extent necessary should the Court grant Defendants' request for an extension.

Accordingly, for the reasons stated above, BKI does not oppose extending the schedule for Defendants and Global Sailing to depose each other, but does oppose an extension for Defendants to depose Mr. and Mrs. Kirby.

Respectfully submitted,

December 27, 2018  */s/ Benjamin N. Luehrs*
Wesley W. Whitmyer, Jr., ct03509
Walter B. Welsh, ct01220
Benjamin N. Luehrs, phv08980
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT  06901
Tel. 203 703-0800
Fax 203-703-0801
Email: litigation@whipgroup.com
wwelsh@whipgroup.com
bluehrs@whipgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

   This is to certify that on this 27th day of December, 2018, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


December 27, 2018                 */s/ Benjamin N. Luehrs*
Date                         Benjamin N. Luehrs

**EXHIBIT A**



600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

November 6, 2018

VIA EMAIL **ONLY**
dskalka@npmlaw.com

Douglas S. Skalka
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510

Re: WHIP File 01160-L0036A
<u>Bruce Kirby et al. v. LaserPerformance (Europe) Ltd. et al.</u>

Dear Mr. Skalka:

We write regarding Defendants' Notice of Deposition of BKI.

Defendants took Mr. Kirby's deposition over four years ago in June 2014 and could have inquired about the topics in the Notice at that time. Defendants also could have noticed BKI's deposition at some other time before discovery closed on December 19, 2014 pursuant to the Court's Scheduling Order. (Dkt. 171.) There is no basis to re-open discovery now. BKI and Defendants' cases were trial ready at the time summary judgment motions were filed and no facts have changed since that time.

For at least the foregoing reasons, BKI will not make any witnesses available on November 29.

Sincerely,

Walter B. Welsh
wwelsh@whipgroup.com

WBW:BNL

c: Jeff Schiller (by email)
Kevin Grogan (by email)

**EXHIBIT B**



600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

November 14, 2018

VIA EMAIL ONLY
pfay@npmlaw.com

Peter T. Fay
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510

Re: WHIP File 01160-L0036A
Bruce Kirby et al. v. LaserPerformance (Europe) Ltd. et al.

Dear Peter:

  Mr. Kirby and his wife are not available for deposition.

  As you know, the Court ruled that Global Sailing acquired the rights in the Builder Agreements in 2008. Therefore, any claims related to the Builder Agreements concern Global Sailing, not BKI. As a result, Mrs. Kirby does not have any information likely to lead to the discovery of admissible evidence. The Court's summary judgment rulings removed BKI's claims for breach of contract from the case and did not alter the bases for either party's claims or defenses. Defendants have completely failed to identify any basis to depose Mrs. Kirby.

  In regard to Mr. Kirby, Defendants already had the opportunity to depose him and discovery has now closed. The fact that Defendants failed to seek information pertaining to his trademark claims does not justify Defendants' request for another deposition over four years later. Nothing new has occurred to necessitate re-opening discovery.

  To the extent you would like to discuss this matter, we are available on Friday. Prior to our call, please provide us in writing the specific deposition topics Defendants intend to cover and, for each specific topic, provide an explanation why Defendants could not have covered the topic while discovery was still open and why Defendants cannot now obtain the information from Global Sailing–Kirby's purported successor to the Builder Agreements. During our call, please also be prepared to discuss BKI's anticipated motion for sanctions against Defendants and counsel for these efforts to needlessly harass Mr. and Mrs. Kirby.

Sincerely,

Walter B. Welsh
wwelsh@whipgroup.com

WBW:BNL
c: All counsel