

600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

February 21, 2019

<u>Via ECF</u>

Hon. Robert M. Spector, U.S.M.J.
United States Courthouse
141 Church Street
New Haven, CT 06510

Re:   WHIP File 01160-L0036A
      Civil Action No. 3:13-cv-00297-JAM
      <u>Bruce Kirby, Inc. et al. v. LaserPerformance (Europe) Ltd. et al.</u>

Dear Judge Spector:

    We represent Plaintiffs Bruce Kirby, Inc. ("BKI") and Bruce Kirby (collectively, "Plaintiffs") and Third-Party Margo Kirby in the above-referenced matter. We write in opposition to Defendants' subpoenas directed to Bruce Kirby and his wife, Margo. There is no legitimate basis for Defendants to take these depositions. The subpoenas are unnecessary, unduly burdensome, and merely meant to harass Mr. and Mrs. Kirby.

    Defendants assert a need to take Mrs. Kirby's deposition on account of her purported knowledge of bookkeeping at BKI. (Dkt. 441.) Regarding Mr. Kirby, Defendants assert that Judge Meyer's dismissal of Plaintiffs' breach of contract claims at summary judgment somehow affected Plaintiffs' remaining claims for trademark infringement and misappropriation of publicity rights. However, neither of these reasons provide a legitimate basis for this Court to order the depositions. Judge Meyer dismissed Plaintiffs' royalty-based claims at summary judgment. (Dkt. 283 ("the August 2016 Order").) Defendants do not owe Plaintiffs any royalties. Thus, any purported knowledge of royalties and bookkeeping in the possession of Mrs. Kirby is irrelevant.

    The Court's summary judgment rulings also fail to provide a basis to depose Mr. Kirby a *second* time. The August 2016 Order was *exactly* the result advocated for by Defendants. Defendants cannot seek additional discovery based on their *success* at summary judgment. Moreover, Defendants have failed to explain why they could not have discovered the information they now seek before discovery closed in December 2014. In any event, Defendants have failed to show good cause to amend the Court's schedule and re-open discovery for Mr. Kirby's deposition.

    Pursuant to the foregoing, and the reasons that follow, no further discovery is required. Nor should further discovery be permitted. The Court should therefore quash Defendants' baseless and harassing subpoenas and/or deny Defendants leave to take Mr. and Mrs. Kirby's depositions.

I.  **Background**

The present matter generally concerns contracts ("the Builder Agreements") under which Mr. Kirby received periodic royalty payments from Defendants LaserPerformance (Europe) Limited ("LPE") and Quarter Moon, Inc. ("QMI") (collectively, "Defendants") for the sale of certain boats. Judge Meyer's summary judgment orders set forth the Court's findings regarding the facts of this case. (Dkts. 283 and 365.)

Plaintiffs filed this case nearly six years ago in March 2013. (Dkt. 1; *see also* Dkt. 23 (First Amended Complaint, filed Apr. 30, 2013).) Discovery in BKI's case against Defendants opened at least as early as July 2013. In June 2014–over four years ago– and while discovery was still open, Defendants deposed Mr. Kirby on his claims and Defendants' counterclaims.

Defendants also noticed Mrs. Kirby's deposition in 2014. Plaintiffs moved to quash the subpoena for Mrs. Kirby's testimony because the subpoena was unduly burdensome, had minimal probative value, and was intended to harass Mrs. Kirby. (*See* Dkt. 175-1.) Defendants opposed Plaintiffs' Motion based on Mrs. Kirby's limited work for a time as BKI's bookkeeper and her alleged knowledge of royalties owed to Plaintiffs by Defendants. (Dkt. 196 at 4.) Specifically, Defendants asserted that Mrs. Kirby's deposition was necessary because royalties were "at the heart" of BKI's case against Defendants and Defendants' counterclaims. (*Id.*)

Judge Meyer disposed of Plaintiffs' Motion to Quash on February 11, 2015, ruling that Mrs. Kirby could be deposed after the Court's ruling on summary judgment. (Dkt. 214.) Inherent in this ruling was the expectation that, should the Court rule in Defendants' favor, there would be no basis to depose her.

The parties filed summary judgment motions in January 2015, which Judge Meyer resolved in Orders dated August 12, 2016 and July 27, 2018. Effectively, Judge Meyer dismissed all of Plaintiffs' royalty-based claims pursuant to the Builder Agreements upon finding that Plaintiffs sold their rights under the Builder Agreements to Global Sailing in 2008. (August 2016 Order at 11.) The Court later held that certain of Plaintiffs' non-royalty based claims could go forward. (July 2018 Order at 12.) Thus, as a result of the Court's August 2016 Order, Global Sailing–not Plaintiffs–is the proper party to sue for royalties under the Builder Agreements. This lead Global Sailing to file breach of contract claims against Defendants in July 2017. Plaintiffs have no remaining claims against Defendants for royalties.

