UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL<br><br>Plaintiff,<br><br>V.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET AL.<br><br>Defendants | Case No: 3:13-CV-00297 (JAM)<br><br><br><br><br><br>March 14, 2019 |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Plaintiff, Global Sailing, Ltd. ("GSL"), by its attorneys, hereby files the following reply memorandum in support of its motion for partial summary judgment as to liability.

### INTRODUCTION

The reply memorandum filed by defendants Quarter Moon, Incorporated and Laser Performance Europe Ltd. (individually, "QMI" and "LPE", collectively, "Defendants") asserts that partial summary judgment on liability is inappropriate because, purportedly, there are triable issues regarding: (i) whether GSL ever had enforceable rights under the 1983 and 1989 Builder Agreements (collectively, the "Agreements"); (ii) if so, whether GSL "first breached" the Agreements, and did so in a material fashion; (iii) whether the alleged first breaches by GSL, if true, provide a basis for Defendants' admitted multiple failures to comport with terms of the Agreements, including failure to pay royalties, refrain from challenging intellectual property

1

rights, return items to GSL, etc., all the while continuing to sell Kirby Sailboats, which rights were solely obtained by and through the very Agreements Defendants seek to invalidate; and (iv) whether GSL's liability claims are barred by statutes of limitations (Dkt. 445, p. 2). As demonstrated below, each and every one of these assertions is based upon factual inaccuracies[1] and/or baseless conclusions of law. In the end, try as they might, Defendants cannot escape the words of their own counsel, who described this case in open court as "…from our perspective, primarily a contract case." (Dkt. 281, p. 6) In fact, the Motion for Partial Summary Judgment is exactly focused on that, and the simple, undisputed facts demonstrate with clarity that partial summary judgment on the issue of liability is wholly warranted.

## ARGUMENT

### A. There Was an Enforceable Contractual Relationship Between the Parties

Defendants assert that ███████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████ This assertion is completely disingenuous and misleading. GSL has, from the outset, claimed that it purchased contractual rights and obligations under the Agreements from Bruce Kirby ("Kirby") and Bruce Kirby Inc. ("BKI") (together, the "Kirby Plaintiffs") in 2008. (Dkt. 329, p. 3) Indeed, the main defensive argument tendered by Defendants and vigorously pursued in the prior case, was that the 2008 Purchase and Sale agreement between Kirby Plaintiffs and GSL was valid (and not unwound by

---

[1] ████████████████████████████████████████████████████

2

the 2011 agreement between those entities), and that GSL, not the Kirby Plaintiffs, was the proper party with standing to enforce breach of contract claims. (Dkt. 187 p. 31-35) Defendants won their argument when this court ruled that the 2008 Agreement was a valid enforceable contract that transferred the rights of Kirby Plaintiffs to GSL effectively placing GSL into the shoes of Kirby Plaintiffs, and that it was not unwound by the subsequent 2011 Agreement. (Dkt. 283, p. 8-11; Dkt. 445-2, p 5 #15). Thus Defendants, as the licensees under the contracts purchased from Kirby Plaintiffs, clearly were in a contractual relationship with GSL.

The undisputed facts further demonstrate that it was not until 2011, a full three years after the execution of the 2008 Agreement, that GSL believed it sold the enforcement rights under the Agreements back to Kirby Plaintiffs. [REDACTED]

None of this is disputed or disputable. Indeed, Defendants have expressly admitted the points as outlined and cited above. Further, Defendants admit that GSL "properly" terminated the

3

1983 Builders' Agreement with Defendants (Dkt. 445-2, p. 11 #36), something it clearly could not have done if it never had an enforceable contractual relationship.

In fact, in 2014, Defendants brought several counterclaims against GSL in the prior action *based upon the very same Builder Agreements they now seek to question.* (Dkt. 40, p. 32 Counterclaim 1; p. 37 Counterclaim 6; p. 38 Counterclaim 7) To plead the existence of a contract, sue on it, and then deny that it ever existed is the height of hypocrisy.

Thus, the attempt by Defendants to dispute the existence of an enforceable contract is without any basis in fact or law. The undisputed facts illustrate with extreme clarity the existence of such a relationship rendering summary judgment valid.

### B. Defendants Cannot Escape Enforcement of the Agreements By Claiming That GSL First Breached Them.

Defendants next argue that their breaches of the 1983 and 1989 Builder Agreements are excused since GSL allegedly breached these Agreements before Defendants ███████

███████ These arguments and assertions are factually and legally baseless, and do

4

not provide Defendants with any basis whatsoever for avoiding partial summary judgment on the issue of liability.

