UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL<br><br>Plaintiff,<br><br>V.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET AL.<br><br>Defendants | Case No: 3:13-CV-00297 (JAM)<br><br><br><br>March 14, 2019 |

## REPLY TO DEFENDANT'S ADDITIONAL MATERIAL FACTS

1.  "In 1983, Bruce Kirby, Bruce Kirby Inc., and the Trademark Owner (a third party who owned the trade mark brand name 'Laser') entered into a 'Head Agreement' that tightly restricted who could build boats to be raced in the Laser class. If any party to the Head Agreement wanted to assign its rights under that agreement, the assigning party was supposed to get written permission from the other parties, who were not supposed to unreasonably withhold such permission." Doc. 283, p. 5 (citing Doc. #228- 32 at 16 (§ 10.1).

    **Response: Admitted.**

2.  "[B]oth Builder Agreements provided that ████████████████████████████████████████████████████████████████████████████████████████ ████ Doc. 283, p. 6 (citing Docs. #228-11 at 21 (§11.4), #228-12 at 15 (§11.4).

    **Response: Admitted.**

**REDACTED**

3.      Global Sailing Limited ("GSL") admits that it and the Kirby plaintiffs breached the terms of the Builder Agreements, specifically ¶11.4, by GSL failing to enter into an agreement with the licensees (LPE and QMI) on terms and conditions identical with the terms and conditions of the Builder Agreements. Doc. 223-1, p3, ¶6, Declaration of Global Sailing Limited, dated 3/6/15.

**Response:** Denied. Defendants Additional Material Fact no. 3 is not factual in nature, but, rather, asserts a conclusion of law. The legal conclusion is denied, but this denial does not create a disputed issue of material fact because the dispute is legal in nature.

4.      GSL denied that pursuant to the 2008 agreement it became a party to the 1983 and 1989 Builder Agreements with LPE and QMI, respectively. Doc. 88, p. 5, ¶30, denying allegation in Doc. 40, p. 24, ¶30.

**Response:** Denied as an immaterial fact rendered moot by the law of the case. GSL took certain positions in this case based upon what it understood its rights and obligations to be prior to this court's ruling on August 12, 2016. That decision is law of the case, and what GSL believed before the Court's ruling is immaterial to the case at bar.

5.      GSL has denied that it informed LPE and QMI that "[a]ll extant agreements with Kirby Inc., including rights and obligations have been assigned to Global Sailing." Doc. 88, p. 6, ¶31, denying allegation in Doc. 40, p. 24, ¶31.

**Response:** See response to additional fact number 4.

6.      GSL has denied that as a result of the 2008 agreement between it and Bruce Kirby and Kirby Inc., GSL controlled the building rights of LPE and QMI. Doc. 88, p. 6, ¶32, denying allegation in Doc. 40, p. 25, ¶32.

**Response:** See response to additional fact number 4.

REDACTED

7.  GSL has denied that on or about May 10, 2010, Wesley W. Whitmyer, Jr., Esq., purporting to represent GSL, sent a notice to LPE stating that GSL was terminating the 1983 Builder Agreement in lieu of renewing its term. Doc. 88, p. 6, ¶35, denying allegation in Doc. 40, p. 26, ¶35.

**Response:** See response to additional fact number 4.

8.  GSL has denied that in February 2011, again purporting to represent GSL, Mr. Whitmyer wrote to LaserPerformance and its counsel, insisting that royalties be paid to his client GSL, rather than his other clients, Kirby and BKI. Doc. 88, p. 6, ¶36, denying allegation in Doc. 40, p. 26, ¶36.

**Response:** See response to additional fact number 4.

9.  GSL has denied that Kirby and BKI transferred all rights and obligations in the Builder Agreements to GSL in June 2008. Doc. 88, p. 9, ¶72, denying allegation in Doc. 40, p. 33, ¶72.

**Response:** See response to additional fact number 4.

10. GSL denies having knowledge or information sufficient to form a belief as to whether "[i]n May of 2010, Global Sailing terminated the 1983 Builder Agreement with LaserPerformance." Doc. 88, p. 9, ¶73, responding to allegation in Doc. 40, p. 33, ¶73.

**Response:** Admitted as of the filing date of GSL's Answer, November 4, 2013, otherwise denied.

11. GSL denies having knowledge or information sufficient to form a belief as to whether "[t]he 1989 Builder Agreement with Quarter Moon has been terminated." Doc. 88, p. 9, ¶73, responding allegation in Doc. 40, p. 33, ¶73.

**Response:** Admitted as of the filing date of GSL's Answer, November 4, 2013, otherwise denied.

**REDACTED**

12. In a statement signed by GSL, dated October 31, 2011, GSL represented that it did not have and never had any interest in the Builders Agreements. Defendants' Exhibit 1.

**Response:** See response to additional fact number 4.

13. As of March 6, 2015, GSL believed that it did not have, and never had, any rights or obligations under the Head Agreement (Doc. 228-32), the ISAF Agreement, and the 1983 and 1989 Builder Agreements. Doc. 223-1, p. 4, ¶9.

**Response:** See response to additional fact number 4.

14. Until this court ruled on August 12, 2016 (Doc. 283) that Bruce Kirby and Bruce Kirby Inc. had no standing under either the 1983 or 1989 Builder Agreements, GSL did not believe that it had any rights under the Builder Agreements. Doc. 298-1, p. 3.

**Response:** See response to additional fact number 4.

Respectfully Submitted

/s/J. Kevin Grogan
J. Kevin Grogan (ct00331)
Grogan, Tuccillo & Vanderleeden, LLP
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401 - Fax (413) 733-4543
Email: saillit@gtv-ip.com

*Attorney for Plaintiff, Global Sailing Limited*

**REDACTED**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, a true copy of the foregoing REPLY TO DEFENDANT'S ADDITIONAL MATERIAL FACTS was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/EFC System.

                                                       /s/J. Kevin Grogan
                                                       J. Kevin Grogan

REDACTED