UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. ET AL | : |
| | :    CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiff, | : |
| | : |
| V. | : |
| | : |
| LASERPERFORMANCE (EUROPE) LIMITED, ET AL. | : |
| | : |
| Defendants. | :    OCTOBER 24, 2019 |

**OBJECTION TO MOTION FOR ENTRY OF ORDER**

The defendants, LaserPerformance (Europe) Limited ("LPE") and Quarter Moon, Inc. ("QMI"), hereby object to the Plaintiff Global Sailing's Motion for Entry of Order ("Motion"), Doc. 505. Without citing any authority for the relief it seeks, the plaintiff is attempting to skip the jury trial it has requested and proceed directly to an order granting the relief it seeks. The Motion should be denied because it is essentially a motion for summary judgment that does not comply with the Federal Rules of Civil Procedure and it is untimely, and because the plaintiff is not entitled to the relief requested.

The plaintiff's Motion seeks entry of the following orders:

(a) That LPE offer to sell (at fair market value not to exceed replacement cost) to GSL, or a licensee of GSL, all plugs, moulds and tooling (collectively "Materials"), owned or controlled by LPE relating to the manufacture of Kirby Sailboats." Proposed Order, attached as Exhibit A to Motion, ¶6.

(b) That LPE and QMI pursuant to Article 10.9 of the 1983 and 1989 Builder Agreements, shall discontinue manufacturing, selling or using the Materials to build or sell Kirby Sailboats. Id., ¶7.

(c) That if either LPE and/or QMI is not in direct possession of the Materials, they shall send those Article 11.1 subcontractors who hold possession or control of the Materials a copy of this order, and instruct them to return said Materials to LPE, and to cease and desist use of the Materials in accordance with the terms of this Order. Id., ¶8.

### A. The motion should be denied because is essentially a motion for summary judgment that does not comply with Rule 56 or with the court's scheduling order in this case concerning the filing of dispositive motions.

The motion should be denied because it is essentially a motion for summary judgment seeking declaratory relief. However, the plaintiff has failed to comply with the requirements of the Federal Rules of Civil Procedure for filing a motion for summary judgement, see, F.R.C.P. 56, as well as the Local Rules. See, L.Civ. R. 56. Moreover, the time for filing motions for summary judgment has long since expired. See, Order, Doc. 361.

### B. The motion should be denied because plaintiff is not entitled to the relief requested

The plaintiff has demanded a jury trial in this case. Although the plaintiff filed a motion for partial judgment as to liability (Doc. 415), the court's Order Granting in Part and Denying in Party Motion for Partial Summary Judgment (Doc. 494) does not provide sufficient grounds to support the granting of the relief being sought by the plaintiff before a final judgment is entered. To grant the relief requested before there is a final judgment also would deprive the defendants of their appellate rights.

Significantly, the court granted partial summary judgment to the plaintiff based upon breaches of the Builder Agreements that are not alleged in the operative Amended Complaint, See, Doc. 329. The plaintiff alleges in its Amended Complaint that the defendants committed the following defaults under the Builder Agreements:

> a. Defendants denied representatives of GSL and/or the Kirby Plaintiffs access to their books and records;

2

b. Since at least 2008, Defendants have not made royalty payments. When the Kirby Plaintiffs advised Defendants that GSL should be paid, Defendants refused. Since at least 2011, Defendants have not even attempted to make royalty payments to any party[.]"

Amended Complaint (Doc. 329), ¶29. These alleged defaults are then incorporated by reference into Claims I and II. Id. at ¶s 35 and 38, respectively. However, in issuing its Order Granting In Part and Denying In Part Motion for Partial Summary Judgment (Doc. 494), the court concluded that the defendants defaulted under the Builder Agreements for the following reasons, which are not alleged by the plaintiff in its Amended Complaint:

1. QMI breached the 1989 Builder Agreement's "no contest provision." Doc. 494, p. 17.

2. LPE breached the 1983 Builder Agreement by challenging the design rights in the Laser. Doc. 494, p. 19.

3. LPE has "failed to participate in a good-faith attempt to sell back Laser manufacturing materials" to GSL or another licensee. Doc. 494, p. 20.

The defendants submit that since the defaults found by the court were never alleged by the plaintiff, the court should vacate its order granting partial summary judgment to the plaintiff and enter an order denying the plaintiff's motion for summary judgment.

