UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. and BRUCE KIRBY<br><br>Plaintiffs,<br><br>vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, et al.,<br><br>Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**PLAINTIFFS BRUCE KIRBY AND BRUCE KIRBY, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. (individually and collectively "Kirby") oppose Defendants Quarter Moon, Inc. ("QMI") and LaserPerformance (Europe) Ltd.'s ("LPE," individually and collectively "LP") Motion *in Limine*, (Dkt. 520 ("Motion")), which seeks to preclude (1) evidence concerning LP's willful and intentional offer to sell a "Kirby Fishing Boat" and (2) evidence concerning LP's breach of contract and failure to pay royalties.

The Court should deny LP's Motion because LP Stipulated to their admission, the evidence is relevant to the case, and its probative value is not outweighed by any prejudice.

**I.      LP Misstates Kirby's Contentions as to Relevant Time Period of LP's Illegal Acts**

LP repeatedly asserts that the only relevant time period for Kirby's Lanham Act and misappropriation claims is October 2012 and April 2013 because Kirby did not send letters about termination of LP's contracts to build Laser sailboats until that time. (*See* Motion.) This is incorrect. As stated in Kirby's contentions filed in conjunction with the Joint Trial Memorandum, (Dkt. 523-8), LP's right to use the BRUCE KIRBY trademark and Kirby's name terminated when it stopped paying royalties to build and sell Laser sailboats. (*Id.* at ¶¶ 70-74.)

QMI stopped paying royalties at least as early as February 17, 2011. (*Id.* at ¶ 73.) LPE stopped paying royalties at least as early as May 10, 2010. (*Id.* at ¶ 71.) Accordingly, the relevant time-period for damages in this case is from at least between May 10, 2010 and April 23, 2013.

**II.     LP's Advertising and Offer for Sale of a Kirby Fishing Boat is Relevant to Kirby's Claims**

After nearly *five years* of litigating the BRUCE KIRBY® trademark against LP, Kirby became aware, in 2017, of an offer to sell a "Kirby" fishing boat on a website associated with LP, http://shopna.laserperformance.com/. LP marketed and offered for sale a "Kirby" fishing boat to again willfully infringe the BRUCE KIRBY trademark. This senseless and shocking additional attack on Kirby's trademark—whereby LP associates Kirby with the sale of a $1,500 aluminum fishing boat—evidences the state of mind of those willfully infringing BKI's BRUCE KIRBY® trademark, including QMI. LP's intentional decision to market and offer for sale a Kirby fishing boat (while the Court is still deciding summary judgment as to Kirby's infringement claims) demonstrates LP's clear disregard for and intent to interfere with Kirby's intellectual property rights and is probative of LP's willfulness.

Kirby filed another trademark infringement action in response to LP's willful trademark infringement. *Bruce Kirby, Inc. v. Quarter Moon, Inc. et al.*, Case No. 3:17-CV-01389-JAM ("the 2017 Action"). This case was settled pursuant to a written stipulation (*See* Dkt. 520-1 at 2-5 ("Stipulation")) in which LP agreed that Kirby could "introduce ***into evidence***" the admissions stated in the Stipulation and the documents attached thereto. (Stipulation at 2-4 (emphasis added). That is, relevance and admissibility were agreed and stipulated to by the parties. *Id*. The only limitation was on the "use" of the relevant and admissible evidence, which use was stipulated to be subject to the Federal Rules of Civil Procedure (e.g., hearsay). LP's attempt to

renege on their stipulation is highly improper and prejudicial to Kirby, who voluntarily dismissed its claims on the agreed-upon basis that the evidence was relevant and admissible in this Action.

LP wants to exclude this information because they show LP's blatant disregard and disrespect for Kirby and his intellectual property rights. LP's wrongful acts are clearly probative regarding their state of mind as to their respect for Kirby's intellectual property and are especially relevant given LP's anticipated defense of "consent."[1] At the time LP chose to violate Kirby's rights and offer the "Kirby Fishing Boat" for sale, LP knew of the BRUCE KIRBY trademark, that Kirby was the owner of the mark, and that it did not have Kirby's authorization to market the "Kirby Fishing Boat." (Stipulation at 2.) LP posted the item for sale anyway in direct response to Kirby's valid infringement claims in this Action because they thought they could get away with it and further damage Kirby after denying him his due relief for years. These acts—committed during a trademark dispute that had been pending for over five years— evidences their state of mind when their infringement began. Advertising a "Kirby Fishing Boat," which LP states it never sold and allegedly never intended to sell, (Stipulation at 2), was meant only to be a thumb in the eye of Kirby near the end of a years-long trademark infringement lawsuit. LP only intended to further tarnish Kirby's legacy as a world-class boat designer and no other legitimate purpose. The jury is entitled to witness LP's willfulness and state of mind in deliberately violating Kirby's intellectual property and damaging his reputation by associating his name with aluminum fishing boats.

