UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE KIRBY, INC. *et al.*,
    *Plaintiffs*,

v.

LASERPERFORMANCE (EUROPE)
LIMITED *et al.*,
    *Defendants*.

No. 3:13-cv-00297 (JAM)
No. 3:17-cv-01158 (JAM) (consol.)

## ORDER DENYING MOTION FOR ORDER

Plaintiff Global Sailing Ltd. ("GSL") has filed a motion for entry of order (Doc. #505) following this Court's partial grant of summary judgment on certain liability issues in GSL's favor (Doc. #494) against LaserPerformance (Europe) Ltd. ("LPE") and Quarter Moon, Inc. ("QMI"). *See Bruce Kirby, Inc. v. LaserPerformance (Europe) Ltd.*, 2019 WL 3767510 (D. Conn. 2019). GSL proposes that the Court enter the following grants of injunctive relief that it believes are justified in light of the Court's resolution of the underlying liability issues on summary judgment: (1) that LPE shall offer to sell to GSL, or a licensee of GSL, all plugs, moulds and tooling (the "Materials") owned or controlled by LPE relating to the manufacture of Kirby Sailboats; (2) that LPE and QMI shall discontinue manufacturing, selling, or using these Materials to build or sell Kirby Sailboats; and (3) that, if LPE and/or QMI are not in possession of such Materials, they shall instruct any subcontractors with such possession to return the Materials and cease and desist from using them. Doc. #505-1 at 3-4 (¶¶ 6-8).

I will deny GSL's motion on the ground that GSL has not shown that it is entitled to an immediate grant of partial remedial injunctive relief. Absent a proper application for a preliminary injunction (with a showing of irreparable harm), a court does not ordinarily enter interim grants of partial injunctive relief while the remainder of an action remains pending for

1

adjudication at trial. The fact that a court may grant a motion for partial summary judgment on certain issues of *liability* does not mean that the prevailing party is thereby necessarily entitled to an immediate grant of a corresponding *remedy* as if a final appealable judgment had entered on the party's behalf.

To the contrary, if a party believes that an order is warranted for entry of partial judgment with an order of permanent remedial injunctive relief, a party may file a motion for partial judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For cases involving multiple claims and parties, that rule allows for a court to enter a final partial judgment "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Ibid.*

Although GSL's briefing does not cite or acknowledge Rule 54, that rule appears to be applicable to the type of relief that GSL seeks here.[1] Rule 54 requires me to find there is no just reason to delay entry of partial final judgment in the form requested by GSL. But it appears that there is a just reason for delay in light of the many objections raised by LPE and QMI to the wording and scope of the proposed order. Especially in light of the fact that trial of all the remaining issues is less than a month away, the equities warrant waiting until there is a

---

[1] A substantial question may exist whether Rule 54(b) is applicable to the extent that the Court's grant of partial summary judgment resolved an entire claim as distinct from certain aspects of a claim. *See Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014) (discussing meaning of a cognizable "claim" for purposes of Rule 54(b)). Even if so, the same equitable concerns that I describe above would weigh against my granting of GSL's proposed interim remedial order pending the imminent trial of this matter.

determination of the remaining liability issues and then, if applicable, for the entry of a single final judgment with a specification of all forms of relief to which GSL may be entitled.

Accordingly, the Court DENIES the motion for entry of order (Doc. #505) without prejudice to its renewal at the close of trial and with respect to the Court's entry of final judgment. GSL's motion to strike (Doc. #511) is DENIED as moot.

Dated at New Haven this 17th day of January 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge