## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET. AL.,<br><br>Defendants. | Civil Action No. 3:13-cv-00297-JAM |

## <u>JOINT MOTION TO BIFURCATE TRIAL</u>

Now come movants, Plaintiff Global Sailing, Ltd. ("Global"), and Defendants Quarter Moon, Inc. and LaserPerformance(Europe), Limited (collectively, "Defendants"), by their respective attorneys, and move this Honorable Court for an Order: (1) severing the trial of the claims by Global against Defendants from the trial of the claims of Bruce Kirby and Bruce Kirby, Inc. (collectively, the "Kirby Plaintiffs") against Defendants, and rescheduling the trial of Global's claims; and (2) allowing Global and Defendants to waive and withdraw their requests for a jury trial in their case, so that the matter can be tried by the court.

In support of this motion, movants state as follows:

1.     Currently, Global's claims and those of the Kirby Plaintiffs are consolidated for a single trial, which is set for jury selection on February 6, 2020, and trial beginning February 10, 2020.

2.     At the time the cases were consolidated, the consolidation was warranted because: (a) certain facts and issues were pertinent to both cases; and (b) Defendants had filed counterclaims against both plaintiffs. As the matter has evolved through the pleading stage and as a result of certain rulings by the court, including its grant of partial summary judgment on liability for Global and against Defendants, these reasons are no longer applicable. For example, Global Sailing is no longer a party to the Kirby action, hence, there is no longer an overlap between plaintiffs.

3.     At present, Kirby plaintiff's case involves trademark claims and their attendant issues, Global Sailing's case is largely confined to issues surrounding breach of contract, there are no common issues present in the two cases.

4.     Trial of both cases together will likely lead to confusion of the jury, which will be forced to hear, and evaluate, two completely different cases which do not involve common issues of liability or damages. This confusion is likely to be further exacerbated by witnesses who will potentially be testifying about certain matters in one case that may be barred from testimony or limited in the second.

5.     Trial of both cases together will also waste judicial resources. Global and Defendants can, and wish to, try their dispute before the court without a jury. This will save time and prevent Global's counsel from having to sit through trial of a case which doesn't concern it (and vice versa for the Kirby Plaintiffs). This is especially true in light of the recent ruling by the court (Dkt. 533) which sets forth issues of proof to be conducted in the Global/Defendants dispute which can only be decided by the court. Indeed, many, if not all of the issues which remain between Global and Defendants are issues that can only be decided by the court. Additionally, movants believe granting the motion would enhance the Court's flexibility in scheduling an appropriate trial date.

6.     In addition, in light of the recent ruling by the court which impacts upon the trial between Global and Defendants (but not the Kirby Plaintiff's case) the movants believe it would be in the interest of all parties to be able to process the decision and determine the course and timing of the Global/Defendants trial without unfairly prejudicing the trial of the claims of the Kirby Plaintiffs.

7.     By this motion, movants are not trying to move the date for trial of the Kirby Plaintiffs. Instead they seek only to uncouple and move the date for Global's claims to the alternative date in April or other date the court sets suitable for all parties.

8.     The movants have reached out to counsel for the Kirby Plaintiffs who were unable to determine the position of their client within the available time constraints.

WHEREFORE, pursuant to F.R.C.P. 42(b), movants request the entry of an order by this Honorable Court: (1) severing the trial of the claims by Global against Defendants from the trial of the claims of Bruce Kirby and Bruce Kirby, Inc. (collectively, the "Kirby Plaintiffs") against Defendants, and rescheduling the trial of Global's claims; and (2) allowing Global and Defendants to waive and withdraw their requests for a jury trial in their case, so that the matter can be tried by the court.

Respectfully submitted,

Date:  January 17, 2020

/s/J. Kevin Grogan
J. Kevin Grogan (CT00331)
Jeffrey E. Schiller (*pro hac vice*)
Joseph F. Romagnano (CT30857)
**Grogan, Tuccillo & Vanderleeden, LLP**
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel: (413) 736-5401 - Fax (413) 733-4543
Email: saillit@gtv-ip.com

*Attorney for the Plaintiff,*
*Global Sailing Limited*

LASERPERFORMANCE (EUROPE) LIMITED
and QUARTER MOON, INC.

/s/Peter T. Fay
Douglas S. Skalka (ct00616)
Peter T. Fay (ct08122)
Robert B. Flynn (ct15803)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Tel: (203) 821-2000
Fax: (203) 821-2009
dskalka@npmlaw.com
pfay@npmlaw.com
rflynn@npmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020 a true copy of the foregoing **Joint Motion to Bifurcate Trial** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/EFC System.

/s/ J. Kevin Grogan
J. Kevin Grogan, Esq.