UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL<br><br>Plaintiff,<br><br>v.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET AL.<br><br>Defendants | Case No: 3:13-CV-00297 (JAM)<br><br><br><br>January 21, 2020 |

## JOINT REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL

Bruce Kirby and Bruce Kirby, Inc. (collectively, the "Kirby Plaintiffs") objected (Dkt. 535, the "Objection") to the Joint Motion to Bifurcate Trial (Dkt. 534, the "Motion" or "Mot.") filed by Plaintiff Global Sailing, Inc. ("Global") and Defendants Quarter Moon, Inc. and LaserPerformance (Europe), Ltd. (collectively, "Defendants"). Why the Kirby Plaintiffs would seek to interfere with an agreed motion from separate parties about separate issues is not clear. Nor is it clear why they would seek to ensure a longer and more complicated trial involving issues which do not pertain to them or their claims. In any event, their objection is based upon several incorrect premises.

1

First, the Kirby Plaintiffs assert that the request will "further delay a resolution of [the Kirby Plaintiffs'] claims…" (Obj., p. 1) This is inaccurate. Movants specifically state exactly the opposite: they do not seek any delay of the Kirby Plaintiffs' trial date. (Mot., ¶7)

Second, the Kirby Plaintiffs assert that it will "waste judicial resources to hold two separate trials…" (Obj., p. 1) Again, this is untrue. Movants believe that holding two separate trials will shorten the time devoted to the trials, and in particular, the Kirby Plaintiffs/Defendants dispute. This is because: (a) the jury hearing the Kirby Plaintiffs/Defendants dispute will not have to sit through evidence on injunction-related issues such as irreparable harm to Global which it cannot even decide; (b) that jury will not have to hear testimony pertinent to certain damages to Global (loss of royalties) which bear no relation to the trademark damages claimed by the Kirby Plaintiffs; and (c) there will be no jury at all in the Global/Defendants dispute, which obviates the need for those parties to submit, and the court to review and rule upon, jury instructions, voir dire questions, and many, if not all, motions in limine not relevant to a bench trial. (Mot., ¶5)

Moreover, Rule 42 of the Federal Rules of Civil Procedure expressly states that for purposes of economy and efficiency, the Court may order separate trials for consolidated actions. (Fed. R. Civ. P. R. 42(b)) Bifurcation of the actions will not delay entry of judgment in the Kirby case. When the actions were consolidated, they remained separate actions. Therefore, separate judgments will enter for each action. As a general rule, consolidated cases retain their separate identities, and consolidation under Rule 42 does not merge the suits into a single case. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 99 F. Supp. 3d 388, 393 (W.D.N.Y. 2015);

*Garnett–Bishop v. New York Community Bancorp, Inc.*, 49 F.Supp.3d 321, 327–28 (E.D.N.Y.2014); *Tucker v. Kenney*, 994 F.Supp. 412, 415–16 (E.D.N.Y.1998). See also *Palmer v. New York State Dep't of Corrections*, 342 Fed.Appx. 654, 656 (2d Cir.2009) ("Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties").

Finally, there is not, as the Kirby Plaintiffs claim, a significant overlap of issues, witnesses, or evidence in the two cases. While that may have been true in 2017 after this court ruled that Global was the proper party to assert breach of contract and related claims in the suit originally brought by the Kirby Plaintiffs, it is true no longer. Changes to the pleadings, including amendment to the Complaint, and voluntary dismissal of certain counterclaims by the Defendants, and certain rulings of this court (the grant of partial summary judgment on liability for Global, and the court's ruling on Global's request for affirmative relief, Dkt. 494), have dramatically altered the landscape.

Global's claims now solely concern relief flowing from the liability determinations the Court has already made (Dkt. 494), and consist of only three issues: (a) the amount of royalties and interest which remain unpaid on sales of Laser sailboats within the limitations periods imposed by the court (which periods, themselves, do not apply to the Kirby Plaintiffs' claims); (b) the portion (or whole) of this amount owed by Defendants via direct sales of boats and, as a corollary, whether sales of boats by entities related to Defendants are the responsibility of Defendants; and (c) whether certain post-termination breaches by Defendants created harm which cannot be remedied by a payment of damages and thus a need for injunctive relief. While

the Defendants dispute these claims, their defenses are based upon contract law, not trademark law. Consequently, none of these issues are present in the Kirby Plaintiffs/Defendants dispute, which is purely a trademark case.

Indeed, Movants seek bifurcation precisely to save resources and prevent confusion. There is simply no reason to try the remaining issues between Global and Defendants before a jury, especially since at least one of the issues can only properly be decided by the Court. There is now a significant risk of jury confusion, not to mention a waste of jury time and resources, if a jury hears both portions of this trial. Global and Defendants each now believe they would benefit from a bench trial. Global and Defendants wish to withdraw their demands for a jury in the case between them, which is their right. The Kirby Plaintiffs cannot stop them from doing so unless they will somehow be prejudiced. They will not be—as shown, they will be helped by the granting of the Motion.

Movants believe that bifurcating the case would shorten the time the Kirby Plaintiffs and their counsel spend in court, and shorten the number of jury days. The Court's time and Global's time would remain the same, or possibly decrease, given the time saved by not having additional voir dire or motions in limine. Defendants' time will also likely remain the same, or nearly so.

For these reasons, Movants pray that this Honorable Court grant their Motion bifurcating the Kirby Plaintiffs/Defendants trial from the Global/Defendants trial, permitting the Kirby Plaintiffs/Defendants trial to proceed on February 10, 2020 as scheduled (with jury selection to occur on February 6, 2020), , rescheduling the Global/Defendants trial to a separate date at the Court's convenience; and allowing the Global/Defendants trial to proceed as a bench trial.

Date:  January 21, 2020

Respectfully submitted,

/s/J. Kevin Grogan
J. Kevin Grogan (CT00331)
Jeffrey E. Schiller (*pro hac vice*)
Joseph F. Romagnano (CT30857)
**Grogan, Tuccillo & Vanderleeden, LLP**
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel: (413) 736-5401 - Fax (413) 733-4543
Email: saillit@gtv-ip.com

*Attorney for the Plaintiff,*
*Global Sailing Limited*

LASERPERFORMANCE (EUROPE) LIMITED and QUARTER MOON, INC.

/s/Peter T. Fay
Peter T. Fay (ct08122)
Douglas S. Skalka (ct00616)
Robert B. Flynn (ct15803)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Tel: (203) 821-2000
Fax: (203) 821-2009
dskalka@npmlaw.com
pfay@npmlaw.com
rflynn@npmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, a true copy of the foregoing **JOINT REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/EFC System.

                                            **Grogan, Tuccillo & Vanderleeden, LLP**

                                            By____/James Kevin Grogan/_____
                                                   James Kevin Grogan, Esq.

Attorneys of Record
James Kevin Grogan, Esq.
Jeffrey E. Schiller, Esq.
Kevin H. Vanderleeden, Esq.
GROGAN, TUCCILLO &
VANDERLEEDEN, LLP
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543