## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., and<br>BRUCE KIRBY<br><br>        Plaintiffs,<br><br>            vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED,<br>QUARTER MOON, INCORPORATED,<br><br>        Defendants. | Civil Action No. 3:13-cv-00297-JAM |

### PLAINTIFF GLOBAL SAILING LIMITED'S MOTION IN LIMINE

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................. 1

II.     LEGAL STANDARD ...................................................................................................... 1

III.    THE COURT SHOULD PRECLUDE ANY EVIDENCE OR ARGUMENT
        CONCERNING DEFENDANT'S ASSERTION THAT PLAINTIFF GSL IS
        PRECLUDED  FROM EITHER MONETARY OR INJUNCTIVE RELIEF  BASED ON
        THE RUNNING OF THE STATUTE OF LIMITATIONS ............................................... 1

# TABLE OF AUTHORITIES

**Cases**

*Luce v. U.S.*
    469 U.S. 38 (1984) ...........................................................................................1

*LEGO A/S* v. *Best-Lock Construction Toys, Inc.*
    406 F. Sup. 3d 583 (D. Conn. 2019) ……………………………………………3

*Oneida Indian Nation* v. *County of Oneida*
    617 F.3d 114, 127 (2d Cir. 2010) ……………………………………………3

*Veltri v. Bldg. Serv. 32B-J Pension Fund*
    393 F.3d 318, 326 (2d Cir. 2004) ……………………………………………3

**Secondary Authority**

27A Am. Jur. 2d. Equity §107……………………………………………….3

## I.   INTRODUCTION

Plaintiff Global Sailing Limited, "(GSL"), respectfully moves *in limine* to preclude Defendants Quarter Moon, Inc. ("QMI") and LaserPerformance(Europe), Ltd. (LPE, collectively, "Defendants"), its counsel, and its witnesses from introducing any evidence, testimony, or argument concerning the defense of statute of limitations or latches.

For the reasons that follow, GSL respectfully requests that the Court grant its motion and exclude the foregoing information and witnesses from the trial.

## II.   LEGAL STANDARD

Motions *in limine* may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984).

## III.   THE COURT SHOULD PRECLUDE ANY EVIDENCE OR ARGUMENT CONCERNING DEFENDANT'S DEFENSE THAT PLAINTIFF GSL CANNOT OBTAIN EITHER MONETARY OR INJUNCTIVE RELIEF   FOR ACTIONS TAKEN AFTER THIS COURT'S RULING AS TO WHEN THE RELEVANT STATUTES OF LIMITATIONS BEGAN TO RUN

Based on multiple communications with counsel for Defendants, GSL anticipates that Defendants will attempt to present argument or evidence concerning issues related to its defenses that GSL is barred from recovery by the running of the statute of limitations and the doctrine of laches, in total disregard of this court's ruling of August 9, 2019 (Dkt. 494). Specifically, GSL understands Defendants intend to submit argument and/or evidence that GSL is barred from a recovery of any type, either for monetary damages due to lost royalties and interest or injunctive relief for damages suffered by GSL which cannot be compensated monetarily.

1

This court addressed these defenses its order of August 9, 2019 (Dkt. 494). Specifically, the court found that the respective Connecticut and Ontario statutes of limitation on contract claims apply in this case. (*id.*, p. 11) The court then applied these laws to the facts and held that GSL cannot establish liability as to LPE for actions prior to July 13, 2015 and cannot establish liability as to QMI for actions before July 13, 2011. (*id.*, p. 12)

However, these limits did not preclude summary judgment as to liability on acts of the Defendants occurring *after* these dates. (*id.*, p. 20) Indeed, this court specifically held that Defendants had committed breaches of the agreements after those dates which entitled GSL to partial summary judgment. (*id.*, pp. 19, 20) In now attempting to introduce evidence and testimony relating to these two defenses, Defendants seek to relitigate issues already decided by this court.

