# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. *et al.*,<br>　　　*Plaintiffs*,<br><br>　　　　v.<br><br>LASERPERFORMANCE (EUROPE)<br>LIMITED *et al.*,<br>　　　*Defendants*. | No. 3:13-cv-00297 (JAM)<br>No. 3:17-cv-01158 (JAM) (consol.) |

## ORDER RE REMAINING PENDING MOTIONS *IN LIMINE*

This case is about a long-running dispute involving Laser sailboats. In 2013, plaintiffs Bruce Kirby and his namesake company Bruce Kirby, Inc. sued defendants LaserPerformance (Europe) Ltd. ("LPE") and Quarter Moon, Inc. ("QMI"). Trial evidence is scheduled to begin next week on plaintiffs' claims for violations of the Lanham Act (trademark and false designation of origin claims) and for common law misappropriation involving the use of the Bruce Kirby name.

On January 29, 2020, I conducted a hearing on the parties' respective motions *in limine*. Several days ago I issued a ruling as to the most time-sensitive of these motions, Doc. #558, and now this ruling determines the remaining motions. I presume familiarity with the many prior rulings I have issued in this case.

### Attribution of LaserPerformance LLC's revenue to QMI

Plaintiffs move *in limine* to preclude evidence, testimony, or argument that revenues of LaserPerformance LLC, a non-party that is a subsidiary of QMI, is *not* attributable to QMI on the grounds that prior deposition and other testimony given by one of defendants' Rule 30(b)(6) witnesses establishes that LaserPerformance LLC's sales are attributable to QMI. Doc. #525 at

1

12-13. But, as defendants argue in opposition, it is plaintiffs' burden to prove at trial what sales, if any, of Laser sailboats may be legally to attributable to QMI for purposes of establishing liability. Doc. #532 at 13. It is a fact issue that the Court declines to resolve by way of motion *in limine*. Accordingly, I will deny plaintiffs' motion *in limine* No. 3 for substantially the reasons stated in defendants' opposition.

### *Termination of 1989 Builder Agreement*

Plaintiffs move *in limine* to preclude evidence, testimony, or argument that the 1989 Builder Agreement was not terminated on the grounds that this position would be in conflict with the testimony of one of defendants' Rule 30(b)(6) witnesses who testified in a deposition that the 1989 Builder Agreement was terminated. Doc. #525 at 14-15. Defendants argue that whether the 1989 Builder Agreement is terminated is a question of fact for the jury to decide. Doc. #532 at 14-15. I agree and decline to resolve this fact issue by way of a ruling on a motion *in limine*. For substantially the reasons stated by defendants in opposition, I will deny plaintiffs' motion *in limine* No. 4 (first).

### *Pre-registration evidence related to the prosecution of the BRUCE KIRBY mark*

The Kirby plaintiffs move *in limine* to preclude evidence pertaining to the prosecution of the BRUCE KIRBY trademark—specifically, a letter from the U.S. Patent and Trademark Office dated January 5, 2006, Doc. #525 at 16, concerning a "specimen," which the Court understands to be an image of a plaque containing the words "designed by Bruce Kirby" based on the explanation from the counsel for plaintiffs at the hearing on January 29, 2020, *see* Doc. #260-5.

Plaintiffs argue that a trademark registration is *prima facie* evidence of its validity, and that because LPE and QMI have not contested the validity of the trademark, they have waived

any invalidity argument. Defendants respond that this letter is relevant and "establishes that the Kirby plaintiffs and their counsel were aware long before they filed this lawsuit that the United States Patent and Trademark Office already had determined this issue [that the use of the phrase 'Designed by Bruce Kirby' did not constitute a viable trademark use] against them." Doc. #532 at 16-17. Counsel for defendants at the pretrial conference further contended that the letter goes to the reasonableness of defendants' view that using the BRUCE KIRBY mark in this manner was fair use. *Ibid*.

As an initial matter, I note that in their Joint Trial Memorandum the parties have stipulated to the fact that the BRUCE KIRBY trademark is owned by plaintiff BKI and the registration date of the BRUCE KIRBY trademark is November 11, 2008. *See* Doc. #523-7 at 3. I therefore agree with plaintiffs that the validity of the BRUCE KIRBY trademark is undisputed in this case.

There has been no showing that defendants were aware of this 2006 letter from the U.S. Patent and Trademark Office at any time during the course of the alleged violations at issue in this case, and defendants have not shown how their awareness of the letter at some later time is relevant to any issue in this action. Accordingly, in light of the absence of dispute about the validity of the trademark and in the absence of a showing that the letter is otherwise relevant, I will grant the Kirby plaintiffs' motion *in limine* No. 5 insofar as it seeks to preclude introduction of or reference to the letter of January 5, 2006, from the U.S. Patent and Trademark Office.

### *Dismissed counterclaims*

Plaintiffs move to preclude the introduction of evidence related to defendants' counterclaims, which have now been dismissed. Specifically, plaintiffs seek to preclude any evidence or allegations that Bruce Kirby engaged in wrongful conduct by copyrighting the

3

construction manual (in violation of confidentiality provisions) as well as by attempting to start his own sailing class with a new boat known as "the Torch" sailboat. Doc. #525 at 17-18. Defendants argue that, because plaintiffs claim that the defendants acted willfully, intentionally, and with callous disregard of the known rights of plaintiffs, defendants should be permitted to offer evidence of plaintiffs' own misconduct to defend against those claims. Doc. #32 at 17-18.

