

600 Summer Street, Stamford, CT 06901
Tel: +1 203-703-0800
Website: www.whipgroup.com

February 10, 2020

VIA ECF **ONLY**

Honorable Jeffrey Alker Meyer
United States District Court Judge for the District of Connecticut
Richard C. Lee U.S. Courthouse
Courtroom 3
141 Church Street
New Haven, CT 06510

Re:   WHIP File 01160-L0036A
      <u>Bruce Kirby et al. v. LaserPerformance (Europe) Ltd. et al.; Case 3:13-cv-00297-JAM</u>

Dear Hon. Judge Meyer:

    We write on behalf of Plaintiffs Bruce Kirby and Bruce Kirby, Inc. ("Kirby") in response to Your Honor's request regarding the Court's jury charge for trademark infringement.

    We understand the Court's desire to simplify the two trademark infringement claims. We acknowledge they have overlapping elements and agree the two charges can be similar at least because Kirby's claim under 15 U.S.C. § 1114 (Count 1) applies to more than just counterfeit marks. However, Kirby still respectfully requests an additional charge regarding counterfeit marks because of the legal implications of counterfeit marks and because doing so will assist the jury in answering the question of whether Defendants used a counterfeit mark, as provided in both Plaintiffs' and Defendants' proposed verdict forms (if adopted by the Court). (Dkts. 523-15 at 2 and 523-16 at 2).

    Regarding legal implications of such a finding, first, there is a presumption of a likelihood of confusion for use of counterfeit marks. *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003). Second, as to damages, a defendant's profits may be trebled in circumstances of counterfeiting. *See* 15 U.S.C. § 1117(b). It is for reasons such as these that "counterfeit" is specifically defined in the Lanham Act. 15 U.S.C. §§ 1116(d), 1127.

    Accordingly, Kirby respectfully requests the Court identify the bases of trademark infringement under 15 U.S.C. § 1114 (use, without the consent of the registrant, of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive"), but also include an additional charge as to counterfeit marks and their implications. *See, e.g., Romag Fasteners, Inc. v. Fossil, Inc. et al.*, 3:10-cv-01827-JBA at Dkt. 410 (Jury Instructions filed April 2, 2014).

Sincerely,

Benjamin N. Luehrs
bluehrs@whipgroup.com

c:   All Counsel (via ECF)