UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE KIRBY, INC. *et al.*,
    *Plaintiffs*,

v.

LASERPERFORMANCE (EUROPE) LIMITED *et al.*,
    *Defendants*.

No. 3:13-cv-00297 (JAM)
No. 3:17-cv-01158 (JAM) (consol.)

# JURY VERDICT FORM

We, the jury, unanimously find:

## LIABILITY ISSUES

### LIABILITY FOR COUNT ONE – TRADEMARK INFRINGEMENT

1. **Trademark infringement.** Has Bruce Kirby Inc. proved by a preponderance of the evidence that Quarter Moon, Inc. infringed on the BRUCE KIRBY trademark?

   Yes ✓      No ___

2. **Trademark infringement by means of counterfeit trademark.** If you answered "Yes" to Question #1, has Bruce Kirby Inc. proved by a preponderance of the evidence that Quarter Moon, Inc. infringed on the BRUCE KIRBY trademark by using a counterfeit mark?

   Yes ___      No ✓

3. **Fair use defense to trademark infringement.** If you answered "Yes" to Question #1, has defendant Quarter Moon, Inc. proved by a preponderance of the evidence its fair use defense?

   Yes ___      No ✓

4. **Willful trademark infringement.** If you answered "Yes" to Question #1 and "No" to Question #3, has Bruce Kirby Inc. proved by a preponderance of the evidence that Quarter Moon, Inc. willfully infringed the BRUCE KIRBY trademark?

   Yes ✓      No ___

1

### LIABILITY FOR COUNT TWO – FALSE DESIGNATION OF ORIGIN

1. **False designation of origin.** Has Bruce Kirby Inc. proved by a preponderance of the evidence that Quarter Moon, Inc. engaged in false designation of origin with respect to the BRUCE KIRBY trademark?

   Yes ✓     No ____

2. **Fair use defense to false designation of origin.** If you answered "Yes" to Question #1, has defendant Quarter Moon, Inc. proved by a preponderance of the evidence its fair use defense?

   Yes ~~✓~~     No ✓    PJG.

3. **Willful false designation of origin.** If you answered "Yes" to Question #1 and "No" to Question #2, has Bruce Kirby Inc. proved by a preponderance of the evidence that Quarter Moon, Inc. willfully engaged in false designation of origin with respect to the BRUCE KIRBY trademark?

   Yes ✓     No ____

### LIABILITY FOR COUNT THREE – MISAPPROPRIATION OF BRUCE KIRBY NAME

1. **QMI misappropriation of Bruce Kirby name.** Has Bruce Kirby proven by a preponderance of the evidence that Quarter Moon, Inc. used his name without his consent for the purpose of appropriating to its benefit the commercial value of the name?

   Yes ✓     No ____

2. **LPE misappropriation of Bruce Kirby name.** Has Bruce Kirby proven by a preponderance of the evidence that LaserPerformance (Europe) Limited used his name without his consent for the purpose of appropriating to its benefit the commercial value of the name?

   Yes ✓     No ____

2

## DAMAGES ISSUES

*Do not consider damages unless you have concluded that liability has been established for at least one of the three liability counts above. Any damages that you may award must not allow the same plaintiff a double recovery arising from the same act for which a defendant may be liable.*

### DAMAGES FOR COUNTS ONE AND TWO – TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

1. **Predicate finding of willfulness.** Has Bruce Kirby Inc. proved willful trademark infringement or false designation of origin?

    Yes ✓   No ____

2. **Unjust enrichment.** Has Bruce Kirby Inc. proved that Quarter Moon, Inc. was unjustly enriched from engaging in willful trademark infringement or false designation of origin?

    Yes ✓   No ____

3. **Deterrence.** Has Bruce Kirby Inc. proved that there is a need to deter Quarter Moon, Inc. or others from engaging in willful trademark infringement or false designation of origin again?

    Yes ✓   No ____

4. **Calculation of damages.** If you answered "Yes" to the Predicate Finding Question #1 above *and* "Yes" to either Question #2 (unjust enrichment) *or* Question #3 (deterrence), or both, what profits do you award against Quarter Moon, Inc. in favor of Bruce Kirby Inc.?

    $ 4,337,157.49

5. **Nominal damages.** If you answered "No" to Questions #1, Question #2, and Question #3 above, do you choose to award nominal damages in the amount of $1 against Quarter Moon, Inc. in favor of Bruce Kirby Inc.?

    Yes ____   No ____

3

**DAMAGES FOR COUNT THREE – MISAPPROPRIATION OF BRUCE KIRBY NAME**

1. **Compensatory damages against QMI.** What compensatory damages do you award in favor of Bruce Kirby against Quarter Moon, Inc.?

    $ __0__

2. **Compensatory damages against LPE.** What compensatory damages do you award in favor of Bruce Kirby against LaserPerformance (Europe) Limited?

    $ __2,520,578.81__

3. **Nominal damages against QMI.** If Bruce Kirby has not proved any compensatory damages as to Quarter Moon, Inc., do you choose to award nominal damages in the amount of $1 against Quarter Moon, Inc. in favor of Mr. Kirby?

    Yes __✓__   No ____

4. **Nominal damages against LPE.** If Bruce Kirby has not proved any compensatory damages as to and LaserPerformance (Europe) Limited, do you choose to award nominal damages in the amount of $1 against LaserPerformance (Europe) Limited in favor of Mr. Kirby?

    Yes ____   No __✓__

5. **Punitive damages against QMI.** Has Bruce Kirby proved that Quarter Moon, Inc. engaged in an intentional and wanton violation of his rights or that it engaged in outrageous conduct with reckless indifference to Mr. Kirby's rights such that the Court should award punitive damages against Quarter Moon, Inc. and in favor of Mr. Kirby?

    Yes __✓__   No ____

6. **Punitive damages against LPE.** Has Bruce Kirby proved that LaserPerformance (Europe) Limited engaged in an intentional and wanton violation of his rights or that it engaged in outrageous conduct with reckless indifference to Mr. Kirby's rights such that the Court should award punitive damages against LaserPerformance (Europe) Limited and in favor of Mr. Kirby?

    Yes __✓__   No ____

## ALL YOUR ANSWERS MUST BE UNANIMOUS

Please double check the accuracy and consistency of your answers to the questions above, and then sign and date this verdict form.

_____/s/_____    2/14/2020
Foreperson                                                          Date

*Please note that the signature of the Foreperson will be redacted in official court records in order to protect against public disclosure of the Foreperson's name.*