UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. and BRUCE KIRBY<br><br>    Plaintiffs,<br><br>    vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, et al.,<br><br>    Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**SUPPLEMENTAL FEE DECLARATION OF BENJAMIN N. LUEHRS
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND PUNITIVE DAMAGES**

I, Benjamin N. Luehrs, declare as follows:

**BACKGROUND**

1. I am an associate of Whitmyer IP Group LLC, 600 Summer Street, Stamford, Connecticut 06901, and I am admitted to practice law in the State of Connecticut.

2. I am one of the attorneys representing Bruce Kirby, Inc. and Bruce Kirby (collectively "Plaintiffs") in this case and I am familiar with the facts stated herein and, if called to testify, would competently testify thereto.

3. I am familiar from the practice of my own firm and from my experience with legal fees in the context of intellectual property cases, and with customary and reasonable fees for civil litigation in Federal Courts.

4. This supplemental declaration is respectfully submitted in support of Plaintiffs' motion for attorneys' fees and punitive damages following the successful jury trial and verdict in Plaintiffs' favor against Defendants LaserPerformance (Europe) Limited and Quarter Moon, Inc.

("QMI") (collectively "Defendants"), and pursuant to the Court's Orders dated March 23, 2020, (Dkt. 587), April 20, 2020, (Dkt. 606), and June 24, 2020. (Dkt. 639 ("June 24 Order").)

5. This action was commenced on March 4, 2013 ("Action") (*see* Dkt. No. 1.) At such time, Plaintiffs were represented by the law firm of St. Onge Steward Johnston & Reens LLC ("SSJR") and more specifically, by Wesley W. Whitmyer, Jr. and by Walter B. Welsh, among others at SSJR.

6. SSJR prosecuted this Action until May 2015, at which time Mr. Whitmyer and Mr. Welsh moved their law practice to the law firm of Whitmyer IP Group LLC ("WHIPgroup").

7. In May 2015, Mr. Whitmyer and Mr. Welsh continued to represent Plaintiffs as part of their association with WHIPgroup, and the remaining attorneys at SSJR who did not join WHIPgroup withdrew their appearances for Plaintiffs.

8. WHIPgroup has continued to prosecute this Action since May 2015, including representing Plaintiffs through trial, and to the present time.

9. Both SSJR and WHIPgroup have contemporaneously recorded their time in this Action.

10. The billing rate for partners at SSJR and WHIPgroup range between $400 - $800 per hour. The billing rate for associates at SSJR and WHIPgroup range between $210 - $360 per hour. The billing range for paralegals at SSJR and WHIPgroup range between $200 - $260 per hour. The billing range for law clerks and summer associates at SSJR and WHIPgroup range between $90 - $140 per hour.

11. Attached hereto as **Exhibit 1** is a summary of the hourly billing rates for each individual attorney, law clerk, and paralegal (the "timekeepers") as applied to this Action by

SSJR and by WHIPgroup employees. These are reasonable rates in the District of Connecticut for the work performed.

12.     Attached hereto as **Exhibit 2** is a true and correct copy of a portion of the "AIPLA 2019 Report of the Economic Survey" at F-23. According to the Report, the mean hourly rate for intellectual property attorneys for all firms is $412. The mean hourly rate for attorneys in the locations of Boston and New York is $431 and $465, respectively.

13.     I previously submitted a fee declaration in support of Plaintiffs' motion for attorneys' fees and punitive damages. (Dkt. 610-31 ("First BNL Fee Decl.").) The billing entries related to SSJR and WHIPgroup's prosecution of this matter from 2013 through March 2020 were attached to the First BNL Decl. as Exhibits 3-11 thereto ("Litigation Billing Entries").

14.     In view of the Court's statements at the June 22, 2020 oral argument concerning Kirby's requests for attorneys' fees and punitive damages, and in further view of the Court's June 24 Order, I have again reviewed the Litigation Billing Entries. Notably, I have also attached hereto Plaintiffs' invoices for April, May, and June of 2020.

15.     During my review, I highlighted in GREEN billing entries for which Plaintiffs are requesting a full (100%) award of legal fees. I highlighted in BLUE billing entries for which Kirby is requesting at least a partial (57%) award of legal fees. I also highlighted in YELLOW billing entries for which Plaintiffs are requesting a full (100%) award of legal fees specifically pursuant to Defendants' baseless counterclaims. Finally, I highlighted in RED billing entries for which Kirby is requesting no (0%) award of legal fees (irrespective of any entitlement to them).

**I.     SUMMARY OF PLAINTIFFS' LEGAL FEE REQUEST**

16.     As shown herein, Plaintiffs' legal fee request is as follows:

- One-hundred percent (100%) of all attorneys' fees highlighted in GREEN multiplied by the Court's lodestar calculation of $300 for attorneys practicing in this District (*see* (Dkt. 558 ("Sanctions Order")));

- One-hundred percent (100%) of all paralegal fees highlighted in GREEN multiplied by the Court's lodestar calculation of $150 for paralegals practicing in this District (*see id.*);

- One-hundred percent (100%) of all law clerk fees for Law Clerk Mackenzie Long in the months of January and February 2020 highlighted in GREEN multiplied by the Court's lodestar calculation of $200 for Ms. Long (*see id.*);

- One-hundred percent (100%) of all attorneys' fees highlighted in YELLOW multiplied by the Court's lodestar calculation of $300 for attorneys practicing in this District (*see id.*);

- One-hundred percent (100%) of all paralegal fees highlighted in YELLOW multiplied by the Court's lodestar calculation of $150 for paralegals practicing in this District (*see id.*);

- Fifty seven percent (57%) of all attorneys' fees highlighted in BLUE multiplied by the Court's lodestar calculation of $300 for attorneys practicing in this District (*see id.*); and

- Fifty seven percent (57%) of all paralegal fees highlighted in BLUE multiplied by the Court's lodestar calculation of $150 for attorneys practicing in this District (*see id.*).

## II.     DESCRIPTION OF EXHIBITS

17. Attached hereto as **Exhibit 3** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2013, and (b) the billing entries which were invoiced on a monthly basis from

SSJR to Plaintiffs during the year 2013. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

18.     Attached hereto as **Exhibit 4** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2014, and (b) the billing entries which were invoiced on a monthly basis from SSJR to Plaintiffs during the year 2014. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

19.     Attached hereto as **Exhibit 5** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2015, and (b) the billing entries which were invoiced on a monthly basis from SSJR to Plaintiffs and WHIPgroup to Plaintiffs during the year 2015. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

20.     Attached hereto as **Exhibit 6** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2016, and (b) the billing entries which were invoiced on a monthly basis from WHIPgroup to Plaintiffs during the year 2016. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

21.     Attached hereto as **Exhibit 7** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2017, and (b) the billing entries which were invoiced on a monthly basis from WHIPgroup to Plaintiffs during the year 2017. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

22. Attached hereto as **Exhibit 8** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2018, and (b) the billing entries which were invoiced on a monthly basis from WHIPgroup to Plaintiffs during the year 2018. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

23. Attached hereto as **Exhibit 9** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2019, and (b) the billing entries which were invoiced on a monthly basis from WHIPgroup to Plaintiffs during the year 2019. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

24. Attached hereto as **Exhibit 10** is (a) a month-by-month, annual summary of calculations related to Plaintiffs' request for attorneys' fees and punitive damages with respect to billings during 2020, and (b) the billing entries which were invoiced on a monthly basis from WHIPgroup to Plaintiffs during the year 2020. These invoices have been highlighted, as described herein, and redacted for relevancy, privilege, and/or personal identifiers.

25. An overall summary of Plaintiffs' legal fee request is attached hereto as **Exhibit 11**. The summary is for SSJR and WHIPgroup File Nos. 01160-L0036A, which is the exclusive file number at both law firms for *Bruce Kirby et. al. v. LaserPerformance et. al.*, Case No. 13-CV-297-JAM.

**III.     CALCULATIONS OF LEGAL FEES**

26. I have personally reviewed the invoices attached hereto as Exhibits 3-10 and applied the redactions and highlighting described above. For purposes of simplicity, if a redaction was applied to a time entry, in whole or in part, that time entry was not included and/or marked RED and therefore is not included in any of Plaintiffs' calculations. To the extent a

billing entry was predominantly related to a defendant other than Defendant Quarter Moon, Inc. or Defendant LaserPerformance (Europe) Ltd., or predominantly related to a claim other than Plaintiffs' claims concerning the unauthorized use of Bruce Kirby's trademarked name on Laser Sailboats, these billing entries were also marked RED and are therefore also not included in any of Plaintiffs' calculations.

27. To calculate Plaintiffs' total fee request for Plaintiffs' claims, I calculated the total hours of time billed by attorneys, paralegals, and, with respect to January 2020 through February 2020, the time billed by law clerk Mackenzie Long, in the Action highlighted in GREEN. I then multiplied (a) the time highlighted in GREEN billed by attorneys by the reasonable hourly rate of $300 per hour, (b) the time highlighted in GREEN billed by paralegals by the reasonable hourly rate of $150 per hour, and (c) the time highlighted in GREEN billed by law clerk Mackenzie Long by the reasonable hourly rate of $200 per hour.

28. Next, I calculated time billed by attorneys and paralegals highlighted in BLUE. I then multiplied (a) the time highlighted in BLUE billed by attorneys by 0.57 and then again by the reasonable hourly rate of $300 per hour, and (b) the time highlighted in BLUE billed by paralegals by 0.57 and then again by the reasonable hourly rate of $150.

29. Next, I added together the results from the foregoing calculations.

30. Finally, I subtracted the amount of fees previously awarded in the Court's January 31, 2020 Order ($10,330.00). (Sanctions Order at 13.)

31. The total legal fees calculated from the invoices attached as Exhibits 3-10 using the methodology above is **$758,415.15**.

32. To calculate Plaintiffs' fee request related to Defendants' baseless counterclaims, I calculated the total hours of time billed by attorneys and paralegals in the Action highlighted in

7

==YELLOW==. I then multiplied (a) the time highlighted in ==YELLOW== billed by attorneys by the reasonable hourly rate of $300 per hour and (b) the time highlighted in ==YELLOW== billed by paralegals by the reasonable hourly rate of $150 per hour.

33. Next, I added together the results from the foregoing calculations.

34. The total legal fees calculated from the invoices attached as Exhibits 3-10 using the methodology above is **$32,460.00**.

35. Pursuant to the foregoing, the rates applied and the work performed are reasonable under the circumstances and based on (1) my experience with legal fees in the context of intellectual property cases, (2) customary and reasonable fees for civil litigation in Federal Courts, (3) the Court's January 31, 2020 Order, and (4) customary and reasonable fees in the context of cases involving intellectual property.

### IV.   CALCULATION OF PUNITIVE DAMAGES

36. To calculate punitive damages in this Action, I calculated the total, actual attorney fees and paralegal fees, and, with respect to January 2020 through February 2020, the actual law clerk fees of Mackenzie Long, incurred by Plaintiffs in the Action highlighted in ==GREEN==.

37. Next, I calculated the total, actual attorney fees and paralegal fees incurred by Plaintiffs in the Action highlighted in ==BLUE==.

38. Next, I calculated Plaintiffs' litigation expenses and subtracted taxable costs. For expenses incurred prior to the January 1, 2017, I multiplied Plaintiffs' monthly, non-taxable expenses by 0.57 (57 percent). For expenses incurred on or after January 1, 2017, I utilized all (100 percent) of Plaintiffs' monthly, non-taxable expenses. I ceased limiting the expense calculation to 57 percent of non-taxable expenses beginning January 1, 2017, for simplicity, following the Court's August 12, 2016 summary judgment order. (Dkt. 283.)

39. Next, I added together the results from the foregoing calculations.

40. The total legal fees and expenses (excluding taxable costs) calculated from the invoices attached as Exhibits 3-10 using the methodology above is **$885,889.66**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

July 1, 2020
Date

Benjamin N. Luehrs