UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL.,<br><br>        Plaintiffs,<br><br>            vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET. AL.,<br><br>        Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**<u>PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL RESPONSE</u>**

Plaintiffs Bruce Kirby and Bruce Kirby, Inc. ("Kirby") hereby file this reply brief in support of Kirby's Supplemental Response concerning attorneys' fees, punitive damages, and pre-judgment interest. (Dkt. 640 – Dkt. 640-12.)

## I.     REQUEST FOR PERMISSION TO FILE REPLY BRIEF

The Court's June 24 Order does not specifically acknowledge the filing of the present reply. (Dkt. 639.) To the extent Kirby requires permission to file this brief, Kirby requests to do so pursuant to at least Conn. L.R. 7(d) to correct Defendants Quarter Moon, Incorporated's ("QM") and LaserPerformance (Europe) Limited's ("LPE") (collectively, "Defendants") misstatements concerning Kirby's request for attorneys' fees and punitive damages.

## II.    INTRODUCTION

Kirby should be awarded its full request for attorneys' fees and punitive damages. (Dkt. 640-1 ¶¶ 31, 40.) Defendants have failed to show how or why Kirby's fee and expense calculations are unreasonable or improper. Defendants' objections to Kirby's fee calculations are baseless and extremely limited in scope.

The majority of Defendants' opposition, (Dkt. 644 ("Opposition")), comprises general allegations concerning time entries in Kirby's supplemental fee request highlighted in blue, which are limited in time to 2013-2015, (Dkt. 640-12), amount to $94,804.65, (*id.*), and comprise just 12.5% of Kirby's total attorney-fee request ($758,415.15). (*Id.*)

Aside from Defendants' general objections to the blue-highlighted time entries, Defendants specifically identify and object to a small subset of time entries in their Opposition that comprise, at most, just $66,589 of Kirby's requested attorneys' fees ($34,046 in blue-highlighted time entries and $32,543 in green-highlighted time entries), which comprises just 9% of Kirby's total attorney-fee request. Taking Defendants' general and specific objections

1

together, Defendants have objected to just 17% (all of the blue-highlighted time ($94,804.65) plus $32,543 in green-highlighted time) of Kirby's total attorney-fee request. Thus, even if the Court eliminated **all** of the time objected to in Defendants' Opposition, Kirby's attorneys' fee request still comprises $629,484.57 of uncontested fees (83% of the original request).

However, and in any event, the Court should not decrease Kirby's attorney fee or punitive damages request for any reason. The Court should disregard Defendants' meritless objections and award Kirby his requests in full.

### III.   KIRBY'S ATTORNEYS' FEE REQUEST IS REASONABLE

   A.   *Kirby's Request for 57 Percent of Blue-Highlighted Fees is Reasonable and Supported As Four of Kirby's Seven Original Claims Concerned Defendants' Unauthorized Use of Kirby's Trademarked Name*

Defendants misstate Kirby's request regarding the blue-highlighted time entries. Kirby requests 57% of the hours in the blue-highlighted time entries, multiplied by the reasonable hourly rates for attorneys and paralegals from the Court's January 31, 2020 Order, (Dkt. 558), because the legal work underlying the claims Kirby brought to trial originated in conjunction with four (4) of Kirby's seven (7) original claims, each of which concerned Defendants' unauthorized use of Kirby's trademarked name. The four original claims that concern Defendants' unauthorized use of Kirby's trademark are trademark infringement (Count 1), false designation of origin (Count 2), violation of the Lanham Act as applied to the Connecticut Unfair Trade Practices Act ("CUTPA") (Count 3), and misappropriation of Kirby's name (Count 4). While Kirby wholly acknowledges that its CUTPA claim was dismissed, (*see* Dkt. 365), a Lanham Act violation *is* a CUTPA violation. *See Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 596 F. Supp. 2d 497, 506 (D. Conn. 2009) ("a Lanham Act violation is a per se violation of CUTPA"); *Pfizer, Inc. v. Miles, Inc.*, 868 F. Supp. 437, 442 (D. Conn. 1994) ("To the extent defendants' actions violated the Lanham Act, they should be held automatically to violate

2

CUTPA."). Accordingly, the time entries comprising legal work concerning Kirby's Lanham Act claims are automatically related to the dismissed CUTPA claim, and *vice versa*. Therefore, the legal work underlying at least four (4) of Kirby's seven (7) original claims supported the claims that Kirby ultimately asserted at trial, and are recoverable.

To the extent the Court desires to know the difference in Kirby's fee request for 43 percent of the blue-highlighted fees (representing three (3) of Kirby's seven (7) original claims), as opposed to 57 percent, the difference is shown below:

|  | Total Blue Hrs./Fees | 43% Blue Hrs./Fees Actual | 57% Blue Hrs./Fees Actual | 43% Blue (Hrs. x Lodestar) | 57% Blue (Hrs. x Lodestar) | Diff b/w 43% and 57% Actual | Diff. b/w 43% and 57% Lodestar |
|---|---|---|---|---|---|---|---|
| Attorney Blue (2013) | 201.6/ $59,760.00 | 86.69/ $25,696.80 | 114.92/ $33,762.80 | $26,007 | $34,473.60 | $8,066.00 | $8,466.60 |
| Paralegal Blue (2013) | 63.4/ $14,214.00 | 27.26/ $6,112.02 | 36.14/ $8,101.46 | $4,089 | $5,419.80 | $1,989.44 | $1,330.80 |
| Attorney Blue (2014) | 63.65/ $18,286.00 | 27.37/ $7,862.98 | 36.28/ $10,419.91 | $8,211 | $11,340.15 | $2,556.93 | $3,129.15 |
| Paralegal Blue (2014) | 10.3/ $2,377.00 | 4.43/ $1,022.11 | 5.88/ $1,354.89 | $664.50 | $880.95 | $332.78 | $216.45 |
| Attorney Blue (2015) | 233.15 $73,464.00 | 100.25/ $31,589.52 | 132.9/ $41,874.48 | $30,075 | $40,210.65 | $10,284.96 | $10,135.65 |
| Paralegal Blue (2015) | 29/ $6,596.00 | 12.47/ $2,836.28 | 16.53/ $3,759.72 | $1,870.50 | $2,479.50 | $923.44 | $609.00 |
| Totals |  |  |  | **$70,917** | **$94,804.65** | **$24,153.55** | **$23,886.90** |

Pursuant to this table, subtracting the calculated difference between 43% and 57% of blue-highlighted fees reduces Kirby's total attorneys' fee request by just over 3% ($23,886.90), to **$734,528.30**, and reduces Kirby's punitive damages request by less than 3% ($24,153.55) to **$861,736.11**. Combining this latter result with only 43% of Kirby's expenses less taxable costs

3

from 2013-2016[1] leads to an additional reduction of Kirby's punitive damages by $7,237.16 (less than 1% of Kirby's original punitive damages request) for a final punitive damages calculation of **$854,498.95**:

| Year | Total Expenses Less Taxable Costs | 57% of Total Exp. | 43% of Total Exp. | Diff. b/w 57% and 43% |
|---|---|---|---|---|
| 2013 | $18,160.93 | $10,351.73 | $7,809.20 | $2,542.53 |
| 2014 | $12,942.66 | $7,377.32 | $5,565.34 | $1,811.98 |
| 2015 | $14,929.83 | $8,510.00 | $6,419.83 | $2,090.17 |
| 2016 | $5,660.56 | $3,226.52 | $2,434.04 | $792.48 |
| Totals | | $29,465.57 | $22,228.41 | $7,237.16 |

As demonstrated in all of Kirby's post-trial briefing, Kirby has met its burden to establish a reasonable fee calculation and a punitive damages calculation. To the extent the Court finds Defendants have asserted a valid objection to Kirby's basis for seeking 57% of the blue-highlighted time entries and expenses, it is a simple process to reduce the request to 43% of the blue-highlighted time entries, which Kirby has done immediately above.

B.   *The Specific Time Entries for Which Kirby Seeks Fees are Reasonable and Supported*

Defendants erroneously argue that Kirby requests fees related to claims against other defendants or other defendants' motions. Kirby responds to each of the time entries Defendants identified and objected to in their Opposition as follows:

| Time Entry Date/Cite | Color | Req. Time & Fee | Objection | Response/Basis for Request |
|---|---|---|---|---|
| 640-4 pp.7-21 of 37 | Blue (57%) | 47.3[2] atty ($14,193)/ 2.4 para ($359) | Fees relate to PJR that allegedly was not filed | PJR was filed. (*See* Dkt. 31.) |

---

[1] Kirby used the reduced amount (57%) for all the expenses from 2016, for simplicity. (Dkt. 640-1 ¶ 38.)
[2] Calculated by adding each attorney and paralegal time entry that mentions a pre-judgment remedy during the cited time period, multiplying these figures by 0.57, and multiplying these products again by $300 and $150 for attorneys and paralegals, respectively.

4

| | | | | |
|---|---|---|---|---|
| 640-4 p. 22 (7/1/13 entry) | Blue (57%) | 3.4 atty ($1,026) | Response to motions by other defendant. | Entry also lists analyzing first amended complaint, analyzing QMI/LPE answer, and responding to QMI/LPE counterclaims |
| 640-4 p. 28 (8/19/13 entry) | Blue (57%) | 3.7 atty ($1,112) | Response to motions by other defendant. | Entry also lists reviewing case docket and scheduling order and preparing a joint status report. |
| 640-4 p. 28 (8/20/13 entry) | Blue (57%) | 3.7 atty ($1,112) | Response to motions by other defendant. | Entry also lists collecting documents for discovery & finalizing a joint status report. |
| 640-4 p. 28 8/21/13 entry) | Blue (57%) | 3.7 atty ($1,112) | Response to motions by other defendant. | Entry also lists revising document requests and interrogatories to QMI. |
| 640-4 p. 29 8/31/13 entry) | Green (100%) | 6.5 atty ($1,950) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-4 p. 31 9/4/13 entries) | Green (100%) | 1.0 atty ($300) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 10 (3/27/14 entry) | Green (100%) | 0.3 para ($45) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 21 (6/9/14 entry) | Green (100%) | 0.8 para ($120) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 pp. 14-18 | Green (100%) | 71.0 atty ($21,285)/ 4.6 para ($683)[3] | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 19 (6/2/14 entry) | Green (100%) | 4.4 atty ($1,320) | Fees related to ILCA answer and defense. | Entry lists many other actions; Kirby may rely on other party admissions pursuant to its claims at trial. |

---

[3] Because the exact extent of Defendants' objection is unknown, Kirby totaled the time for each of the green entries during the cited time period, despite the fact that some time entries explicitly identify Defendants, and multiplied this sum by $300 and $150 for attorneys and paralegals, respectively.

5

| | | | | |
|---|---|---|---|---|
| 640-5 p. 20 (6/4/14 entry) | Blue (57%) | 5.2 atty ($1,556) | Fees relate to motion in limine re: ILCA | Entry lists many other actions, including document productions. |
| 640-5 p. 20 (6/5/14 entry) | Blue (57%) | 5.6 atty ($1,693) | Fees relate to motion in limine re: ILCA | Entry lists many other actions, including document productions. |
| 640-6 p. 8 (2/13/15 entry) | Blue (57%) | 6.0 atty ($1,800)[4] | Fees relate to ILCA SJ Motion. | Entry also relates to QMI/LPE's SJ Mot. |
| 640-6 p. 9 (2/24/15 entry) | Blue (57%) | 12.7[5] atty ($3,810) | Fees relate to ILCA SJ Motion. | Entry also relates to QMI/LPE's SJ Mot. |
| 640-6 p. 9 (2/25/15 entry) | Blue (57%) | 3.1 atty ($930) | Fees relate to ILCA SJ Motion. | Entry also relates to QMI/LPE's SJ Mot. |
| 640-6 p. 10 (2/27/15 entry) | Blue (57%) | 6.0 atty ($1,800) | Fees relate to ILCA SJ Motion. | Entry also relates to QMI/LPE's SJ Mot. |
| 640-6 p. 10 (2/28/15 entry) | Blue (57%) | 11.1 atty ($3,330)[6] | Fees relate to ILCA SJ Motion. | Entry also relates to QMI/LPE's SJ Mot. |
| 640-5 p. 28 (8/7/14 entry) | Blue (57%) | 0.71 atty ($213) | Fees related to ILCA request for dismissal. | Entry also lists drafting a joint status report, outlining damages analysis, and reviewing potential experts. |
| 640-5 p. 34 (10/21/14 entry) | Green (100%) | 5.3 atty ($1,590) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 34 (10/23/14 entry) | Green (100%) | 7.0 atty ($2,100) | Discovery allegedly not concerning QMI. | Entry lists many other actions; Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 35 (10/24/14 entry) | Green (100%) | 0.9 atty ($270) | Discovery allegedly not concerning QMI. | Kirby may seek discovery from other parties pursuant to its claims at trial. |

---

[4] Calculated by adding together two entries dated 2/13/15 (one for 3.0 and one for 7.60), multiplying this sum by 0.57, and multiplying this product by $300.

[5] It appears that, with respect to the two 2/24/2015 entries for WBW, one entry may have been mislabeled and should be an entry for 2/25/2015. The two entries were added together with the third entry on that date for purposes of this calculation.

[6] Calculated by adding together two entries dated 2/28/15 (one for 8.0 and one for 11.50), multiplying this sum by 0.57, and multiplying this product by $300.

| | | | | |
|---|---|---|---|---|
| 640-5 p. 36 (11/7/14 entry) | Green (100%) | 2.9 atty ($870) | Discovery allegedly not concerning QMI. | Entry lists many other actions; Kirby may seek discovery from other parties pursuant to its claims at trial. |
| 640-5 p. 36 (11/10/14 entry) | Green (100%) | 6.5 atty ($1,950)/ 0.4 para ($60) | Discovery allegedly not concerning QMI. | Entry lists many other actions; Kirby may seek discovery from other parties pursuant to its claims at trial. |

Pursuant to the foregoing table, the total Lodestar fee request concerning Defendants' specific objections is, at most, $66,589 ($34,046 in blue-highlighted fee entries and $32,543 in green-highlighted entries). The two largest portions of Defendants' identified objections to time entries, in terms of fees requested, are the objections to time entries concerning a motion for a pre-judgment remedy (entries at 640-4 pp.7-21 of 37, amounting to $14,552 in fees) and fees related to discovery (entries at 640-5 pp. 14-18, amounting to $21,968). However, the pre-judgment remedy was indeed filed and in part concerned Defendants' unauthorized use of Kirby's trademarked name (*See, e.g.,* Dkt. 31-1 at 4-5). Moreover, Defendants cannot support the assertion that Kirby is limited to seeking discovery *only* from Defendants for its claims. *See, e.g.,* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); Fed. R. Civ. P. 45. The remaining objections are equally unsupported for the reasons stated above and, again, even if the Court eliminated all of the attorneys' fees in Defendants' specific objections, Kirby's fee request would still comprise $691,826.15 of unopposed fees.

## IV.     KIRBY'S EXPENSES ARE PROPERLY SUBMITTED

Defendants for the first time in their Opposition allege that Kirby has failed to adequately prove its expenses, ironically requesting invoices. (*See* Opposition at 6.) However, unlike QMI in relation to its damages analysis, Kirby met its burden to prove expenses by providing the date,

amount, and subject matter of each expense, each of which being the type that is reimbursable through the Court's award. Defendants fail to cite any legal authority to the contrary.

## V. KIRBY CANNOT BE PENALIZED FOR ITS EFFICIENCY AT TRIAL

Defendants argue, as a last resort, that Kirby cannot be awarded the fees he requests because, in essence, his case was too concise. (Opposition at 8.) Defendants provide no basis in law or fact for their assertion that Kirby's efficiency serves to limit his attorney fee or punitive damages recovery. Kirby spent sufficient time *before* trial to streamline its case and thereby conserve judicial resources and maximize the jury's time. The fact that Kirby succinctly proved its case in a streamlined fashion is not a basis to punish Kirby or reduce the fee award to which he is entitled.

## VI. CONCLUSION

For the reasons stated herein, Kirby respectfully requests that the Court issue a judgment inclusive of Kirby's full request for attorneys' fees and damages as set forth in the undersigned's July 1, 2020 declaration. (*See* Dkt. 640-1.)

Respectfully submitted,

July 20, 2020

/s/ Benjamin N. Luehrs
Wesley W. Whitmyer, Jr., ct03509
Benjamin N. Luehrs (phv08980)
Robert D. Keeler, ct29692
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT  06901
Tel. 203 703-0800
Fax 203 703-0801
Email: litigation@whipgroup.com
bluehrs@whipgroup.com
rkeeler@whipgroup.com

*Attorneys for Plaintiffs
Bruce Kirby, Inc. and Bruce Kirby*

## CERTIFICATE OF SERVICE

   This is to certify that on this 20th day of July 2020, a true and correct copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL RESPONSE,** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


<u>July 20, 2020</u>　　　　　　　　　　<u>/s/ Benjamin N. Luehrs　　　　　</u>