# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| BRUCE KIRBY, INC., ET AL. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:13-cv-00297-JAM |
| LASERPERFORMANCE (EUROPE) LIMITED, ET. AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dory Ventures LLC, 10 Marshall Street, Norwalk, CT 06854

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

| Place: Whitmyer IP Group LLC<br>600 Summer Street<br>Stamford, CT 06901 | Date and Time:<br>04/05/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/19/2021

*CLERK OF COURT*                              OR     [signature]

*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Bruce Kirby, Inc. and Bruce Kirby                             , who issues or requests this subpoena, are:

Benjamin N. Luehrs, Whitmyer IP Group, 600 Summer St, Stamford, CT 06901, 203-703-0800, bluehrs@whipgroup.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:13-cv-00297-JAM

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1. The definitions set forth in Rule 26(c) of the United States District Court for the District of Connecticut Local Rules of Civil Procedure (the "Local Rules") are incorporated by reference herein.

2. The terms "you" and "your" shall mean Dory Ventures, LLC, including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of Dory Ventures, LLC.

3. "QMI" shall mean Quarter Moon, Inc., including all predecessors in interest, successors and assigns, and all current and former affiliates, including LaserPerformance LLC, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of Quarter Moon, Inc.

4. "LPE" shall mean LaserPerformance (Europe) Limited, including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of LaserPerformance (Europe) Limited.

5. "Defendants" shall mean QMI and/or LPE.

6. The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings or otherwise), and a document request for

"communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail ("e-mail"), all attachments and enclosures thereto, instant messages, text messages, recordings of oral communications in any medium, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

7. The terms "person" and "persons" shall mean and includes any natural person, firm, association, partnership, joint venture, corporation, estate, trust, receiver, syndicate, municipal corporation, and any other form of legal entity or other group or combination acting as a unit.

8. The terms "document" and "documents" has the broadest meaning accorded to it under Rule 34(a) of the Federal Rules of Civil Procedure and Rule 26(c) of the Local Rules, which are incorporated herein by reference, and shall include, without limitation, all written, phonic, or recorded matter, including but not limited to information stored on a computer, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, electronic mailing lists, automated fax support systems, computer code, code excerpts, memoranda, manuals, handbooks, correspondence, notebooks, draft agreements, and executed agreements, electronic records and transmissions, and writings and recordings as defined in Fed. R. Evid. 1001, including, without limitation, any written material, whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, photostat, microfilm, or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, contract or order, technical report, laboratory report or notebook, engineering

report, patent, registration or mark, application for a copyright, trademark or patent, patent appraisal, infringement search or study, and all mechanical and electronic audio and video recordings or transcripts thereof, and other data compilations from which information can be obtained and translated; if necessary, by you into reasonably usable form. The term "document" specifically includes "communications" as defined above. The term "document" specifically includes e-mail, electronic correspondence, electronic instant messages, including but not limited to any attachments and files created and maintained in electronic form. This definition encompasses not only the original version but also any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions or drafts and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any document. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

9. The term "relating" (or "relate") shall mean: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, concerning, identifying, or in any way logically or factually connected with the matter discussed.

10. "Including" or "includes," as used in these discovery requests, shall be construed to mean including or includes, without limitation.

11. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all

other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

12. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

**INSTRUCTIONS**

1. You must produce all documents responsive to the following document requests within fourteen (14) days of service.

2. These document requests call for the production of responsive documents in your possession, custody, or control, including but not limited to any employees, agents, attorneys, or other persons acting or purporting to act on your behalf.

3. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

4. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5. Whenever necessary to bring within the scope of any document request documents that might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

6. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labelled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive Documents or categories of Documents based on any objections, you shall state so in writing. If a request does not specify a form for producing documents or electronically stored information, they should be produced in a form or forms in which the documents or electronically stored information is ordinarily maintained or in a reasonably usable form or forms.

7. Electronically stored information (ESI) must be produced in PDF or TIF format with corresponding load files containing the Document's text and all available metadata.

8. Separate documents must be produced as separate files.

9. These Requests seek the production of documents and things as of the date on which you respond; however, the Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, you become aware of any further document(s), thing(s), or information responsive to these Requests, you are required to produce such additional documents, things, and/or information promptly upon acquiring possession of such.

10. If any document is withheld in whole or in part, for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document: (a) the ground of privilege or protection claimed; (b) each and every basis under which the document is withheld; (c) the type of document; (d) its general subject matter; (e) the document's date; and (f) other information sufficient to enable a full assessment

of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

11. If you object to any Request as overly broad or unduly burdensome, you shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

12. If any document was, but no longer is, in your possession, subject to your control or in existence, include a statement: (a) identifying the document; (b) describing where the document is now; (c) identifying who has control of the document; (d) describing how the document became lost or destroyed or was transferred; and (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of this document from your possession, custody, or control.

13. Each request contemplates production of all documents in their entirety. If a portion of a Document is responsive to one or more requests, the Document shall be produced in its entirety.

## **DOCUMENT REQUESTS**

1. All documents concerning any thing of value, including money, (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

2. Documents showing all transfers of property, assets, or any other thing of value (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

3. Account statements from February 1, 2011 to the present for all financial accounts (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011, showing all purchases, payments, credits, and debits.

4. Documents showing the receipt of any money, via any financial mechanism or instrument, from February 1, 2011 to the present, by you from Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

5. Documents showing the payment of any money, via any financial mechanism or instrument, from February 1, 2011 to the present, by you on behalf of Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

6. Copies of all checks received by you or on your behalf, from February 1, 2011 to the present, from Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

7. Copies of all checks written by you or on your behalf, from February 1, 2011 to the present, to Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

8. Documents showing all wire transfers received by you or on your behalf, from February 1, 2011 to the present, from Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

9. Documents showing all wire transfers sent by you or on your behalf, from February 1, 2011 to the present, to Defendants, including from any financial account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

10. All statements issued since February 1, 2011, by any bank, savings association, stock broker, investment, mutual fund, index fund, trust, cryptocurrency exchange, cryptocurrency wallet, cryptocurrency account, insurance carrier, or any financial institution, for any account (a) held in the name of Defendants, and/or (b) in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or (c) of which Defendants had the right to exercise any degree of control at any time since February 1, 2011.

11. All financial statements in any way concerning Defendants issued since February 1, 2011, to any third party, including any bank, savings association, stockbroker, investment, mutual fund, index fund trust, cryptocurrency exchange, cryptocurrency wallet, cryptocurrency account, insurance carrier, or other financial institution for any loan, insurance, or credit application.

12. All financial statements in any way concerning Defendants issued since February 1, 2011, to any client, potential client, insurer, or authority, including licensing authority.

13. All documents, including but not limited to deeds, which identify any real property in which Defendants have had any degree of legal or equitable ownership interest, or had the right to exercise any degree of control, at any time since February 1, 2011.

14. All documents showing the title history of the premises Defendants currently occupy or have ever occupied since February 1, 2011, including any agreements and communications with the owner of record as to the premises.

15. All agreements involving Defendants that concern the receipt or conveyance of money by you or Defendants.

16. All documents, including but not limited to deeds, warranties, invoices, purchase orders, or bills of sale that identify any property with a value in excess of $1,000.00 in which Defendants have had any degree of legal or equitable ownership interest, or had the right to exercise any degree of control, at any time since February 1, 2011.

17. The titles to any motor vehicles, boats, aircraft, watercraft, or other means of transportation, in which Defendants have had any degree of ownership interest, or had the right to exercise any degree of control, at any time since February 1, 2011.

18. All documents that disclose any money, including but not limited to, income, trust distributions; compensation; dividends; interest; capital gains from the disposal of assets, and the like, that Defendants have received since February 1, 2011.

19. For the period since February 1, 2011, all documents identifying the recipient(s) of any thing of value, including funds, in excess of $1,000 disbursed by Defendants, including from any financial account, including business or trust accounts.

20. All documents showing any payment made by or on behalf of Defendants, at any time from February 1, 2011, to the present.

21. All documents showing Defendants income from any source from February 1, 2011 to the present, including tax forms, pay stubs, and distributions.

22. All agreements between you and Defendants since January 1, 2011.

23. All financial statements or reports concerning Defendants, of any kind, created by or for you since January 1, 2011, including profit and loss statements and balance sheets.

24. All financial statements concerning Defendants that you provided to anyone since February 1, 2011, including potential or actual lenders, creditors, licensing entities, insurance companies, or investors.

25. Documents sufficient to show your officers, directors, and members from February 1, 2011 to the present.

26. Documents sufficient to show your corporate relationship to and/or with Defendants.

27. Documents sufficient to show your document retention and preservation policies from February 1, 2011 to the present, whether general or specific to the above-captioned action.