UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC. ET AL. | : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiffs, | : | |
| v. | : | |
| LASERPERFORMANCE (EUROPE) LIMITED, ET AL. | : | |
| Defendants. | : | April 1, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>NON-PARTY DORY VENTURES LLC'S MOTION TO QUASH SUBPOENA</u>**

Pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure ("FRCP"), Dory Ventures LLC ("DVL" or "Movant"), which is not a party to the above-captioned case, hereby submits this memorandum of law in support of its motion to quash the subpoena dated March 19, 2021 (the "Subpoena") served by counsel for the plaintiffs, Bruce Kirby, Inc. and Bruce Kirby (jointly, the "Plaintiffs") in connection with the above-captioned action (the "Action"). The Movant moves to quash the Subpoena on the grounds that it (1) subjects it to undue burden and (2) fails to provide sufficient time within which to comply.

The Subpoena seeks to compel the production of documents by the Movant on April 5, 2021 at 9:00 am at the offices of Whitmyer IP Group LLC, counsel to the Plaintiffs ("Plaintiffs' Counsel"). At the request of Plaintiffs' Counsel, the undersigned counsel accepted service on behalf of the Movant by correspondence dated March 22, 2021. On March 23, 2021, the Subpoena was sent by electronic mail to the undersigned counsel, allowing thirteen (13) days for compliance.

Substantively, the Subpoena creates an undue burden on the non-party Movant. It is overly

broad, with requests for documents dating back at least ten (10) years and sometimes longer periods, and seeks documents and information far beyond the scope of FRCP Rule 69. Rule 69 allows parties to conduct post-judgment discovery from any person, including the judgment debtor in aid of the judgment or execution for the purpose of discovery of hidden or concealed assets of the judgment debtor. *GMA Accessories v. Elec. Wonderland, Inc.*, 2012 U.S. Dist. LEXIS 72897, 2012 WL 1933558 (S.D.N.Y. May 22, 2012). "[T]he status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience." *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996). The Subpoena, in contravention of the purpose of Rule 69 discovery, seeks the production of documents from a non-party bearing no reasonable relationship to efforts to execute upon a judgment.

Rule 69(a)(2) "is not a blank check, as the inquiry must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor to third persons." *AzoogleAds.com v White,* No. 10-156 SLR, 2011 U.S. Dist. LEXIS 26268, at *4, 2011 WL 902426 (D. Del. Mar. 14, 2011) *internal quotes omitted, Matthias Jans & Assocs. v. Dropic* No. 01-MC-26, 2001 U.S. Dist. LEXIS 4841, at *6, 2001 WL 1661473 (W.D. Mich. Apr. 9, 2001) quoting *Caisson Corp. v. County West Building Corp*., 62 F.R.D. 331, 334 (E.D. Pa. 1974). Movant is not a party to the Action, it has no interest in the outcome of the litigation and thus "it should not be subject to the same burden of production that a party to the underlying litigation is subject." *Concord Boat* at 53.

Background

The Plaintiffs, Bruce Kirby and Bruce Kirby, Inc., ("BKI") brought suit against defendants Quarter Moon, Inc. ("QMI") and LaserPerformance (Europe) Limited ("LPE", and, together with QMI, the "Defendants") alleging that QMI infringed on BKI's trademark rights and that both QMI and LPE misappropriated Bruce Kirby's name by manufacturing and selling sailboats with a label containing Kirby's name. The Movant is not a party to the Action. On February 2, 2021, judgment entered in favor of the Plaintiffs against QMI and LPE in the Action (the "Judgment"). The Defendants filed a Notice of Appeal on March 3, 2021 and the Plaintiffs filed a cross-appeal on March 15, 2021 (jointly, the "Appeal"), which Appeal is currently pending. The Plaintiffs are pursuing post-judgment discovery of the Defendants by way of its Subpoena issued to the Movant.

Argument

1.      The Subpoena Should be Quashed Because it Subjects a Non-Party to Undue Burden.

Pursuant to FRCP Rule 45, the Court must quash a subpoena "that subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The Subpoena requests the production of documents of burdensome scope in terms of volume and time, with twenty-seven (27) separate requests (the "Requests") containing sub-categories in multiple requests, and requests dating back to 2011 or open-ended (see Requests 15 and 26).

The Requests repeatedly rely on encompassing directives of "all" and "any", making no attempt to narrow the scope of the requested discovery to a specific or appropriate inquiry. For example, the Plaintiffs request "All documents concerning anything of value, including

3

money" (Request 1); "Documents showing all transfers of property, assets or any other thing of value" (Request 2); "All documents that disclose any money… that Defendants have received since February 1, 2011" (Request 18); "All documents showing Defendants income from any source from February 1, 2011 to the present" (Request 21).[1]

The Requests are duplicative in nature, necessitating further effort by Movant to search its records repeatedly over a period of more than ten (10) years to the detriment of the Movant and creating an undue burden.  For example, Request 11 seeks "All financial statements in any way concerning Defendants issued since February 1, 2011, to any third party, including any bank, savings association, stockbroker, investment, mutual fund, index fund trust, cryptocurrency exchange, cryptocurrency wallet, cryptocurrency account, insurance carrier, or other financial institution for any loan insurance or credit application." (Request 11).  Request 12 requires the production of "All financial statements in any way concerning Defendants issued since February 1, 2011, to any client, potential client, insurer or authority, including licensing authority." (Request 12).  "To the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." *United States v. International Business Machine Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979); *Concord Boat Corp. v. Brunswick Corp*., 169 F.R.D. 44, 50 (S.D.N.Y. 1996).

The Requests are also redundant.  For example, Request 4 seeks "Documents showing the receipt of any money, via any financial mechanism or instrument from February 1, 2011 to the present" (Request 4) and Request 5 seeks "Documents showing the payment of any money,

---

[1] This list is illustrative only and is not intended to be exhaustive.

4

via any financial mechanism or instrument from February 1, 2011 to the present…" (Request 5).  Requests 6 and 7 then seek "Copies of all checks received by you or on your behalf from February 1, 2011 to the present from the Defendants" (Request 6) and "Copies of all checks written by you or on your behalf from February 1, 2011 to the present to the Defendants". (Request 7).  Requests 8 and 9 continue the theme by seeking "Documents showing all wire transfers received by you or on your behalf, from February 1, 2011 to the present from Defendants" (Request 8) and "Documents showing all wire transfers sent by you or on your behalf, from February 1, 2011 to the present to Defendants".  (Request 9).   It remains to be determined how a response to Requests 4 and 5 would not encompass corresponding requests in 6,7,8 and 9. The repetitive, redundant nature of the Requests imposes an unreasonable amount of work and expense on the Movants without adding any additional information to the inquiry, creating an undue burden.

The Requests are far reaching and bear no relation to an inquiry pertinent to a goal of discovering assets of the Defendants.  For example, the Requests seek "All agreements between you and Defendants since January 1, 2011." (Request 22); and "Documents sufficient to show your officers, directors, and members from February 1, 2011 to the present." (Request 25). These and all the  Requests have no probative value to determine the existence of Defendants' assets.

The Requests require the Movant to search for and produce records and documents dating back over a decade.  On its face, and for that reason alone, the Subpoena is overly broad in scope and unduly burdensome upon the non-party Movant. A ten year look back period requires substantial time and effort by Movant and its employees.  The Plaintiffs have not established any relationship between the requested information and any legitimate intent to

5

discover assets of the Defendants. The Subpoena Requests appear to evidence an intent to burden and harass a non-party entity.

In addition to the excessive scope of the Requests in terms of time, they are also far reaching in terms of breadth. The Plaintiffs presumably seek information regarding the nominal Defendants, but the definition of the Defendants in the Requests far exceeds the parties to the Action. QMI is defined as "Quarter Moon, Inc., including all predecessors in interest, successors and assigns, and all current and former affiliates, including Laser Performance LLC, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of Quarter Moon, Inc." (Definitions, Para. 3).[2] The Requests require a massive undertaking simply to determine what information is sought. The overbroad definition of the Defendants is unlimited in scope and would theoretically require Movant to produce documents related to entities or individuals who were temporarily affiliated with QMI at any time in the past for any duration. This is, on its face, unreasonable and creates an undue burden on the Movant.

"Whether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (quoting *IBM* at 104). There is no doubt that the Subpoena imposes such an undue burden

---

[2] Similarly, LPE is defined as "LaserPerformance (Europe) Limited, including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of LaserPerformance (Europe) Limited."

6

upon the Movant. It seeks documents and records dating back a decade or more, with a broad and far-reaching scope, requiring extensive compilation and sorting bearing little relation to the purpose of discovering assets belonging to the Defendants.

2. <u>The Subpoena Should be Quashed Because it Fails to Provide for Reasonable Time to Comply</u>.

On Friday, March 19, 2021 at 4:01 p.m., counsel for the Defendants received correspondence from Plaintiffs' counsel inquiring whether counsel would accept service on behalf of the Movant and requesting a reply by March 22, 2021. On Monday, March 22, 2021, undersigned counsel agreed to accept service on behalf of the Movants. On Tuesday, March 23, 2021, service of the Subpoena was made upon the undersigned counsel. The Subpoena requires the production of documents on April 5, 2021 at 9:00 a.m. at the offices of Plaintiffs' counsel in Stamford, Connecticut.

In essence, the Subpoena dictates that the Movant would have thirteen days, which period includes significant religious holidays, to research, recover, analyze, organize, compile and prepare records and documents dating back over a decade. This is simply not a reasonable time period in which the Movant, or any entity, can respond to a broad twenty-seven item document demand covering a period of more than ten years.

Conclusion

For the foregoing reasons, the non-party Dory Ventures LLC respectfully requests entry of an order quashing the Plaintiffs' Subpoena and granting such other and further relief as to the Court may seem just and proper.

Dated: April 1, 2021　　　　　　　　　DORY VENTURES, LLC
　　　　New Haven, Connecticut


　　　　　　　　　　　　　　　　　　By: 　/s/Douglas S. Skalka
　　　　　　　　　　　　　　　　　　　　Douglas S. Skalka. (ct00616)
　　　　　　　　　　　　　　　　　　　　Nancy Bohan Kinsella (ct12109)
　　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　　195 Church Street, 13th Floor
　　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　　Tel: (203) 821-2000
　　　　　　　　　　　　　　　　　　　　Fax: (203) 821-2008
　　　　　　　　　　　　　　　　　　　　dskalka@npmlaw.com
　　　　　　　　　　　　　　　　　　　　nkinsella@npmlaw.com