UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
BRUCE KIRBY, INC., et al.     :   Civ. No. 3:13CV00297(JAM)
                              :
v.                            :
                              :
LASERPERFORMANCE (EUROPE)     :
LIMITED, et al.               :   October 4, 2021
                              :
------------------------------x
```

**RULING ON DORY VENTURES, LLC'S MOTION TO QUASH [Doc. #660]**

Non-party Dory Ventures, LLC (hereinafter "Dory")[1] has filed a Motion to Quash the subpoena issued to it by plaintiffs Bruce Kirby, Inc. and Bruce Kirby (collectively the "plaintiffs"). [Doc. #660]. Plaintiffs have filed an opposition to the motion to quash [Doc. #674],[2] to which Dory has filed a reply. [Doc. #679]. On July 9, 2021, with leave of Court, plaintiffs filed a

---

[1] Although Dory emphasizes that it is a non-party to this action, and that is now true, it was named as a defendant in an action brought by Global Sailing Limited ("GSL"), see Doc. #329, which was consolidated into the present case, see Doc. #321. GSL's amended complaint alleged that Dory controls defendants LaserPerformance (Europe) Ltd. and Quarter Moon, Inc. See Doc. #329 at 5, ¶8. Dory filed a motion to dismiss on December 18, 2017 [Doc. #341], which Judge Jeffrey A. Meyer granted on July 27, 2018 [Doc. #366].

[2] Plaintiffs filed their opposition on June 10, 2021, after the Court granted two unopposed motions to extend the response deadline. See Docs. #665, #668.

1

sur-reply memorandum. [Doc. #687].[3] Judge Meyer has referred Dory's motion to the undersigned. See Doc. #661.

For the reasons stated below, the Court **GRANTS, in part, and DENIES, in part**, the Motion to Quash [**Doc. #660**], as narrowed by the parties' September 10, 2021, Joint Statement Regarding Discovery [**Doc. #692**].

**A.   Background**

The Court presumes familiarity with the procedural and factual background of this matter, which Judge Meyer detailed in his Order re Post-Trial Motions, and other rulings in this case. See Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd., No. 3:13CV00297(JAM), 2021 WL 328632, at *1-*5 (D. Conn. Feb. 1, 2021); see also id. at *1 n.1 (citing prior rulings).

This case is now post-judgment and pending appeal. See Docs. #652, #655, #657.[4] Plaintiffs allege that defendants

---

[3] Dory filed a response to plaintiffs' motion seeking leave to file a further sur-reply memorandum. See Doc. #685. As stated in the Court's July 9, 2021, Order, the Court will consider the information contained in that document when considering the merits of the pending motion to quash. See Doc. #686.

[4] Defendants have not obtained a stay of execution of the judgment pending appeal. See Fed. R. Civ. P. 62(b); Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville, No. 3:96CV00413(HBF), 2007 WL 9754714, at *1 (D. Conn. Jan. 23, 2007) ("Rule 62(d) provides for an automatic stay of a final judgment once the appellant has posted a supersedeas bond in an amount approved by the court."). The pendency of the appeal does not divest the Court of jurisdiction to dispose of the motion to quash. See, e.g., Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc., No. 14CV06512(KPF), 2017 WL 3394604, at *6 (S.D.N.Y. Aug.

Quarter Moon, Inc. ("QMI") and LaserPerformance (Europe) Ltd. ("LPE") (hereinafter QMI and LPE are collectively referred to as "defendants") have failed to pay any portion of the combined $5.38 million judgment entered in favor of plaintiffs on February 2, 2021. See Doc. #674 at 5.[5]

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, plaintiffs have commenced discovery in aid of executing the judgment. On March 19, 2021, plaintiffs issued a subpoena to Dory commanding it to produce 27 categories of documents by April 5, 2021. See generally Doc. #660-1. Dory originally moved to quash that subpoena on the grounds that the subpoena: (1) does not provide for a reasonable time to comply; and (2) is unduly burdensome. See generally Doc. #660-2.

On May 19, 2021, after several failed meet-and-confer efforts, see Docs. #662, #667, Dory responded to the document requests contained in the subpoena, objecting to each of the 27 requests. See Docs. #674-2, #679 at 7-18. On June 10, 2021, plaintiffs filed an opposition to Dory's motion to quash

---

8, 2017) ("The Court is permitted to grant Plaintiff relief pursuant to Rule 69 notwithstanding Defendants' appeal. It is well-established that federal courts have the authority to enforce their judgments, and retain jurisdiction over supplementary proceedings to do so." (citation and quotation marks omitted)).

[5] Throughout this ruling, the Court refers to the page citations contained in the cited documents' ECF header.

contending, in pertinent part, that Dory has failed to sustain its burden of establishing that responding to the document requests would pose an undue burden. See generally Doc. #674.

The Court held a telephonic discovery status conference on August 20, 2021, at which counsel for Dory and counsel for plaintiffs appeared. See Doc. #691. At the conclusion of that conference, the Court ordered the parties to make additional efforts to resolve their disputes. The Court further ordered that by September 10, 2021, plaintiffs and Dory "file a joint notice on the docket stating which, if any, discovery requests have been resolved by agreement." Doc. #690. Plaintiffs and Dory timely filed the joint notice on September 10, 2021 (hereinafter the "Joint Notice"). See Doc. #692. Although the Joint Notice is somewhat unclear, it appears that Dory and plaintiffs have narrowed the instant dispute to: (1) the appropriate temporal scope of the document requests; (2) the proper definitions of certain entities; and (3) the substantive scope of certain document requests. See id. at 1-8.

**B.   Legal Standard**

"In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person ... as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); see also Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC, No. 20CV00936(JGK)(RWL),

4

2021 WL 621226, at *2 (S.D.N.Y. Feb. 17, 2021) ("As the rule expressly recognizes, discovery in aid of enforcement may be sought against 'any person,' including non-parties."). "[B]road post-judgment discovery in aid of execution is the norm in federal ... courts." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Cap., Ltd., 573 U.S. 134 (2014); Universitas Educ., LLC v. Nova Grp., Inc., No. 11CV01590(LTS)(HBP), 2013 WL 57892, at *8 (S.D.N.Y. Jan. 4, 2013) ("Judgment creditors are given a wide berth in discovery under Rule 69 to locate and identify the judgment debtor's assets.").

"The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." EM Ltd., 695 F.3d at 207. "Discovery sought pursuant to Rule 69, therefore, must relate to the existence or transfer of a judgment debtor's assets." Allstate Ins. Co. v. Mirvis, No. 08CV04405(SLT)(PK), 2017 WL 384318, at *1 (E.D.N.Y. Jan. 25, 2017) (citation and quotation marks omitted); see also Nova Grp., 2013 WL 57892 at *6 ("Because the scope of Rule 69 discovery includes any information reasonably calculated to lead to the discovery of a judgement debtor's assets, it may necessarily be aimed at non-parties who have information, including financial records, related to those assets."). With respect to non-parties specifically, "post-

5

judgment discovery ... is limited to a search for the judgment debtor's hidden assets." Triorient, 2021 WL 621226, at *3 (citation and quotation marks omitted).

**C.   Discussion**

Despite the parties' efforts to amicably resolve the instant dispute, the following issues remain for the Court's consideration: (1) the appropriate temporal scope for the document requests; (2) the appropriate scope of the definitions for certain terms; and (3) the appropriate substantive scope of requests 1-10, 13, and 16-17. See generally Doc. #692. Plaintiffs also raise an issue with respect to the nature of Dory's production to date. See id. at 7. The Court addresses each issue in turn.

    1.   Temporal Scope of Requests

The document requests in the original subpoena seek documents dating from February 1, 2011, to the present. See generally Doc. #674-2. In their original briefing, plaintiffs contend that this time "period is linked to the facts of this case – infringing sales of QMI and LPE were found to have started in February 2011 – the same period in the requests[.]" Doc. #674 at 14. Dory responds, in pertinent part, that the time frame requested does not assist plaintiffs "in collecting a judgment today[,]" and "exceeds any applicable lookback period for any fraudulent transfer action." Doc. #679 at 3.

In the Joint Notice, Dory represents that it "has provided the Plaintiffs with a supplemental discovery response dated August 19, 2021 which includes documents and responses from Dory for the period January 1, 2015 to the present[.]" Doc. #692 at 1 (sic). Plaintiffs, however, maintain the position that the "proposed time period for discovery from at least 2011 should be adopted because Kirby's proposed time period is anchored in the facts of this case, when Defendants and judgment debtors[] ... stopped paying royalties in 2011." Id. at 5.

Now that this matter is post-judgment, the facts of the underlying case do not entirely control the temporal scope of the requests. Rather, discovery under Rule 69 is limited to the judgment debtors' income and property, and/or hidden assets. See EM Ltd., 695 F.3d at 207; Triorient, 2021 WL 621226, at *3. Accordingly, given that Dory is not a party to this litigation, and plaintiffs have made no showing that attempts have been made to obtain this information directly from defendants, a ten-year time frame for these requests is overbroad. Even if a ten-year time period were appropriate, Dory's member and director Farzad Rastegar has provided a declaration stating that Dory maintains just seven years of records from the end of any calendar year. See Doc. #679-1 at 1. Accordingly, the Court APPROVES and SO ORDERS the timeframe used by Dory in responding to the requests.

2. Definitions

During the August 20, 2021, discovery conference the Court noted that plaintiffs' discovery requests were facially overbroad. The Court specifically called plaintiffs' attention to the definitions preceding the document requests, including those defining certain entities. For example, defendant QMI is defined as

> including all predecessors in interest, successors and assigns, and all current and former affiliates, including LaserPerformance LLC, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of Quarter Moon, Inc.

Doc. #674-2 at 3. Similarly, defendant LPE is defined as

> including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of LaserPerformance (Europe) Limited.

Id. at 4. These definitions, as originally framed, unreasonably expand the breadth of plaintiffs' document requests.

In the Joint Notice, plaintiffs and Dory submit competing proposals for the definitions of QMI, LPE, and Dory. Dory proposes that

> "you" and "your" shall mean Dory Ventures, LLC.

> "QMI" shall mean Quarter Moon, Inc.

"LPE" shall mean LaserPerformance (Europe) Limited[.]

Doc. #692 at 2-3 (sic). Plaintiffs propose that:

> "QMI" should mean "Quarter Moon, Inc. and LaserPerformance LLC"
>
> "LPE" should mean "LaserPerformance (Europe) Limited"
>
> "You" and "Your" should mean: "Dory Ventures, LLC, including all current and former affiliates, divisions, subgroups, parents, subsidiaries, legal representatives, members, owners, employees, officers, directors, and all other entities acting on behalf of Dory Ventures, LLC."

Doc. #692 at 4. Plaintiffs contend their proposed definitions are "reasonable due to the complex tangled web of entities that make up Dory, the judgment debtors, and members of the 'Laser Group.'" Id. at 4-5.

The parties propose the same definition for "LPE." Accordingly, the Court APPROVES and SO ORDERS the proposed definition of LPE by agreement of the parties.

The Court APPROVES and SO ORDERS the definition of "QMI" as proposed by plaintiffs. Plaintiffs' proposal is a reasonable limitation of the definition of "QMI." Additionally, the documentation attached to plaintiffs' responsive briefing suggests that QMI is a holding company for LaserPerformance LLC. See generally Doc. #674-10.

Finally, the Court APPROVES and SO ORDERS the definition of "You" and "Your" as proposed by Dory. The definition proposed by

plaintiffs unreasonably expands the scope of the discovery requests. Nevertheless, as noted by plaintiffs in the Joint Notice, Dory does not object to the identity of the other entities or individuals listed in plaintiffs' proposed definition of "you" and "your," but rather Dory objects "to answer[ing] discovery requests on behalf of those other entities or individuals." Doc. #692-1 at 5. Based on that representation, and to the extent the Court has adopted the definition as proposed by Dory, plaintiffs request that "the Court order Dory to produce a list of all such entities so Kirby may obtain discovery directly from them." Doc. #692 at 5. The Court declines to enter such an order. Rather, if plaintiffs seek such information, they may use the post-judgment discovery mechanisms available to them under Connecticut law. See, e.g., Conn. Gen. Stat. §52-351b(a).

    3.   Substantive Scope of Certain Requests

Next, the parties disagree as to the appropriate substantive scope of requests 1-10, 13, and 16-17. See Doc. #692 at 3, 6. These requests presently seek information about property and/or assets "in which Defendants have had any legal or equitable interest at any time since February 1, 2011, and/or ... of which Defendants had the right to exercise any degree of control at any time since February 1, 2011." Doc. #660-1 at 10-12.

Dory proposes that these requests "be limited to assets or property owned by the Defendants." Doc. #692 at 3. Plaintiffs propose that the requests "be modified to seek property and/or assets 'held in the name of defendants' and/or 'in which Defendant had had any legal or equitable ownership or creditor interest[.]" Id. at 6.

Plaintiffs' proposed limitation is reasonable considering the purpose of post-judgment discovery as previously discussed. Accordingly, the Court APPROVES and SO ORDERS plaintiffs' proposed limitation for requests 1-10, 13, and 16-17.

4. Dory's Production to Date

Finally, in the Joint Notice plaintiffs assert that "Dory's production is incomplete[]" because it has not produced any documents from the "boxes" identified by Dory's manager in his affidavit. Doc. #692 at 7. Plaintiffs also contend that Dory is improperly withholding information by producing heavily redacted documents. See id. Accordingly, plaintiffs request that the Court: (1) "order Dory to make full and complete production[]" and (2) order Dory to produce the "documents unredacted, under the Protective Order entered in this case (Dkt. 7) if necessary." Id.

This issue is not properly before the Court in the Joint Notice. To the extent plaintiffs have any issues with the nature of Dory's production, an appropriate motion may be filed on the

11

docket after a meet-and-confer held in compliance with Local Civil Rule 37.

D.  **Conclusion**

Thus, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, the Motion to Quash [**Doc. #660**], as narrowed by the parties' September 10, 2021, Joint Statement Regarding Discovery [**Doc. #692**].

It is so ordered. Dated at New Haven, Connecticut, this 4th day of October, 2021.

```
                                    /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES MAGISTRATE JUDGE
```