UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE KIRBY, INC. et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:13-cv-297 (JAM) |
| | : | |
| LASERPERFORMANCE (EUROPE) | : | |
| LIMITED et al., | : | |
| | : | |
| Defendants. | : | |

## RULING ON PLAINTIFFS' MOTION TO COMPEL POST-JUDGMENT DISCOVERY

Pending before the Court is a motion to compel post-judgment discovery by Bruce Kirby, Inc. and Margo A. Kirby, as executor of the estate of Bruce Kirby (together "plaintiffs"). (Dkt. #695.)

The Honorable Jeffrey A. Meyer referred this motion to the undersigned for a ruling. After reviewing the parties' submissions and holding a hearing on the record, plaintiffs' motion is GRANTED in part and DENIED in part.

I.   Background

This case contains a lengthy factual and procedural history, which was recently described in Judge Meyer's Order regarding Post-Trial Motions. Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd., No. 3:13-cv-297 (JAM), 2021 WL 328632 (D. Conn. Feb. 1, 2021). The Court assumes the parties' familiarity with the case but will describe the relevant procedural history here.

1

Plaintiffs were awarded a judgment in the amount of $5,380,000 against defendants Quarter Moon, Inc. ("QMI") and LaserPerformance (Europe) Ltd. (together "defendants") following a trial.[1] Id. at *1. Plaintiffs have been engaging in post-judgment discovery pursuant to Rule 69 of the Federal Rules of Civil Procedure to trace the defendants' assets, as plaintiffs allege no portion of the judgment has been paid. Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd., No. 3:13CV297(JAM), 2021 WL 4521057, at *1 (D. Conn. Oct. 4, 2021). Plaintiffs also seek discovery from LaserPerformance LLC, a non-party. (Dkt. #695 at 4.)

On October 12, 2021, plaintiffs filed their motion to compel discovery from defendants and LaserPerformance. (Id.) Defendants and LaserPerformance filed their motion in opposition on November 2, 2021. (Dkt. #700.) Plaintiffs filed their reply brief on November 16, 2021. (Dkt. #701.) This Court held a hearing on the record on January 31, 2022. (Dkt. #702.)

Plaintiffs previously sought discovery from non-party Dory Ventures, LLC ("Dory"). Dory filed a motion to quash, which the Honorable Sarah A. L. Merriam granted in part and denied in part. Bruce Kirby, Inc., 2021 WL 4520157, at *1. Relevant to the

---

[1] As the Honorable Sarah A. L. Merriam recently noted in her ruling regarding non-party Dory Ventures, LLC's motion to quash, although there is a pending appeal, defendants have not sought a stay of execution of the judgment. See Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd., No. 3:13CV297(JAM), 2021 WL 4521057, at *1 n.4 (D. Conn. Oct. 4, 2021).

issues presented in plaintiffs' motion to compel, Judge Merriam's ruling addressed: "(1) the appropriate temporal scope for the document requests [and] (2) the appropriate scope of the definitions for certain terms." Id. at *2.

Plaintiffs requested documents from Dory from February 1, 2011 to the present date; Judge Merriam noted, "Now that this matter is post-judgment, the facts of the underlying case do not entirely control the temporal scope of the requests. Rather, discovery under Rule 69 is limited to the judgment debtors' income and property, and/or hidden assets." Id. at *3. Judge Merriam then held that the ten-year period covered by the request was overly broad. Id. Judge Merriam limited the temporal scope of discovery from January 1, 2015 to the present date, as requested by Dory. Id.

The definitions contained in plaintiffs' discovery requests to Dory are largely the same as the definitions presented here.[2] Judge Merriam did not issue a ruling related to those definitions but adopted the narrowed definitions submitted by the parties in a Joint Notice. Id. at *3-4; see also dkt. #692.

---

[2] There is a slight difference in the definition for QMI. The definition provided by plaintiffs contained the language "including LaserPerformance LLC" after "affiliates" instead of after "subsidiaries." See Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd., No. 3:13CV297(JAM), 2021 WL 4520157, at *3 (D. Conn. Oct. 4, 2021); dkt. # 674-1 at 3. There is no difference in the substance of each definition.

II.  <u>Legal Standard</u>

Rule 69 of the Federal Rules of Civil Procedure provides
that a "judgment creditor . . . may obtain discovery from any
person—including the judgment debtor—as provided in these rules
or by the procedure of the state where the court is located."
Fed. R. Civ. P. 69(a)(2); <u>Universitas Educ., LLC v. Benistar</u>,
No. 3:20 CV 738 (JAM), 2021 WL 2289042, at *3 (D. Conn. June 5,
2021) ("[A] creditor is entitled to discover the identity and
location of any of the judgment debtor's assets, wherever
located." (citations and internal quotation marks omitted)).
Federal courts favor broad post-judgment discovery. <u>See</u> <u>EM Ltd.</u>
<u>v. Republic of Argentina</u>, 695 F.3d 201, 207 (2d Cir. 2012). "The
scope of discovery under Rule 69(a)(2) is constrained
principally in that it must be calculated to assist in
collecting on a judgment." <u>Id.</u> at 207; <u>see also</u> <u>Phoenix Bulk</u>
<u>Carriers (BVI), Ltd. v. Triorient, LLC</u>, No. 20-cv-0936(JGK)
(RWL), 2021 WL 621226, at *2 (S.D.N.Y. Feb. 17, 2021)
("Precisely because discovery to enforce a judgment is employed
to discover assets of a recalcitrant judgment debtor, judgment
creditors must be given the freedom to make a broad inquiry to
discover hidden or concealed assets of the judgment debtor."
(citation and internal quotation marks omitted)).

The broad scope of post-judgment discovery under Rule 69
allows for discovery from non-parties "where the relationship

4

between the judgment debtor and the non-party is sufficient to
raise a reasonable doubt as to the bona fides of the transfer of
assets between them." GMA Accessories, Inc. v. Electric.
Wonderland, Inc., No. 07-CV-3219, 2012 WL 1933558, at *4
(S.D.N.Y. May 22, 2012). Discovery from non-parties "is limited
to a search for the judgment debtor's hidden assets." Triorient,
2021 WL 621226, at *3 (citation and internal quotation marks
omitted).

   III. Discussion

      There are three main issues in dispute here: (1) the
general timeframe for discovery; (2) the definitions of the
entities; and (3) whether certain documents that were produced
can remain redacted.

      A. Timeframe for Discovery

      As with the motion to quash that Judge Merriam addressed,
plaintiffs have requested documents from February 2011 to the
present date. (Dkt. #695 at 8.) Plaintiffs argue that the broad
timeframe is directly tied to the facts of the case, since
infringement was proved at trial between February 2011 and April
2013. (Id.) In their reply brief, plaintiffs raised that
"[d]efendants previously held would be royalties owed in escrow,
but those royalties were never paid and have since disappeared."
(Dkt. #701 at 7.) Plaintiffs' counsel elaborated at the hearing

that it is unclear when the money was taken out of escrow, and therefore it is necessary to include the 2011 timeframe so that plaintiffs can trace those assets.

Defendants and LaserPerformance argue that 2011 to the present date is overly broad and not targeted to assist with the collection of assets. (Dkt. #700 at 3.) They argue that January 1, 2015, to the present date would be an appropriate timeframe as plaintiffs have failed to demonstrate why they need discovery dating back to 2011.[3] As for the escrow account, counsel for defendants and LaserPerformance clarified that the transfer was prior to 2015. Counsel for the defendants and LaserPerformance also represented that the defendants and LaserPerformance would be amenable to producing documents prior to 2015 if the request was narrowly tailored to the escrow account, as counsel argues this is the only event prior to 2015 that may be relevant to collecting the judgment and locating defendants' assets.

Also at the hearing, defense counsel represented that QMI ceased operating in 2016 and LaserPerformance (Europe) ceased operating in 2018, further narrowing the scope of the timeframe for discovering the judgment debtors' assets. Plaintiffs' counsel argued that the timeframe that defendants and LaserPerformance were proposing for January 1, 2015, to the

---

[3] At the hearing, the Court specifically asked whether responsive documents for the period between 2011 and 2015 exist, and counsel for defendants and LaserPerformance responded in the affirmative.

present date, would not be sufficient but plaintiffs failed to articulate why.

Based upon the parties' arguments and representations at the hearing, the Court will narrow the timeframe for discovery to January 1, 2015, to the present, <u>except</u> for discovery related to the escrow account, which will be from February 1, 2011 to the present. As Judge Merriam's ruling stated, the facts of the underlying case do not automatically dictate the relevant period for post-judgment discovery. <u>Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd.</u>, No. 3:13CV297(JAM), 2021 WL 4521057, at *3 (D. Conn. Oct. 4, 2021). Though post-judgment discovery is broad, the discovery must be tied to the collection of assets to satisfy the judgment. <u>See</u> <u>id.</u> (citing <u>EM Ltd. v. Republic of Argentina</u>, 695 F.3d 201, 207 (2d Cir. 2012); <u>Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC</u>, No. 20-cv-0936(JGK)(RWL), 2021 WL 621226, at *2 (S.D.N.Y. Feb. 17, 2021)). Plaintiffs cannot use post-judgment discovery to do a full audit of defendants and LaserPerformance.

Here, only the escrow account justifies discovery prior to 2015 because of the acknowledgment by defendants and LaserPerformance that the transfer of funds occurred prior to 2015. Determining where those assets are located is directly related to plaintiffs' ability to collect the judgment.

Though plaintiffs argued at the hearing that two years of discovery for QMI is insufficient, they provided no information for the Court to determine how or why discovery from QMI covering the period of 2011 to 2015 is merited. Since QMI has stopped operating, the discovery most closely related to the collection of QMI's assets today is the period before QMI ceased operating. Such discovery would allow plaintiffs to determine where QMI's assets were transferred as the business wound up. Unless and until plaintiffs can show how documents from 2011 to 2015 are relevant to the collection of the judgment or location of the assets, as opposed to the underlying merits of the case, the Court will not allow discovery prior to 2015.

The Court therefore DENIES plaintiffs' motion to compel discovery from February 2011 to the present and instead adopts defendants' proposed timeframe of January 1, 2015, to present, except as to discovery related to the escrow account, which will be from February 1, 2011 to present.

B. Definitions of Entities

In her ruling, Judge Merriam held that definitions that are substantially the same as the definitions at issue here were "facially overbroad," and she noted that the definitions "unreasonably expand the breadth of plaintiffs' document requests." Bruce Kirby, Inc., 2021 WL 4521057, at *3-4.

Plaintiffs define QMI as:

> including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, including LaserPerformance LLC, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of Quarter Moon, Inc.

(Dkt. #695-1 at 15-16.) Plaintiffs define LaserPerformance

(Europe) as:

> including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of LaserPerformance (Europe) Limited.

(Id. at 3.) Plaintiffs define LaserPerformance as:

> including all predecessors in interest, successors and assigns, and all current and former affiliates, divisions, subgroups, parents, subsidiaries, funds, special purpose vehicles, agents, legal representatives, members, owners, trustees, consultants, officers, directors, employees, and all other persons or entities acting on behalf of LaserPerformance, LLC.

(Dkt. #695-2 at 38.)

At the hearing, the Court asked counsel for defendants and

LaserPerformance: (a) how many companies would be included if

the Court adopted the definitions proposed by plaintiffs; and

(b) whether that number would be different if the Court adopted a narrower timeframe. Counsel for defendants and LaserPerformance represented that a shorter timeframe would not change the number of companies implicated by the definitions and noted that QMI and LaserPerformance (Europe) were purchased in the 1990s or 2000s, so the predecessors in interest were too remote to be relevant to tracing the current location of defendants' assets. Counsel for defendants and LaserPerformance also argued that the definitions were so broad that they would include people and companies that defendants and LaserPerformance have no control over.

Plaintiffs argued that the proposed definitions are purposefully broad to help plaintiffs discover who defendants and LaserPerformance are working with, thereby allowing plaintiffs to find any entity that has relevant assets. In response, counsel for defendants and LaserPerformance asserted that plaintiffs are free to ask any questions they want to ask, in order to discover who the defendants and LaserPerformance have dealings with, but those entities should not be included in the definitions of each corporation. Including the entities within the definitions of each corporation would require defendants and LaserPerformance to answer questions or produce documents on behalf of entities over which they have no control.

The Court agrees with Judge Merriam's assessment that the definitions are facially overbroad. The definitions as drafted would require defendants and LaserPerformance to make representations on behalf of parties over which they have no control, such as prior counsel. Plaintiffs may inquire about any entities that defendants and LaserPerformance interacted with and then seek discovery from those third parties in an attempt to satisfy the judgment or locate hidden assets of the defendants. However, plaintiffs cannot include these unrelated entities into the corporate definitions of defendants and LaserPerformance. The Court also agrees with counsel for defendants and LaserPerformance that because of when QMI and LaserPerformance (Europe) were purchased, discovery related to their predecessors in interest is not reasonably calculated to assist in collecting the judgment or locating the hidden assets of the defendants.

C. Redactions

LaserPerformance has provided plaintiffs with some documents that have been redacted.[4] At the hearing, counsel for LaserPerformance clarified that the information that was redacted was non-responsive to the discovery requests, such as

---

[4] In their motion to compel, plaintiffs' state that QMI and LaserPerformance (Europe) also provided redacted discovery. However, at the hearing only LaserPerformance's redacted discovery was discussed. (See dkt. #695 at 12.) The same analysis applies to each entity and dictates the same result.

payments to vendors. Counsel for LaserPerformance represented that both vendors' names and bank account numbers were redacted.

In their brief, plaintiffs argued that LaserPerformance is a shell for QMI. (See dkt. #695 at 10-11.) LaserPerformance is a wholly owned subsidiary of QMI, and it was stipulated at trial that LaserPerformance's sales and costs were attributable to QMI. (Id. at 10.) Relying upon this relationship, plaintiffs argue that LaserPerformance's costs and sales, which were redacted in the documents produced, are highly relevant since they are essentially QMI's costs and sales.

While Judge Merriam did not directly address the relationship between QMI and LaserPerformance in her ruling, she approved defining QMI as "Quarter Moon, Inc. and LaserPerformance LLC" because "the documentation attached to plaintiffs' responsive briefing suggests that QMI is a holding company for LaserPerformance LLC." Bruce Kirby, Inc., 2021 WL 4521057, at *4.

Because LaserPerformance and QMI are so entwined, the Court ORDERS the defendants and LaserPerformance to unredact everything but the non-parties' bank account numbers. Plaintiffs are entitled to discover the entities to whom defendants are transferring money under the broad scope of post-judgment discovery. Although defendants and LaserPerformance argued that it would be unduly burdensome to produce the unredacted copies

of the documents, it is not lost on the Court that it was not unduly burdensome to sift through the documents and make the redactions in the first place.

IV.  <u>Conclusion</u>

For the foregoing reasons, plaintiffs' motion to compel is GRANTED in part and DENIED in part.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 4th day of April, 2022 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge
