UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRUCE KIRBY et al., | ) | Civil Action No. 3:13-cv-00297-JAM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CONFIDENTIAL |
| LASERPERFORMANCE (EUROPE) LTD. et al., | ) ) ) ) ) | SUBJECT TO FRE 408 |
| Defendants. | ) ) | |

**PLAINTIFFS BRUCE KIRBY, INC. ET AL.
<u>MEMORANDUM REGARDING REMAND</u>**

Pursuant to the Order Re Briefing of November 7, 2023 (Dkt. 719.), Bruce Kirby, Inc., et al. (herein "Plaintiffs") hereby submit the following Memorandum to the Court setting forth a proposal concerning next steps in this litigation. Plaintiffs request the Court to enter a new judgment in favor of the Plaintiffs in the amount of $6,993,289.37 in the form of the attached Proposed Order.

I. **INTRODUCTION AND STATUS OF THE CASE**

In February 2020 a federal jury conclusively determined (1) Quarter Moon, Incorporated ("QMI") willfully infringed Bruce Kirby, Incorporated's ("BKI") BRUCE KIRBY trademark, (2) QMI and LaserPerformance (Europe) Limited ("LPE") misappropriated Bruce Kirby's name for commercial benefit (BKI and Bruce Kirby individually and collectively referred to as "Kirby" of "Plaintiffs"), (3) damages against LPE for its misappropriation are $2,520,578, and (4) QMI and LPE's (collectively "Defendants") illegal conduct warrants additional punitive damages. (See Dkt. 575 ("Verdict").)

Subsequently after post-trial briefing and oral arguments, this Court issued an order on February 2, 2021 stating "[i]t is hard to view defendants' dogged litigation of this action as much more than a stalling tactic against an elderly man – Bruce Kirby – in hopes of delaying or deferring altogether a day of reckoning." (Dkt. 651 ("Order re Post-Trial Motions") at 31-32.) Judge Meyer further entered judgment in favor of Plaintiffs on its Lanham Act claims against QMI for Lanham Act Damages of $2,056,736.33 and an award of attorneys' fees under the Lanham Act of $734,528.30; and judgment in favor of Plaintiffs on its misappropriation of name claim of a nominal damage award of $1 against QMI and a compensatory award of $2,520,578.81 against LPE with an award of punitive damages of $804,179.44 against QMI and LPE who are jointly and severally liable for the full amount, less any attorneys' fees paid under the Lanham Act award – a total award of $5,381,494.58. (Dkt. 652 ("Judgment").)

On appeal, the Second Circuit affirmed this Court's judgment in connection with the misappropriation of name and vacated and remanded the Lanham Act damages for further consideration. However, as discussed herein, this ruling should have little to no effect on this

1

Court's previous damages award which should be reinstated. (*See* Dkt. 706 ("Order on Appeal").)

## II. RELEVANT LEGAL AND FACTUAL ANALYSIS

For the reasons stated herein, Plaintiffs are legally entitled to a judgment from this Court of $5,381,494.58 along with post-judgment interest of $1,611,794.79.

### a. Plaintiffs Are Entitled to $2,520,578.81 in Compensatory Damages for LPE's Misappropriation and $804,179.44 in Punitive Damages Against LPE and QMI

LPE's misappropriation compensatory damages are issues already resolved by the jury and reflected in the judgment entered by this Court. (Dkt. 652.) Further, LPE unsuccessfully attempted to overturn this judgment on appeal, attacking the sufficiency of evidence. However, the Second Circuit found that evidence Plaintiffs submitted was sufficient and "AFFIRM[ed] the district court's judgment for Kirby in connection with his common law claim against LPE for misappropriation of name." (*See* Dkt. 706 at 15.) Accordingly, Plaintiffs have proven they are entitled to $2,520,578.81 in Compensatory Damages for LPE's Misappropriation.

Regarding punitive damages on its misappropriation claim, the jury had made a finding in Plaintiffs' favor as to each factual predicate necessary for an award of punitive damages. (*See, e.g.*, Dkt. 579 at 22-23.) Courts recognize the crucial role of punitive damages in making a party whole. *Tomick v. United Parcel Serv., Inc.*, 157 Conn. App. 312, 339 (2015); *see also Hylton v. Gunter*, 313 Conn. 472, 485-86 (2014) (noting that common-law punitive damages are "akin to statutorily authorized attorney's fees in practicality and purpose . . . fully compensating injured parties"); *Label Sys. Corp. v. Aghamohammadi*, 270 Conn. 291, 335 (2004) (common-law punitive damages "fulfill[] the salutary purpose of fully compensating a victim for the harm inflicted on him while avoiding the potential for injustice which may result from the exercise of

unfettered discretion by a jury"). The Connecticut Supreme Court has recognized that punitive damages, "when viewed in the light of the increasing costs of litigation, [] serve[] to punish and deter wrongful conduct." *Berry v. Loiseau*, 223 Conn. at 827; *see also Waterbury Petroleum Prod., Inc. v. Canaan Oil & Fuel Co.*, 193 Conn. 208, 237–38, 477 A.2d 988, 1004 (1984) ("Further, although our rule is a limited one, when viewed in light of the ever rising costs of litigation, our rule does in effect provide for some element of punishment and deterrence in addition to the compensation of the victim.").

This Court, taking a reasonable and limited approach to the award of punitive damages, "limited the attorneys' fee award to 43% of fees incurred through 2016" and "also only award[ed] 43% of non-taxable litigation expenses incurred through 2016" resulting "in a full punitive damages award of $804,179.44 in joint favor of plaintiffs against QMI and LPE, who shall be jointly and severally liable for the full amount." (Dkt. 651 at 39.) As stated above the Second Circuit affirmed this Court's judgment in connection with Plaintiffs' misappropriation claim. (*See* Dkt. 706 at 15.) Accordingly, this Court's award of punitive damages was limited to making Plaintiffs whole and are therefore entitled to $804,179.44 in punitive damages against LPE and QMI.

### b. The Ruling on Appeal Does not Affect the Lanham Act Compensatory Damages of $2,056,736.33

The Second Circuit's finding that QMI was not a willful infringer for the full period of QMI's infringement does not impact this Court's award of compensatory damages under the Lanham Act.

The Second Circuit correctly notes that while willfulness "is a highly important consideration in determining whether an award of profits is appropriate" it is "not a necessary

condition to an award of an infringer's profits under the Lanham Act." (Dkt. 706 at 15 (*internal quotations omitted*) (*citing Romag Fasteners, Inc. v. Fossil, Inc.,* 140 S. Ct. 1492, 1497 (2020).)) Furthermore, the Second Circuit did not find that QMI was not a willful infringer stating that "[t]he earliest a reasonable factfinder could potentially conclude that QMI began willfully infringing on BKI's mark was October 11, 2012." (Dkt. 706 at 13.) This means that for the period of QMI's infringement, February 2011 to April 23, 2013, QMI was still a willful infringer from October 11, 2012 to April 23, 2013.

First, as noted above, willfulness is not a necessary condition to an award of an infringer's profits under the Lanham Act. Second, QMI was still a willful infringer from at least October 11, 2012 to April 23, 2013. The fact is willfulness is not required to substantiate this Court's compensatory award under the Lanham Act and, notwithstanding the Second Circuit's finding, QMI was still a willful infringer. Accordingly, Plaintiffs are still entitled to the $2,056,736.33 in compensatory damages awarded under the Lanham Act.

    **c. The Ruling on Appeal Does not Affect the Award of Attorneys' Fees Under the Lanham Act**

The Lanham Act provides that a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). "An exceptional case under the Lanham Act's fee-shifting provision for prevailing parties is one that stands out from others with respect to the substantive strength of a party's litigating position, considering both the governing law and the facts of the case, or the unreasonable manner in which the case was litigated." (Dkt. 651 at 31 (*citing Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530-31 (2d Cir. 2018).))

This Court supported its award of attorneys' fees noting that "BKI's infringement claim was very strong" and that "the manner in which this case was litigated, with its complex history, weighs in favor of qualifying this action as an exceptional case under the totality of the circumstances." (Dkt. 651 at 31-32.) For example, this Court highlighted that Defendants' actions "illustrate the unreasonable manner in which the case was litigated at times" and led to the imposition of "sanctions for violating discovery orders and awarding attorneys' fees to the plaintiffs." (Dkt. 651 at 32.) Notably, QMI's willful infringement[1] was but one factor in the totality of circumstances that qualified this as an "exceptional case" which warranted an award of attorneys' fee under the Lanham Act. Accordingly, even in view of Second Circuit's ruling, This Court's award of attorneys' fees under the Lanhan Act is just and proper.

In the alternative, even if the Second Circuit's determination regarding the time period of QMI's willful infringement did warrant a modification of the attorneys' fees award under the Lanham Act, this court specifically contemplated such a modification on appeal such that Plaintiffs' total award would be unchanged.

In awarding punitive damages under Plaintiffs' misappropriation claim Judge Meyer stated:

> I have considered whether, in light of my award of attorneys' fees under the Lanham Act, I should simply reject as duplicative an award of punitive damages for attorneys' fees for the state law misappropriation claim. I decline to do so for two reasons. First, in the event that any appeal might determine that fees should not have been awarded under the Lanham Act, then plaintiffs should still be entitled to punitive damages for the misappropriation claim. Second, the Lanham Act attorneys' fee award is solely against QMI while the misappropriation punitive damages award lies against both QMI and LPE.

(Dkt. 651 at 38.)

---

[1] As discussed above QMI was still a willful infringer.

Accordingly, even if the attorneys' fees award under the Lanhan act is modified, Plaintiffs' entitlement to attorneys' fees is preserved by this Court's award of punitive damages against both QMI and LPE, which was affirmed on appeal.

### d. Plaintiffs are Entitled to Post-Judgment Interest of $1,611,794.79

Plaintiffs have had a multi-million-dollar judgment against Defendants, which became due and payable from the date of judgment. Defendants' wrongful detention of payments due and owing to Plaintiffs warrants post-judgment interest in the amount of $1,611,794.79.

"The allowance of prejudgment and post judgment interest under Conn. Gen. Stat. § 37-3a 'as an element of damages is primarily an equitable determination and a matter within the sound discretion of the trial court.'" *Blumenschine v. Prof'l Media Group, LLC*, 2007 U.S. Dist. LEXIS 23448 at 37 (D. Conn. 2007) (*quoting TDS Painting & Restoration, Inc. v. Copper Beech Farm Inc.*, 73 Conn. App. 492, 510-11, 808 A.2d 726 (Conn. App. Ct. 2002) (as to the applicability of Conn. Gen. Stat. § 37-3a for post judgment interest), *cert. denied*, 262 Conn. 925, 814 A.2d 379 (2002)). The decision to award post judgment interest turns on whether the detention of the money was wrongful under the circumstances. *See Spearhead Construction Corp. v. Bianco*, 39 Conn. App. 122, 134-35, 665 A.2d 86 (Conn. App. 1995), *cert. denied*, 235 Conn. 928, 667 A.2d 554 (1995); *TDS Painting & Restoration, Inc.*, 73 Conn. App. at 511-12*; Lawrence v. New Hampshire Ins. Co.*, 29 Conn. App. 484, 498, 616 A.2d 806, cert. denied, 224 Conn. 923, 618 A.2d 528 (1992); *see also Maluszewski v. Allstate Ins. Co.*, 34 Conn. App. 27, 38, 640 A.2d 129 (decision to grant interest, in general, is equitable determination), cert. denied, 229 Conn. 921, 642 A.2d 1214 (Conn. 1994).

"[P]ostjudgment [*sic*] interest, also awarded pursuant to § 37-3a, begins to run from the date of judgment." *Tds Painting & Restoration*, 73 Conn. App. at 510-511 (stating that since

prejudgment interest pursuant to Conn. Gen. Stat. § 37-3a runs to the date of judgment, it follows that post judgment runs from the date of judgment). "When there is a rescript that modifies the judgment, postjudgment [*sic*] interest is to run from the date of the original judgment. It should be as if the correct judgment had been issued by the original trial court, with the interest running forward from that date." *Id.* at 511 (*citing Patron v. Konover*, 43 Conn. App. 645, 652, 685 A.2d 1133 (Conn. App. Ct. 1996), cert. denied, 240 Conn. 911, 690 A.2d 400 (1997).

Here judgment in the amount of $5,381,494.58 was entered on February 2, 2021 – the date of judgment. (Dkt. 652.) The Second circuit affirmed the judgment of $2,520,578.81 against LPE and punitive damages of $804,179.44 against QMI and LPE in connection with Plaintiffs' misappropriation claim. (Dkt. 706 at 15.) Additionally, as discussed above, the Second Circuits' ruling does not/should not affect the $2,056,736.33 in compensatory damages nor the attorneys' fees award of $734,528.30 under the Lanham Act. Even if the attorneys' fees award was to be reduced or modified, Plaintiffs' total award would not be affected since the award of attorneys' fees under the Lanham Act were accounted for in the punitive damages award for Plaintiffs' misappropriation claim – which the Second Circuit affirmed. (*Id.*)

Whether to grant post-judgment interest and at what rate is an equitable decision, which given the circumstances of this case weigh heavily in favor of Plaintiffs. "It is hard to view defendants' dogged litigation of this action as much more than a stalling tactic against an elderly man—Bruce Kirby—in hopes of delaying or deferring altogether a day of reckoning. This case is one that stands out from others with respect to the substantive strength of a party's litigating position." (Dkt. 651 at 31-32.) After over ten years of litigation, including over two years on appeal, Defendants have failed to pay any amount of the judgment against them. Defendants also violated a discovery order in this case leading to the imposition of sanctions. In the balance of

equities Plaintiffs should be awarded post-judgment interest at a rate of 10% as authorized by Conn. Gen. Stat. § 37-3a.

Post-judgment interest at a rate of 10% compounded annually from the date of judgment – February 2, 2021 – to October 30, 2023 – the date of the parties' settlement conference – on the $5,381,494.58 judgment against Defendants is $1,611,794.79. Post-judgment interest is ongoing and accruing and as Defendants continue to delay the rightful payment to Plaintiffs the amount of post-judgment interest owed shall increase.

## III.  OTHER EQUITABLE CONSIDERATIONS

Plaintiffs also raise the following equitable considerations which undermine Defendants' specious claim that they are unable to satisfy the judgment against them.

QMI and LPE were able to litigate this case for years from 2013 to 2021 and sometime during all this both entities lost all their assets and are now dissolved/defunct entities. Yet despite this QMI and LPE were still able to vigorously litigate this case. Then – despite being dissolved/defunct and having no assets with which to satisfy the judgment against them – QMI and LPE continued to litigate this case on appeal. This begs the simple question of who has been funding this litigation seemingly for the sole purpose of increasing Plaintiffs' costs (since both QMI and LPE claim they are not able to satisfy the judgment in any event).

Furthermore, QMI and LPE had two different lawyers participate in two lengthy settlement conferences, both of which are on record. It is confusing for QMI and LPE to represent they are both supposedly non-existent yet still be able to pay not one, but two different attorneys to handle this matter. This once again raises the question of who/where this payment/money is coming from. If in fact QMI and LPE have no assets and are

dissolved/defunct, as claimed, it does not make sense why are they are continuing to fight the judgment against them.

Lastly, Laser® sailboats continue to be made. During the pendency of this case the Defendants, their elaborate shell of parent companies, and "advisors" including Farzad Rastegar and Dory Ventures LLC successfully worked to remove Bruce Kirby's name and trademark from Laser® sailboats so they could continue building boats without incurring further liability. Having successfully dragged out this litigation, QMI and LPE had any assets with which to satisfy this judgment removed, lost, or hidden. QMI and LPE are now ready to be tossed aside, along with any liability. Despite all the corporate and managerial gymnastics, the simple truth is the same entities with ownership and control of QMI and LPE continue to manufacture Laser® sailboats without having to answer for the damage done to Plaintiffs.

Respectfully Submitted,

Date: November 27, 2023

*/s/Wesley W. Whitmyer, Jr.*
Wesley W. Whitmyer, Jr., ct03509
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT  06901
Tel. 203 703-0800
Fax 203-703-0801
Email: litigation@whipgroup.com

*Attorneys for Plaintiffs Bruce Kirby, Inc. et al.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LASERPERFORMANCE (EUROPE) LIMITED, ET. AL.,<br><br>    Defendants. | Civil Action No. 3:13-cv-00297-JAM |

**[PROPOSED] ORDER OF JUDGMENT, PUNITIVE DAMAGES, COMPENSATORY DAMANGES, AND POST-JUDGMENT INTEREST**

The Court, having reviewed the Remand from the 2d Circuit Court of Appeals, and the Parties' Post-Appeal Memorandum Briefs, rules as follows:

IT IS HEREBY ORDERED that:

Judgment shall be entered against Defendant Quarter Moon, Inc. ("QMI") for Lanham Act Damages to Plaintiff Bruce Kirby, Incorporated in the amount of $2,056,736.33 and an award of attorneys' fees under the Lanham Act of $734,528.30;

Judgment shall be entered against QMI for common law misappropriation of Plaintiff Bruce Kirby's name and damages to Plaintiff Bruce Kirby in the amount of $1 in nominal damages;

Judgment shall be entered against Defendant LaserPerformance (Europe) Limited ("LPE") for common law misappropriation of Plaintiff Bruce Kirby's name and damages to Plaintiff Bruce Kirby in the amount of $2,520,578.00;

Judgment shall be entered against QMI and LPE, jointly and severally liable for the full amount, less any attorneys' fees paid under the Lanham Act award, in the amount of $804,179.44 in punitive damages to Plaintiff Bruce Kirby.

ITS IS FURTHER ORDERED that QMI and LPE shall pay post-judgment interest in the amount of $1,611,794.79 on the Court's aforesaid judgments against QMI for willful trademark infringement and LPE for misappropriation of Plaintiff Bruce Kirby's name.

IT IS FURTHER ORDERED that interest will continue to run at 10% compounded annually on any unpaid amount of this Judgment until fully satisfied.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
HONORABLE JEFFREY A. MEYER
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LASERPERFORMANCE (EUROPE) LIMITED, ET. AL., <br><br> Defendants. | Civil Action No. 3:13-cv-00297-JAM |

## **CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of November 2023, a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM REGARDING REMAND and PROPOSED ORDER OF JUDGEMENT, PUNATIVE DAMAGES, COMPENSATORY DAMAGES, AND POST-JIDGEMENT INTEREST** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

November 27, 2023                                             */s/ Wesley W. Whitmyer Jr.*
Date