UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. ET AL : | |
| : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| LASERPERFORMANCE (EUROPE) : | |
| LIMITED, ET AL. : | |
| : | |
| Defendants. : | NOVEMBER 27, 2023 |

**DEFENDANT'S MEMORANDUM REGARDING PROCEEDINGS ON REMAND**

**I.     Introduction**

This memorandum is submitted by the defendant, Quarter Moon, Inc. ("QMI") pursuant to the court's Order Re Briefing, dated November 7, 2023 (Doc. 719). The plaintiff Bruce Kirby Inc. ("BKI") brought claims against QMI for violation of the Lanham Act, Title 15, U.S.C. Sections 1051 et seq. as amended, and plaintiff Bruce Kirby ("Kirby") brought claims against QMI and LaserPerformance Limited (Europe)("LPE") for common law misappropriation of name. The claims arose out of the defendants' manufacture and sale of Laser sailboats containing small plaques that included the phrase, "Designed by Bruce Kirby."

Trial before the court (Meyer, USDJ) was conducted in February 2020, with extensive post-trial briefing.  Pursuant to an Order Re Post-Trial Motions, dated February 1, 2021 ("Order")(Doc. 651), the court entered a judgment on February 2, 2021, as follows:

1.  Judgment in favor of BKI on its Lanham Act claims (Counts One and Two) against QMI, and a Lanham Act damages award of $2,056,736.33 against QMI;

2.  Judgment in favor of Kirby against QMI and LPE for misappropriation of Kirby's name (Count Three), with a nominal damages award of $1 against QMI and a compensatory damages award of $2,520,578.81 against LPE;

      3.  An award of attorneys' fees under the Lanham Act in favor of BKI against QMI in the amount of $734,528.30; and

      4.  An award of punitive damages on Kirby's misappropriation claim in the amount of $804,179.44 against both QMI and LPE, who shall be jointly and severally liable for the full amount. Upon payment from the defendants of a total amount of $734,528.30 to Kirby and/or BKI for attorneys' fees (including all amounts paid by QMI to BKI for Lanham Act attorneys' fees), defendants shall not owe any additional sum to either Kirby or BKI for the attorneys' fees component of the punitive damages award.

Order, pp. 42-43.

      QMI and LPE appealed the court's judgment to the United States Court of Appeals for the Second Circuit, which issued a Summary Order on August 18, 2023 ("Summary Order"), affirming the district court's judgment for Kirby in connection with his common law claim against LPE and QMI for misappropriation of name, vacating the judgment awarding BKI damages in connection with its Lanham Act claim against QMI, and remanding for further proceedings consistent with its order. *Est. of Kirby v. LaserPerformance (Europe) Ltd.*, 2023 U.S. App. LEXIS 21687 (2nd Cir. 2023).

**II.    Discussion**

      On remand, QMI submits that the court is required to reconsider its judgment on the Lanham Act claim consistent with the Second Circuit's Summary Order. QMI challenged the court's conclusion that it had willfully infringed the Bruce Kirby trademark because it was authorized to use the mark. In accordance with the Summary Order, QMI submits that the court must reconsider its finding of willfulness as well as its calculation of damages on remand. It is not necessary for the court to have an evidentiary hearing because the evidence on which the court should rely already has been submitted to it. Likewise, it is not necessary for the court to have oral argument on remand because both parties will have an opportunity to submit reply briefs in accordance with the Order Re Briefing.

Under the Lanham Act, a trademark owner may recover profits that an infringer obtained by violating the owner's rights. *See* 15 U.S.C. § 1117(a). The Supreme Court has ruled that a remedy of profits under the Lanham Act may be based upon but does not require a finding that a defendant's trademark infringement was willful. *See Romag Fasteners, Inc v. Fossil, Inc*., 140 S. Ct. 1492, 1497, 206 L. Ed. 2d 672 (2020). However, willfulness "is a highly important consideration in determining whether an award of profits is appropriate." *Id*.

The Second Circuit noted that "the district court made it clear that its damage award against QMI rested on its conclusion that QMI engaged in a willful trademark violation." Summary Order, p. 10. The Second Circuit then concluded that the district court's findings as to *whether and when* QMI began willfully infringing BKI's mark were clearly erroneous because neither of the items of evidence that the court relied upon supported the court's conclusion that QMI was on notice of BKI's non-consent to use the mark as early as February 2011. Summary Order, p. 11. In fact, the Second Circuit concluded that "BKI presented *no evidence* that could support the district court's conclusion that QMI was on notice that BKI did not consent to its use of the Bruce Kirby Mark as early as February 2011." Summary Order, p. 13 (emphasis added). The Second Circuit further noted, "The earliest a reasonable factfinder could *potentially* conclude that QMI began willfully infringing on BKI's mark was October 11, 2012 (Ex. 51), when Kirby sent a letter to QMI stating that its right to build the licensed design was terminated." *Id.* (emphasis added). However, this purported termination, by letter to QMI dated October 11, 2012, came from BKI and Kirby when they had no right to terminate QMI as a builder. By that time, they had sold all rights to Global Sailing Limited ("GSL). *See Bruce Kirby, Inc. v. Laserperformance (Europe) Ltd.*, (Doc. No. 283) Civ. Action No. 3:13-CV-00297 (JAM), 2016 WL 4275576, at *6 (D. Conn. Aug. 12, 2016). Moreover, this letter, by which the plaintiffs

claim QMI was on notice that BKI no longer consented to its use of the Bruce Kirby mark, makes no reference at all to any trademark or the use of Bruce Kirby's name. Instead, it purports to terminate QMI's right to build Lasers based upon its failure to pay royalties.

The court awarded BKI $2,056,736 in damages under the Lanham Act. The award represented profits as calculated by the court from all revenue earned by QMI for the sale of Lasers between February 1, 2011 and April 23, 2013. The court concluded, in its discretion, "and especially on the basis of evidence showing that QMI engaged in a willful trademark violation – that it is appropriate for deterrence and compensatory purposes for the Court to award profits as the measure of damages." Order, p. 23. To calculate damages, the court started with QMI's revenue from Laser sales from February 1, 2011 through April 23, 2013. Order, pp. 23-24. Based on evidence produced by QMI, the court calculated allowable costs of production, which it subtracted from the sales revenue to calculate profits. Order, p. 27. The court determined that profits earned by QMI from February 1, 2011 through April 23, 2013 totaled $2,056,736. Its calculation of monthly profits appears in the appendix to the decision. Order, pp. 44-45. Using the court's methodology, if the damages are recalculated from October 11, 2012, "the earliest a reasonable factfinder could *potentially* conclude that QMI began willfully infringing on BKI's mark," then the damages would be reduced to $462,431.73.

However, the Second Circuit also noted, "In evaluating *whether and when* QMI willfully infringed BKI's mark, we are mindful of the undisputed evidence that beginning at the time it succeeded to the rights and obligations under the 1983 Builder Agreement, QMI was licensed to use the Bruce Kirby mark, *and was, in fact, required to do so."* Summary Order, p. 11 (emphasis added). Keeping this in mind, QMI submits that it is clear that the October 11, 2012 letter is

4

insufficient to put QMI on notice that any trademark infringement was occurring or that any consent to use a trademark was being revoked as there is no mention of either in this letter.

### III. Conclusion

In the absence of any other grounds to support a finding that QMI willfully infringed BKI's mark, QMI submits that it would be appropriate for the court to decline to award profits as the measure of damages. Because there is no evidence to support a finding of willfulness, deterrence of willful misconduct is no longer a justification for awarding profits.

However, if the court were to somehow conclude that an award of profits is justified, then the award of profits must be limited to, at most, the period of time from October 11, 2012, to April 23, 2013, resulting in a damages award of no more than $462,431.73.

DEFENDANTS,
LASERPERFORMANCE (EUROPE) LTD,
and QUARTER MOON, INC.


/s/ Peter T. Fay
Douglas S. Skalka. (ct00616)
Peter T. Fay (ct08122)
Robert B. Flynn, Esq. (ct15803)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel: 203.821.2000
Fax: 203.821.2009
dskalka@npmlaw.com
pfay@npmlaw.com
rflynn@npmlaw.com

## CERTIFICATION

      I hereby certify that on November 27, 2023 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

    /s/ Peter T. Fay
Peter T. Fay (ct08122)
NEUBERT, PEPE & MONTEITH, P.C.