UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC. ET AL : | |
| : | CASE NO. 3:13-CV-00297 (JAM) |
| Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| LASERPERFORMANCE (EUROPE) : | |
| LIMITED, ET AL. : | |
| : | |
| Defendants. : | DECEMBER 4, 2023 |

**DEFENDANT'S REPLY TO MEMORANDUM**
**REGARDING PROCEEDINGS ON REMAND**

**I.    Introduction**

This memorandum is submitted by the defendant, Quarter Moon, Inc. ("QMI"), pursuant to the court's Order Re Briefing, dated November 7, 2023 (Doc. 719), and in reply to the Plaintiffs Bruce Kirby, Inc. Et Al. Memorandum Regarding Remand (Doc. 720)(hereinafter "Kirby Memo").

**II.    Discussion**

**A.  This court must reconsider its decision as to whether and when QMI willfully infringed BKI'S mark.**

In the Kirby Memo, the plaintiffs misstate the status of the case. As this court is aware, the jury's verdict on the Lanham Act claim was advisory, only. *Order Re Post-Trial Motions*, p. 22 (Doc. 651). Consequently, the fact that QMI willfully infringed BKI's trademark was not "conclusively determined" by the jury, as the plaintiffs claim. *Kirby Memo*, p. 1. In fact, it is this specific finding that the Second Circuit remanded to this court for it to reconsider along with its damages award under the Lanham Act, consistent with the Second Circuit's Summary Order. The plaintiffs acknowledge this later in their Introduction and Status of the Case. *Kirby Memo*, p.

1 ("On appeal, the Second Circuit affirmed this Court's judgment in connection with the misappropriation of name and vacated and remanded the Lanham Act damages for further consideration."). However, the plaintiffs then gloss over this issue and, in fact, provide no argument or analysis of the issue of willfulness in the Kirby Memo, and they fail to identify any evidence to support a conclusion that QMI's infringement was willful, at any time. Instead, the first point in their "Relevant Legal and Factual Analysis" addresses the misappropriation of name claim, which is not the subject of the Second Circuit's remand to this court. *Kirby Memo,* pp. 2-3.

Their second point is that "[t]he Second Circuit's finding that QMI was not a willful infringer for the full period of QMI's infringement does not impact this Court's award of compensatory damages under the Lanham Act." *Kirby Memo*, p. 3. How could it not? As previously noted, the Second Circuit noted that "the district court made it clear that its damage award against QMI rested on its conclusion that QMI engaged in a willful trademark violation." *Summary Order*, p. 10. Presumably, this is a reference to this court's statement, "I conclude in my discretion – *and especially on the basis of the evidence showing that QMI engaged in a willful trademark violation* – that it is appropriate for deterrence and compensatory purposes for the Court to award profits as the measure of damages." *Order Re Post-Trial Motions*, p. 23 (Doc. 651)(emphasis added). If there is no evidence of a willful trademark violation or, at best, only evidence of a willful trademark violation for a significantly more limited period of time, beginning in October 2012 rather than February 2011, then certainly this must have an impact on the award of profits as the measure of damages. The Second Circuit posed the issue plainly, "if the district court's findings as to *whether and when* QMI began willfully infringing BKI's mark are clearly erroneous, we cannot uphold the damages award." *Summary Order*, pp. 10-11

(emphasis added). The Second Circuit then determined that it was appropriate to vacate the damages award under the Lanham Act. *Id.* p. 13.

The plaintiffs' repeated argument that "QMI was still a willful infringer from at least October 11, 2012 to April 23, 2013," ignores the clear decision of the Second Circuit, which held,

> In sum, BKI presented no evidence that could support the district court's conclusion that QMI was on notice that BKI did not consent to its use of the Bruce Kirby mark as early as February 2011. *The earliest a reasonable fact finder could potentially conclude that QMI began willfully infringing on BKI's mark was October 11, 2012,* when Kirby sent a letter to QMI stating that its right to build the licensed design was terminated.

*Summary Order,* p. 13. Contrary to the plaintiffs' argument, the Second Circuit did not conclude the evidence established that QMI willfully infringed BKI's mark beginning on October 11, 2012. However, the letter dated October 11, 2012 (Ex. 51), by which the plaintiffs purportedly notified QMI that BKI no longer consented to QMI's use of the mark, claimed QMI's right to build Lasers was being terminated based upon QMI' failure to pay royalties, an assertion the Second Circuit noted was contradicted by the terms of the Builder Agreement and it rejected the argument that a failure to pay royalties automatically terminated QMI's rights and obligations under the contract. *Summary Order,* p. 12. Consequently, whether the evidence established that QMI ever willfully infringed BKI's mark is an issue that this court must reconsider in light of the Second Circuit's analysis and the jury's advisory conclusions are not binding on this court.

**B.  The court also must reconsider its award of attorneys' fees under the Lanham Act**

This court awarded attorneys' fees under the Lanham Act based on its conclusion that this was an "exceptional case" under the attorneys' fees provision. In reaching this conclusion, this court relied upon the jury's conclusion "that QMI engaged in willful trademark infringement and false designation of origin," noting that "BKI's infringement claim was very strong" and that

"QMI willfully used its mark despite being told it could no longer do so." *Order Re Post-Trial Motions*, p. 31 (Doc. 651). That conclusion has now been undermined by the Second Circuit's Summary Order, which found that QMI's argument that it did not willfully infringe the mark had merit.

Consequently, this court should reconsider its conclusion that "[t]his case is one that stands out from others with respect to the substantive strength of a party's litigating position" and the award of attorneys' fees that was based upon that conclusion. *Order Re Post-Trial Motions*, p. 32 (Doc. 651).

### C. The remainder of the plaintiffs' arguments regarding post-judgment interest and "other equitable considerations" should have no bearing on the issues remanded to this court.

In reconsidering the issues remanded by the Second Circuit, it is unnecessary for this court to make any determination as to post-judgment interest. Moreover, contrary to the plaintiffs' argument, any award of post-judgment interest in this case must be determined under 28 U.S.C.S. § 1961, which governs the award of interest on any judgment in a civil case recovered in a district court. Connecticut General Statutes § 37-3a applies to state court actions, which this action is not.

The "other equitable considerations" raised by the plaintiffs are entirely improper and should not be considered by this court. *Kirby Memo*, pp. 8-9. In fact, this entire portion of the Kirby Memo is plaintiffs' transparent attempt to prejudice this court against QMI and its counsel. The plaintiffs go so far as to try to impugn QMI and its counsel by discussing information that was exchanged during confidential settlement conferences. The plaintiffs' attempt to cast aspersions at the defendant and its counsel (whether it had one, two or a dozen lawyers) should

4

not be condoned by this court and, in fact, it would not be unreasonable for this court to condemn such conduct.

### III. Conclusion

For these reasons, in addition to those previously discussed in the Defendant's Memorandum Regarding Proceedings on Remand (Doc. 721), QMI submits that it would be appropriate for the court to decline to award profits as the measure of damages because there are insufficient grounds to support a finding that QMI willfully infringed BKI's mark. In addition, the court should reconsider its award of attorneys' fees under the Lanham Act.

DEFENDANT,
QUARTER MOON, INC.


/s/ Peter T. Fay
Douglas S. Skalka. (ct00616)
Peter T. Fay (ct08122)
Robert B. Flynn, Esq. (ct15803)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel: 203.821.2000
Fax: 203.821.2009
dskalka@npmlaw.com
pfay@npmlaw.com
rflynn@npmlaw.com

### CERTIFICATION

I hereby certify that on December 4, 2023 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.


/s/ Peter T. Fay
Peter T. Fay (ct08122)
NEUBERT, PEPE & MONTEITH, P.C.