UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY et al., | Civil Action No. 3:13-cv-00297-JAM |
| Plaintiff, | |
| v. | CONFIDENTIAL |
| LASERPERFORMANCE (EUROPE) LTD. et al., | SUBJECT TO FRE 408 |
| Defendants. | |

**PLAINTIFF'S REPLY TO MEMORANDUM
REGARDING PROCEEDINGS ON REMAND**

**I. Introduction**

This memorandum is submitted by the plaintiff, Bruce Kirby, Incorporated ("BKI"), pursuant to the court's Order Re Briefing, dated November 7, 2023 (Doc. 719), and in reply to the Defendant Quarter Moon Inc. ("QMI") Memorandum Regarding Remand (Doc. 721) (hereinafter "QMI Memo").

**II. Discussion**

The QMI Memo demonstrates that Defendants have no respect for the jury verdict of willful infringement, no respect for the court's judgment of willful infringement, and no respect for the Second Circuit affirmance of willful infringement. They have already litigated the plaintiff into the grave but even that was not enough.

In the QMI Memo, the defendants rest their entire argument on the Second Circuit's finding that "[t]he earliest a reasonable factfinder could potentially conclude that QMI began

willfully infringing on BKI's mark was October 11, 2012 (Ex. 51), when Kirby sent a letter to QMI stating that its right to build the licensed design was terminated." (QMI Memo at 3 *citing* Dkt. 706 at 13.)

When referencing this decision, defendants play dumb to the fact that the Second Circuit did find QMI to be a willful infringer. Moreover, even if the Second Circuit had *not* found that QMI was a willful infringer, the Second Circuit clearly noted that while willfulness "is a highly important consideration in determining whether an award of profits is appropriate" it is "not a necessary condition to an award of an infringer's profits under the Lanham Act." (Dkt. 706 at 15 (*internal quotations omitted*) (*citing Romag Fasteners, Inc. v. Fossil, Inc.,* 140 S. Ct. 1492, 1497 (2020)).

Even though the Second Circuit concluded that QMI could only be found to be a willful infringer from at least October 11, 2012, to April 23, 2013, willfulness is not a necessary condition to an award of an infringer's profits under the Lanham Act. As such, it was not necessary for QMI to be a willful infringer for the court to award BKI damages for infringement from February 1, 2011, to October 11, 2012. Therefore, the Second Circuit's ruling on appeal does not change the outcome of the court's decision.

### III. Conclusion

When taking into consideration that willfulness is not required to substantiate this Court's compensatory award under the Lanham Act and, notwithstanding the Second Circuit's finding that QMI was still a willful infringer, the outcome of this case is clear: the Second Circuits ruling on remand does not impact the Court's award of compensatory damages under the Lanham Act and the plaintiffs are still entitled to damages in the amount of $2,056,736.33.

Respectfully Submitted,

1

2

Date: December 4, 2023    */s/Wesley W. Whitmyer, Jr.*
                          Wesley W. Whitmyer, Jr., ct03509
                          WHITMYER IP GROUP LLC
                          600 Summer Street
                          Stamford, CT  06901
                          Tel. 203 703-0800
                          Fax 203-703-0801
                          Email: litigation@whipgroup.com

                          *Attorneys for Plaintiffs Bruce Kirby, Inc. et al.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE KIRBY, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> LASERPERFORMANCE (EUROPE) LIMITED, ET. AL., <br><br> Defendants. | Civil Action No. 3:13-cv-00297-JAM |

## CERTIFICATE OF SERVICE

    This is to certify that on this 27th day of November 2023, a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM REGARDING REMAND and PROPOSED ORDER OF JUDGEMENT, PUNATIVE DAMAGES, COMPENSATORY DAMAGES, AND POST-JIDGEMENT INTEREST** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


December 4, 2023                                                          */s/ Wesley W. Whitmyer Jr.*
Date

3