Despite the fact that discovery has been closed since December 2014, (Dkt. 171), in November 2018, Defendants again subpoenaed Mrs. Kirby and subpoenaed Mr. Kirby for a second deposition. Plaintiffs have consistently opposed Defendants' efforts for these needless and improper depositions. (*See, e.g.,* Dkt. 409 (Plaintiffs'

Opp'n to Req. for Extension).) For the reasons that follow, the Court should quash Defendants' subpoenas and/or deny Defendants leave to depose Mr. and Mrs. Kirby.

II.     **Defendants Have No Basis to Depose Mrs. Kirby and Seek Only to Harass Her**

The Court should not allow Defendants to harass Mrs. Kirby through a needless deposition. Under Rule 45, a court must quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). Indeed, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and failure to do so may result in sanctions, including attorney's fees. Fed. R. Civ. P. 45(d)(1). Moreover, a court can issue an order to protect a witness from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Mrs. Kirby does not have any information likely to lead to the discovery of admissible evidence. Defendants have not and cannot articulate a valid basis to depose her. In their last Opposition to Plaintiffs' Motion to Quash, the only articulated basis for Mrs. Kirby's deposition was her purported general knowledge of royalties and bookkeeping. (Dkt. 196.) However, the Court's summary judgment rulings removed Plaintiffs' royalty-based claims from the case. Plaintiffs' breach of contract claims were the only claims under which Plaintiffs were seeking royalties. Thus, even if this was previously a valid basis for her deposition, it cannot be now in light the Court's dismissal of Plaintiffs' breach of contract claims.

Neither do Defendants' counterclaims provide any basis to depose Mrs. Kirby. The only possibly relevant counterclaim concerning royalties is Defendants' counterclaim for unjust enrichment. But testimonial evidence from Mrs. Kirby will contribute nothing towards resolution of this counterclaim, which is based on information within *Defendants'* control, namely monies that *Defendants* calculated and paid. For instance, when Global Sailing moved for summary judgment on this counterclaim, (Dkt. 184), Defendants' entire opposition was supported by documents and attestations about what *Defendants calculated* and paid under the contracts. (Dkt. 233.) This further shows that Defendants' subpoena directed to Mrs. Kirby is purely an improper fishing expedition meant to harass her.

Indeed, on multiple occasions leading up to the submission of this Letter Brief, Plaintiffs asked Defendants to provide specific examples of the information they needed from Mrs. Kirby. (*See, e.g.*, Dkt. 409 at 8.) Defendants never provided a legitimate answer. Defendants' submission to the Court today again provides no detail regarding any unique information in the possession of Mrs. Kirby. (Dkt. 441.) Defendants' only bases for her deposition are (1) that Defendants assert she was a bookkeeper at one time and (2) the Court already determined her deposition could go forward. (*Id.*) However, Defendants provide no evidence or argument showing that Mrs. Kirby's deposition is still necessary.

Additionally, Defendants' refusal to acknowledge the effect of the Court's summary judgment orders on the relevance of Mrs. Kirby's testimony is disingenuous. On the one hand, and as shown below, Defendants argue that the dismissal of Plaintiffs' royalty-based claims somehow affected *Mr. Kirby's* testimony. (Dkt. 441.) On the other hand, however, Defendants assert that the dismissal of Plaintiffs' royalty-based claims had no effect on the relevance of Mrs. Kirby's bookkeeping despite it being *solely* relevant to royalties. Defendants' position is backwards. The Court's August 2016 Order affected Mrs. Kirby's testimony because it allegedly concerns the royalties. However, because Plaintiffs' trademark and misappropriation claims are *not* based on royalties, these claims are unaffected.

Finally, in a last effort to resolve the subpoenas, Plaintiffs' offered to make Mr. Kirby available for a short deposition on the eve of trial if Defendants would forego Mrs. Kirby's deposition. Despite the fact that this was in essence a previous proposal made by Defendants, they refused. Defendants' insistence on taking Mrs. Kirby's deposition exposes their improper motives and reveals their true intention: to harass Mrs. Kirby. The Court's duty to protect non-party witnesses from oppressive, unduly burdensome, and harassing discovery requires that it quash Defendants' subpoena. There is no legitimate justification for forcing a third-party witness, who merely kept the books for BKI for a time, to travel to and testify at a deposition when Plaintiffs' royalty-based claims were dismissed. The Court should therefore quash the subpoena.

### III. Defendants Are Not Entitled to Take a Second Deposition of Bruce Kirby

The Court should also deny Defendants leave to take a second deposition of Bruce Kirby outside the discovery period. A party seeking a deposition of someone who has already been deposed "must obtain leave of court . . . if the parties have not stipulated to the deposition." Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court's decision whether to grant leave is guided by factors outlined in Federal Rule 26(b)(1) and (2), including "the importance of the issues at stake in the action, . . . the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Federal Rule 26(b)(2), Court's also consider whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Finally, pursuant to Federal Rule 16, a party must show "good cause" to modify a scheduling order.

Here, the factors under Federal Rule 26(b)(1) and (2) lead only to the conclusion that Defendants are not entitled to a second deposition of Mr. Kirby. Moreover, Defendants cannot show good cause to re-open discovery. Accordingly, the Court should quash the subpoena directed to Mr. Kirby and/or deny Defendants leave to take his deposition.

In meet and confers on this issue, and in response to many requests by Plaintiffs, Defendants have identified a single issue on which they would like to depose Mr. Kirby:

the impact, if any, of the Court's August 2016 Order on Plaintiffs' trademark and misappropriation claims. However, Plaintiffs have asserted these same claims based on the same underlying facts since this case began. (Dkt. 1.) The Court's August 2016 Order does not provide a basis to re-open discovery on Plaintiffs' trademark and misappropriation claims.

The fact that Global Sailing now has claims against Defendants under the Builder Agreements is also not a reason to depose Mr. Kirby. The Court's holding in the August 2016 Order was exactly the result advocated for by Defendants. That is, Defendants asserted at summary judgment that Plaintiffs sold their rights in the Kirby Sailboat to Global Sailing in 2008 and, therefore, Plaintiffs did not have standing to sue Defendants under the Agreements. (Dkt. 187.) It was always Defendants' position that Global Sailing was the proper party to bring these claims. (*Id.*) Thus, Defendants should have been taking discovery consistent with this theory throughout the entire case, including during Mr. Kirby's June 2014 deposition.

Defendants were obligated to take discovery on all of Plaintiffs claims since this case began. That is, Defendants should have prepared their case for the possibility that the Court agreed with them at summary judgment. Defendants cite no authority indicating a right to take a second deposition on account of a *successful* summary judgment motion. To the extent they failed to take discovery on Plaintiffs' trademark and misappropriation claims or the potential impact a 2008 sale would have on these claims (there is none), this is not a valid basis to have another opportunity to depose Mr. Kirby outside the discovery period.

Put simply, Discovery closed in BKI's case against Defendants on December 19, 2014. (Dkt. 171.) The facts underlying the parties' claims and defenses have been set since discovery closed. Defendants deposed Mr. Kirby over four years ago in June 2014 and could have inquired about any discoverable topic related to the parties' claims and defenses at that time. Defendants have failed to provide any credible explanation for why they could not have taken the discovery of Mr. Kirby they currently seek while discovery was still open. Defendants have failed to show good cause to re-open discovery or identify any facts or circumstances necessitating a second deposition.

### IV.    Conclusion

For at least the foregoing reasons, Plaintiffs respectfully request the Court quash the subpoenas directed to Mr. and Mrs. Kirby and/or deny Defendants leave to take their deposition. However, if the Court determines that a deposition of Mr. or Mrs. Kirby is necessary, Plaintiffs respectfully request that the deposition be limited to 1.5 hours or less and take place on the eve of discovery should the case not settle beforehand. While there is no reason to burden Mr. or Mrs. Kirby with an unnecessary deposition, there certainly is no reason to do so before the eve of trial and in advance of further settlement discussions.

Respectfully submitted,

February 21, 2019

/s/ Benjamin N. Luehrs
Wesley W. Whitmyer, Jr., ct03509
Walter B. Welsh, ct01220
Benjamin N. Luehrs, phv08980
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT  06901
Tel. 203 703-0800
Fax 203-703-0801
Email: litigation@whipgroup.com
wwelsh@whipgroup.com
bluehrs@whipgroup.com

*Attorneys for Plaintiffs and
Third-Party Margo Kirby*

c: All Counsel (via ECF)

CERTIFICATE OF SERVICE

      This is to certify that on this 21st day of February, 2019, a true and correct copy of the foregoing **Letter Brief** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


<u>February 21, 2019</u>             <u>*/s/ Benjamin N. Luehrs*   </u>
Date                                          Benjamin N. Luehrs

Case 3:13-cv-00297-JAM   Document 442   Filed 02/21/19   Page 7 of 7