First, the conclusion reached by Defendants does not flow logically from the assertion they make. If Kirby and BKI could not, and should not, have transferred the licensing rights to GSL in 2008, this would mandate that royalties remained due and owing to Kirby and BKI. ███████████ . It does not, and cannot, mean that Defendants received a license in perpetuity to sell the boats without obligation or payment of any royalties to anyone. This would be an absurd result akin to saying that if a mortgage lender transfers a mortgage improperly, this gives the mortgagor the home free and clear to live in without ever having to make any payments again. This argument wholly defies logic.

Indeed, this conclusion is supported by the very case law set forth by Defendants in their response. Most notably, in Bernstein v. Nemeyer, and in Ontario, Ltd. v. Victoria Strong, Ltd.,

███████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

In fact, there was no breach of the Agreements, material or otherwise, by GSL. ██

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

[REDACTED]

In short, there is simply no basis for Defendants' claim that they are excused from performance under the Agreements. Defendants have admittedly not paid royalties on their sales to GSL (Dkt. 445-2, p. 7 #22), and this failure, by itself, entitles GSL to partial summary judgment on the issue of liability. Moreover, there are additional, separate breaches which provide independent bases for summary judgment.

[REDACTED]

■■■■■ [redacted]

■ Respectfully, this completely misses the point. Whomever now has the materials which should have been offered back is of no moment—under the clear, unambiguous and undisputed language of the Agreements, Defendants could not transfer or dispose of the materials, and had to offer them back upon termination. If they transferred them, they are in breach. If they kept them after what Defendants have admitted was a "proper termination" of the 1983 Builders' Agreement, at least LPE is in breach. There is no material issue of disputed fact which requires trial on these issues.

■■■■■ [redacted]

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Each of these breaches constitutes a separate and independent basis for summary judgment.

### C. GSL's Breach of Contract Claims Are Not Barred By Any Statute of Limitations.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

By the very terms of Defendants' argument, their statute of limitations claim is *not* pertinent to this motion for summary judgment on liability, but rather to damages, as it expressly admits that certain of GSL's claims for breach, ▬▬▬▬▬▬▬▬▬▬▬▬

First, certain of the breaches of contract alleged by GSL are, under the law of the relevant Jurisdictions, of a continuing nature, which resets the statute of limitations to the date of last breach. (Ride, Inc. v. APS Tech., Inc., No. 3:11-CV-1721 (JCH), 2015 U.S. Dist. LEXIS 172856 (D. Conn. Dec. 30, 2015); Guilbert v. Gardner, 480 F.3d 140 (2d Cir. 2007); Sungard Availability Services v. ICON Funding ULC, 2011 ONSC 7367). For example, each month that Defendants sold Kirby Sailboats and then did not make a required payment of royalties started the clock running all over again. (Dkt. 445-2, p. 7 #21) Thus, the cited statutes of limitations have not yet run at all, much less run prior to the filing of this action.

Second, the argument made by Defendants ignores the circumstances of this case. The very same breach of contract claims made by GSL under the same factual nexus were first advanced in early 2013 by the Kirby Plaintiffs, well in advance of any possible statute of limitations argument. At the time, the claims were advanced by the Kirby Plaintiffs, rather than by GSL, because GSL believed that it had resold the enforcement rights back to Kirby, and thus did not have standing to make the claim—when this Court ruled otherwise, GSL brought the claims. Simply put, Defendants have known of these very claims and the underlying facts for almost six (6) years. Equity demands that the breach of contract claims should "relate back" to the date the claims were first alleged, even if the alleger was a different party, especially under the circumstances present here. (TD Props., LLC v. VP Bldgs., Inc., 602 F. Supp. 2d 351 (D. Conn. 2009))

## CONCLUSION

For the reasons set forth above, GSL respectfully requests entry of partial summary judgment on its behalf on the issue of liability.

Respectfully Submitted

/s/J. Kevin Grogan
J. Kevin Grogan (ct00331)
Grogan, Tuccillo & Vanderleeden, LLP
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401 - Fax (413) 733-4543
Email: saillit@gtv-ip.com

*Attorney for Plaintiff, Global Sailing Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, a true copy of the foregoing PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/EFC System.

                                            /s/J. Kevin Grogan
                                            J. Kevin Grogan