Moreover, with respect to the relief sought in ¶6 of the Proposed Order, Articles 3.1 and 10.8 of the 1983 Builder Agreement does not require LPE to offer to sell to GSL, or a licensee of GSL, the Materials "owned or controlled" by LPE. Rather, Article 10.8 requires only that LPE, in the event of termination, attempt in good faith to sell any such Materials "then owned by" LPE to GSL or a licensee of GSL; Article 10.8 does not include any reference to Materials "controlled" by LPE. Moreover, the court did not find, and the plaintiff has not proven, that LPE ever owned any such Materials or which Materials were "then owned" by LPE at the time of the termination of the 1983 Builder Agreement. The plaintiff's reference to any breach by QMI of

the 1989 Builder Agreement is not relevant to the relief it seeks against LPE pursuant to the terms of the 1983 Builder Agreement.

With respect to the relief sought in ¶7 of the Proposed Order, the plaintiff has not proven, and the court did not conclude, that the 1989 Builder Agreement with QMI was ever terminated. Consequently, the plaintiff has not proven and this court has not concluded that any obligations of QMI under Article 10.9 of the 1989 Builder Agreement have been triggered. With respect to LPE, this court specifically stated, "Because Global Sailing has not established that LaserPerformance continued selling or manufacturing Lasers within the limitations period, I am not persuaded that it has established that LaserPerformance has breached these obligations." Doc. 494, pp. 19-20. Until the plaintiff proves that LPE manufactured, sold, or used the Materials to build or sell Kirby Sailboats during the limitations period, it would be premature and improper to order LPE to discontinue doing so.

With respect to ¶8 of the Proposed Order, again, the plaintiff has not proven, and the court did not conclude, that the 1989 Builder Agreement with QMI was ever terminated. Consequently, the plaintiff has not proven and this court has not concluded that any post-termination obligations of QMI under the 1989 Builder Agreement have been triggered. Until the plaintiff proves that the 1989 Builder Agreement with QMI has been properly terminated, it would be premature and improper to seek an order preventing QMI from engaging in any conduct it has a right to engage in under the 1989 Builder Agreement. Moreover, the plaintiff has not even attempted to establish that this court has personal jurisdiction over any entities other than LPE and QMI with respect to the use of the Materials. Nevertheless, the plaintiff seeks an order compelling these unidentified "subcontractors who hold possession or control of the Materials … to return said Materials to LPE, and to cease and desist use of the Materials in

accordance with the terms of this Order." Proposed Order, attached as Exhibit A to Motion, ¶8. The plaintiff has failed to establish that this court has personal jurisdiction to enter such an order directed to non-parties.

As noted above, the plaintiff has not proven that LPE or QMI ever owned the Materials, which are the subject of the proposed order. Essentially, the plaintiff is seeking a pre-judgment remedy with respect to these Materials, without satisfying any of the legal requirements for obtaining such extraordinary relief. For example, the plaintiff has not proven that it has no adequate remedy at law or that it will suffer irreparable harm if the pre-judgment order it seeks is not granted. See, e.g., Waterbury Teachers Assn. v. Freedom of Information Commission, 230 Conn. 441, 446 (1994).[1]

Further, with respect to LPE, this court specifically stated, "Because Global Sailing has not established that LaserPerformance continued selling or manufacturing Lasers within the limitations period, I am not persuaded that it has established that LaserPerformance has breached these obligations." Doc. 494, pp. 19-20. Until the plaintiff proves that LPE is manufacturing, selling or using the Materials to build or sell Kirby Sailboats during the limitations period, it would be premature and improper to order LPE to discontinue doing so.

Finally, to the extent that the Motion is joined by the other plaintiffs, Bruce Kirby and Bruce Kirby, Inc., they have no standing to seek the relief being sought. See, generally, Order Regarding Cross Motions For Summary Judgment on Claims and Counterclaims, Doc. 283 (holding that neither Bruce Kirby nor Bruce Kirby, Inc. have standing to enforce any contractual rights under the Builder Agreements).

---

[1] Since the plaintiff did not identify any authority in its motion, the defendants are unclear as to what authority the plaintiff is relying upon in seeking the entry of the proposed order before a final judgment has been entered.

For the foregoing reasons, the defendants submit that the Plaintiff Global Sailing's Motion for Entry of Order should be denied.

DEFENDANTS,
LASERPERFORMANCE (EUROPE) LIMITED
and QUARTER MOON, INC.

/s/ Peter T. Fay
Douglas S. Skalka (ct00616)
Peter T. Fay (ct08122)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Tel: (203) 821-2000
Fax: (203) 821-2009
dskalka@npmlaw.com
pfay@npmlaw.com

## CERTIFICATION

I hereby certify that on October 24, 2019, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Peter T. Fay
Peter T. Fay (ct08122)
NEUBERT, PEPE & MONTEITH, P.C.