Finally, LP's arguments to exclude evidence concerning the "Kirby Fishing Boat" are unpersuasive. The facts surrounding LP's offer and advertisement of the boat do not concern "trademarks not at issue in this case." (Motion at 3.) Kirby sued LP for infringement of the

---

[1] Kirby filed a motion in limine to exclude this defense as it has been waived.

BRUCE KIRBY trademark in both cases. Further, LP will not have to "establish that the [fishing boat claims] were frivolous" due to their allegedly taking this "position" in the 2017 action. (Motion at 4.) Kirby intends to submit evidence of the Kirby Fishing Boat—as agreed with LP— to prove LP's willfulness and clear and reckless disregard of Kirby's rights. LP will need to bring its defense against a finding of willfulness regardless of whether evidence of the Kirby Fishing Boat is allowed into evidence.

Pursuant to the foregoing, the Court should deny LP's Motion and allow evidence concerning the Kirby Fishing Boat to be admitted into evidence.

### III. LP's Failure to Pay Royalties to this Day is Highly Relevant to Kirby's Claims, Which are Rooted In Equity

The Court should reject LP's bald and vague statement that any information following the date on which LP apparently ceased using the BRUCE KIRBY trademark and Kirby's name is irrelevant to Kirby's claims. LP listed over 70 exhibits as being irrelevant under a heading that the exhibits or information therein "post-date" the alleged trademark infringement. (*See* Dkt. 523-3 at 8 objecting to Exhibits 1-3, 6-10, 12, 16-23, 26, 35, 55, 58-62, 64, 66-71, 73, 101-106, 112, 114, 115, 124, 125, 159-170, 175-188, 193, 195 and 196.) To the extent LP somehow seeks to exclude all of the above-referenced exhibits on account of the date of the documents,[2] this is improper under the Court's Instructions because LP has not specifically identified the documents or attached them to its motion. *See* Hon. Jeffrey Alker Meyer, U.S. District Judge Instructions for Joint Trial Memorandum ¶ 9 ("All motions in limine should include as attachments any exhibits or deposition testimony to which they refer.").

---

[2] LP fails to specifically identify, in their objections or the Motion, which exhibits "post-date" the alleged infringement in the more than 70 exhibits that are listed.

4

LP fails to cite any authority for this Court to categorically exclude any and all evidence and argument related to things that happened following April 23, 2013. Given LP's total lack of specificity, neither the Court nor Kirby know what it seeks to be excluded. There is therefore no foundation for a ruling by the Court granting LP's Motion. In any event, Kirby responded to LP's "objections" (and responds here) by explaining that the above-referenced exhibits relate to at least (1) the Laser Class Rules and their requiring the use of the BRUCE KIRBY trademark, (2) LP's involvement in changing the Laser Class Rules to no longer require the BRUCE KIRBY trademark and Kirby's name, (3) the date LP stopped paying royalties, (4) LP's willfulness, (5) LP's termination, (6) the Plaques, (7) Kirby's fame, (8) LP's corporate structure, (9) QMI's sales, (10) punitive damages.

The only topic LP specifically raises in its Motion is LP's contractual disputes with Global Sailing, including LP's breach of contract and failure to pay royalties. These issues go to the heart of the case and evidence LP's willful disposition towards violating the rights of others under the law. LP does not respect the rights of others provided by the law. LP's willful breach of contract evidences its willful infringement of Kirby's trademark rights, and *vice versa*. This entire trial is to bring LP to account for its disregard of the law. LP cannot exclude these facts.

Regarding damages, specifically, if LP's Motion to exclude evidence of non-payment and breach is granted, the jury will be able to falsely believe that LP is paid-up on its contracts. Kirby's willfulness case is premised at least in part on LP's ongoing and continued failure to pay royalties despite earning substantial revenues. Erasing LP's breach and providing LP a clean slate on the issue of willfulness would be incredibly prejudicial to Kirby and is unwarranted under the law.

For the foregoing reasons, Kirby respectfully requests that the Court deny LP's Motion in its entirety.

                              Respectfully submitted,

<u>December 20, 2019</u>                */s/ Benjamin N. Luehrs*
                                        Wesley W. Whitmyer, Jr., ct03509
                                        Walter B. Welsh, ct01220
                                        Benjamin N. Luehrs, phv08980
                                        WHITMYER IP GROUP LLC
                                        600 Summer Street
                                        Stamford, CT  06901
                                        Tel. 203 703-0800
                                        Fax 203-703-0801
                                        Email: litigation@whipgroup.com
                                                  wwelsh@whipgroup.com
                                                  bluehrs@whipgroup.com

                                        *Attorneys for Plaintiffs*
                                        *Bruce Kirby, Inc. and Bruce Kirby*

## CERTIFICATE OF SERVICE

      This is to certify that on this 20th day of December, 2019, a true and correct copy of the foregoing **PLAINTIFFS BRUCE KIRBY AND BRUCE KIRBY, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<u>December 20, 2019</u>                                                   <u>*/s/ Joan M. Burnett*</u>
Date                                                                      Joan M. Burnett