The court held that (a) both defendants breached their respective contracts by challenging the design rights now owned by GSL (*id.*, p. 19) ; and (b) LPE breached its contract by failing to participate in a good faith attempt to sell back laser manufacture materials to GSL or another licensee. (*id.*, p. 20) As to the latter finding, the court noted that an offer to negotiate had never been made after the contract was terminated and LPE still had not done so as of October 2018. (*id.*, p. 20) The Court also held that GSL could be entitled to further judgment at trial if it could demonstrate who sold the sailboats in question *after* the beginning of the limitations period in question and tie such sales to Defendants. (*id.*, p. 18)

As further evidence that this court has dealt with these defenses in their totality, the court denied summary judgment to GSL as to any of the LPE of Kirby sailboats, noting that it was unable to determine which sales occurred before or after July 13, 2015; thus, Summary Judgment on this issue was inappropriate. (*id.*, p. 18) There is simply no reason for the court to make this distinction other than sales made after this critical date were *not* barred by the statute of limitations

2

and could provide a basis for damages. Similarly, when finding a breach of contract by LPE for failing to participate in a good faith attempt to sell back Kirby sailboat manufacture materials, the court specifically noted that an offer to negotiate had never been made after the contract was terminated and LP *still had not done so as of October 2018.* (*id.*, p. 20) As with any post July 13, 2015 sales noted above, the court would not make this distinction if the statute of limitations precluded enforcement of post termination provisions of the agreement by injunctive relief.

As to the laches defense first asserted at the close of fact discovery, the defendants should likewise be barred for presenting evidence or testimony directed towards this defense. The three basic elements that must be proven for successful assertion of a laches defense are (1) a delay in asserting the right or claim; (2) the delay was not reasonable or excusable and (3) either acquiescence in the act about which plaintiff complains or prejudice to defendants resulting from the delay. (*Oneida Indian Nation* v. *County of Oneida*, 617 F.3d 114, 127 (2d Cir. 2010) further citing *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004); see also, 27A Am Jur 2d Equity § 107) Regardless of whether GSL's delay in bringing this cause of action was reasonable or not, LP simply has not provided any documents or testimony that would substantiate acquiescence by GSL to the failure to pay royalties due and owing, nor is there any record or even an assertion that LP was prejudiced by the delay of GSL in asserting its rights. Indeed, in continuing to manufacture and sell Kirby sailboats without payment of royalties, it is arguable that Defendants were able to benefit from any delay on the part of GSL. *LEGO A/S* v. *Best-Lock Construction Toys, Inc.*, 406 F. Sup. 3d 583, 624 (D. Conn. 2019)

Accordingly, all evidence and argument regarding these defenses should be excluded.

## IX.   **<u>CONCLUSION</u>**

For the reasons that follow, GSL respectfully requests that the Court grant its motion and exclude the foregoing information and witnesses from the trial. (*See* Proposed Order filed concurrently herewith.)


Date:  January 28, 2020

Respectfully submitted,



/s/J. Kevin Grogan
J. Kevin Grogan (CT00331)
Jeffrey E. Schiller (*pro hac vice*)
Joseph F. Romagnano (CT30857)
**Grogan, Tuccillo & Vanderleeden, LLP**
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel: (413) 736-5401 - Fax (413) 733-4543
Email: saillit@gtv-ip.com

*Attorney for the Plaintiff,*
*Global Sailing Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2020, a copy of foregoing **<u>PLAINTIFF GLOBAL</u>**

**<u>SAILING LIMITED'S MOTION IN LIMINE</u>** was filed electronically and served by mail on

anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all

parties by operation of the court's electronic filing system or by mail to anyone unable to

accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this

filing through the court's CM/ECF System.


By____/James Kevin Grogan/_____
         James Kevin Grogan, Esq.

Attorneys of Record
James Kevin Grogan, Esq.
Jeffrey E. Schiller, Esq.
Kevin H. Vanderleeden, Esq.
GROGAN, TUCCILLO &
VANDERLEEDEN, LLP
One Financial Plaza
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543