The allegations at issue in this lawsuit concern alleged misconduct that occurred up until 2013, and I agree with plaintiffs that this post-2013 evidence relating to now-dismissed counterclaims is not properly relevant to any of the issues in this action and that any possible relevance is substantially outweighed by the potential for unfair prejudice and confusion. Accordingly, I will grant plaintiffs' motion *in limine* No. 6 to preclude post-2013 evidence of Mr. Kirby's alleged efforts to copyright the Laser construction manual and to create the Torch class of boats.

### *Consent defense*

Plaintiffs move *in limine* to preclude defendants from presenting "argument or evidence to the jury that Kirby consented or acquiesced to LP's use of the BRUCE KIRBY trademark and/or Kirby's name following termination of LP's authorization to use the same." Doc. #525 at 18. The reason for this, according to plaintiffs, is that "consent/acquiescence is an affirmative defense LP waived by not including it in their Answer or raising the defense during the case." *Ibid*. In opposition, defendants do not dispute that acquiescence is an affirmative defense. *See* Doc. #532 at 18-20. But defendants argue that lack of consent is an element of plaintiffs' trademark infringement claim, pointing out that plaintiffs' own proposed jury instructions state that they must prove that defendants used the trademark without consent of plaintiffs. *See ibid.*;

4

*see also* Doc. #522-13 at 7.

I agree with plaintiffs that the estoppel-based doctrine of acquiescence is an affirmative defense, one that the defendants did not plead in their Answer. Doc. #40. But by using the phrases "consented or acquiesced" and "consent/acquiesced," plaintiffs stretch their argument to seek to foreclose the defendants from controverting an element (consent) that plaintiffs bear the burden to prove. Because defendants have a right to dispute plaintiffs' evidence, I will not foreclose them from doing so.

Section 32 of the Lanham Act, under which plaintiffs bring their claim, states that a trademark infringement claim may lie against "[a]ny person who shall, *without the consent* of the registrant, use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…" 15 U.S.C. § 1114(1)(a). The law of the Second Circuit makes clear that "without consent" is an element of a trademark infringement claim. *See, e.g.*, *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir. 2007); *Gruner + Jahr USA Pub., a Div. of Gruner + Jahr Printing & Pub. Co. v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993). And the case cited by plaintiffs at the pretrial conference, *PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109 (2d Cir. 2008), is not helpful because, if anything, it makes more clear the distinction between the affirmative defense of acquiescence and the element that a plaintiff must prove in an infringement claim: lack of consent. *See id.* at 115 (stating that "acquiescence is an affirmative defense, which raises issues different from the elements of a claim of infringement.").

Accordingly, I will grant plaintiffs' motion *in limine* No. 7 insofar as it seeks to preclude

defendants from advancing the affirmative defense of acquiescence but I will deny it insofar as it seeks to preclude defendants from disputing plaintiffs' evidence of lack of consent.

### Post-April 2013 evidence

Defendants move *in limine* to preclude plaintiffs from introducing evidence of conduct after April 23, 2013, specifically evidence involving the now-settled 2017 lawsuit between the parties involving the Kirby fishing boat. Doc. #520. In opposition, plaintiffs argue that evidence concerning the 2017 lawsuit is probative of defendants' willfulness in infringing the BRUCE KIRBY trademark, Doc. #530 at 2-4, and at the pretrial conference, counsel for plaintiffs argued that the 2017 lawsuit demonstrates that defendants engaged in a pattern of infringing behavior.

I will grant defendants' motion on the ground that plaintiffs have not shown that defendants' alleged misconduct in 2017 with respect to the use of the Kirby name for a fishing boat is relevant to the misconduct at issue in this action that occurred in 2013 and earlier. Any relevance is substantially outweighed by the potential for unfair prejudice and confusion that would result from injecting the allegations from the Kirby fishing boat lawsuit into this sailboat lawsuit.

I am concerned as well that evidence of the 2017 lawsuit would be improper propensity evidence. Rule 404 provides in part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Although the Second Circuit, "follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402," *United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013), the primary purpose proffered by plaintiffs as to why evidence of 2017 lawsuit

should be admitted as relevant is that it is probative of defendants' state of mind. It is very difficult to see how defendants' state of mind in 2017 reflects on their state of mind years earlier during the allegedly infringing conduct at issue in this case.

Plaintiffs also point to the parties' settlement agreement of 2017 Kirby fishing boat lawsuit, which states "[plaintiffs] may introduce into evidence at trial in the 2013 Action, collectively or separately, Defendants' admissions to the Requests for Admission below [on the following list of topics], each of which may be used for any purpose allowable under the Federal Rules of Evidence." Doc. #520-1 at 2-3 (Ex. A). Because this stipulation is conditioned on the evidence being allowable in the first instance under the Federal Rules of Evidence, the terms of the settlement agreement do not compel the admission of this evidence at trial.

All in all, I will grant defendants' motion *in limine* to the extent that it seeks to preclude evidence of the 2017 lawsuit that the parties settled. But I will otherwise defer ruling on the admissibility of any other post-2013 evidence pending the parties' specific identification of such evidence and the grounds of admissibility.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part and DEFERS in part plaintiffs' motions *in limine* No. 3, No. 4 (first), No. 5, No. 6, and No. 7 (Doc. #525) and defendants' motion *in limine* (Doc. #520), as set forth in this ruling.

It is so ordered.

Dated at New Haven this 5th day of February 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge